Eugene P. Yale, Esq. SBN 83048
David W. Baumgarten, Esq. SBN 179574
YALE & BAUMGARTEN, LLP
5030 Camino de la Siesta, Ste. 308
San Diego, California 92108
Tel.: (619) 220-8790
Fax: (619) 220-0369

Attorneys for Plaintiff

FILED
DEC 31 2007
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

ARNOLD SCHIMSKY, as Trustee of THE ANN P. SHIMSKY TRUST and representative of ANN P. SHIMSKY, deceased,

Plaintiff,

vs.

UNITED STATES OFFICE OF PERSONNEL MANAGEMENT; THC-ORANGE COUNTY, INC., dba KINDRED HOSPITAL SAN DIEGO,

Defendants.

CASE NO. 07CV2432-H(LSP)

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

[JURY TRIAL DEMANDED]

The plaintiff, ARNOLD SCHIMSKY, as Trustee of THE ANN P. SHIMSKY TRUST and representative of ANN P. SHIMSKY, deceased, as and for causes of action against the defendants, and each of them alleges:

**PRELIMINARY ALLEGATIONS**

1. At all relevant times, Ann P. Shimsky, now deceased, was enrolled in and insured under the Blue Cross Blue Shield Service Benefit Plan, a Federal Employee Health Benefits Program administered by the United States Office of Personnel Management through Blue Cross of California, ("the Plan"). A true and correct copy of Shimsky's Plan identification card is attached hereto as Exhibit 1. Under the terms of the Plan, Shimksy is, and at all relevant times was, entitled to unlimited inpatient acute hospital care.

2. In May, 2002, Shimsky was hospitalized at Palomar Hospital in San Diego County with, among other things, aspiration pneumonia. On July 19, 2002, Shimsky was transferred to Kindred Hospital ("Kindred"), a licensed acute care hospital, owned and operated by the defendant, THC-Orange County, Inc., a California corporation. Shimsky received acute care, including but not limited to ventilator care, at Kindred until she passed.

3. Kindred now contends that Blue Cross failed to pay $2,380,409.04 for medical care provided to Shimsky prior to her passing, and has sued Shimsky, her trust, The Ann P. Shimsky Trust, and her son, Arnold Schimsky, individually and as trustee of the Trust, to recover those sums.

4. The plaintiff, however, is not aware of a written coverage denial by Blue Cross. To the contrary, the plaintiff has been advised by Blue Cross that coverage is available for the alleged care, but that Blue Cross is awaiting medical records and related documentation from Kindred before adjusting the claims. Kindred is in possession and control of Shimsky's medical records and has accepted or otherwise undertaken the duty to provide the requested information and documentation to Blue Cross. The plaintiff is informed and believes that Kindred has offered to make Shimsky's medical records, which are extremely voluminous due to her level of care, available to Blue Cross for review. The plaintiff, however, does not know whether Blue Cross has undertaken that review, and if so, whether it has accepted or denied coverage.

5. The plaintiff has written to the United States Office of Personnel Management, and requested that it intervene, but has not received a response. The plaintiff is filing this action to preserve any possible statute of limitations under the Plan.

## <u>FIRST CAUSE OF ACTION</u>

**(Against The United States Office of Personnel Management**

**For Recovery Of Benefits Under 5 U.S.C. §8900 et seq.)**

6. The plaintiff realleges and incorporates by reference paragraphs 1 through 5 of the complaint as though fully set forth herein.

7. The plaintiff has performed all conditions of the Plan to be performed on her part, except those which she has been excused or prevented from performing by reason of the Kindred's and/or Blue Cross's conduct as alleged hereinabove.

8. By reason of her medical condition alleged hereinabove, Shimsky was at all relevant times entitled to unlimited acute inpatient hospital care under the Plan.

9. Within the past three years, the defendant has failed to pay benefits due under the Plan.

**SECOND CAUSE OF ACTION**

**(Against The United States Office of Personnel Management For Tolling Of "The Disputed Claims" Process And Partial Stay Of Action )**

10. The plaintiff realleges and incorporates by reference paragraphs 1 through 5 of the complaint as though fully set forth herein.

11. It is unknown whether Blue Cross has affirmatively denied coverage for the claims presented by Kindred, whether Blue Cross is still considering the claims, or whether it has not started its review of the claims because it has not yet received the requested information from Kindred. As such, invocation of "The Disputed Claims Process" in the Plan is premature.

12. If, however, the defendant contends that the plaintiff must complete the "The Disputed Claims Process" before proceeding with this action, the plaintiff requests that the Court toll or otherwise extend any and all "Disputed Claims Process" deadlines, and stay this action as to the plaintiff's claim for benefits until "The Disputed Claims Process" has been completed.[1]

**THIRD CAUSE OF ACTION**

**(Against Kindred For Injunctive Relief )**

13. The plaintiff realleges and incorporates by reference paragraphs 1 through 5 and 10 through 12 of the complaint as though fully set forth herein.

14. If Kindred has failed to produce or otherwise provide requested medical records and related documentation to Blue Cross in connection with the claims process, it is interfering with the plaintiff's rights under the Plan, and should be commanded by this Court to produce and provide all requested medical records and related documentation to Blue Cross and/or the United States Office of Personnel Management.

---

[1] The Plan provides that all deadlines in "The Disputed Claims Process," except the final deadline for filing suit, may be extended for good cause.

