Eugene P. Yale, Esq. SBN 83048
David W. Baumgarten, Esq. SBN 179574
YALE & BAUMGARTEN, LLP
5030 Camino de la Siesta, Ste. 308
San Diego, California 92108
Tel.: (619) 220-8790
Fax: (619) 220-0369

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARNOLD SCHIMSKY, as Trustee of THE ANN P. SHIMSKY TRUST and representative of ANN P. SHIMSKY, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OFFICE OF PERSONNEL MANAGEMENT; THC-ORANGE COUNTY, INC., dba KINDRED HOSPITAL SAN DIEGO,<br><br>Defendants. | CASE NO. 07 CV2432-H(LSP)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT THC-ORANGE COUNTY INC., dba KINDRED HOSPITAL SAN DIEGO'S MOTION FOR DISMISSAL PURSUANT TO RULE 12**<br><br>DATE: June 16, 2008<br>TIME 10:30 a.m.<br>COURTROOM: 13 |

The plaintiff, ARNOLD SCHIMSKY, as Trustee of THE ANN P. SHIMSKY TRUST and representative of ANN P. SHIMSKY, deceased, respectfully submits this memorandum of points and authorities in support of his opposition to defendant THC-Orange County, Inc., dba Kindred Hospital San Diego's motion for dismissal pursuant to Rule 12.

## INTRODUCTION

The defendant's motion, which is nothing more than an attempted smear piece against the plaintiff, should be denied. Contrary to the defendant's contentions, the allegations in the complaint are not fatally inconsistent, and the complaint otherwise states causes of action against the defendant for

injunctive relief, breach of fiduciary duty, intentional interference with contract, and negligent interference with contract. Indeed, this action is not the nefarious suit the defendant portends it to be. The plaintiff is simply attempting to recover health insurance benefits due under the Plan. Unfortunately, however, the plaintiff has received conflicting information from Kindred and Blue Cross concerning the documentation and processing of the insured's claims, and now needs this Court's assistance to get to the bottom of the issue. Blue Cross has asserted in its "Explanation of Benefits" forms and other communications that it has not received the insured's medical records, and therefore does not have enough information to pay the claims. Kindred has admitted that it has not provided the insured's medical records because "they could amount of to tens of thousands of pages, [and] unknown banker's boxes full of records," but contends that it has offered to make the records, or portions thereof, available to Blue Cross for review, and that Blue Cross has failed to follow through.

In light of the conflicting information concerning the records, and to preserve the potential statute of limitations, the plaintiff filed this action against both the Office of Personnel Management, as Plan administrator, ("OPM") and Kindred.[1] The plaintiff contends first and foremost that OPM is required to pay benefits due under the Plan; however, to the extent OPM may assert Kindred's failure to produce the records as a defense to payment, the plaintiff is seeking alternative relief against Kindred. The plaintiff contends that to the extent the records are necessary to adjust the claims, the Court should issue a mandatory injunction directing Kindred to deliver the records to OPM so that OPM can process and pay the claims. If, however, the delivery of the records is somehow untimely or otherwise insufficient to solve the problem, the plaintiff is seeking damages from Kindred on the theory that, but for the failure to timely produce the records, the claims would have been paid. In either event, the complaint states causes of action against Kindred., and the motion to dismiss should be denied. Alternatively, the plaintiff should be allowed leave to amend to cure any purported defects in the pleadings.

/ / /

---

[1] The Plan, the "Blue Cross Blue Shield Service Benefit Plan," is a Federal Employee Health Benefits Program administered by the United States Office of Personnel Management. As such, OPM, as opposed to Blue Cross is the proper defendant. [Complaint, ¶ 1.]

## AUTHORITY

## I

## THE COURT SHOULD DENY THE MOTION TO DISMISS

It is well-established that federal pleading requirements are extremely liberal. Conley v. Gibson, 355 US 41, 47-48, 78 S.Ct. 99, 103 (1957). Pleadings are construed liberally in favor of the pleader. Jenkins v. McKeithen, 395 US 411, 421, 89 S.Ct. 1843, 1849 (1969); Imagineering, Inc. v. Kiewitt Pac. Co., 976 F.2d 1303, 1306 (9th Cir. 1992). Indeed, apart from Rule 9 "and a tiny handful of arguably appropriate judicial supplements to it, a plaintiff in a suit in federal court need not plead facts; he can plead conclusions." Jackson v. Marion County, 66 F.3d 151, 153 (7th Cir. 1995); Concha v. London, 62 F.3d 1493, 1503 (9th Cir. 1995) (a claim for breach of fiduciary duty need not be pled with specificity). Thus, while Federal Rule of Civil Procedure 12(b)(6) provides that the court may dismiss an action for failure to state a claim on which relief may be granted, such motions are "viewed with disfavor and is rarely granted." Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982); United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

