**GIOVANNIELLO & MICHELS, LLP**
Alexander F. Giovanniello (CSB# 125562)
Erika Fernbach (CSB# 227801)
1470 South Valley Vista Drive, Suite 200
Diamond Bar, California 91765
Email: afg@gm-lawfirm.com

Ph: (909) 396-1964
Fax (909) 396-0885

Attorneys for DEFENDANT
THC ORANGE COUNTY, INC. dba KINDRED HOSPITAL – SAN DIEGO

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARNOLD SCHIMSKY, as Trustee of THE ANN P. SHIMSKY TRUST and representative of ANN P. SHIMSKY, deceased<br>Plaintiffs,<br>vs.<br><br>UNITED STATES OFFICE OF PERSONNEL MANAGEMENT; THC- ORANGE COUNTY, INC., dba KINDRED HOSPITAL SAN DIEGO<br><br>Defendants. | Case No.: 07 CV2432-H(LSP)<br><br>**DEFENDANT THC-ORANGE COUNTY, INC., dba KINDRED HOSPITAL SAN DIEGO'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT THC-ORANGE COUNTY, INC., dba KINDRED HOSPITAL SAN DIEGO'S MOTION FOR DISMISSAL PURSUANT TO RULE 12**<br><br>FRCP 12b<br><br>DATE: June 16, 2008<br>TIME: 10:30 a.m.<br>COURTROOM: 13 |

Defendant, THC ORANGE COUNTY INC. dba KINDRED HOSPITAL – SAN DIEGO (hereinafter "KINDRED HOSPITAL – SAN DIEGO") submits the following Reply to Plaintiffs' Opposition to KINDRED HOSPITAL –SAN DIEGO'S Motion for Dismissal Pursuant to Rule 12 b.

**REPLY TO OPPOSITION**

## 1. INTRODUCTION

It is true that the court must accept as true all material allegations in the complaint, as well as inferences to be drawn therefrom. The question becomes, as Plaintiffs point out, is whether the facts pleaded, if established, support a valid claim for relief.

Citing Conley v. Gibson 355 US 41, 47-48, 78 S.Ct. 99, 103 (1957), Plaintiff asserts that federal pleading requirements are extremely liberal relieving Plaintiff of the burden to provide more than speculative facts to support his claims.

This is no longer true according to the Supreme Court ruling in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (U.S. 2007).

Twombly involved antitrust issues. Unable to assert facts sufficient to establish violation of the antitrust laws, Plaintiffs used creative pleading to assert claims against Defendant. The district court (in New York) granted a Rule 12(b)(6) motion to dismiss, holding that the complaint didn't contain anything deserving of antitrust relief.

On appeal, the Second Circuit reinstated the complaint. It held that as long as a conspiracy was one of the "plausible" possibilities suggested by plaintiffs' allegations, that was close enough. If there was any "set of facts" that, under the plaintiffs' broad allegations, could constitute actionable collusion, it was up to discovery to sort out what really happened. Twombly v. Bell Atlantic Corp., 425 F.3d 99, 114 (2d Cir. 2005).

The Supreme Court reversed and held that pleadings must **actually plead the facts that justify the requested relief**.

Addressing the *dictum* in Conley so often cited by Plaintiffs to defend their speculative pleading, the Twombly Court noted that for decades courts have been giving plaintiffs too much leeway in their pleading. The Twombly Court went on to hold, that plaintiffs must allege actual "facts" that establish a legal cause of action. These facts must be "plausible" – more than "speculative" and more than a "suspicion." 127 S. Ct. at 1965, 1970. In so holding, the court acknowledged what we all know: litigation is expensive. Twombly held that there must be a "threshold of plausibility" before a "case should be permitted to go into its inevitably costly and protracted discovery phase." 127 S. Ct. at 1966.

Plaintiffs' complaint fails to meet the threshold requirements of pleading more than "speculative" facts to support his claims. Contrary to Plaintiff's assertion in the opposition, however, if we accept the material allegations in the complaint as true, Plaintiff has not stated claims for which relief can be granted against Kindred Hospital-San Diego for injunctive relief, breach of fiduciary duty, intentional interference with contract and negligent interference with contract.

