**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

ARNOLD SCHIMSKY, as Trustee of THE ANN P. SHIMSKY TRUST and representative of ANN P. SHIMSKY, deceased,

Plaintiff,

vs.

UNITED STATES OFFICE OF PERSONNEL MANAGEMENT; THC-ORANGE COUNTY, INC., dba KINDRED HOSPITAL SAN DIEGO,

Defendant.

CASE NO. 07-CV-2432 H (LSP)

**ORDER GRANTING WITH LEAVE TO AMEND DEFENDANT THC-ORANGE COUNTY, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

On December 31, 2007, plaintiff Arnold Schimsky ("Plaintiff") filed a complaint against the United States Office of Personnel Management ("OPM") and THC-Orange County Inc., dba Kindred Hospital San Diego ("Defendant" or "Kindred"). (Doc. No. 1.) Defendant Kindred filed a motion to dismiss Plaintiff's complaint on May 9, 2008. (Doc. No. 5.) On June 2, 2008, Plaintiff filed a response in opposition. (Doc. No. 8.) Defendant has filed a reply. (Doc. No. 9.) Kindred also filed a request for judicial notice of the existence of various state court actions involving Plaintiff. (Doc. No. 7.) The Court grants that request. Fed. R. Evid. 201.

//

The Court exercises its discretion pursuant to Local Civil Rule 7.1(d)(1) to decide this matter without oral argument. Accordingly, the hearing set for June 16, 2008 is vacated. For the reasons discussed below, the Court grants Defendant's motion to dismiss, with leave to amend.

## **Background**

Plaintiff alleges that, from July 19, 2002 until her death, his mother Ann Shimsky received acute care at Kindred Hospital. (Compl. ¶ 2.) At all relevant times Plaintiff's mother was insured under the Blue Cross Blue Shield Service Benefit Plan, a Federal Employee Health Benefits Program administered by the OPM through Blue Cross of California. (Id. ¶ 1.) Plaintiff alleges that under the terms of that plan, Plaintiff's mother was entitled to unlimited inpatient acute hospital care. (Id.) Blue Cross apparently disagrees and, according to Plaintiff's complaint, has failed to pay Kindred for medical care provided to Plaintiff's mother. (Id. ¶ 3.) Kindred, in turn, sued Plaintiff's mother, the Ann P. Shimsky Trust ("the Trust"), and Plaintiff (in his individual capacity and as trustee of the Trust). (Id.)

Plaintiff alleges, however, that he is "not aware of" a written denial of coverage by Blue Cross. (Id. ¶ 4.) Plaintiff asserts that Blue Cross advised him that coverage is available but that Blue Cross is awaiting medical records and other documents from Kindred before adjusting the claims. (Id.) Plaintiff alleges that Kindred is in possession of the requested documentation and "has offered to make Shimsky's medical records . . . available to Blue Cross for review." (Id.) According to the complaint, Plaintiff "does not know whether Blue Cross has undertaken that review, and if so, whether it has accepted or denied coverage." (Id.) Plaintiff states that he filed this action to preserve any possible statute of limitations under the Blue Cross plan. (Id. ¶ 5.)

Based on these allegations, Plaintiff's complaint asserts claims against Kindred for breach of fiduciary duty, intentional interference with contract, negligent interference with prospective economic advantage, and injunctive relief. Plaintiff's complaint pleads these claims as follows:

1. Breach of fiduciary duty: "If the defendant has not produced or otherwise provided the medical records and related documentation requested by Blue Cross in connection with its care and maintenance of Shimsky, then defendant breached its fiduciary duty owing the plaintiff." (Compl. ¶ 18.)

2. Intentional interference with contract: "If the defendant has not produced or otherwise provided the medical records and related documentation requested by Blue Cross in connection with its care and maintenance of Shimsky, then the defendant has interfered with the Plan." (Compl. ¶ 22.)

3. Negligent interference with prospective economic advantage: "If the defendant has not produced or otherwise provided the medical records and related documentation requested by Blue Cross in connection with its care and maintenance of Shimsky, then the defendant has interfered with the Plan." (Compl. ¶ 25.)

4. Injunctive relief: "If Kindred has failed to produce or otherwise provide requested medical records and related documentation to Blue Cross in connection with the claims process, it is interfering with the plaintiff's rights under the Plan, and should be commanded by this Court to produce and provide all requested medical records and related documentation to Blue Cross and/or the United States Office of Personnel Management." (Compl. ¶ 14.)

## Discussion

### I. Motion to Dismiss – Legal Standard

Rule 12(b) of the Federal Rules of Civil Procedure permits dismissal of a claim either where that claim lacks a cognizable legal theory, or where insufficient facts are alleged to support plaintiff's theory. See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). In resolving a Rule 12(b)(6) motion, the court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996). However, to survive a Rule 12(b)(6) motion a complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic

Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1965 (2007). A plaintiff's obligation under Rule 8(a)(2) "to provide the grounds of his entitlement to relief requires more than labels and conclusions . . . ." Id.

Here, the Court concludes that Plaintiff's complaint fails to state a claim against Kindred upon which relief can be granted. Fed. R. Civ. P. 12(b). Plaintiff's present complaint fails not because it alleges facts or legal theories that are too "speculative," see Twombly, 127 S.Ct. at 1965, but because it fails to allege any facts at all, and does not even attempt to plead the elements of each claim asserted against Kindred. Instead, Plaintiff's claims against Kindred are premised on the hypothetical allegation that, "if" Kindred has failed to provide certain records to the OPM, "then" Plaintiff is entitled to various forms of relief, including injunctive relief. Although the Court recognizes Plaintiff's apparent need for medical records and other documentation necessary for Blue Cross to adjust Plaintiff's claims, Rule 8(a) of the Federal Rules of Civil Procedure requires a plaintiff to set forth "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief," not that the plaintiff "might be" entitled to relief. The Court concludes that Plaintiff's present complaint fails to satisfy that obligation. Accordingly, the Court grants Defendant's motion to dismiss Plaintiff's complaint without prejudice.

## Conclusion

The Court grants with leave to amend Kindred's motion to dismiss Plaintiff's complaint. Plaintiff shall have 30 days from the date this Order is stamped "filed" to file an amended complaint remedying the deficiencies addressed in this Order. The Court in its discretion grants all defendants 20 days' leave from the date Plaintiff files any amended complaint to file an answer or other responsive pleading.

IT IS SO ORDERED.

DATED: June 12, 2008

Marilyn L. Huff

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT