Eugene P. Yale, Esq. SBN 83048
David W. Baumgarten, Esq. SBN 179574
YALE & BAUMGARTEN, LLP
5030 Camino de la Siesta, Ste. 308
San Diego, California 92108
Tel.: (619) 220-8790
Fax: (619) 220-0369

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

ARNOLD SCHIMSKY, as Trustee of THE ANN P. SHIMSKY TRUST and representative of ANN P. SHIMSKY, deceased,

Plaintiff,

vs.

UNITED STATES OFFICE OF PERSONNEL MANAGEMENT; THC-ORANGE COUNTY, INC., dba KINDRED HOSPITAL SAN DIEGO,

Defendants.

CASE NO. 07 CV2432-H(LSP)

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

[JURY TRIAL DEMANDED]

JUDGE: Hon. Marilyn L. Huff
CTRM: 13

The plaintiff, ARNOLD SCHIMSKY, as Trustee of THE ANN P. SHIMSKY TRUST and representative of ANN P. SHIMSKY, deceased, as and for causes of action against the defendants, and each of them alleges:

**PRELIMINARY ALLEGATIONS**

1. At all relevant times, Ann P. Shimsky, now deceased, was enrolled in and insured under the Blue Cross Blue Shield Service Benefit Plan, a Federal Employee Health Benefits Program administered by the United States Office of Personnel Management through Blue Cross of California, ("the Plan"). A true and correct copy of Shimsky's Plan identification card is attached hereto as Exhibit 1. Under the terms of the Plan, Shimksy is, and at all relevant times was, entitled to unlimited inpatient acute hospital care.

2. In May, 2002, Shimsky was hospitalized at Palomar Hospital in San Diego County with, among other things, aspiration pneumonia. On July 19, 2002, Shimsky was transferred to Kindred Hospital ("Kindred"), a licensed acute care hospital, owned and operated by the defendant, THC-Orange County, Inc., a California corporation. Shimsky received acute care, including but not limited to ventilator care, at Kindred until she passed.

3. Kindred now contends that Blue Cross failed to pay $2,380,409.04 for medical care provided to Shimsky prior to her passing, and has sued Shimsky, her trust, The Ann P. Shimsky Trust, and her son, Arnold Schimsky, individually and as trustee of the Trust, to recover those sums.

4. The plaintiff, however, is not aware of a written coverage denial by Blue Cross. To the contrary, the plaintiff has been advised by Blue Cross that coverage is available for the alleged care, but that Blue Cross is awaiting medical records and related documentation from Kindred to adjust the claims. Kindred is in possession and control of Shimsky's medical records and has accepted or otherwise undertaken the duty to provide the requested information and documentation to Blue Cross. The plaintiff is informed and believes that Kindred has offered to make Shimsky's medical records, which are extremely voluminous due to her level of care, available to Blue Cross for review, but is informed and believes that Kindred has not actually provided those records to Blue Cross. The extent to which Blue Cross has undertaken a review of Shimksy's medical records, if it has at all, is unknown

5. The plaintiff has written to the United States Office of Personnel Management, and requested that it intervene, but has not received a response. The plaintiff is filing this action to preserve any possible statute of limitations under the Plan.

**FIRST CAUSE OF ACTION**

**(Against The United States Office of Personnel Management For Recovery Of Benefits Under 5 U.S.C. §8900 et seq.)**

6. The plaintiff realleges and incorporates by reference paragraphs 1 through 5 of the complaint as though fully set forth herein.

7. The plaintiff has performed all conditions of the Plan to be performed on her part, except those which she has been excused or prevented from performing by reason of the Kindred's and/or Blue Cross's conduct as alleged hereinabove.

8. By reason of her medical condition alleged hereinabove, Shimsky was at all relevant times entitled to unlimited acute inpatient hospital care under the Plan.

9. Within the past three years, the defendant has failed to pay benefits due under the Plan. The plaintiff seeks to recover those benefits.

**SECOND CAUSE OF ACTION**

**(Against The United States Office of Personnel Management For Tolling Of "The Disputed Claims" Process And Partial Stay Of Action )**

10. The plaintiff realleges and incorporates by reference paragraphs 1 through 5 of the complaint as though fully set forth herein.

11. It is unknown whether Blue Cross has affirmatively denied coverage for the claims presented by Kindred, whether Blue Cross is still considering the claims, or whether it has even started its review of the claims because it has not yet received the requested information from Kindred. As such, invocation of "The Disputed Claims Process" in the Plan is premature.

12. If, however, the defendant contends that the plaintiff must complete the "The Disputed Claims Process" before proceeding with this action, the plaintiff requests that the Court toll or otherwise extend any and all "Disputed Claims Process" deadlines, and stay this action as to the plaintiff's claim for benefits until "The Disputed Claims Process" has been completed.[1]

**THIRD CAUSE OF ACTION**

**(Against Kindred For Injunctive Relief )**

13. The plaintiff realleges and incorporates by reference paragraphs 1 through 5 and 10 through 12 of the complaint as though fully set forth herein.

