**GIOVANNIELLO & MICHELS, LLP**
Alexander F. Giovanniello (CSB# 125562)
Karen A. Bocker (CSB #213764)
1470 South Valley Vista Drive, Suite 200
Diamond Bar, California 91765
Email: afg@gm-lawfirm.com

Ph: (909) 396-1964
Fax (909) 396-0885

Attorneys for DEFENDANT
THC ORANGE COUNTY, INC. dba KINDRED HOSPITAL – SAN DIEGO

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARNOLD SCHIMSKY, as Trustee of THE ANN P. SHIMSKY TRUST and representative of ANN P. SHIMSKY, deceased<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OFFICE OF PERSONNEL MANAGEMENT; THC- ORANGE COUNTY, INC., dba KINDRED HOSPITAL SAN DIEGO<br><br>Defendants. | Case No.: 07 CV2432-H(LSP)<br><br>**DEFENDANT THC-ORANGE COUNTY, INC., dba KINDRED HOSPITAL SAN DIEGO'S NOTICE OF MOTION FOR DISMISSAL OF PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6)**<br><br>**[Filed concurrently with Defendant's Memorandum of Points and Authorities and Request for Judicial Notice]**<br><br>FRCP 12(b)(6)<br><br>DATE: September 2, 2008<br>TIME: 10:30<br>COURTROOM: 13<br><br>NO ORAL ARGUMENT UNLESS REQUESTED BY COURT PER CHAMBERS |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on September 2, 2008 at 10:30 a.m., or as soon thereafter as the matter may be heard in Courtroom 13, of the above-entitled court located at 940 Front Street, San Diego, California 92101, Defendant THC-ORANGE COUNTY, INC.,

dba KINDRED HOSPITAL – SAN DIEGO, hereinafter "Defendant") will move this Court for an order of dismissal pursuant to Rule 12b. This Motion will be based on the grounds that Plaintiffs' First Amended Complaint filed with this court, naming THC-ORANGE COUNTY, INC., dba KINDRED HOSPITAL – SAN DIEGO as a defendant, fails to state a cause of action for which relief can be granted against moving defendant.

This motion is based upon this Notice, the Memorandum of Points and Authorities on file herein, the request for Judicial Notice, all documents and evidence on file herein, and upon such other oral and documentary evidence as may be presented at the hearing of this matter.

Date: July 30, 2008

**GIOVANNIELLO & MICHELS, LLP**

By: s/Alexander F. Giovanniello
Alexander F. Giovanniello, Esq.
Karen A. Bocker, Esq.
Attorneys for DEFENDANT,
THC ORANGE COUNTY, INC., dba
KINDRED HOSPITAL – SAN DIEGO

# TABLE OF CONTENTS

TABLE OF CONTENTS ..... iii
TABLE OF AUTHORITIES ..... iv
STATUTES ..... v
MEMORANDUM OF POINTS AND AUTHORITIES ..... 1
1. STATEMENT OF FACTS ..... 1
2. DISMISSAL IS JUSTIFIED WHERE A COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED ..... 5
A. CALIFORNIA RULE APPLIES TO THIS CASE ..... 6
B. THE COMPLAINT FAILS TO STATE FACTS TO SUPPORT A CLAIM FOR INJUNCTIVE RELIEF. ..... 6
1. Plaintiff has no standing to seek injunctive relief. ..... 6
2. Plaintiff failed to plead facts to support the elements of a cause of action for injunctive relief. ..... 7
a. Plaintiff Has Adequate Legal Remedy ..... 8
b. Plaintiff Has Not Established "Irreparable Harm" ..... 8
c. Plaintiff Has Failed to Demonstrate his Probability of Success ..... 9
C. THE COMPLAINT FAILS TO STATE FACTS TO SUPPORT A CLAIM FOR BREACH OF FIDUCIARY DUTY. ..... 10
1. There Was No Fiduciary Relationship. ..... 10
2. There Was No Breach ..... 11
D. THE COMPLAINT FAILS TO STATE FACTS TO SUPPORT A CLAIM FOR INTENTIONAL INTERFERENCE WITH CONTRACT ..... 11
E. THE COMPLAINT FAILS TO STATE FACTS TO SUPPORT A CLAIM FOR NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE ..... 12
3. CONCLUSION ..... 13

