Eugene P. Yale, Esq. SBN 83048
David W. Baumgarten, Esq. SBN 179574
YALE & BAUMGARTEN, LLP
5030 Camino de la Siesta, Ste. 308
San Diego, California 92108
Tel.: (619) 220-8790
Fax: (619) 220-0369

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARNOLD SCHIMSKY, as Trustee of THE ANN P. SHIMSKY TRUST and representative of ANN P. SHIMSKY, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OFFICE OF PERSONNEL MANAGEMENT; THC-ORANGE COUNTY, INC., dba KINDRED HOSPITAL SAN DIEGO,<br><br>Defendants. | CASE NO. 07 CV2432-H(LSP)<br><br>**DECLARATION OF DAVID W. BAUMGARTEN IN SUPPORT OF EX PARTE APPLICATION FOR ORDER CONTINUING HEARING ON DEFENDANTS' MOTIONS TO DISMISS AND ALLOWING PLAINTIFF TO FILE OPPOSITION IN DUE COURSE; OR IN THE ALTERNATIVE FOR AN ORDER ALLOWING PLAINTIFF TO FILE A LATE OPPOSITION; OR, IF THE COURT IS NOT INCLINED TO GRANT THE FOREGOING RELIEF FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**<br><br>CTRM: 13<br>JUDGE: Hon. Marilyn L. Huff |

I, David W. Baumgarten, declare:

1. I am an attorney duly licensed to practice before this court, and am a partner in the law firm of Yale & Baumgarten, LLP, attorney of record for the plaintiff in this matter. I make this declaration in support of the plaintiff's ex parte application for an order continuing the hearing on defendants' motions to dismiss and allowing plaintiff to file opposition in due course, or in the alternative for an order allowing plaintiff to file a late opposition by close of business on August 27; or, if the court is not inclined to grant the foregoing relief, for leave to file a second amended complaint. I have personal knowledge of the facts stated herein, except for those matters stated on information and

belief, and as to those matters I believe them to be true, and if called to testify, could and would competently testify thereto.

2. The plaintiff filed this action against the United States Office of Personnel Management ("OPM") and Kindred Hospital ("Kindred") on December 31, 2007. The complaint was filed within three years of the last date of disputed service at issue in this case. The plaintiff timely served the summons and complaint as provided by Rule 4.

3. In response to the complaint, Kindred filed a motion to dismiss on the grounds that the allegations contained therein were uncertain as to Kindred. OPM did not respond to the complaint. The plaintiff timely opposed Kindred's motion to dismiss. On June 12, 2008, this Court entered an order granting the motion for dismiss, but allowing plaintiff leave to amend. The plaintiff timely filed an amended complaint.

4. The first amended complaint alleges that the decedent received care covered under the Blue Cross Blue Shield Service Benefit Plan, a Federal Employee Health Benefits Program administered by the United States Office of Personnel Management through Blue Cross of California, ("the Plan"), from Kindred. [FAC, ¶s 1, 2, 7.] The first amended complaint alleges that Kindred has asserted, even though plaintiff has never been provided with a written coverage denial, that Blue Cross/Blue Shield has denied coverage for approximately $2 million in care. [FAC ¶s 3-4.] The first amended complaint alleges that Blue Cross/Blue Shield has advised that it requires additional information from Kindred to adjust the claims. [FAC ¶ 4.] The first amended complaint alleges that, in light of the conflicting information from Kindred and Blue Cross/Blue Shield, it wrote to OPM (as provided by the Plan), but did not receive a response. [FAC, ¶ 5.] Having received no response, the plaintiff filed this action to preserve the possible statute of limitations. Id.

5. The plaintiff served the first amended complaint on Kindred and OPM, as provided by Rule 4 since OPM had not yet appeared, on July 11, 2008.

6. During the week of July 28, 2008, I was in Philadelphia taking the depositions of persons most knowledgeable at an insurance company in a different case. My partner was out of the office on vacation during that same week.

