## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. STATEMENT OF FACTS

This is an action for injunctive and monetary relief against THC-ORANGE COUNTY, INC. dba KINDRED HOSPITAL SAN DIEGO (hereinafter "KINDRED HOSPITAL") brought by ARNOLD SCHIMSKY, as Trustee of his mother's trust and as representative of her Estate.

Mr. Schimsky has a protracted legal history with Kindred Hospital. In fact, the issue of the outstanding bill for the services rendered by Kindred Hospital to Mrs. Shimsky has been addressed in two other cases before the two different Superior Courts of California. The first by the Superior Court of the State of California, for the County of San Diego-Central Division, Case Number P188885 and the second by the Superior Court for the State of California, for the County of San Diego – Hall of Justice, Case Number GIC871356. In both cases, Mr. Schimsky executed settlement agreements ensuring payment to Kindred Hospital for the care provided to his mother at his behest.

Plaintiff filed his action in this Court against United States Office of Personnel Management and Kindred Hospital – San Diego on December 31, 2007. The complaint was filed purportedly to preserve the statute of limitations for a case against OPM. Plaintiff waited until April 21, 2008 to serve the complaint on Defendant.

On May 9, 2008 Kindred Hospital – San Diego timely filed a Motion to Dismiss pursuant to Rule 12 and thereafter a Rule 11 motion for sanctions. Plaintiff opposed the motion. This Court granted Defendant's Motion to Dismiss by Kindred Hospital- San Diego on June 12, 2008, giving Plaintiff 30 leave to amend his complaint and giving Defendant 20 days to file and answer or other responsive pleading. **Exhibit A.**

Plaintiff filed his amended complaint and served Defendant on July 11, 2008. Once again, pursuant to Rule 12 and this Court's order, Kindred Hospital – San Diego timely filed its Motion to Dismiss on July 30, 2008. **Exhibit B.**

Nothing would lead Plaintiff's counsel to believe that Kindred Hospital would not file either an answer or other responsive pleading as this Court had ordered. Simple calculation would allow Yale & Baumgarten to expect either an answer or other response from Kindred Hospital – San Diego on or before July 31, 2008.

On July 29, 2008, before filing the Motion to Dismiss and in anticipation of once again filing a Motion for Sanctions pursuant to Rule 11, a meet and confer letter was sent to Yale & Baumgarten via fax and first class mail, setting forth Kindred Hospital's position and requesting Yale & Baumgarten to dismiss the claims brought against Kindred Hospital-San Diego. I specifically wrote, "We must receive confirmation that Mr. Schimsky has dismissed the claims against Kindred Hospital – San Diego with prejudice by **July 31, 2008** or we will have no alternative but to move to dismiss the action against Kindred Hospital – San Diego." (underlined emphasis added). **Exhibit C**.

On July 30, 2008 Kindred Hospital – San Diego filed and duly served its Rule 12 Motion to Dismiss. Proof of service indicates the moving papers were sent the address of Yale & Baumgarten. The moving papers were not returned to this office as undeliverable.

On August 4, 2008 we contacted John at Yale & Baumgarten regarding a meeting planned between Mr. Baumgarten, Mr. Yale, Mr. Giovanniello and myself that had been set for August 5, 2008. Because Mr. Giovanniello was not available, the meeting was continued to August 20, 2008.

On August 19, 2008 Mr. Baumgarten sent a letter, responding to my correspondence of July 29, 2008. Specifically, he writes, "Reference your letter of July 29, 2008." **Exhibit D**.

Now, Mr. Baumgarten suggests some subterfuge on the part of Kindred Hospital – San Diego in that the motion to dismiss was not discussed between paralegals for our respective offices during a telephone conversation wherein the August 20, 2008 meeting had to be continued for calendaring reasons.

