**GIOVANNIELLO & MICHELS, LLP**
Alexander F. Giovanniello (CSB# 125562)
Karen A. Bocker (CSB #213764)
1470 South Valley Vista Drive, Suite 200
Diamond Bar, California 91765
Email: afg@gm-lawfirm.com

Ph: (909) 396-1964
Fax (909) 396-0885

Attorneys for DEFENDANT
THC ORANGE COUNTY, INC. dba KINDRED HOSPITAL –
SAN DIEGO

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARNOLD SCHIMSKY, as Trustee of THE ANN P. SHIMSKY TRUST and representative of ANN P. SHIMSKY, deceased<br>Plaintiffs,<br>vs.<br><br>UNITED STATES OFFICE OF PERSONNEL MANAGEMENT; THC- ORANGE COUNTY, INC., dba KINDRED HOSPITAL SAN DIEGO<br><br>Defendants. | Case No.: 07 CV2432-H(LSP)<br><br>**DECLARATION OF KAREN A. BOCKER IN SUPPORT OF THC ORANGE COUNTY, INC., dba KINDRED HOSPITAL SAN DIEGO'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ORDER CONTINUING THE HEARING ON DEFENDANT'S MOTION TO DISMISS AND ALLOWING PLAINTIFF TO FILE OPPOSITION IN DUE COURSE; OR IN THE ALTERNATIVE FOR AN ORDER ALLOWING PLAINTIFF TO FILE A LATE OPPOSITION; OR FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**<br><br>COURTROOM: 13<br>JUDGE: Hon. Marilyn L. Huff |

I, Karen A. Bocker, declare:

1. I am an attorney duly licensed to practice before this court and am a partner of the law office of GIOVANNIELLO & MICHELS, LLP, counsel for Defendant, THC

ORANGE COUNTY, INC. dba KINDRED HOSPITAL – SAN DIEGO in this matter. I make this declaration in support of Defendant's opposition to Plaintiff's *Ex Parte* application for an order continuing the hearing on Defendant's motion to dismiss and allowing Plaintiff to file opposition in due course, or in the alternative for an order allowing plaintiff to file a late opposition by close of business on August 27, 2008; or in the alternative, to grant Plaintiff leave to file a second amended complaint.

I have personal knowledge of the facts stated herein, and except for those matters stated upon information and belief, and as to those matters I believe them to be true, and if called to testify, could and would competently testify thereto.

Plaintiff has been engaged in litigation with Defendant, THC ORANGE COUNTY, INC. dba KINDRED HOSPITAL – SAN DIEGO over the past several years concerning, among other things, the failure on Mr. Schimsky's part to meet his fiduciary duty ensure that the bills for the care and treatment provided to his mother by Kindred Hospital – San Diego were paid. A case is currently pending between Mr. Schimsky and Kindred Hospital – San Diego in the Court of Appeal, Fourth Appellate District, Division One, in San Diego.

Plaintiff filed an action against United States Office of Personnel Management and Kindred Hospital – San Diego on December 31, 2007. The complaint was filed purportedly to preserve the statute of limitations for a case against OPM.

Plaintiff waited until April 21, 2008 to serve the complaint on Defendant.

On May 9, 2008 Kindred Hospital – San Diego timely filed a Motion to Dismiss pursuant to Rule 12 and thereafter a Rule 11 motion for sanctions. Plaintiff opposed the motion. This Court granted Defendant's Motion to Dismiss by Kindred Hospital- San Diego on June 12, 2008, giving Plaintiff 30 leave to amend his complaint and giving Defendant 20 days to file and answer or other responsive pleading. A true and accurate copy of this Court's

order Granting Defendant's motion to Dismiss, dated June 12, 2008 is attached hereto as **Exhibit A.**

Plaintiff filed his amended complaint and served Defendant on July 11, 2008. Once again, pursuant to Rule 12 and this Court's order, Kindred Hospital – San Diego timely filed its Motion to Dismiss on July 30, 2008. A true and accurate copy of Defendant's motion to Dismiss, with proof of service (excluding exhibits) is attached hereto as **Exhibit B.**

Nothing would lead Plaintiff's counsel to believe that Kindred Hospital would not file either an answer or other responsive pleading as this Court had ordered. Simple calculation would allow Yale & Baumgarten to expect either an answer or other response from Kindred Hospital – San Diego on or before July 31, 2008.

On July 29, 2008, before filing the Motion to Dismiss and in anticipation of once again filing a Motion for Sanctions pursuant to Rule 11, a meet and confer letter was sent to Yale & Baumgarten via fax and first class mail, setting forth Kindred Hospital's position and requesting Yale & Baumgarten to dismiss the claims brought against Kindred Hospital-San Diego. I specifically wrote, "We must receive confirmation that Mr. Schimsky has dismissed the claims against Kindred Hospital – San Diego with prejudice by **July 31, 2008** or we will have no alternative but to move to dismiss the action against Kindred Hospital – San Diego." (underlined emphasis added). A true and accurate copy of the letter to Yale & Baumgarten, dated July 29, 2008 is attached hereto as **Exhibit C**.

On July 30, 2008 Kindred Hospital – San Diego filed and duly served its Rule 12 Motion to Dismiss. Proof of service indicates the moving papers were sent the address of Yale & Baumgarten. The moving papers were not returned to this office as undeliverable.

On August 4, 2008 we contacted John at Yale & Baumgarten regarding a meeting planned between Mr. Baumgarten, Mr. Yale, Mr. Giovanniello and myself that had been set

for August 5, 2008. Because Mr. Giovanniello was not available, the meeting was continued to August 20, 2008.

On August 19, 2008 Mr. Baumgarten sent a letter, responding to my correspondence of July 29, 2008. Specifically, he writes, “Reference your letter of July 29, 2008.” A true and accurate copy of Mr. Baumgarten’s letter is attached hereto as **Exhibit D**.

Now, Mr. Baumgarten suggests some subterfuge on the part of Kindred Hospital – San Diego in that the motion to dismiss was not discussed between paralegals for our respective offices during a telephone conversation wherein the August 20, 2008 meeting had to be continued for calendaring reasons.

And, incredibly, Mr. Baumgaten states that he had no idea that BOTH defendants, Kindred Hospital – San Diego and OPM had filed dismissals to the complaint, despite the fact that it had been more than 20 days since Plaintiff’s counsel filed and served the complaint and despite the fact that in his letter of August 19, 2008, he acknowledges receipt of my July 29, 2008 letter advising him that I would be filing a motion to dismiss should his client refuse to dismiss the action against Kindred Hospital – San Diego. He even suggests that the Motions to Dismiss were not served on his office, stating in his declaration that the “alleged dates of the motion” coincide with his being out of town, suggesting some wrongdoing on the part of defense counsel in sneaking the motions past him.

Kindred Hospital – San Diego properly served Plaintiff’s counsel with the Motion to Dismiss as evidenced by its proof of service indicating that the Motion was sent to the same address that all other correspondence has been sent to without issue.