15. Without such injunctive relief, the plaintiff will suffer great, and potentially irreparable injury, as he may be prevented from complying with the procedural provisions of Plan, and, as a result, may be foreclosed from collecting benefits that are otherwise due.

**FOURTH CAUSE OF ACTION**

**(Against Kindred For Breach of Fiduciary Duty)**

16. The plaintiff realleges and incorporates by reference paragraphs 1 through 5, 10 through 12, and 14 through 15 of the complaint as though fully set forth herein.

17. In undertaking the care and maintenance of Shimsky, an elderly person within the meaning of California law, the defendant owed Shimsky and her successor(s) a fiduciary duty of honesty, loyalty, good faith, and fair dealing, which included, but is not limited to, the duty to comply with medical record and other documentary requests made by Blue Cross.

18. If the defendant has not produced or otherwise provided the medical records and related documentation requested by Blue Cross in connection with its care and maintenance of Shimsky, then the defendant breached its fiduciary duty owing the plaintiff.

19. As a direct and proximate result of the defendant's wrongful conduct, the plaintiff has suffered, and will continue to suffer damages in an amount presently unknown, but believed to be in excess of the jurisdiction of this court, to be established at the time of trial, according to proof.

**FIFTH CAUSE OF ACTION**

**(Against Kindred For Intentional Interference With Contract)**

20. The plaintiff realleges and incorporates by reference paragraphs 1 through 5, 10 through 12, and 14 through 15 of the complaint as though fully set forth herein.

21. The defendant, by reason of its dealings with plaintiff and its experience in the industry, knew, or was otherwise aware, of the Plan and the plaintiff's obligations allegedly owing Blue Cross thereunder.

22. If the defendant has not produced or otherwise provided the medical records and related documentation requested by Blue Cross in connection with its care and maintenance of Shimsky, then the defendant has interfered with the Plan.

///

23. As a direct and proximate result of the defendant's wrongful conduct, the plaintiff has suffered, and will continue to suffer damages in an amount presently unknown, but believed to be in excess of the jurisdiction of this court, to be established at the time of trial, according to proof.

**SIXTH CAUSE OF ACTION**

**(Against Kindred For Negligent Interference With Prospective Economic Advantage)**

24. The plaintiff realleges and incorporates by reference paragraphs 1 through 5, 10 through 12, and 14 through 15 of the complaint as though fully set forth herein.

25. If the defendant has not produced or otherwise provided the medical records and related documentation requested by Blue Cross in connection with its care and maintenance of Shimsky, then the defendant has interfered with the Plan.

WHEREFORE, the plaintiff prays for judgment against the defendants and each of them as follows:

On The First Cause Of Action

1. For benefits due under the Plan;
2. For prejudgment interest on benefits due under the Plan in an amount to be determined at the time of trial;

On The Second Cause Of Action

3. For an order tolling or otherwise extending any and all "Disputed Claims Process" deadlines, and staying this action as to the plaintiff's claim for benefits until "The Disputed Claims Process" has been completed;

On The Third Cause Of Action

4. For an order directing Kindred to produce and provide all medical records and related documentation concerning Shimsky to Blue Cross and/or the United States Office of Personnel Management;

On The Fourth, Fifth, and Sixth Causes Of Action

5. For damages according to proof;

On All Causes Of Action

For costs of suit;

For such other and further relief as the court may deem appropriate.

DATED: December 31, 2007

YALE & BAUMGARTEN, LLP

David W. Baumgarten, Attorney for Plaintiff

BlueCross BlueShield
Federal Employee Program
http://www.fepblue.org

PPO

Government-Wide Service Benefit Plan

ANN P SHIMSKY
subscriber name

R50142289
identification number

104
enrollment code

04/23/98
effective date of coverage

(See Reverse Side)

PCS
Retail Pharmacy Carrier # 6500
Retail Pharmacy Group # 6500

07cv 2432-H(LSP)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

ARNOLD SCHIMSKY, as Trustee of THE ANN P. SHIMSKY TRUST, and representative of ANN P. SHIMSKY, deceased

(b) County of Residence of First Listed Plaintiff: San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Eugene Yale, David Baumgarten, Yale & Baumgarten, LLP, 5030 Camino de la Siesta, Suite 308 San Diego, CA 92108 Tel:(619) 220-8790

## DEFENDANTS

UNITED STATES OFFICE OF PERSONNEL MANAGEMENT; ~~BLUE CROSS OF CALIFORNIA;~~ THC-ORANGE COUNTY, INC. dba KINDRED HOSPITAL SAN DIEGO

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

FILED
DEC 3 1 2007
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☒ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**): 5 USC §8912

Brief description of cause: Action for benefits under Federal Employee Health Benefit Program

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 2,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE DOCKET NUMBER

DATE: 12/21/2007

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 146006 AMOUNT $350 1/2/08 BH APPLYING IFP JUDGE MAG. JUDGE

UNITED STATES
DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 146006 - BH
* * C O P Y * *
January 02, 2008
08:12:11

Civ Fil Non-Pris
USAO #.: 07CV2432 CIVIL FILING
Judge..: MARILYN L HUFF
Amount.: $350.00 CK
Check#.: BC# 12881

Total-> $350.00

FROM: CIVIL FILING
SHIMSKY V. U.S. OPM ET AL