In ruling on a motion to dismiss, the court is confined to the allegations in the pleadings and may not consider material outside the face of the complaint, except matters which are properly subject to judicial notice. Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1483 (9th Cir. 1991). Further, the court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn therefrom. United States v. White, 893 F.Supp. 1423, 1428 (CD CA 1995). In other words, the sole issue on a 12(b)(6) motion is whether the facts pleaded, if established, support a valid claim for relief. Problems of proof are irrelevant, no mater how unlikely the allegations. Allison v. California Adult Authority, 419 F.2d 822, 823 (9th Cir. 1969).[2]

Applying the foregoing standards, and accepting the material allegations in the complaint as true, the complaint states causes of action against Kindred for injunctive relief, breach of fiduciary duty, intentional interference with contract, and negligent interference with contract.

---

[2] In light of the standard for determining a 12(b)(6) motion, the plaintiff will not engage in a detailed discussion of the defendant's purported "Statement of Facts." Suffice it to say that the defendant's version of the "facts" is distorted and disputed in a number of material respects.

**A. The Plaintiff Is Entitled to Plead "Inconsistent" Facts and Theories of Relief**

The defendant's motion is premised largely on the contention that the complaint is fatally inconsistent because the plaintiff has alleged that Kindred "offered" to make the records available to Blue Cross for review. In light of that "offer," Kindred asserts, it cannot be liable under any legal theory. That contention fails for two reasons. First, the "offer" allegation cannot be read in a vacuum; the complaint must be read as a whole. When the complaint is read as a whole, it is clear that there is a conflict between what Kindred is claiming --that it offered the records– and what Blue Cross is claiming --that it does not have the records and cannot process the claims. [Complaint, ¶s 4, 5, 11 and 14.] That conflict does not preclude the plaintiff from obtaining relief; it simply means that there is a factual issue which must resolved by the trier of fact in determining liability as between the parties. Second, and more importantly, even if the plaintiff has plead legally and factually inconsistent theories of relief, such "inconsistent" pleading is expressly permitted by law. Brookhaven Landscape & Gardening Co. v. J.F. Barton Contracting Co., 676 F.2d 516, 523 (5th Cir. 1982); Henry v. Daytop Village, Inc., 42 F.3d 89, 95 (2nd Cir. 1995); Molsbergen v. United States, 757 F.2d 1016, 1018, fn.3 (9th Cir. 1985). Accordingly, the defendant's argument that the complaint is improperly premised on inconsistent allegations fails.

**B. The Complaint States a Claim for Injunctive Relief**

The defendant contends that the plaintiff's cause of action for injunctive relief fails because plaintiff has an adequate legal remedy, plaintiff has not established irreparable harm, and plaintiff cannot demonstrate the probability of success on the merits. Respectfully, the defendant fails to distinguish between pleading a cause of action for injunctive relief and *arguing* the merits of a motion for injunctive relief. As set forth above, problems of proof are irrelevant at the pleading stage. Thus, the defendant's arguments as to the probability of success on the merits, etc., have no place in this motion. The only thing that matters is whether the plaintiff has plead the elements of an equitable claim for injunctive relief, and he has done that. The plaintiff has alleged that if the failure to produce the records is the hold-up in the claims process, he needs an order commanding Kindred to turn the records, no matter how voluminous, over to OPM. Absent an order commanding the delivery of the records,

the plaintiff has no other adequate means by which to obtain the records, and cannot proceed with the claims process, thereby causing him irreparable harm. [Complaint, ¶s 4, 5, 14, and 15.] Nothing more is required to state a claim for injunctive relief.

**C. <u>The Complaint States a Claim for Breach of Fiduciary Duty</u>**

The defendant contends that the complaint does not state a claim for breach of fiduciary duty because no fiduciary relationship existed between the plaintiff and the defendant, and the defendant did not breach any such duty. Neither argument is availing.

First, The plaintiff has alleged that the defendant undertook fiduciaries duties with respect to Ann and her care. The plaintiff alleges that: "Kindred is in possession and control of Shimsky's medical records and has accepted or otherwise undertaken the duty to provide the requested information and documentation to Blue Cross." [Complaint, ¶ 4.] The plaintiff further alleges that: "In undertaking the care and maintenance of Ann, an elderly person within the meaning of California law, the defendant owed Shimsky and her successor(s) a fiduciary duty of honesty, loyalty, good faith, and fair dealing, which included, but is not limited to, the duty to comply with medical record and other documentary requests made by Blue Cross." [Complaint, ¶ 17.] Those allegations, which create a fiduciary relationship, must be presumed true.