**A. The Facts Alleged**

Ann Shimsky was enrolled in and insured under Blue Cross/Blue Shield Service Benefit Plan. She was hospitalized at Kindred Hospital, where she received acute care from July 19, 2002 to the time of her death. Kindred claims that Blue Cross failed to pay the bill

for medical care and has sued Shimsky, her Trust, her trustee and Arnold Schimsky individually. Plaintiff is not aware of denial of coverage by Blue Cross, just that it is awaiting medical records and "related documentation" from Kindred before adjusting the claims. **Kindred has offered to make Shimsky's medical records . . . available to Blue Cross for review.** Plaintiff does not know if Blue Cross has undertaken that review, and if so, whether it has accepted or denied coverage.

The complaint does NOT allege that OPM requested the records. The complaint does not allege that Kindred Hospital withheld the records or refused and/or continues to refuse to provide the records to OPM. The complaint does not allege that Kindred Hospital withheld the records or refused and/or continues to refuse to provide the records to Blue Cross. There is no allegation that Blue Cross accepted Kindred's offer to provide all the records followed by Kindred's refusal to provide the records.

The defects in Plaintiff's complaint is not a matter of "inconsistent" pleading. Rather, it is a matter of incomplete pleading such that the allegations, even if accepted as true, do not support cognizable legal claims for relief against Kindred Hospital- San Diego

### B. <u>The Alleged Facts Do Not Support a Claim for Injunctive Relief</u>

There is no allegation that Kindred Hospital has withheld or is withholding records from Blue Cross or OPM. The facts alleged reveal that Kindred Hospital offered Shimsky's medical records to Blue Cross. There is no allegation that Blue Cross accepted Kindred

Hospital's offer to produce all the records and there is no allegation that Kindred then refused to produce the records.

Absent the allegations of acceptance of the records by Blue Cross and Kindred's refusal to produce the records, Plaintiff has not plead the necessary elements to support a claim that Kindred is doing or threatening to do something in violation of Plaintiff's rights or that Kindred Hospital is doing anything to harm Plaintiff.

The omission of the allegation of Blue Cross' acceptance of the records offered by Kindred Hospital – San Diego and subsequent refusal to produce the records by Kindred Hospital – San Diego, is fatal to the claim for injunctive relief.

Ultimately, the basis for Plaintiff's claim against Kindred Hospital – San Diego is the speculative argument that "if" the records were withheld, then there would be a claim. As noted above, the Supreme Court has held that such pleading does not meet the requirement sufficiently pleading a cause of action and therefore Plaintiff's claim must be dismissed.

**C. <u>The Alleged Facts Do Not Support a Claim for Breach of Fiduciary Duty</u>**

Plaintiff cites no basis in law to oppose Defendant's argument that Plaintiff has not plead facts to support the existence of a fiduciary relationship between Kindred Hospital and Mrs. Shimsky. As noted in Defendant's motion, allegations of contractual obligations of "good faith" and "fair dealings" is not sufficient to establish a "fiduciary relationship" between the parties.

In his opposition, Plaintiff fails to address the noted absence of allegations showing an agency, trust, joint venture, partnership or any other traditionally recognized fiduciary relationship. Further, Plaintiff does not suggest that the complaint can be amended to add facts alleging such a traditionally recognized fiduciary relationship.

Absent facts to support the existence of a recognized fiduciary relationship is fatal to the claim.

Plaintiff's argument is speculative: "if" the records were withheld, then there would be a claim. As noted above, the Supreme Court has held that such pleading does not meet the requirement sufficiently pleading a cause of action and therefore Plaintiff's claim must be dismissed.

**D. <u>The Alleged Facts Do Not Support a Claim for Intentional Interference with Contract or Negligent Interference with Prospective Economic Advantage</u>**

It bears repeating, the speculative nature of the "facts" plead that "if" the records were withheld (which is contrary to the affirmative factual allegations asserted by Plaintiff), then Plaintiff would be entitled to relief is insufficient to maintain the causes of action for Intentional Interference with Contract or Negligent Interference with Prospective Economic Advantage and therefore these causes of action must be dismissed.

**2. CONCLUSION**

Based on the foregoing, Kindred Hospital – San Diego's motion to dismiss the Third, Fourth, Fifth and Sixth Causes of Action should be granted in its entirety.

Date: June 6, 2008

**GIOVANNIELLO & MICHELS, LLP**

By: /s/ Erika Fernbach .
Alexander F. Giovanniello, Esq.
Erika Fernbach, Esq.
Attorneys for DEFENDANT,
THC ORANGE COUNTY, INC., dba
KINDRED HOSPITAL – SAN DIEGO