14. The plaintiff is informed and believes and thereon alleges that Kindred has not produced or otherwise provided Shimsky's medical records and related documentation to Blue Cross in connection with the unpaid claims at issue. Kindred's failure to produce and provide Shimsky's medical records to Blue Cross is interfering with the plaintiff's rights under the Plan. The plaintiff seeks a mandatory injunction, directing Kindred to produce and provide all requested medical records and related

---

[1] The Plan provides that all deadlines in "The Disputed Claims Process," except the final deadline for filing suit, may be extended for good cause.

documentation to Blue Cross and/or the United States Office of Personnel Management as may be necessary to adjust and resolve the unpaid claims.

15. Without such injunctive relief, the plaintiff will suffer great, and potentially irreparable injury, as he may be prevented from complying with the procedural provisions of Plan, and, as a result, may be foreclosed from collecting benefits that are otherwise due.

**FOURTH CAUSE OF ACTION**

**(Against Kindred For Breach of Fiduciary Duty)**

16. The plaintiff realleges and incorporates by reference paragraphs 1 through 5, 10 through 12, and 14 through 15 of the complaint as though fully set forth herein.

17. In undertaking the care and maintenance of Shimsky, an elderly person within the meaning of California law, the defendant owed Shimsky and her successor(s) a fiduciary duty of honesty, loyalty, good faith, and fair dealing, which included, but is not limited to, the duty to comply with medical record and other documentary requests made by Blue Cross.

18. The defendant's failure to produce or otherwise provide the medical records and related documentation requested by Blue Cross in connection with its care and maintenance of Shimsky as alleged hereinabove is a breach of the fiduciary duty owing the plaintiff.

19. As a direct and proximate result of the defendant's wrongful conduct, the plaintiff has suffered, and will continue to suffer damages in an amount presently unknown, but believed to be in excess of the jurisdiction of this court, to be established at the time of trial, according to proof.

**FIFTH CAUSE OF ACTION**

**(Against Kindred For Intentional Interference With Contract)**

20. The plaintiff realleges and incorporates by reference paragraphs 1 through 5, 10 through 12, and 14 through 15 of the complaint as though fully set forth herein.

21. The defendant, by reason of its dealings with plaintiff and its experience in the industry, knew, or was otherwise aware, of the Plan and the plaintiff's obligations allegedly owing Blue Cross thereunder.

/ / /

22. The defendant's failure to produce or otherwise provide the medical records and related documentation requested by Blue Cross in connection with its care and maintenance of Shimsky as alleged hereinabove, was intentional and wrongful. The plaintiff is informed and believes and thereon alleges that the defendant failed and refused to produce records in retaliation for certain charges made by the plaintiff against the defendant concerning, among other things, the quality (or lack thereof) of the defendant's care and treatment of Shimsky.

23. The defendant's failure to produce or otherwise provide the medical records and related documentation requested by Blue Cross in connection with its care and maintenance of Shimsky as alleged hereinabove is interfering with the plaintiff's right under the Plan.

24. As a direct and proximate result of the defendant's wrongful conduct, the plaintiff has suffered, and will continue to suffer damages in an amount presently unknown, but believed to be in excess of the jurisdiction of this court, to be established at the time of trial, according to proof.

**SIXTH CAUSE OF ACTION**

**(Against Kindred For Negligent Interference With Prospective Economic Advantage)**

25. The plaintiff realleges and incorporates by reference paragraphs 1 through 5, 10 through 12, and 14 through 15 of the complaint as though fully set forth herein.

26. The defendant's failure to produce or otherwise provide the medical records and related documentation requested by Blue Cross in connection with its care and maintenance of Shimsky as alleged hereinabove, resulted from its own negligence. Said negligent failure to produce or otherwise provide the medical records and related documentation requested by Blue Cross in connection with its care and maintenance of Shimsky interfered with the Plan.

27. As a direct and proximate result of the defendant's negligence, the plaintiff has suffered, and will continue to suffer damages in an amount presently unknown, but believed to be in excess of the jurisdiction of this court, to be established at the time of trial, according to proof.

WHEREFORE, the plaintiff prays for judgment against the defendants and each of them as follows:

On The First Cause Of Action

1. For benefits due under the Plan;

2. For prejudgment interest on benefits due under the Plan in an amount to be determined at the time of trial;

On The Second Cause Of Action

3. For an order tolling or otherwise extending any and all "Disputed Claims Process" deadlines, and staying this action as to the plaintiff's claim for benefits until "The Disputed Claims Process" has been completed;

On The Third Cause Of Action

4. For an order directing Kindred to produce and provide all medical records and related documentation concerning Shimsky to Blue Cross and/or the United States Office of Personnel Management;

On The Fourth, Fifth, and Sixth Causes Of Action

5. For damages according to proof;

On All Causes Of Action

For costs of suit;

For such other and further relief as the court may deem appropriate.

DATED: July 11, 2008

YALE & BAUMGARTEN, LLP

David W. Baumgarten, Attorney for Plaintiff

EXHIBIT 1


BlueCross BlueShield
Federal Employee Program
http://www.fepblue.org
PPO
Government-Wide Service Benefit Plan
ANN P SHIMSKY
subscriber name
R50142289
identification number
104
04/23/98
enrollment code
effective date of coverage
(See Reverse Side)
PCS
Retail Pharmacy Carrier # 6500
Retail Pharmacy Group # 6500