# TABLE OF AUTHORITIES

## CASES

Albright v. Oliver
(1994) 510 U.S. 266, 267 ....................6

Aulson v. Blanchard
83 F.3d 1, 3 (1st Cir. 1996) ....................6

City of Los Angles v. Lyons
461 U.S. 95, 103 ....................7

CRST Van Expedited, Inc. v. Werner Enterprises, Inc.
(2007) 479 F3d 1099, 1105 ....................11

Davila v. Delta Air Lines, Inc.
(11th Cir. 2003) 336 F.3d 375, 379 ....................6

Imagineering v. Kiewit Pac. Co.
976 F.2d 1303, 1308-1309 ....................7

Korean Philadelphia Presbyterian Church v. California Presbytery
(2000) 77 Cal. App. 4th 1069, 1084 ....................9

LaMonte v. Sanwa Bank California
(1996) 45 Cal. App. 4th 509, 517. ....................10

Leeds v. Meltz
85 F.3d 51, 53 (2d Cir. 1996) ....................6

New v. New
(1957) 148 Cal. App. 2d 372, 382-383 ....................10

North American Chemical Co. v. Superior Court
(1997) 59 Cal. App. 4th 764, 786 ....................12

O'Connell v. Superior Court
(2006) 141 Cal. App. 4th 1452, 1481 ....................9

Pacific Decision Sciences Corp. v. Superior Court (Maudlin)
(2004) 121 Cal. App. 4th 1100, 1110 ....................8

Pacific Gas & Electric Co. v. Bear Sterns & Co.
(1990) 50 Cal. 3d 1118, 1138, Fn.2. ....................................................................11

Penna v. Toyota Motor Sales, U.S.A., Inc.
11 Cal. 4th 376 ..........................................................................................11

Pierce v. Lyman
(1991) 1 Cal. App. 4th 1093, 1101-1102 ..................................................................10

Rickel v. Schwinn Bicycle Co.
(1983) 144 Cal. App. 3d 684, 654 ........................................................................10

San Francisco Newspaper Printing Co., Inc. v. Superior Court
(1985) 170 CA 3d 438, 442 ...............................................................................9.

Thayer Plymouth Center, Inc. v. Chrysler Motors Corp.
(1967) 255 Cal. App. 2d 300, 306. .......................................................................8

Wolf v. Superior Court
(2003) 107 Cal. App. 4th 25, 30. ........................................................................10

## STATUTES

California Code of Civil Procedure § 526(a) ................................................................7

Federal Rule of Civil Procedure 8(a) .......................................................................5

28 U.S.C. § 1652 ..........................................................................................6

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. STATEMENT OF FACTS

This is an action for injunctive and monetary relief against THC-ORANGE COUNTY, INC. dba KINDRED HOSPITAL SAN DIEGO (hereinafter "KINDRED HOSPITAL") brought by ARNOLD SCHIMSKY, as Trustee of his mother's trust and as representative of her Estate.

Mr. Schimsky has a protracted legal history with Kindred Hospital. In fact, the issue of the outstanding bill for the services rendered by Kindred Hospital to Mrs. Shimsky has been addressed in two other cases before the two different Superior Courts of California. The first by the Superior Court of the State of California, for the County of San Diego-Central Division, Case Number P188885 and the second by the Superior Court for the State of California, for the County of San Diego – Hall of Justice, Case Number GIC871356. In both cases, Mr. Schimsky executed settlement agreements ensuring payment to Kindred Hospital for the care provided to his mother at his behest.

Before falling ill, Ann Shimsky created the Ann P. Shimsky Trust for her benefit. She designated one of her sons, Arnold Schimsky as the Durable Power of Attorney for her Estate and Health Care Decisions. She also executed a Declaration under the California Natural Death Act (hereinafter, the "Declaration"). Unbeknownst to any of her healthcare providers, Mr. Schimsky chose not to disclose the existence of the Declaration.

Mrs. Shimsky was admitted to Kindred Hospital – San Diego (Hereinafter "Kindred Hospital") on July 19, 2002. She died at Kindred Hospital on October 8, 2006. The amount due and owing for care and services rendered by Kindred Hospital to Ann Shimsky is $2,579,622.81.