/ / /

7. On August 5, 2008, after I had returned from Philadelphia, I reviewed a letter from OPM that had been received by my office while I was out. A true and correct copy of that letter is attached hereto as Exhibit 1. Basically the letter stated that OPM could not respond to the first amended complaint without Mrs. Shimsky's social security number and/or retirement number.[1] I promptly provided the requested information on August 7. I had no idea that OPM had filed a motion to dismiss at that time.

8. On August 19, 2008, I sent a fax to counsel for Kindred, Karen Bocker, regarding this case as we had scheduled a meeting to discuss the issues in the case for August 20. When my assistant called to confirm the meeting later that day, Ms. Bocker's assistant advised that the meeting would not be going forward. There was no discussion of a motion to dismiss between the assistants, and I had no idea at that Kindred had filed another motion to dismiss at that time.

9. Last night, while reviewing my e-mail after being in mediation on another insurance case all day yesterday, I received the electronic notice of the order submitting the motion to dismiss. That was the first actual notice I had that the defendants had filed motions to dismiss.

10. This morning, I contacted the Court and advised that I would be submitting this ex parte application. At this point, I am not entirely certain what happened, and am still trying to get to the bottom of the matter, but wanted to get this ex parte application on file as quickly as possible in light of the fact that the hearings on the motions are next week. I do know that filing and alleged service dates of the motion coincide with my deposition trip to Philadelphia, so I was not in town during that time period. I also know, having downloaded OPM"s motion this morning that OPM, according to its proof of service, did not mail a hard copy of the papers to my office. I also know that neither OPM's nor Kindred's motion is on our calendaring system. I am also informed that our IT person, who is an outside provider, did some service work on our network during the relevant time period (given that I was in Philadelphia and my partner was on vacation), and that work may have caused a problem with electronic communications.

---

[1] Mrs. Shimsky's last name is in fact spelled "Shimsky" and her son's name is in fact spelled "Schimksy." Odd, but true. Long story. . .

11. In light of the foregoing, the plaintiff respectfully requests that the Court continue the hearing on defendants' motions to dismiss and allow plaintiff to file opposition in due course, or in the alternative, allow plaintiff to file a late opposition by close of business on August 27; or, if the court is not inclined to grant the foregoing relief, allow plaintiff leave to file a second amended complaint.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED: August 26, 2008

YALE & BAUMGARTEN, LLP

David W. Baumgarten, Attorney for Plaintiff

EXHIBIT 1

United States
**Office of Personnel Management**

Post Office Box 17
Washington, DC 20044-0017

July 25, 2008

JUL 30 2008

Yale & Baumgarten LLP
Attorney at Law
5030 Camino de la Siesta, Ste 308
San Diego CA 92108

Dear Sir/Madam:

The Office of Personnel Management is unable to respond to your correspondence without additional information. Therefore, your correspondence is being returned to you. We need social security number for both parties. Or retirement claim number. I need the whole number not the four at the end.

Please resubmit your correspondence along with the social security number or retirement claim number of the Federal employee or retiree so that we can identify their records. Please return all correspondence to us.

Sincerely,

Majestrice Tinch

Court Ordered Benefits Branch
(202) 606-0222

Eugene P. Yale, Esq. SBN 83048
David W. Baumgarten, Esq. SBN 179574
YALE & BAUMGARTEN, LLP
5030 Camino de la Siesta, Ste. 308
San Diego, California 92108
Tel.: (619) 220-8790
Fax: (619) 220-0369

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARNOLD SCHIMSKY, as Trustee of THE ANN P. SHIMSKY TRUST and representative of ANN P. SHIMSKY, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OFFICE OF PERSONNEL MANAGEMENT; THC-ORANGE COUNTY, INC., dba KINDRED HOSPITAL SAN DIEGO,<br><br>Defendants. | CASE NO. 07 CV2432-H(LSP)<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>[JURY TRIAL DEMANDED]<br><br>JUDGE: Hon. Marilyn L. Huff<br>CTRM: 13 |