Incredibly, Mr. Baumgaten states that he had no idea that BOTH defendants, Kindred Hospital – San Diego and OPM had filed dismissals to the complaint, despite the fact that it had been more than 20 days since Plaintiff's counsel filed and served the complaint and despite the fact that in his letter of August 19, 2008, he acknowledges receipt of my July 29, 2008 letter advising him that I would be filing a motion to dismiss should his client refuse to dismiss the action against Kindred Hospital – San Diego. He even suggests that the Motions to Dismiss were not served on his office, stating in his declaration that the "alleged dates of the motion" coincide with his being out of town, suggesting some wrongdoing on the part of defense counsel in sneaking the motions past him.

Kindred Hospital – San Diego properly served Plaintiff's counsel with the Motion to Dismiss as evidenced by its proof of service indicating that the Motion was sent to the same address that all other correspondence has been sent to without issue.

Now faced with dismissal of the case without leave to amend, Plaintiff seeks more than his share of relief. He seeks a unilateral extension to oppose the motions to dismiss by defendants; or in the alternative to prejudice defendants by shortening the statutory time frame within which defendants have to file and serve a reply to his opposition for a hearing set a week from today; or in the alternative, for another bite at the apple to file yet another complaint, having now seen the arguments of defendants in their motions to dismiss.

## 2. <u>IN SEEKING AN EXTENSION OF TIME TO FILE HIS OPPOSITION, PLAINTIFF FAILED TO COMPLY WITH FRCP RULE 6</u>

Federal Rule of Civil Procedure, Rule 6 (b) states in relevant part:

> (1) **In General**. When an act may or must be done within a specified time, the court may, for *good cause*, extend the time:
>
> > (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or

> (B) on motion made after the time has expired if the party failed to act *because of excusable neglect*. (emphasis added).

In his application, Plaintiff has failed to demonstrate good cause for his request for extension. In fact, the application is devoid of a demonstration of good cause for his request.

Further, in that Plaintiff's application is being brought AFTER the time for him to act has expired, he must, but has failed to, demonstrate the existence of excusable neglect.

Plaintiff's counsel omits important information when trying to offer his excuse for the failure to timely oppose the motions to dismiss by defendants and tacitly accuses defense counsel for his failure. Plaintiff's counsel asserts some affirmative duty exists for defense counsel to advise him that defendants filed motions to dismiss. Apparently, without defense counsel calling to tell him that the motions were served, there was no other way for Plaintiff's counsel to have any idea that the requisite responsive papers had been filed and served after the First Amended Complaint was filed. Plaintiff's counsel even questions the proof of service of the responsive papers to his office.

It goes without saying that the Court gives instant electronic notice of documents filed with the court. Apparently, Plaintiff did not get this notice either.

He has not acknowledged neglect on his part in failing to file timely oppositions to the motions to dismiss, let alone a valid excuse for his neglect.

Plaintiff has failed to meet the statutory requirement for his requested extension to file oppositions to the motions to dismiss filed by defendants.

**3. PLAINTIFF'S COUNSEL FAILED TO GIVE PROPER EX PARTE NOTICE OF THE APPLICATION**

Upon reading Plaintiff's application, it is evident that Plaintiff is seeking immediate relief. In making his application, Plaintiff has failed to comply with Local Rule 83.3(h)(2), requiring Plaintiff, through an affidavit or declaration he made any attempt to contact defense counsel within a reasonable time before the motion to inform defense counsel of when and where the motion would be made. There is no representation that a good faith effort was made

to contact defense counsel regarding the motion but was unable to do so. There is no evidence of the efforts made to contact defense counsel regarding the motion or why Plaintiff should not be required to inform defendants of his motion.

Defense counsel was advised of this motion through notification by the Court AFTER plaintiff already filed the motion with the Court.

**4. <u>CONCLUSION</u>**

Based on the foregoing, it is respectfully requested that Plaintiff's motion be denied without leave to amend.

Date: August 26, 2008 **GIOVANNIELLO & MICHELS, LLP**

By: _s/Alexander F. Giovanniello__________
Alexander F. Giovanniello
Karen A. Bocker
Attorneys for DEFENDANT,
THC ORANGE COUNTY, INC. dba KINDRED HOSPITAL – SAN DIEGO