Now faced with dismissal of the case without leave to amend, Plaintiff seeks more than his share of relief. He seeks a unilateral extension to oppose the motions to dismiss by defendants; or in the alternative to prejudice defendants by shortening the statutory time frame within which defendants have to file and serve a reply to his opposition for a hearing set a

week from today; or in the alternative, for another bite at the apple to file yet another complaint, having now seen the arguments of defendants in their motions to dismiss. Such application was without proper notice to defense counsel. The application was faxed to this office at 13:12 today with request for relief by tomorrow. A true and accurate copy of the fax report for our office is attached hereto as **Exhibit E.**

In light of the foregoing, Defendant respectfully requests that Plaintiff's application for relief be denied in its entirety.

Date: August 26, 2008 **GIOVANNIELLO & MICHELS, LLP**

By: s/Karen A. Bocker
Alexander F. Giovanniello
Karen A. Bocker
Attorneys for DEFENDANT,
THC ORANGE COUNTY, INC. dba KINDRED HOSPITAL – SAN DIEGO

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

ARNOLD SCHIMSKY, as Trustee of THE ANN P. SHIMSKY TRUST and representative of ANN P. SHIMSKY, deceased,

Plaintiff,

vs.

UNITED STATES OFFICE OF PERSONNEL MANAGEMENT; THC-ORANGE COUNTY, INC., dba KINDRED HOSPITAL SAN DIEGO,

Defendant.

CASE NO. 07-CV-2432 H (LSP)

**ORDER GRANTING WITH LEAVE TO AMEND DEFENDANT THC-ORANGE COUNTY, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

On December 31, 2007, plaintiff Arnold Schimsky ("Plaintiff") filed a complaint against the United States Office of Personnel Management ("OPM") and THC-Orange County Inc., dba Kindred Hospital San Diego ("Defendant" or "Kindred"). (Doc. No. 1.) Defendant Kindred filed a motion to dismiss Plaintiff's complaint on May 9, 2008. (Doc. No. 5.) On June 2, 2008, Plaintiff filed a response in opposition. (Doc. No. 8.) Defendant has filed a reply. (Doc. No. 9.) Kindred also filed a request for judicial notice of the existence of various state court actions involving Plaintiff. (Doc. No. 7.) The Court grants that request. Fed. R. Evid. 201.

//

Case 3:07-cv-024( H-LSP Document 10 Filed 06/ 2008 Page 2 of 4

The Court exercises its discretion pursuant to Local Civil Rule 7.1(d)(1) to decide this matter without oral argument. Accordingly, the hearing set for June 16, 2008 is vacated. For the reasons discussed below, the Court grants Defendant's motion to dismiss, with leave to amend.

**Background**

Plaintiff alleges that, from July 19, 2002 until her death, his mother Ann Shimsky received acute care at Kindred Hospital. (Compl. ¶ 2.) At all relevant times Plaintiff's mother was insured under the Blue Cross Blue Shield Service Benefit Plan, a Federal Employee Health Benefits Program administered by the OPM through Blue Cross of California. (Id. ¶ 1.) Plaintiff alleges that under the terms of that plan, Plaintiff's mother was entitled to unlimited inpatient acute hospital care. (Id.) Blue Cross apparently disagrees and, according to Plaintiff's complaint, has failed to pay Kindred for medical care provided to Plaintiff's mother. (Id. ¶ 3.) Kindred, in turn, sued Plaintiff's mother, the Ann P. Shimsky Trust ("the Trust"), and Plaintiff (in his individual capacity and as trustee of the Trust). (Id.)

Plaintiff alleges, however, that he is "not aware of" a written denial of coverage by Blue Cross. (Id. ¶ 4.) Plaintiff asserts that Blue Cross advised him that coverage is available but that Blue Cross is awaiting medical records and other documents from Kindred before adjusting the claims. (Id.) Plaintiff alleges that Kindred is in possession of the requested documentation and "has offered to make Shimsky's medical records . . . available to Blue Cross for review." (Id.) According to the complaint, Plaintiff "does not know whether Blue Cross has undertaken that review, and if so, whether it has accepted or denied coverage." (Id.) Plaintiff states that he filed this action to preserve any possible statute of limitations under the Blue Cross plan. (Id. ¶ 5.)

Based on these allegations, Plaintiff's complaint asserts claims against Kindred for breach of fiduciary duty, intentional interference with contract, negligent interference with prospective economic advantage, and injunctive relief. Plaintiff's complaint pleads these claims as follows:

1. Breach of fiduciary duty: "If the defendant has not produced or otherwise provided the medical records and related documentation requested by Blue Cross in connection with its care and maintenance of Shimsky, then defendant breached its fiduciary duty owing the plaintiff." (Compl. ¶ 18.)

2. Intentional interference with contract: "If the defendant has not produced or otherwise provided the medical records and related documentation requested by Blue Cross in connection with its care and maintenance of Shimsky, then the defendant has interfered with the Plan." (Compl. ¶ 22.)

3. Negligent interference with prospective economic advantage: "If the defendant has not produced or otherwise provided the medical records and related documentation requested by Blue Cross in connection with its care and maintenance of Shimsky, then the defendant has interfered with the Plan." (Compl. ¶ 25.)

4. Injunctive relief: "If Kindred has failed to produce or otherwise provide requested medical records and related documentation to Blue Cross in connection with the claims process, it is interfering with the plaintiff's rights under the Plan, and should be commanded by this Court to produce and provide all requested medical records and related documentation to Blue Cross and/or the United States Office of Personnel Management." (Compl. ¶ 14.)

## Discussion

### I. Motion to Dismiss – Legal Standard

Rule 12(b) of the Federal Rules of Civil Procedure permits dismissal of a claim either where that claim lacks a cognizable legal theory, or where insufficient facts are alleged to support plaintiff's theory. See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). In resolving a Rule 12(b)(6) motion, the court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996). However, to survive a Rule 12(b)(6) motion a complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic

Case 3:07-cv-024 -H-LSP Document 10 Filed 06/ /2008 Page 4 of 4

Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1965 (2007). A plaintiff's obligation under Rule 8(a)(2) "to provide the grounds of his entitlement to relief requires more than labels and conclusions . . . ." Id.

Here, the Court concludes that Plaintiff's complaint fails to state a claim against Kindred upon which relief can be granted. Fed. R. Civ. P. 12(b). Plaintiff's present complaint fails not because it alleges facts or legal theories that are too "speculative," see Twombly, 127 S.Ct. at 1965, but because it fails to allege any facts at all, and does not even attempt to plead the elements of each claim asserted against Kindred. Instead, Plaintiff's claims against Kindred are premised on the hypothetical allegation that, "if" Kindred has failed to provide certain records to the OPM, "then" Plaintiff is entitled to various forms of relief, including injunctive relief. Although the Court recognizes Plaintiff's apparent need for medical records and other documentation necessary for Blue Cross to adjust Plaintiff's claims, Rule 8(a) of the Federal Rules of Civil Procedure requires a plaintiff to set forth "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief," not that the plaintiff "might be" entitled to relief. The Court concludes that Plaintiff's present complaint fails to satisfy that obligation. Accordingly, the Court grants Defendant's motion to dismiss Plaintiff's complaint without prejudice.

**Conclusion**

The Court grants with leave to amend Kindred's motion to dismiss Plaintiff's complaint. Plaintiff shall have 30 days from the date this Order is stamped "filed" to file an amended complaint remedying the deficiencies addressed in this Order. The Court in its discretion grants all defendants 20 days' leave from the date Plaintiff files any amended complaint to file an answer or other responsive pleading.