Second, the fact that the plaintiff alleges that the defendant breached its fiduciary duties "if" it failed to timely deliver the records does not defeat the claim given the conflicting information asserted by the defendants. As alleged in Paragraph 4 of the complaint, "the plaintiff has been advised by Blue Cross that coverage is available for the alleged care, but that Blue Cross is awaiting medical records and related documentation from Kindred before adjusting the claims." Thus, if Blue Cross is correct, and the records have not been delivered, and no arrangement has been made for the delivery of the records, then Kindred is in breach.

**D. <u>The Complaint States a Claim for Interference With Contract</u>**

The defendant contends that the plaintiff has failed to plead the essential elements of claim for intentional interference with contract. Not so. The complaint alleges each element of a claim for intentional interference with contract as outlined by the defendant. The complaint alleges:

1. A contract for health insurance benefits exists between the plaintiff and OPM as administrator of the Plan; [Complaint, ¶s 1 and 20]

2. The defendant knew about the contract and undertook an obligation to provide requested information and documentation to Blue Cross; [Complaint, ¶s 4, 17, 20, and 21]

3. If the defendant failed to provide the records as claimed by Blue Cross, then it interfered with the Plan; [Complaint, ¶ 22]

4. If the defendant failed to provide the records as claimed by Blue Cross, then it disrupted the plaintiff's ability to collect benefits under the Plan; [Complaint, ¶s 23, 20, 9, and 3.]

5. The plaintiff's inability to collect benefits under the Plan has caused damage. [Complaint, ¶s 23, 20, 9, and 3.]

Thus, all elements of a claim for intentional interference with contract have been adequately plead.

**E. <u>The Complaint States a Claim for Negligent Interference With Prospective Economic Advantage</u>**

The defendant baldly contends that the plaintiff's claim for negligent interference with prospective economic advantage fails for the same reasons as the claim for interference with contract. Again, however, all of the elements of the claim are plead. The complaint alleges:

1. An economic relationship between the plaintiff and OPM [Complaint ¶s 1 and 24]

2. The defendant knew of the existence of that relationship; [Complaint ¶s 4, 17, 20, 21, and 24]

3. If the defendant failed to provide Blue Cross with the records, it was negligent; [Complaint, ¶ 25]

4. The defendant's negligence interrupted the economic relationship and caused the plaintiff damage. [Complaint, ¶s 26, 20, 9, and 3.]

As such, there is no basis for the defendant's motion to dismiss the negligent interference claim.

## II

## THE COMPLAINT IS NOT BARRED BY THE PURPORTED SETTLEMENT AGREEMENT IN THE PROBATE PROCEEDINGS

In its moving papers, the defendant makes reference to a settlement agreement executed in connection with certain probate proceedings while he was represented by other counsel. The defendant suggests, but does not expressly assert in this motion, that the settlement agreement in the probate proceedings precludes the plaintiff's ability to pursue this action. It does not. The release contained in the probate settlement agreement does not extend to the claims alleged in this action. The Court should also note that the purported settlement agreement in the Superior Court action, the validity of which is on appeal, does not even contain a waiver and release of claims provision, and therefore does not affect the plaintiff's ability to maintain this action. The unfortunate reality is that the plaintiff's prior counsel did not follow plaintiff's instructions relative to the purported settlement of the Superior Court action or the pursuit of claims against OPM. As a result, the plaintiff has filed this action, and an action for malpractice against prior counsel, although it does not appear that prior counsel has malpractice insurance.

## III

## ALTERNATIVELY, THE COURT SHOULD ALLOW THE PLAINTIFF LEAVE TO AMEND

If the Court is somehow inclined to grant the defendant's motion to dismiss in any respect, the plaintiff requests leave to amend to cure any purported defects in the complaint. F.R.C.P. 15; Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991); Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).

/ / /

**CONCLUSION**

Based on the foregoing, the plaintiff respectfully requests that the Court deny the defendant's motion to dismiss with prejudice and order it to answer the complaint. Alternatively, if the Court is inclined to grant the motion to dismiss in any respect, the plaintiff should be allowed leave to amend.

DATED: June 2, 2008

YALE & BAUMGARTEN, LLP

David W. Baumgarten, Attorney for Plaintiff