When she was first admitted, Mrs. Shimsky's care was considered acute and Medicare was her primary insurance. Ann Shimsky also had health insurance coverage through Blue Cross, which provided coverage for acute care. When her Medicare benefits were exhausted in October 2002, Blue Cross paid for the acute care provided. As Mrs. Shimsky's condition

stabilized, she was no longer considered an acute patient. Like most of us, Mrs. Shimsky did not have long term care insurance.

Nearly a year after being at Kindred Hospital, Blue Cross determined that an acute stay was no longer medically necessary and Mrs. Shimsky was deemed stable enough to be transferred to another facility. Mr. Schimsky knew his mother did not have coverage for any level of care other than acute care. Asserting his authority as his mother's Durable Power of Attorney for health care decisions (hereinafter "DPOA-HC"), Mr. Schimsky refused to allow his mother to be transferred out of Kindred Hospital.

Aware of Mr. Schimsky's refusal to allow his mother to be transferred out of Kindred Hospital and to accommodate Mrs. Shimsky, Blue Cross offered to "flex" her benefits, allowing her to stay at Kindred Hospital but would pay Kindred Hospital a fraction of the acute hospitalization fee. Kindred Hospital agreed to accept the lower fee. Again asserting his authority as his mother's DPOA-HC, Mr. Schimsky refused the offer from Blue Cross.

From that time on, Blue Cross considered Mrs. Shimsky a "self pay". The responsibility for paying the bills fell on the subscriber. The last payment received by Kindred Hospital from Blue Cross for Mrs. Shimsky's care was on July 31, 2004. Payment was mistakenly sent by Blue Cross for October 1, 2004 to October 15, 2004 but on April 11, 2005, Blue Cross demanded a 100% refund from Kindred Hospital, saying Mrs. Shimsky was not eligible for coverage. Kindred refunded the full amount.

Mr. Schimsky was advised of the mounting bills, but did not make arrangements to pay the bills and continued to refuse to allow his mother to be transferred out of Kindred Hospital. Kindred Hospital could not abandon the patient and continued to provide care even though it was not being paid for the care provided to Mrs. Shimsky.

While his mother was a patient at Kindred Hospital, Mr. Schimsky engaged in harassing behavior toward the Kindred Hospital employees so much so that on May 20, 2005 a restraining order was issued against Mr. Schimsky to enjoin him from harassing the Kindred Hospital employees.

When the employees of Kindred Hospital refused to risk Mrs. Shimsky's welfare by blindly following Mr. Schimsky's demands to wean his ventilator-dependent mother from the ventilator, Mr. Schimsky responded by filing a petition with the Probate Court to compel Kindred Hospital to "honor" his authority under the DPOA-HC. What ensued was a protracted course of litigation.

In December 2005, Mr. Schimsky was temporarily relieved as his mother's DPOA-HC and the Court named James Boyd as Mrs. Shimsky's Court-appointed counsel to represent her interests. Within days of his appointment Mr. Boyd discovered Ann Shimsky's executed Declaration Under the California Natural Death Act. Mr. Schimsky NEVER disclosed the existence of the Declaration. He admitted under oath to knowing of the existence of the Declaration but chose not to disclose it.

Mr. Schimsky also admitted under oath that despite being the fiduciary of his mother's estate and financial affairs, he commingled his funds with those of his mother's. He used money from a joint account funded by his mother's social security and annuity benefits to pay for his own personal expenses and lived in his mother's house rent-free. The revelation of these facts caught the attention of the Public Guardian and the Probate Court.

Charles E. Matthews, III, San Diego Public Guardian, moved on March 10, 2006 to be appointed the permanent Conservator over the Person and Estate of Ann Shimsky on the basis of Mr. Schimsky's failure as the successor trustee to the Ann P. Schimsky Trust to pay the Kindred Hospital bill despite repeated demands for payment. Mrs. Shimsky's Court-Appointed Attorney supported the Public Guardian's petition.