The plaintiff, ARNOLD SCHIMSKY, as Trustee of THE ANN P. SHIMSKY TRUST and representative of ANN P. SHIMSKY, deceased, as and for causes of action against the defendants, and each of them alleges:

**PRELIMINARY ALLEGATIONS**

1. At all relevant times, Ann P. Shimsky, now deceased, was enrolled in and insured under the Blue Cross Blue Shield Service Benefit Plan, a Federal Employee Health Benefits Program administered by the United States Office of Personnel Management through Blue Cross of California, ("the Plan"). A true and correct copy of Shimsky's Plan identification card is attached hereto as Exhibit 1. Under the terms of the Plan, Shimksy is, and at all relevant times was, entitled to unlimited inpatient acute hospital care.

2. In May, 2002, Shimsky was hospitalized at Palomar Hospital in San Diego County with, among other things, aspiration pneumonia. On July 19, 2002, Shimsky was transferred to Kindred Hospital ("Kindred"), a licensed acute care hospital, owned and operated by the defendant, THC-Orange County, Inc., a California corporation. Shimsky received acute care, including but not limited to ventilator care, at Kindred until she passed.

3. Kindred now contends that Blue Cross failed to pay $2,380,409.04 for medical care provided to Shimsky prior to her passing, and has sued Shimsky, her trust, The Ann P. Shimsky Trust, and her son, Arnold Schimsky, individually and as trustee of the Trust, to recover those sums.

4. The plaintiff, however, is not aware of a written coverage denial by Blue Cross. To the contrary, the plaintiff has been advised by Blue Cross that coverage is available for the alleged care, but that Blue Cross is awaiting medical records and related documentation from Kindred to adjust the claims. Kindred is in possession and control of Shimsky's medical records and has accepted or otherwise undertaken the duty to provide the requested information and documentation to Blue Cross. The plaintiff is informed and believes that Kindred has offered to make Shimsky's medical records, which are extremely voluminous due to her level of care, available to Blue Cross for review, but is informed and believes that Kindred has not actually provided those records to Blue Cross. The extent to which Blue Cross has undertaken a review of Shimksy's medical records, if it has at all, is unknown

5. The plaintiff has written to the United States Office of Personnel Management, and requested that it intervene, but has not received a response. The plaintiff is filing this action to preserve any possible statute of limitations under the Plan.

## FIRST CAUSE OF ACTION

**(Against The United States Office of Personnel Management**

**For Recovery Of Benefits Under 5 U.S.C. §8900 et seq.)**

6. The plaintiff realleges and incorporates by reference paragraphs 1 through 5 of the complaint as though fully set forth herein.

7. The plaintiff has performed all conditions of the Plan to be performed on her part, except those which she has been excused or prevented from performing by reason of the Kindred's and/or Blue Cross's conduct as alleged hereinabove.

8. By reason of her medical condition alleged hereinabove, Shimsky was at all relevant times entitled to unlimited acute inpatient hospital care under the Plan.

9. Within the past three years, the defendant has failed to pay benefits due under the Plan. The plaintiff seeks to recover those benefits.

**SECOND CAUSE OF ACTION**

**(Against The United States Office of Personnel Management For Tolling Of "The Disputed Claims" Process And Partial Stay Of Action )**

10. The plaintiff realleges and incorporates by reference paragraphs 1 through 5 of the complaint as though fully set forth herein.

11. It is unknown whether Blue Cross has affirmatively denied coverage for the claims presented by Kindred, whether Blue Cross is still considering the claims, or whether it has even started its review of the claims because it has not yet received the requested information from Kindred. As such, invocation of "The Disputed Claims Process" in the Plan is premature.