IT IS SO ORDERED.

DATED: June 12, 2008

Marilyn L. Huff

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

**GIOVANNIELLO & MICHELS, LLP**
Alexander F. Giovanniello (CSB# 125562)
Karen A. Bocker (CSB #213764)
1470 South Valley Vista Drive, Suite 200
Diamond Bar, California 91765
Email: afg@gm-lawfirm.com

Ph: (909) 396-1964
Fax (909) 396-0885

Attorneys for DEFENDANT
THC ORANGE COUNTY, INC. dba KINDRED HOSPITAL –
SAN DIEGO

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARNOLD SCHIMSKY, as Trustee of THE ANN P. SHIMSKY TRUST and representative of ANN P. SHIMSKY, deceased<br>Plaintiffs,<br>vs.<br><br>UNITED STATES OFFICE OF PERSONNEL MANAGEMENT; THC- ORANGE COUNTY, INC., dba KINDRED HOSPITAL SAN DIEGO<br><br>Defendants. | Case No.: 07 CV2432-H(LSP)<br><br>**DEFENDANT THC-ORANGE COUNTY, INC., dba KINDRED HOSPITAL SAN DIEGO'S NOTICE OF MOTION FOR DISMISSAL OF PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6)**<br><br>**[Filed concurrently with Defendant's Memorandum of Points and Authorities and Request for Judicial Notice]**<br><br>FRCP 12(b)(6)<br><br>DATE: September 2, 2008<br>TIME: 10:30<br>COURTROOM: 13<br><br>NO ORAL ARGUMENT UNLESS REQUESTED BY COURT PER CHAMBERS |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on September 2, 2008 at 10:30 a.m., or as soon thereafter as the matter may be heard in Courtroom 13, of the above-entitled court located at 940 Front Street, San Diego, California 92101, Defendant THC-ORANGE COUNTY, INC.,

dba KINDRED HOSPITAL – SAN DIEGO, hereinafter "Defendant") will move this Court for an order of dismissal pursuant to Rule 12b. This Motion will be based on the grounds that Plaintiffs' First Amended Complaint filed with this court, naming THC-ORANGE COUNTY, INC., dba KINDRED HOSPITAL – SAN DIEGO as a defendant, fails to state a cause of action for which relief can be granted against moving defendant.

This motion is based upon this Notice, the Memorandum of Points and Authorities on file herein, the request for Judicial Notice, all documents and evidence on file herein, and upon such other oral and documentary evidence as may be presented at the hearing of this matter.

Date: July 30, 2008

**GIOVANNIELLO & MICHELS, LLP**

By: s/Alexander F. Giovanniello
Alexander F. Giovanniello, Esq.
Karen A. Bocker, Esq.
Attorneys for DEFENDANT,
THC ORANGE COUNTY, INC., dba
KINDRED HOSPITAL – SAN DIEGO

# TABLE OF CONTENTS


TABLE OF CONTENTS .......... iii

TABLE OF AUTHORITIES .......... iv

STATUTES .......... v

MEMORANDUM OF POINTS AND AUTHORITIES .......... 1

1. STATEMENT OF FACTS .......... 1

2. DISMISSAL IS JUSTIFIED WHERE A COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED .......... 5

   A. CALIFORNIA RULE APPLIES TO THIS CASE .......... 6

   B. THE COMPLAINT FAILS TO STATE FACTS TO SUPPORT A CLAIM FOR INJUNCTIVE RELIEF. .......... 6

      1. Plaintiff has no standing to seek injunctive relief. .......... 6

      2. Plaintiff failed to plead facts to support the elements of a cause of action for injunctive relief. .......... 7

         a. Plaintiff Has Adequate Legal Remedy .......... 8

         b. Plaintiff Has Not Established "Irreparable Harm" .......... 8

         c. Plaintiff Has Failed to Demonstrate his Probability of Success .......... 9

   C. THE COMPLAINT FAILS TO STATE FACTS TO SUPPORT A CLAIM FOR BREACH OF FIDUCIARY DUTY. .......... 10

      1. There Was No Fiduciary Relationship. .......... 10

      2. There Was No Breach .......... 11

   D. THE COMPLAINT FAILS TO STATE FACTS TO SUPPORT A CLAIM FOR INTENTIONAL INTERFERENCE WITH CONTRACT .......... 11

   E. THE COMPLAINT FAILS TO STATE FACTS TO SUPPORT A CLAIM FOR NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE .......... 12

3. CONCLUSION .......... 13

# TABLE OF AUTHORITIES

## CASES

Albright v. Oliver

(1994) 510 U.S. 266, 267 .......... 6

Aulson v. Blanchard

83 F.3d 1, 3 (1st Cir. 1996) .......... 6

City of Los Angles v. Lyons

461 U.S. 95, 103 .......... 7

CRST Van Expedited, Inc. v. Werner Enterprises, Inc.

(2007) 479 F3d 1099, 1105 .......... 11

Davila v. Delta Air Lines, Inc.

(11th Cir. 2003) 336 F.3d 375, 379 .......... 6

Imagineering v. Kiewit Pac. Co.

976 F.2d 1303, 1308-1309 .......... 7

Korean Philadelphia Presbyterian Church v. California Presbytery

(2000) 77 Cal. App. 4th 1069, 1084 .......... 9

LaMonte v. Sanwa Bank California

(1996) 45 Cal. App. 4th 509, 517. .......... 10

Leeds v. Meltz

85 F.3d 51, 53 (2d Cir. 1996) .......... 6

New v. New

(1957) 148 Cal. App. 2d 372, 382-383 .......... 10

North American Chemical Co. v. Superior Court

(1997) 59 Cal. App. 4th 764, 786 .......... 12

O'Connell v. Superior Court

(2006) 141 Cal. App. 4th 1452, 1481 .......... 9

Pacific Decision Sciences Corp. v. Superior Court (Maudlin)

(2004) 121 Cal. App. 4th 1100, 1110 .......... 8

Pacific Gas & Electric Co. v. Bear Sterns & Co.
(1990) 50 Cal. 3d 1118, 1138, Fn.2. ....................11
Penna v. Toyota Motor Sales, U.S.A., Inc.
11 Cal. 4th 376....................11
Pierce v. Lyman
(1991) 1 Cal. App. 4th 1093, 1101-1102....................10
Rickel v. Schwinn Bicycle Co.
(1983) 144 Cal. App. 3d 684, 654 ....................10
San Francisco Newspaper Printing Co., Inc. v. Superior Court
(1985) 170 CA 3d 438, 442 ....................9.
Thayer Plymouth Center, Inc. v. Chrysler Motors Corp.
(1967) 255 Cal. App. 2d 300, 306. ....................8
Wolf v. Superior Court
(2003) 107 Cal. App. 4th 25, 30. ....................10

## STATUTES

California Code of Civil Procedure § 526(a)....................7
Federal Rule of Civil Procedure 8(a)....................5
28 U.S.C. § 1652....................6

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. STATEMENT OF FACTS

This is an action for injunctive and monetary relief against THC-ORANGE COUNTY, INC. dba KINDRED HOSPITAL SAN DIEGO (hereinafter "KINDRED HOSPITAL") brought by ARNOLD SCHIMSKY, as Trustee of his mother's trust and as representative of her Estate.