The parties were ordered to mediate the issues. All parties appeared on April 27, 2006 for court ordered mediation. As a result of the settlement, Mr. Schimsky was relieved of his authority as his mother's DPOA for Health Care Decisions. The terms of the agreement included the following:

> 3. **Mr. Schimsky covenants and agrees never to Petition, commence, voluntarily aid in any way, institute, maintain, prosecute, or authorize to be commenced against Kindred Hospital – San Diego any action or other proceeding either in law or in equity against any party to this agreement or person,**

> **group, or entity covered by this Stipulation and Settlement Agreement based in whole or in part upon any action, demand, cause of action, obligation, damage or liability which is the subject of this Stipulation and Settlement Agreement . . .**
>
> * * *
>
> 8. In retaining his authority as the Durable Power of Attorney over the estate of Mrs. Ann Shimsky, **Arnold D. Schimsky will ensure that the bill for services provided to his mother by Kindred Hospital is paid.** Said bill is currently $1,885,669.84. Mr. Schimsky will use his best efforts in coordinating payment of benefits from any third party source including insurance companies, Medicare and Medical or any other source whatsoever to Kindred Hospital- San Diego for the care provided to Mrs. Ann Shimsky.

With the promise that he would cooperate in ensuring payment to Kindred Hospital, Mr. Schimsky was permitted to retain his authority as the representative of the estate. After the mediation, the Public Guardian petitioned for permanent appointment as the Conservator over the Person of Ann P. Shimsky. The Public Guardian gave written notice to Mr. Schimsky that they would comply with Mrs. Shimsky's wishes and terminate life support.

Mr. Schimsky's behaviors escalated. On August 21, 2006, a restraining order was issued prohibiting Mr. Schimsky from coming within 1000 yards of Kindred Hospital because Mr. Schimsky was observed having inappropriate contact with his mother constituting elder abuse.

All the while, Mr. Schimsky failed to comply with the terms of the April 27, 2006 settlement agreement. Despite having access to his mother's bank account and monthly deposits, Mr. Schimsky never made any payments to Kindred Hospital to cover his mother's medical costs.

Kindred Hospital filed suit for collection of the outstanding bill for services rendered to Mrs. Shimsky. A Settlement was eventually reached with the execution of a settlement agreement and Written Approval of Beneficiaries to Transfer residential property within the Ann P. Shimsky Trust.

Mr. Schimsky began to perform on the settlement agreement, but then ceased his performance. On December 8, 2006 Kindred Hospital moved to enforce the Settlement

Agreement. Without any evidence to support his claim, Mr. Schimsky opposed the motion arguing that Kindred Hospital failed to release records to Blue Cross and/or was paid by Blue Cross and/or Medi-Cal. In reply Kindred Hospital offered the declaration of the Billing Department manager for Kindred Hospital, who affirmed under the penalty of perjury that Kindred Hospital offered to send records to Blue Cross.

Further, it was confirmed that Kindred Hospital had not received any payment, from any source for the services provided to Ann Shimsky since July 31, 2004. The Trial Court granted Plaintiff's motion to enforce the settlement agreement and judgment was entered.

Thereafter, Mr. Schimsky and his sister as proposed intervener, moved to vacate the Trial Court's judgment and order. Their motion was denied. Mr. Schimsky and his sister, through another law firm, appealed the denial of their motion to vacate, which is currently pending before the Court of Appeal of the State of California, Fourth Appellate District, Division One, Court of Appeal Number: D051424.

Approximately a month and a half after filing the opening brief on the appeal, Mr. Schimsky filed the instant suit, which includes claims against Kindred Hospital **based on the same set of facts and circumstances that were before the Superior Court of the State of California in two previous cases**. Moving Defendant's motion to dismiss pursuant to Rule 12 b was granted, whereby Plaintiff's case was dismissed for failure to state a claim against Moving Defendant. Plaintiff filed an Amended Complaint, again acknowledging that Moving Defendant offered records to Blue Cross.

Omitting the critical fact that Blue Cross **did not** accept Kindred's offer to provide the records, Plaintiff alleges that the records were not provided to Blue Cross. Because Plaintiff failed to fill the legal gap between Kindred Hospital's offer of the records and the cause of its inability to provide the records, Plaintiff fails to state a claim against Kindred Hospital.