12. If, however, the defendant contends that the plaintiff must complete the "The Disputed Claims Process" before proceeding with this action, the plaintiff requests that the Court toll or otherwise extend any and all "Disputed Claims Process" deadlines, and stay this action as to the plaintiff's claim for benefits until "The Disputed Claims Process" has been completed.[1]

**THIRD CAUSE OF ACTION**

**(Against Kindred For Injunctive Relief )**

13. The plaintiff realleges and incorporates by reference paragraphs 1 through 5 and 10 through 12 of the complaint as though fully set forth herein.

14. The plaintiff is informed and believes and thereon alleges that Kindred has not produced or otherwise provided Shimsky's medical records and related documentation to Blue Cross in connection with the unpaid claims at issue. Kindred's failure to produce and provide Shimsky's medical records to Blue Cross is interfering with the plaintiff's rights under the Plan. The plaintiff seeks a mandatory injunction, directing Kindred to produce and provide all requested medical records and related

---

[1] The Plan provides that all deadlines in "The Disputed Claims Process," except the final deadline for filing suit, may be extended for good cause.

documentation to Blue Cross and/or the United States Office of Personnel Management as may be necessary to adjust and resolve the unpaid claims.

15. Without such injunctive relief, the plaintiff will suffer great, and potentially irreparable injury, as he may be prevented from complying with the procedural provisions of Plan, and, as a result, may be foreclosed from collecting benefits that are otherwise due.

**FOURTH CAUSE OF ACTION**

**(Against Kindred For Breach of Fiduciary Duty)**

16. The plaintiff realleges and incorporates by reference paragraphs 1 through 5, 10 through 12, and 14 through 15 of the complaint as though fully set forth herein.

17. In undertaking the care and maintenance of Shimsky, an elderly person within the meaning of California law, the defendant owed Shimsky and her successor(s) a fiduciary duty of honesty, loyalty, good faith, and fair dealing, which included, but is not limited to, the duty to comply with medical record and other documentary requests made by Blue Cross.

18. The defendant's failure to produce or otherwise provide the medical records and related documentation requested by Blue Cross in connection with its care and maintenance of Shimsky as alleged hereinabove is a breach of the fiduciary duty owing the plaintiff.

19. As a direct and proximate result of the defendant's wrongful conduct, the plaintiff has suffered, and will continue to suffer damages in an amount presently unknown, but believed to be in excess of the jurisdiction of this court, to be established at the time of trial, according to proof.

**FIFTH CAUSE OF ACTION**

**(Against Kindred For Intentional Interference With Contract)**

20. The plaintiff realleges and incorporates by reference paragraphs 1 through 5, 10 through 12, and 14 through 15 of the complaint as though fully set forth herein.

21. The defendant, by reason of its dealings with plaintiff and its experience in the industry, knew, or was otherwise aware, of the Plan and the plaintiff's obligations allegedly owing Blue Cross thereunder.

///

22. The defendant's failure to produce or otherwise provide the medical records and related documentation requested by Blue Cross in connection with its care and maintenance of Shimsky as alleged hereinabove, was intentional and wrongful. The plaintiff is informed and believes and thereon alleges that the defendant failed and refused to produce records in retaliation for certain charges made by the plaintiff against the defendant concerning, among other things, the quality (or lack thereof) of the defendant's care and treatment of Shimsky.

23. The defendant's failure to produce or otherwise provide the medical records and related documentation requested by Blue Cross in connection with its care and maintenance of Shimsky as alleged hereinabove is interfering with the plaintiff's right under the Plan.

24. As a direct and proximate result of the defendant's wrongful conduct, the plaintiff has suffered, and will continue to suffer damages in an amount presently unknown, but believed to be in excess of the jurisdiction of this court, to be established at the time of trial, according to proof.

## SIXTH CAUSE OF ACTION

**(Against Kindred For Negligent Interference With Prospective Economic Advantage)**

25. The plaintiff realleges and incorporates by reference paragraphs 1 through 5, 10 through 12, and 14 through 15 of the complaint as though fully set forth herein.