Mr. Schimsky has a protracted legal history with Kindred Hospital. In fact, the issue of the outstanding bill for the services rendered by Kindred Hospital to Mrs. Shimsky has been addressed in two other cases before the two different Superior Courts of California. The first by the Superior Court of the State of California, for the County of San Diego-Central Division, Case Number P188885 and the second by the Superior Court for the State of California, for the County of San Diego – Hall of Justice, Case Number GIC871356. In both cases, Mr. Schimsky executed settlement agreements ensuring payment to Kindred Hospital for the care provided to his mother at his behest.

Before falling ill, Ann Shimsky created the Ann P. Shimsky Trust for her benefit. She designated one of her sons, Arnold Schimsky as the Durable Power of Attorney for her Estate and Health Care Decisions. She also executed a Declaration under the California Natural Death Act (hereinafter, the "Declaration"). Unbeknownst to any of her healthcare providers, Mr. Schimsky chose not to disclose the existence of the Declaration.

Mrs. Shimsky was admitted to Kindred Hospital – San Diego (Hereinafter "Kindred Hospital") on July 19, 2002. She died at Kindred Hospital on October 8, 2006. The amount due and owing for care and services rendered by Kindred Hospital to Ann Shimsky is $2,579,622.81.

When she was first admitted, Mrs. Shimsky's care was considered acute and Medicare was her primary insurance. Ann Shimsky also had health insurance coverage through Blue Cross, which provided coverage for acute care. When her Medicare benefits were exhausted in October 2002, Blue Cross paid for the acute care provided. As Mrs. Shimsky's condition

stabilized, she was no longer considered an acute patient. Like most of us, Mrs. Shimsky did not have long term care insurance.

Nearly a year after being at Kindred Hospital, Blue Cross determined that an acute stay was no longer medically necessary and Mrs. Shimsky was deemed stable enough to be transferred to another facility. Mr. Schimsky knew his mother did not have coverage for any level of care other than acute care. Asserting his authority as his mother's Durable Power of Attorney for health care decisions (hereinafter "DPOA-HC"), Mr. Schimsky refused to allow his mother to be transferred out of Kindred Hospital.

Aware of Mr. Schimsky's refusal to allow his mother to be transferred out of Kindred Hospital and to accommodate Mrs. Shimsky, Blue Cross offered to "flex" her benefits, allowing her to stay at Kindred Hospital but would pay Kindred Hospital a fraction of the acute hospitalization fee. Kindred Hospital agreed to accept the lower fee. Again asserting his authority as his mother's DPOA-HC, Mr. Schimsky refused the offer from Blue Cross.

From that time on, Blue Cross considered Mrs. Shimsky a "self pay". The responsibility for paying the bills fell on the subscriber. The last payment received by Kindred Hospital from Blue Cross for Mrs. Shimsky's care was on July 31, 2004. Payment was mistakenly sent by Blue Cross for October 1, 2004 to October 15, 2004 but on April 11, 2005, Blue Cross demanded a 100% refund from Kindred Hospital, saying Mrs. Shimsky was not eligible for coverage. Kindred refunded the full amount.

Mr. Schimsky was advised of the mounting bills, but did not make arrangements to pay the bills and continued to refuse to allow his mother to be transferred out of Kindred Hospital. Kindred Hospital could not abandon the patient and continued to provide care even though it was not being paid for the care provided to Mrs. Shimsky.

While his mother was a patient at Kindred Hospital, Mr. Schimsky engaged in harassing behavior toward the Kindred Hospital employees so much so that on May 20, 2005 a restraining order was issued against Mr. Schimsky to enjoin him from harassing the Kindred Hospital employees.

When the employees of Kindred Hospital refused to risk Mrs. Shimsky's welfare by blindly following Mr. Schimsky's demands to wean his ventilator-dependent mother from the ventilator, Mr. Schimsky responded by filing a petition with the Probate Court to compel Kindred Hospital to "honor" his authority under the DPOA-HC. What ensued was a protracted course of litigation.

In December 2005, Mr. Schimsky was temporarily relieved as his mother's DPOA-HC and the Court named James Boyd as Mrs. Shimsky's Court-appointed counsel to represent her interests. Within days of his appointment Mr. Boyd discovered Ann Shimsky's executed Declaration Under the California Natural Death Act. Mr. Schimsky NEVER disclosed the existence of the Declaration. He admitted under oath to knowing of the existence of the Declaration but chose not to disclose it.

Mr. Schimsky also admitted under oath that despite being the fiduciary of his mother's estate and financial affairs, he commingled his funds with those of his mother's. He used money from a joint account funded by his mother's social security and annuity benefits to pay for his own personal expenses and lived in his mother's house rent-free. The revelation of these facts caught the attention of the Public Guardian and the Probate Court.

Charles E. Matthews, III, San Diego Public Guardian, moved on March 10, 2006 to be appointed the permanent Conservator over the Person and Estate of Ann Shimsky on the basis of Mr. Schimsky's failure as the successor trustee to the Ann P. Schimsky Trust to pay the Kindred Hospital bill despite repeated demands for payment. Mrs. Shimsky's Court-Appointed Attorney supported the Public Guardian's petition.

The parties were ordered to mediate the issues. All parties appeared on April 27, 2006 for court ordered mediation. As a result of the settlement, Mr. Schimsky was relieved of his authority as his mother's DPOA for Health Care Decisions. The terms of the agreement included the following:

> 3. **Mr. Schimsky covenants and agrees never to Petition, commence, voluntarily aid in any way, institute, maintain, prosecute, or authorize to be commenced against Kindred Hospital – San Diego any action or other proceeding either in law or in equity against any party to this agreement or person,**

> **group, or entity covered by this Stipulation and Settlement Agreement based in whole or in part upon any action, demand, cause of action, obligation, damage or liability which is the subject of this Stipulation and Settlement Agreement** . . .
>
> * * *
>
> 8. In retaining his authority as the Durable Power of Attorney over the estate of Mrs. Ann Shimsky, **Arnold D. Schimsky will ensure that the bill for services provided to his mother by Kindred Hospital is paid.** Said bill is currently $1,885,669.84. Mr. Schimsky will use his best efforts in coordinating payment of benefits from any third party source including insurance companies, Medicare and Medical or any other source whatsoever to Kindred Hospital- San Diego for the care provided to Mrs. Ann Shimsky.

With the promise that he would cooperate in ensuring payment to Kindred Hospital, Mr. Schimsky was permitted to retain his authority as the representative of the estate. After the mediation, the Public Guardian petitioned for permanent appointment as the Conservator over the Person of Ann P. Shimsky. The Public Guardian gave written notice to Mr. Schimsky that they would comply with Mrs. Shimsky's wishes and terminate life support.

Mr. Schimsky's behaviors escalated. On August 21, 2006, a restraining order was issued prohibiting Mr. Schimsky from coming within 1000 yards of Kindred Hospital because Mr. Schimsky was observed having inappropriate contact with his mother constituting elder abuse.

All the while, Mr. Schimsky failed to comply with the terms of the April 27, 2006 settlement agreement. Despite having access to his mother's bank account and monthly deposits, Mr. Schimsky never made any payments to Kindred Hospital to cover his mother's medical costs.