## 2. DISMISSAL IS JUSTIFIED WHERE A COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Federal Rule of Civil Procedure 8(a) requires a plaintiff to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." If the plaintiff fails to

meet this standard, Rule 12(b)(6) requires the Court to dismiss for "failure to state a claim upon which relief can be granted." In reviewing a motion to dismiss, the court presumes the truth of all well-pled allegations, resolves all doubts in favor of the pleader, and views the pleading in the light most favorable to the pleader. Albright v. Oliver, (1994) 510 U.S. 266, 267. However, the court does not accept as true the pleader's bald assertions and legal conclusions, nor will the court draw unwarranted inferences to aid the pleader. Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)(emphasis added); Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996). Unwarranted factual deductions, inferences, and legal conclusions "masquerading as facts" will not defeat a Rule 12(b)(6) motion. Davila v. Delta Air Lines, Inc., (11th Cir. 2003) 336 F.3d 375, 379.

## A. CALIFORNIA RULE APPLIES TO THIS CASE

The laws of the several states, except where the Constitution or treaties of the United States or Acts of Congress otherwise require or provide, shall be regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply 28 U.S.C. § 1652. In choosing the rule of decision, the federal court must look to the body with the authority to make those rules. When it comes to common law matters not within the delegated powers, that body is the state, whether is speaks by statute or judicial decision.

Analysis of California law reveals the claims against Kindred Hospital are baseless.

## B. THE COMPLAINT FAILS TO STATE FACTS TO SUPPORT A CLAIM FOR INJUNCTIVE RELIEF

In Plaintiff's Third Cause of Action, asserted against Kindred Hospital for Injunctive Relief, Plaintiff asks the court to command Kindred to "produce and provide all requested medical records and related documentation to Blue Cross and/or the United States Office of Personnel Management". As set forth below, this claim is without merit.

### 1. Plaintiff has no standing to seek injunctive relief

In order to have standing to seek injunctive relief, a plaintiff must demonstrate a likelihood of repeated injury or future harm *by defendant* to the plaintiff in the absence of the injunction. Plaintiff must establish that the threat to the plaintiff of future injury be sufficiently

real and immediate. City of Los Angeles v. Lyons 461 U.S. 95, 103; Imagineering v. Kiewit Pac. Co. 976 F.2d 1303, 1308-1309.

Plaintiff does not have standing to maintain a claim for injunctive relief *against Kindred Hospital*. The facts, as alleged by Plaintiff, reveal that Kindred Hospital offered decedent's records to Blue Cross. Accepting the facts as alleged; Kindred Hospital stands ready, willing and able to provide the records once the whole (or part) of the records are accepted by Blue Cross. Kindred need only be advised what records are desired and where to send the records. Glaringly absent from the complaint is the allegation that Blue Cross accepted Kindred's offer of the records. Accepting the facts as alleged, it is apparent that Plaintiff's target for injunctive relief is misdirected.

Having failed to allege sufficient facts to confer standing for purposes of injunctive relief *against Kindred Hospital*, the cause of action must be dismissed.

**2. Plaintiff failed to plead facts to support the elements of a cause of action for injunctive relief**

Pursuant to California Code of Civil Procedure § 526(a), an injunction may be granted in the following cases:

> (1) When it appears **by the complaint** that the plaintiff is entitled to the relief demanded, and the relief, or any part thereof, consists in **restraining the commission or continuance of the act complained of**, either for a limited period or perpetually, (2) When it appears by the complaint or affidavits that the commission or continuance of some act during the litigation would produce waste, or great or irreparable injury, to a party to the action, (3) When it appears, during the litigation, that a party to the action **is doing, or threatens, or is about to do, or is procuring or suffering to be done, some act in violation of the rights of another party to the action** respecting the subject of the action, and tending to render the judgment ineffectual, (4) When pecuniary compensation would not afford adequate relief, (5) Where it would be extremely difficult to ascertain the amount of compensation which would afford adequate relief, (6) Where the restraint is necessary to prevent a multiplicity of judicial proceedings, (7) Where the obligation arises from a trust. (Emphasis added).

Plaintiff's claim is without basis because it does not appear within the complaint that Plaintiff is entitled to the relief demanded. Plaintiff affirmatively acknowledges within the complaint that Kindred Hospital offered the records to Blue Cross.

There is no allegation and no evidence offered that Kindred Hospital has withheld or is withholding records from Blue Cross. There is no allegation and no evidence that the United States Office of Personnel Management even requested the records from Kindred Hospital or that Kindred Hospital refused the request.