26. The defendant's failure to produce or otherwise provide the medical records and related documentation requested by Blue Cross in connection with its care and maintenance of Shimsky as alleged hereinabove, resulted from its own negligence. Said negligent failure to produce or otherwise provide the medical records and related documentation requested by Blue Cross in connection with its care and maintenance of Shimsky interfered with the Plan.

27. As a direct and proximate result of the defendant's negligence, the plaintiff has suffered, and will continue to suffer damages in an amount presently unknown, but believed to be in excess of the jurisdiction of this court, to be established at the time of trial, according to proof.

WHEREFORE, the plaintiff prays for judgment against the defendants and each of them as follows:

On The First Cause Of Action

1. For benefits due under the Plan;

2. For prejudgment interest on benefits due under the Plan in an amount to be determined at the time of trial;

On The Second Cause Of Action

3. For an order tolling or otherwise extending any and all "Disputed Claims Process" deadlines, and staying this action as to the plaintiff's claim for benefits until "The Disputed Claims Process" has been completed;

On The Third Cause Of Action

4. For an order directing Kindred to produce and provide all medical records and related documentation concerning Shimsky to Blue Cross and/or the United States Office of Personnel Management;

On The Fourth, Fifth, and Sixth Causes Of Action

5. For damages according to proof;

On All Causes Of Action

For costs of suit;

For such other and further relief as the court may deem appropriate.

DATED: July 11, 2008

YALE & BAUMGARTEN, LLP

David W. Baumgarten, Attorney for Plaintiff

EXHIBIT 1

BlueCross BlueShield
Federal Employee Program
http://www.fepblue.org

PPO

Government-Wide Service Benefit Plan

ANN P SHIMSKY
subscriber name

R50142289
identification number

104
enrollment code

04/23/98
effective date of coverage

(See Reverse Side)

PCS
Retail Pharmacy Carrier # 6500
Retail Pharmacy Group # 6500

Eugene P. Yale, Esq. SBN 83048
David W. Baumgarten, Esq. SBN 179574
YALE & BAUMGARTEN, LLP
5030 Camino de la Siesta, Suite 308
San Diego, California 92108
Tel. (619) 220-8790
Fax (619) 220-0369

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| ARNOLD SCHIMSKY, as Trustee of THE ANN P. SHIMSKY TRUST and representative of ANN P. SHIMSKY, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OFFICE OF PERSONNEL MANAGEMENT; THC-ORANGE COUNTY, INC., dba KINDRED HOSPITAL SAN DIEGO,<br><br>Defendants. | ) | CASE NO: 07-cv-02432-H (LSP)<br><br>**PROOF OF SERVICE** |

# PROOF OF SERVICE

Case Name: ***Schimsky, et al v. United States Office of Personnel Management, et al.***
United States District Court, Southern District of California, Case No. **07-cv-02432-H-LSP**

I, the undersigned, am over the age of eighteen years and am a resident of San Diego County, California; I am not a party to the above-entitled action; my business address is 5030 Camino de la Siesta, Suite 308 San Diego, CA 92108.

July 11, 2008, I served the following document:

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

addressed to:

Alexander F. Giovanniello
GIOVANNIELLO & MICHAELS, LLP
1470 S. Valley Vista Drive, Suite 200
Diamond Bar, California 91765
**T: (909) 396 1964**
**F: (909) 396 0885**
afg@gm-lawfirm.com

United States Office of Personnel Management*
Insurance Services Programs, Health Insurance Group 1
1900 E Street, NW
Washington, DC 20415-3610

Michael B. Mukasey, Attorney General*
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Civil Process Clerk*
U.S. Attorney's Office for Southern District of California
880 Front Street, Room 6293
San Diego, CA 92101-8893

__X__ (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at San Diego, California.

__X__ (BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED) The persons by whose name an asterisk is affixed, were served by certified mail, return receipt requested, by causing such an envelope with postage thereon fully prepaid, to be placed in the United States mail at San Diego, California.

Executed on July 11, 2008, at San Diego, California.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Jonathan H. Yale