Kindred Hospital filed suit for collection of the outstanding bill for services rendered to Mrs. Shimsky. A Settlement was eventually reached with the execution of a settlement agreement and Written Approval of Beneficiaries to Transfer residential property within the Ann P. Shimsky Trust.

Mr. Schimsky began to perform on the settlement agreement, but then ceased his performance. On December 8, 2006 Kindred Hospital moved to enforce the Settlement

Agreement. Without any evidence to support his claim, Mr. Schimsky opposed the motion arguing that Kindred Hospital failed to release records to Blue Cross and/or was paid by Blue Cross and/or Medi-Cal. In reply Kindred Hospital offered the declaration of the Billing Department manager for Kindred Hospital, who affirmed under the penalty of perjury that Kindred Hospital offered to send records to Blue Cross.

Further, it was confirmed that Kindred Hospital had not received any payment, from any source for the services provided to Ann Shimsky since July 31, 2004. The Trial Court granted Plaintiff's motion to enforce the settlement agreement and judgment was entered.

Thereafter, Mr. Schimsky and his sister as proposed intervener, moved to vacate the Trial Court's judgment and order. Their motion was denied. Mr. Schimsky and his sister, through another law firm, appealed the denial of their motion to vacate, which is currently pending before the Court of Appeal of the State of California, Fourth Appellate District, Division One, Court of Appeal Number: D051424.

Approximately a month and a half after filing the opening brief on the appeal, Mr. Schimsky filed the instant suit, which includes claims against Kindred Hospital **based on the same set of facts and circumstances that were before the Superior Court of the State of California in two previous cases**. Moving Defendant's motion to dismiss pursuant to Rule 12 b was granted, whereby Plaintiff's case was dismissed for failure to state a claim against Moving Defendant. Plaintiff filed an Amended Complaint, again acknowledging that Moving Defendant offered records to Blue Cross.

<u>Omitting the critical fact that Blue Cross **did not** accept Kindred's offer to provide the records,</u> Plaintiff alleges that the records were not provided to Blue Cross. Because Plaintiff failed to fill the legal gap between Kindred Hospital's offer of the records and the cause of its inability to provide the records, Plaintiff fails to state a claim against Kindred Hospital.

## 2. DISMISSAL IS JUSTIFIED WHERE A COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Federal Rule of Civil Procedure 8(a) requires a plaintiff to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." If the plaintiff fails to

meet this standard, Rule 12(b)(6) requires the Court to dismiss for "failure to state a claim upon which relief can be granted." In reviewing a motion to dismiss, the court presumes the truth of all well-pled allegations, resolves all doubts in favor of the pleader, and views the pleading in the light most favorable to the pleader. Albright v. Oliver, (1994) 510 U.S. 266, 267. However, the court does not accept as true the pleader's bald assertions and legal conclusions, nor will the court draw unwarranted inferences to aid the pleader. Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)(emphasis added); Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996). Unwarranted factual deductions, inferences, and legal conclusions "masquerading as facts" will not defeat a Rule 12(b)(6) motion. Davila v. Delta Air Lines, Inc., (11th Cir. 2003) 336 F.3d 375, 379.

**A. CALIFORNIA RULE APPLIES TO THIS CASE**

The laws of the several states, except where the Constitution or treaties of the United States or Acts of Congress otherwise require or provide, shall be regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply 28 U.S.C. § 1652. In choosing the rule of decision, the federal court must look to the body with the authority to make those rules. When it comes to common law matters not within the delegated powers, that body is the state, whether is speaks by statute or judicial decision.

Analysis of California law reveals the claims against Kindred Hospital are baseless.

**B. THE COMPLAINT FAILS TO STATE FACTS TO SUPPORT A CLAIM FOR INJUNCTIVE RELIEF**

In Plaintiff's Third Cause of Action, asserted against Kindred Hospital for Injunctive Relief, Plaintiff asks the court to command Kindred to "produce and provide all requested medical records and related documentation to Blue Cross and/or the United States Office of Personnel Management". As set forth below, this claim is without merit.

**1. Plaintiff has no standing to seek injunctive relief**

In order to have standing to seek injunctive relief, a plaintiff must demonstrate a likelihood of repeated injury or future harm *by defendant* to the plaintiff in the absence of the injunction. Plaintiff must establish that the threat to the plaintiff of future injury be sufficiently

real and immediate. City of Los Angeles v. Lyons 461 U.S. 95, 103; Imagineering v. Kiewit Pac. Co. 976 F.2d 1303, 1308-1309.

Plaintiff does not have standing to maintain a claim for injunctive relief *against Kindred Hospital*. The facts, as alleged by Plaintiff, reveal that Kindred Hospital offered decedent's records to Blue Cross. Accepting the facts as alleged; Kindred Hospital stands ready, willing and able to provide the records once the whole (or part) of the records are accepted by Blue Cross. Kindred need only be advised what records are desired and where to send the records. Glaringly absent from the complaint is the allegation that Blue Cross accepted Kindred's offer of the records. Accepting the facts as alleged, it is apparent that Plaintiff's target for injunctive relief is misdirected.

Having failed to allege sufficient facts to confer standing for purposes of injunctive relief *against Kindred Hospital*, the cause of action must be dismissed.

**2. Plaintiff failed to plead facts to support the elements of a cause of action for injunctive relief**

Pursuant to California Code of Civil Procedure § 526(a), an injunction may be granted in the following cases:

> (1) When it appears **by the complaint** that the plaintiff is entitled to the relief demanded, and the relief, or any part thereof, consists in **restraining the commission or continuance of the act complained of**, either for a limited period or perpetually, (2) When it appears by the complaint or affidavits that the commission or continuance of some act during the litigation would produce waste, or great or irreparable injury, to a party to the action, (3) When it appears, during the litigation, that a party to the action **is doing, or threatens, or is about to do, or is procuring or suffering to be done, some act in violation of the rights of another party to the action** respecting the subject of the action, and tending to render the judgment ineffectual, (4) When pecuniary compensation would not afford adequate relief, (5) Where it would be extremely difficult to ascertain the amount of compensation which would afford adequate relief, (6) Where the restraint is necessary to prevent a multiplicity of judicial proceedings, (7) Where the obligation arises from a trust. (Emphasis added).

Plaintiff's claim is without basis because it does not appear within the complaint that Plaintiff is entitled to the relief demanded. Plaintiff affirmatively acknowledges within the complaint that Kindred Hospital offered the records to Blue Cross.

There is no allegation and no evidence offered that Kindred Hospital has withheld or is withholding records from Blue Cross. There is no allegation and no evidence that the United States Office of Personnel Management even requested the records from Kindred Hospital or that Kindred Hospital refused the request.

**a. Plaintiff Has Adequate Legal Remedy**

Injunctions will rarely be granted where a suit for damages provides a clear remedy. Pacific Decision Sciences Corp. v. Superior Court (Maudlin) (2004) 121 Cal.App.4th 1100, 1110 *citing* Thayer Plymouth Center, Inc. v. Chrysler Motors Corp. (1967) 255 Cal.App.2d 300, 306.

Here, Plaintiff has sued the United States Office of Personnel Management for Recovery of the very benefits Plaintiff claims his mother is entitled to, which according to his complaint amounts to $2,380,409.04. In effect, the complaint is seeking both damages that provide a clear remedy in addition to the claims for injunctive relief. By articulating claims for monetary relief Plaintiff has demonstrated within the four corners of this complaint that he has adequate legal remedies, which defeat his claims for injunctive relief.