**a. Plaintiff Has Adequate Legal Remedy**

Injunctions will rarely be granted where a suit for damages provides a clear remedy. Pacific Decision Sciences Corp. v. Superior Court (Maudlin) (2004) 121 Cal.App.4th 1100, 1110 *citing* Thayer Plymouth Center, Inc. v. Chrysler Motors Corp. (1967) 255 Cal.App.2d 300, 306.

Here, Plaintiff has sued the United States Office of Personnel Management for Recovery of the very benefits Plaintiff claims his mother is entitled to, which according to his complaint amounts to $2,380,409.04. In effect, the complaint is seeking both damages that provide a clear remedy in addition to the claims for injunctive relief. By articulating claims for monetary relief Plaintiff has demonstrated within the four corners of this complaint that he has adequate legal remedies, which defeat his claims for injunctive relief.

In addition, as noted above, Plaintiff's claims in this case are based on the same set of facts and circumstances underlying a case that was before the California Superior Court, Probate Division which was settled, and on a another case that is currently on appeal in the California Appellate Court and on a third case recently filed by Plaintiff against his former counsel in the California Superior court. Kindred Hospital requests this court to take judicial notice of Plaintiff's filings with the above noted courts. Without question, it is evident Plaintiff has availed himself to the legal remedies available to him.

**b. Plaintiff Has Not Established "Irreparable Harm"**

Irreparable harm must be imminent as opposed to a mere possibility of harm some time in the future. "An injunction cannot issue in a vacuum based on the proponents' fears about

something that my happen in the future. It must be supported by actual evidence that there is a realistic prospect that the party enjoined intends to engage in the prohibited activity." Korean Philadelphia Presbyterian Church v. California Presbytery (2000) 77 Cal.App.4th 1069, 1084.

Here, as couched, the First Amended Complaint fails to state facts to support a claim for injunctive relief. Plaintiff alleges that Kindred Hospital offered decedent's records to Blue Cross. Plaintiff fails to allege whether the offered records were accepted by Blue Cross or the Office of Personnel Management. The legal gap in Plaintiff's pleading is fatal in Plaintiff establishing a realistic prospect that Kindred Hospital intends has or intends to engage in any prohibited activity. Plaintiff cannot establish irreparable harm because Plaintiff can not establish that Kindred Hospital intends to engage in any prohibited activity. To the contrary, the alleged facts establish cooperation on the part of Kindred Hospital in offering records to Blue Cross for review.

Indeed, the cause of action is defeated by Plaintiffs' affirmative factual allegations within the complaint that "Kindred **has offered** to make Shimsky's medical records, which are extremely voluminous . . . available to Blue Cross for review." (FAC, ¶ 4, lines 14-15)

Finally, delay in seeking relief may be considered in determining whether the claimed injury is "irreparable". *See* O'Connell v. Superior Court (2006) 141 Cal.App.4th 1452, 1481. Mr. Schimsky has been aware of the billing issues regarding his mother's care since August 2004. He waited until December 2007 to file this claim for injunctive relief. Given, his delay, the claim of "imminent irreparable harm" is specious at best.

**c. Plaintiff Has Failed to Demonstrate his Probability of Success**

Even where the plaintiff may have an inadequate legal remedy and or irreparable damage is threatened, an injunction may not issue if it is apparent that the party is likely to lose in the end. A preliminary injunction must not issue unless it is reasonably probable that the moving party will prevail on the merits. San Francisco Newspaper Printing Co., Inc. v. Superior Court (1985) 170 CA3d 438, 442. Plaintiff's Complaint is devoid of any allegation or evidence to support his success on the causes of action and for the foregoing reasons, Plaintiff's Third Cause of Action must be dismissed.

### C. THE COMPLAINT FAILS TO STATE FACTS TO SUPPORT A CLAIM FOR BREACH OF FIDUCIARY DUTY

In order to plead a cause of action for breach of fiduciary duty, the plaintiff must show the existence of a fiduciary relationship, its breach, and damage proximately caused by that breach; the absence of any one of these elements is fatal to the cause of action. LaMonte v. Sanwa Bank California (1996) 45 Cal.App.4th 509, 517 *citing* Pierce v. Lyman (1991) 1 Cal.App.4th 1093, 1101-1102.