In addition, as noted above, Plaintiff's claims in this case are based on the same set of facts and circumstances underlying a case that was before the California Superior Court, Probate Division which was settled, and on a another case that is currently on appeal in the California Appellate Court and on a third case recently filed by Plaintiff against his former counsel in the California Superior court. Kindred Hospital requests this court to take judicial notice of Plaintiff's filings with the above noted courts. Without question, it is evident Plaintiff has availed himself to the legal remedies available to him.

**b. Plaintiff Has Not Established "Irreparable Harm"**

Irreparable harm must be imminent as opposed to a mere possibility of harm some time in the future. "An injunction cannot issue in a vacuum based on the proponents' fears about

something that my happen in the future. It must be supported by actual evidence that there is a realistic prospect that the party enjoined intends to engage in the prohibited activity." Korean Philadelphia Presbyterian Church v. California Presbytery (2000) 77 Cal.App.4th 1069, 1084.

Here, as couched, the First Amended Complaint fails to state facts to support a claim for injunctive relief. Plaintiff alleges that Kindred Hospital offered decedent's records to Blue Cross. Plaintiff fails to allege whether the offered records were accepted by Blue Cross or the Office of Personnel Management. The legal gap in Plaintiff's pleading is fatal in Plaintiff establishing a realistic prospect that Kindred Hospital intends has or intends to engage in any prohibited activity. Plaintiff cannot establish irreparable harm because Plaintiff can not establish that Kindred Hospital intends to engage in any prohibited activity. To the contrary, the alleged facts establish cooperation on the part of Kindred Hospital in offering records to Blue Cross for review.

Indeed, the cause of action is defeated by Plaintiffs' affirmative factual allegations within the complaint that "Kindred **has offered** to make Shimsky's medical records, which are extremely voluminous . . . available to Blue Cross for review." (FAC, ¶ 4, lines 14-15)

Finally, delay in seeking relief may be considered in determining whether the claimed injury is "irreparable". *See* O'Connell v. Superior Court (2006) 141 Cal.App.4th 1452, 1481. Mr. Schimsky has been aware of the billing issues regarding his mother's care since August 2004. He waited until December 2007 to file this claim for injunctive relief. Given, his delay, the claim of "imminent irreparable harm" is specious at best.

**c. Plaintiff Has Failed to Demonstrate his Probability of Success**

Even where the plaintiff may have an inadequate legal remedy and or irreparable damage is threatened, an injunction may not issue if it is apparent that the party is likely to lose in the end. A preliminary injunction must not issue unless it is reasonably probable that the moving party will prevail on the merits. San Francisco Newspaper Printing Co., Inc. v. Superior Court (1985) 170 CA3d 438, 442. Plaintiff's Complaint is devoid of any allegation or evidence to support his success on the causes of action and for the foregoing reasons, Plaintiff's Third Cause of Action must be dismissed.

### C. THE COMPLAINT FAILS TO STATE FACTS TO SUPPORT A CLAIM FOR BREACH OF FIDUCIARY DUTY

In order to plead a cause of action for breach of fiduciary duty, the plaintiff must show the existence of a fiduciary relationship, its breach, and damage proximately caused by that breach; the absence of any one of these elements is fatal to the cause of action. LaMonte v. Sanwa Bank California (1996) 45 Cal.App.4th 509, 517 *citing* Pierce v. Lyman (1991) 1 Cal.App.4th 1093, 1101-1102.

#### 1. There Was No Fiduciary Relationship

"A 'fiduciary relation' in law is ordinarily synonymous with a 'confidential relation.' It is . . . founded upon the trust or confidence reposed by one person in the integrity and fidelity of another, and likewise precludes the idea of profit or advantage resulting from the dealings of the parties and the person in whom the confidence is reposed." Wolf v. Superior Court (2003) 107 Ca.App.4th 25, 30 *citing* Rickel v. Schwinn Bicycle Co. (1983) 144 Cal.App.3d 648, 654. Traditional examples of fiduciary relationships in the commercial context include trustee/beneficiary, directors and majority shareholders of a corporation, business partners, joint adventurers and agent/principal. Inherent in each of these relationships is the duty of undivided loyalty the fiduciary owes to its beneficiary, imposing on the fiduciary obligations far more stringent than that required of ordinary contractors.

The obligation to perform contractual obligations of "good faith" and "fair dealings" is not sufficient to establish a "fiduciary relation" between Kindred Hospital and Mrs. Shimsky or her successors as claimed by Mr. Schimsky. "Every contract contains an implied covenant of good faith and fair dealing, obligating the contracting parties to refrain from 'doing anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract . . . .' (Citations) Wolf v. Superior Court (2003) 107 Ca.App.4th 25, 30. "The implied covenant cannot create a fiduciary relationship; it affords basis for redress for breach of contract and that is all." Wolf v. Superior Court (2003) 107 Ca.App.4th 25, 30 *citing* New v. New (1957) 148 Cal.App.2d 372, 382-383.

### 2. There Was No Breach

Even assuming there was a request for medical records and other documents from Blue Cross and even assuming there was a duty to comply with medical record and other documentary requests made by Blue Cross, Plaintiffs have not plead that a breach occurred. Plaintiffs' only claim is that Kindred Hospital offered the records to Blue Cross. Having plead that Kindred offered the records, Plaintiff pleads facts establishing no breach occurred.

Plaintiff's failure to establish a duty and breach on the part of Kindred Hospital is fatal to the claim for breach of a fiduciary duty and therefore, the cause of action must be dismissed.

## D. THE COMPLAINT FAILS TO STATE FACTS TO SUPPORT A CLAIM FOR INTENTIONAL INTERFERENCE WITH CONTRACT

The elements which a plaintiff must plead to state the cause of action for intentional interference with contractual relations are (1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage (*Citations*)(Emphasis added) Pacific Gas & Electric Co. v. Bear Sterns & Co. (1990) 50 Cal.3d 1118, 1138, Fn.2; CRST Van Expedited, Inc. v. Werner Enterprises, Inc. (2007) 479 F.3d 1099, 1105 *citing* Penna v. Toyota Motor Sales, U.S.A., Inc. 11 Cal.4th 376.

Three of the elements are not even plead in the complaint. By pleading that Kindred Hospital offered the records to Blue Cross, Plaintiff tacitly admits no breach occurred.

Plaintiff failed to allege the existence of a contract and failed to attach any document purporting to be a contract. Plaintiff fails to allege that Kindred Hospital engaged in intentional acts designed to induce a breach or disruption of the contractual relationship. To the contrary, Plaintiff alleges cooperation on the part of Kindred Hospital in offering decedent's records to Blue Cross for review.

Notably, the complaint is devoid of a claim of any breach of contract by Blue Cross or OPM. Indeed, Plaintiff does not assert a claim for breach of contract against Blue Cross or OPM.

Plaintiff's failure to establish the elements of a cause of action for Intentional Interference with Contract is fatal to the cause of action and therefore, the cause of action must be dismissed.