#### 1. There Was No Fiduciary Relationship

"A 'fiduciary relation' in law is ordinarily synonymous with a 'confidential relation.' It is . . . founded upon the trust or confidence reposed by one person in the integrity and fidelity of another, and likewise precludes the idea of profit or advantage resulting from the dealings of the parties and the person in whom the confidence is reposed." Wolf v. Superior Court (2003) 107 Ca.App.4th 25, 30 *citing* Rickel v. Schwinn Bicycle Co. (1983) 144 Cal.App.3d 648, 654. Traditional examples of fiduciary relationships in the commercial context include trustee/beneficiary, directors and majority shareholders of a corporation, business partners, joint adventurers and agent/principal. Inherent in each of these relationships is the duty of undivided loyalty the fiduciary owes to its beneficiary, imposing on the fiduciary obligations far more stringent than that required of ordinary contractors.

The obligation to perform contractual obligations of "good faith" and "fair dealings" is not sufficient to establish a "fiduciary relation" between Kindred Hospital and Mrs. Shimsky or her successors as claimed by Mr. Schimsky. "Every contract contains an implied covenant of good faith and fair dealing, obligating the contracting parties to refrain from 'doing anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract . . . .' (Citations) Wolf v. Superior Court (2003) 107 Ca.App.4th 25, 30. "The implied covenant cannot create a fiduciary relationship; it affords basis for redress for breach of contract and that is all." Wolf v. Superior Court (2003) 107 Ca.App.4th 25, 30 *citing* New v. New (1957) 148 Cal.App.2d 372, 382-383.

**2. There Was No Breach**

Even assuming there was a request for medical records and other documents from Blue Cross and even assuming there was a duty to comply with medical record and other documentary requests made by Blue Cross, Plaintiffs have not plead that a breach occurred. Plaintiffs' only claim is that Kindred Hospital offered the records to Blue Cross. Having plead that Kindred offered the records, Plaintiff pleads facts establishing no breach occurred.

Plaintiff's failure to establish a duty and breach on the part of Kindred Hospital is fatal to the claim for breach of a fiduciary duty and therefore, the cause of action must be dismissed.

**D. THE COMPLAINT FAILS TO STATE FACTS TO SUPPORT A CLAIM FOR INTENTIONAL INTERFERENCE WITH CONTRACT**

The elements which a plaintiff must plead to state the cause of action for intentional interference with contractual relations are (1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage (*Citations*)(Emphasis added) Pacific Gas & Electric Co. v. Bear Sterns & Co. (1990) 50 Cal.3d 1118, 1138, Fn.2; CRST Van Expedited, Inc. v. Werner Enterprises, Inc. (2007) 479 F.3d 1099, 1105 *citing* Penna v. Toyota Motor Sales, U.S.A., Inc. 11 Cal.4th 376.

Three of the elements are not even plead in the complaint. By pleading that Kindred Hospital offered the records to Blue Cross, Plaintiff tacitly admits no breach occurred.

Plaintiff failed to allege the existence of a contract and failed to attach any document purporting to be a contract. Plaintiff fails to allege that Kindred Hospital engaged in intentional acts designed to induce a breach or disruption of the contractual relationship. To the contrary, Plaintiff alleges cooperation on the part of Kindred Hospital in offering decedent's records to Blue Cross for review.

Notably, the complaint is devoid of a claim of any breach of contract by Blue Cross or OPM. Indeed, Plaintiff does not assert a claim for breach of contract against Blue Cross or OPM.

Plaintiff's failure to establish the elements of a cause of action for Intentional Interference with Contract is fatal to the cause of action and therefore, the cause of action must be dismissed.

### E. THE COMPLAINT FAILS TO STATE FACTS TO SUPPORT A CLAIM FOR NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

Negligent interference with prospective economic advantage is established where a plaintiff demonstrates that (1) an economic relationship existed between the plaintiff and a third party which contained a reasonably probable future economic benefit or advantage to plaintiff; (2) the defendant knew of the existence of the relationship and was aware or should have been aware that if it did not act with due care its actions would interfere with this relationship and cause plaintiff to lose in whole or in part the probable future economic benefit or advantage of the relationship; (3) the defendant was negligent; and (4) such negligence caused damage to plaintiff in that the relationship was actually interfered with or disrupted and plaintiff lost in whole or in part the economic benefits or advantage reasonably expected from the relationship North American Chemical Co. v. Superior Court (1997) 59 Cal. App. 4th 764, 786.