**E. THE COMPLAINT FAILS TO STATE FACTS TO SUPPORT A CLAIM FOR NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**

Negligent interference with prospective economic advantage is established where a plaintiff demonstrates that (1) an economic relationship existed between the plaintiff and a third party which contained a reasonably probable future economic benefit or advantage to plaintiff; (2) the defendant knew of the existence of the relationship and was aware or should have been aware that if it did not act with due care its actions would interfere with this relationship and cause plaintiff to lose in whole or in part the probable future economic benefit or advantage of the relationship; (3) the defendant was negligent; and (4) such negligence caused damage to plaintiff in that the relationship was actually interfered with or disrupted and plaintiff lost in whole or in part the economic benefits or advantage reasonably expected from the relationship North American Chemical Co. v. Superior Court (1997) 59 Cal. App. 4th 764, 786.

Again, Plaintiff fails to plead all the elements of the Cause of Action. Plaintiff alleges that the records were offered by Kindred Hospital to Blue Cross. Because the records were offered no breach can be established.

Plaintiff's failure to establish the elements of a cause of action for Negligent Interference with Prospective Economic Advantage is fatal to the cause of action and therefore, the cause of action must be dismissed.

//

//

//

//

//

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within entitled action; my business address is 1470 South Valley Vista Drive, Suite 200, Diamond Bar, California 91765.

On **July 30, 2008,** I served the foregoing document(s) described **THC-ORANGE COUNTY, INC., dba KINDRED HOSPITAL SAN DIEGO'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS THE FIRST AMENDED COMPLAINT AGAINST IT PURSUANT TO RULE 12(b)(6),** by placing the true copies thereof enclosed in sealed envelopes address as follows:

Eugene P. Yale
David W. Baumgarten
YALE & BAUMGARTEN, LLP
5030 Camino de la Siesta, Suite 308
San Diego, California 92108
Tel: (619) 220-8790
Fax: (619) 220-0369

Attorneys for Plaintiff

U S Attorneys Office Southern District of California
Civil Division
880 Front Street, Suite 6253
San Diego, California 92101
Tel: (619) 557-5662
Fax: (619) 557-7122

Attorneys for United States Office of Personnel Management

(XX) BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles California in the ordinary course of business.

( ) BY PERSONAL SERVICE: I delivered such envelope(s) by hand to the office(s) of the above addressee(s).

( ) BY FEDERAL EXPRESS: I caused said envelope(s) to be sent by Federal Express to the above address(es).

( ) BY TELECOPIER: I caused said document(s) to be transmitted by telecopier at approximately 3:00 P.M. to the above address(s).

Executed on **July 30, 2008,** at Diamond Bar, California.

(XX) FEDERAL I declare under penalty of perjury that the foregoing is true and correct.

Carolina Cachu

## Motions

3:07-cv-02432-H-LSP Schimsky v. United States Office of Personnel Management et al

**U.S. District Court**

**Southern District of California**

### Notice of Electronic Filing

The following transaction was entered by Giovanniello, Alexander on 7/30/2008 at 3:58 PM PDT and filed on 7/30/2008

**Case Name:** Schimsky v. United States Office of Personnel Management et al
**Case Number:** 3:07-cv-2432
**Filer:** THC-Orange County Inc.
**Document Number:** 13

**Docket Text:**
**MOTION to Dismiss *Plaintiff's First Amended Complaint* by THC-Orange County Inc.. (Giovanniello, Alexander)**

**3:07-cv-2432 Notice has been electronically mailed to:**

David W Baumgarten baum@yblaw.com, jon@yblaw.com

Alexander F Giovanniello afg@gm-lawfirm.com, emc@gm-lawfirm.com

U S Attorney CV Efile.dkt.civ@usdoj.gov

**3:07-cv-2432 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1106146653 [Date=7/30/2008] [FileNumber=2744762-0
] [7c34c469f14a79c2d7fc114c3ca112c5d43f1b281efce84f069a9091d913e51af97
07004050ced348c998540c1a3aa5a384e552a56468f1788fbd47c8d7db229]]

GIOVANNIELLO & MICHELS, LLP

Lawyers

Alexander F. Giovanniello *
Helen A. Michels
Karen A. Bocker *+

Helen S. Peltekci
Phuong K. Nguyen
Erika J. Fernbach
Thomas C. Swann
Albert C. Kovacs
Craig B. Friedberg^

*Also Admitted in N.Y.
+ Also Registered Nurse
^ Of Counsel Las Vegas, NV

Los Angeles
1470 S. Valley Vista Drive
Suite 200
Diamond Bar, CA 91765
Ph: (909) 396-1964
Fax: (909) 396-0885

With Offices In

San Diego, CA
Sacramento, CA
Sayville, NY
Las Vegas, NV

Reply to Diamond Bar
EXT. 103

E-mail: kab@gm-lawfirm.com

July 29, 2008

**VIA FACSIMILE & U.S. MAIL**

David W. Baumgarten
YALE & BAUMGARTEN, LLP
5030 Camino de la Siesta,
Suite 308
San Diego, California 92108

Re: ARNOLD SCHIMSKY, et al vs. THC-ORANGE COUNTY, INC. dba KINDRED HOSPITAL SAN DIEGO, et al.
Our File No.: 5001.004

Dear Mr. Baumgarten:

Please accept this correspondence as our meet and confer requesting dismissal of the claims your client filed against THC Orange County, Inc. dba Kindred Hospital San Diego in his First Amended Complaint.

Based on previous conversations with your office we understand the motive behind filing the complaint was to "preserve Mr. Schimsky's claims" against the United States Office of Personnel Management. We further appreciate your representation that the action against the United States Office of Personnel Management is in an effort "to get Kindred Hospital paid". If the reasons you state for filing the complaint are true, there is no reason to include our client as a defendant in the suit.

As you are fully aware, Kindred Hospital has offered decedent's records to Blue Cross and stands ready, willing and able provide the records once Blue Cross accepts the offer of the records. Your client's claim that Kindred Hospital is purposely acting in a way so as not to get paid for the services rendered to Mrs. Shimsky is ridiculous.

We remind you that by naming THC Orange County dba Kindred Hospital San Diego, your client is in direct violation of the April 27, 2006 Stipulation and Agreement, a copy of which was previously sent to your office. Mr. Schimsky willingly executed that document at a court-mandated mediation. Mr. Schimsky signed the document after the San Diego Public Guardian found that he had abused his authority as his mother's DPOA for her financial and healthcare decisions. The Public Guardian took issue with the fact that Mr. Schimsky was not

cooperating with Kindred Hospital in trying to get the hospital bill paid, which at the time amounted to well over $1,000,000.00. Faced with investigation by the Public Guardian into his financial affairs, Mr. Schimsky entered into the settlement agreement promising not to sue Kindred Hospital and to cooperate with getting the bill paid. In fact, Mr. Schimsky stipulated and agreed to ensure that the bill for services provided to his mother by Kindred Hospital was paid.

Specifically, Mr. Schimsky agreed not to "petition, commence, voluntarily aid in any way, institute, maintain, prosecute, or authorize to be commenced against Kindred Hospital – San Diego any action or other proceeding either in law or in equity against any party to this agreement or person, group, or entity covered by [the] Stipulation and Settlement Agreement based in whole or in part upon any action, demand, cause of action, obligation, damage or liability which is the subject of [the] Stipulation and Settlement Agreement."