Again, Plaintiff fails to plead all the elements of the Cause of Action. Plaintiff alleges that the records were offered by Kindred Hospital to Blue Cross. Because the records were offered no breach can be established.

Plaintiff's failure to establish the elements of a cause of action for Negligent Interference with Prospective Economic Advantage is fatal to the cause of action and therefore, the cause of action must be dismissed.

//

//

//

//

//

**3. CONCLUSION**

Based on the foregoing, Kindred Hospital's motion to dismiss the Third, Fourth, Fifth and Sixth Causes of Action should be granted with prejudice and without leave to amend.

Date: July 30, 2008

**GIOVANNIELLO & MICHELS, LLP**

By: s/Alexander F. Giovanniello
Alexander F. Giovanniello
Karen A. Bocker
Attorneys for DEFENDANT,
THC ORANGE COUNTY, INC. dba KINDRED HOSPITAL – SAN DIEGO

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within entitled action; my business address is 1470 South Valley Vista Drive, Suite 200, Diamond Bar, California 91765.

On **July 30, 2008,** I served the foregoing document(s) described **DEFENDANT THC-ORANGE COUNTY, INC., dba KINDRED HOSPITAL SAN DIEGO'S NOTICE OF MOTION FOR DISMISSAL OF PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6),** by placing the true copies thereof enclosed in sealed envelopes address as follows:

Eugene P. Yale
David W. Baumgarten
YALE & BAUMGARTEN, LLP
5030 Camino de la Siesta, Suite 308
San Diego, California 92108
Tel: (619) 220-8790
Fax: (619) 220-0369

Attorneys for Plaintiff

U S Attorneys Office Southern
District of California
Civil Division
880 Front Street, Suite 6253
San Diego, California 92101
Tel: (619) 557-5662
Fax: (619) 557-7122

Attorneys for United States Office of Personnel Management

**(XX)** BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles California in the ordinary course of business.

( ) BY PERSONAL SERVICE: I delivered such envelope(s) by hand to the office(s) of the above addressee(s).

( ) BY FEDERAL EXPRESS: I caused said envelope(s) to be sent by Federal Express to the above address(es).

( ) BY TELECOPIER: I caused said document(s) to be transmitted by telecopier at approximately 3:00 P.M. to the above address(s).

Executed on **July 30, 2008,** at Diamond Bar, California.

**(XX)** FEDERAL I declare under penalty of perjury that the foregoing is true and correct.

Carolina Cachu

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within entitled action; my business address is 1470 South Valley Vista Drive, Suite 200, Diamond Bar, California 91765.

On **July 30, 2008,** I served the foregoing document(s) described **DEFENDANT THC-ORANGE COUNTY, INC., dba KINDRED HOSPITAL SAN DIEGO'S NOTICE OF MOTION FOR DISMISSAL OF PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6),** by placing the true copies thereof enclosed in sealed envelopes address as follows:

Eugene P. Yale
David W. Baumgarten
YALE & BAUMGARTEN, LLP
5030 Camino de la Siesta, Suite 308
San Diego, California 92108
Tel: (619) 220-8790
Fax: (619) 220-0369

Attorneys for Plaintiff

U S Attorneys Office Southern
District of California
Civil Division
880 Front Street, Suite 6253
San Diego, California 92101
Tel: (619) 557-5662
Fax: (619) 557-7122

Attorneys for United States Office of Personnel Management

**(XX)** BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles California in the ordinary course of business.

( ) BY PERSONAL SERVICE: I delivered such envelope(s) by hand to the office(s) of the above addressee(s).

( ) BY FEDERAL EXPRESS: I caused said envelope(s) to be sent by Federal Express to the above address(es).

( ) BY TELECOPIER: I caused said document(s) to be transmitted by telecopier at approximately 3:00 P.M. to the above address(s).

Executed on **July 30, 2008,** at Diamond Bar, California.

**(XX)** FEDERAL I declare under penalty of perjury that the foregoing is true and correct.

Carolina Cachu