We must receive confirmation that Mr. Schimsky has dismissed the claims against Kindred Hospital San Diego with prejudice by **July 31, 2008** or we will have no alternative but to move to dismiss the action against Kindred Hospital San Diego. In doing so we will seek sanctions for the direct violation of the April 27, 2006 Stipulation and Settlement Agreement.

Should you wish to discuss this matter further, please feel free to contact the undersigned.

Sincerely,
**GIOVANNIELLO & MICHELS, LLP**

Karen A. Bocker

KAB

GIOVANNIELLO & MICHELS, LLP

LAWYERS

1470 S. VALLEY VISTA DRIVE, #200

DIAMOND BAR, CA 91765

PH (909) 396-1964 FAX (909) 396-0885

## FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| TO: David W. Baumgarten | FROM: Karen A. Bocker |
| COMPANY: Yale & Baumgarten, LLP | DATE: 7/29/08 |
| FAX NUMBER: (619) 220-0369 | TOTAL NO. OF PAGES INCLUDING COVER: 3 |
| PHONE NUMBER: (619) 220-8790 | SENDER'S REFERENCE NUMBER: 5001.004 |
| RE: Schimsky v. United States Office of Personnel Management, et al. | YOUR REFERENCE NUMBER: Patient: Ann Shimsky |

ORIGINAL ☑ NOT SENT ☐ SENT OVERNIGHT DELIVERY ☐ SENT BY US MAIL ☐ SENT BY MESSENGER

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THIS MESSAGE IS A TRANSMISSION ERROR, GOING TO AN INCORRECT PARTY, PLEASE RETURN THE DOCUMENTS BY U.S. MAIL ADDRESS LISTED ABOVE.

TRANSMISSION VERIFICATION REPORT

TIME : 07/29/2008 10:12
NAME : GIOVANNIELLO&MICHELS
FAX : 909-396-0885
TEL : 909-396-1964
SER.# : BROA5J207834

| | |
|---|---|
| DATE,TIME | 07/29 10:11 |
| FAX NO./NAME | 16192200369 |
| DURATION | 00:01:25 |
| PAGE(S) | 03 |
| RESULT | OK |
| MODE | STANDARD ECM |

GIOVANNIELLO & MICHELS, LLP

LAWYERS

1470 S. VALLEY VISTA DRIVE, #200

DIAMOND BAR, CA 91765

PH (909) 396-1964 FAX (909) 396-0885

## FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| TO: David W. Baumgarten | FROM: Karen A. Bocker |
| COMPANY: Yale & Baumgarten, LLP | DATE: 7/29/08 |
| FAX NUMBER: (619) 220-0369 | TOTAL NO. OF PAGES INCLUDING COVER: 3 |
| PHONE NUMBER: (619) 220-8790 | SENDER'S REFERENCE NUMBER: 5001.004 |
| RE: Schimsky v. United States Office of Personnel Management, et al. | YOUR REFERENCE NUMBER: Patient: Ann Shimsky |

ORIGINAL ☑ NOT SENT ☐ SENT OVERNIGHT DELIVERY ☐ SENT BY US MAIL ☐ SENT BY MESSENGER

YALE & BAUMGARTEN, LLP
ATTORNEYS AT LAW

5030 CAMINO DE LA SIESTA, SUITE 308
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 220-8790
FACSIMILE (619) 220-0369

RECEIVED
AUG 19 2008
FILE # 8001-001C
FILE IN CR RPT PLDG DISC

August 19, 2008

*Sent Via Facsimile & U.S. Mail*

Karen A. Bocker, Esq.
GIOVANNIELLO & MICHELS, LLP
1470 S. Valley Vista Drive, Suite 200
Diamond Bar, California 91765

***Re: Kindred Hospital v. Schimsky***

Dear Ms. Bocker:

Reference your letter of July 29,2008. Unfortunately, we were not able to meet in person to discuss this case prior to the deadline for filing the amended complaint as we had originally contemplated. In any event, we do not agree that the settlement agreement that resulted from the probate and restraining order proceedings bars this action. The covenant not to sue in Paragraph 3 of the Settlement Agreement is not a general release and waiver of claims; it is limited to the claims at issue case nos. P188885, P188885-1E, and P18885-4A. The claims at issue in this case do not in any way coincide with the claims at issue in those cases. Accordingly, the Settlement Agreement does not preclude Mr. Schimsky from pursuing this action.[1]

Further, as we previously discussed, Mr. Schimsky has good cause to bring this action against Kindred. Kindred admitted in declarations filed in connection with the collection action that it has not provided Mrs. Shimsky's medical records to Blue Cross. That fact, coupled with other correspondence from Blue Cross, including the EOB's coded "535" (need additional information from provider) suggest that Blue Cross may not have received the information it needed from Kindred to process the claims.

Finally, I like to point out that Blue Cross (as far as we know) has never denied coverage for the claims. To the contrary, Mr. Schimsky recently received an EOB advising that Blue Cross is covering services from several years ago.

///

---

[1] On a related note, we do not believe that Paragraph 9 of the Settlement Agreement makes Mr. Schimsky, individually, a guarantor of his mother's alleged debt. Even assuming, however, that Mr. Schimsky is somehow individually liable for Kindred's alleged bill, that fact would not preclude him from seeking coverage from Blue Cross through OPM.

Karen A. Bocker, Esq.
GIOVANNIELLO & MICHELS, LLP
August 19, 2008
Page Two

I look forward to meeting with you and Mr. Giovanniello tomorrow to discuss the foregoing in greater detail.

Very truly yours,

David W. Baumgarten

DWB:jy

**YALE & BAUMGARTEN, LLP**
5030 Camino de la Siesta, Suite 308
San Diego, California 92108
(619) 220-8790 Phone
(619) 220-0369 Fax

# Fax Transmittal

**to:** Karen A. Bocker

**fax:** (909) 396 0885

**from:** Jonathan H. Yale, Legal Assistant to David W. Baumgarten

**date:** August 19, 2008

**re:** Schimsky adv. THC-Orange County, et al.

**pages:** 3, including cover

_X_ ORIGINAL WILL FOLLOW ___ ORIGINAL WILL NOT FOLLOW

**NOTES:**

*********************************************************The information contained in this facsimile is information protected by the attorney-client and/or the attorney-work product privileges. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent facsimile. If the person receiving this facsimile or any other reader of the facsimile is not the named recipient or the employee or agent responsible for delivering it to the named recipient -- any use, distribution or copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please notify us by telephone and return the original facsimile to us at the above-address by mail. THANK YOU.
********************************************************

ACTIVITY REPORT

TIME : 08/26/2008 13:29
NAME : GIOVANNIELLO&MICHELS
FAX : 909-396-0885
TEL : 909-396-1964
SER.# : BROA5J207834

| NO. | DATE | TIME | FAX NO./NAME | DURATION | PAGE(S) | RESULT | COMMENT |
|---|---|---|---|---|---|---|---|
| | 08/26 | 13:12 | 6192200369 | 05:06 | 20 | OK | RX ECM |

BUSY: BUSY/NO RESPONSE
NG : POOR LINE CONDITION / OUT OF MEMORY
CV : COVERPAGE
POL : POLLING
RET : RETRIEVAL
PC : PC-FAX