Eugene P. Yale, Esq. SBN 83048
David W. Baumgarten, Esq. SBN 179574
YALE & BAUMGARTEN, LLP
5030 Camino de la Siesta, Ste. 308
San Diego, California 92108
Tel.: (619) 220-8790
Fax: (619) 220-0369

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARNOLD SCHIMSKY, as Trustee of THE ANN P. SHIMSKY TRUST and representative of ANN P. SHIMSKY, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OFFICE OF PERSONNEL MANAGEMENT; THC-ORANGE COUNTY, INC., dba KINDRED HOSPITAL SAN DIEGO,<br><br>Defendants. | CASE NO. 07 CV2432-H(LSP)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT OPM'S MOTION FOR DISMISSAL PURSUANT TO RULE 12**<br><br>DATE: September 2, 2008<br>TIME 10:30 a.m.<br>COURTROOM: 13 |

The plaintiff, ARNOLD SCHIMSKY, as Trustee of THE ANN P. SHIMSKY TRUST and representative of ANN P. SHIMSKY, deceased, respectfully submits this memorandum of points and authorities in support of his opposition to defendant OPM's motion for dismissal of first amended complaint pursuant to Rule 12**.**

OPM contends that the first amended complaint should be dismissed because the claims process has not run its course. As alleged in the first amended complaint, the plaintiff does not know whether the claims process has runs its course, or whether it has even started. Kindred contends that Blue Cross has denied coverage for the claims. Blue Cross, however, as set forth in the Explanation of Benefits

("EOB") forms, has asserted that it has requested additional information about the claims from Kindred, and that it will review the claims when it receives the information. Further, the plaintiff has never received a written coverage denial from Blue Cross. Thus, if, as OPM contends in its motion, this action is premature because Blue Cross has not made a formal coverage determination, then the plaintiff will await that determination and proceed accordingly thereafter.

The potential problem, however, is that the Plan provides for a 3 year limitations period. A suit to recover benefits must be filed by December 31st of the third year after the services at issue were provided. The plaintiff filed this action on December 31, 2007 to preserve the potential statute of limitations because the earliest services at issue were rendered in 2004. If this action is premature within the meaning of the administrative claims process, it is premature because Blue Cross did not obtain the medical records allegedly offered by Kindred and make a timely coverage decision. It is likewise premature, if at all, because OPM did not respond to the plaintiff's pre-suit request for intervention as provided by the Plan. Accordingly, if the Court is inclined to grant OPM's motion, then the order granting the motion should provide that this action is stayed or the statute of limitations is tolled, pending the outcome of the administrative claims process. [FAC, ¶ 12.] Blue Cross and OPM should not be permitted to delay the process past the statute of limitations deadline, and then take advantage of that delay by asserting after the administrative claims process has run its course that the claims are time-barred.

Alternatively, the plaintiff has alleged that compliance with the purported administrative claims process is excused or that the plaintiff has been prevented from complying with the claims process based on the defendants' conduct. [FAC, ¶ 7.] Such allegations fall within the exceptions to the exhaustion of administrative remedies doctrine. United Farm Workers v. Arizona Agr. Employment, 669 F.2d 1249 (9th Cir.1982) ("Under normal circumstances, a party must exhaust its remedies before it can obtain judicial review of an agency decision. . . . There are several exceptions to the exhaustion requirement, however. Exhaustion of administrative remedies is not required where the remedies are inadequate, inefficacious, or futile, where pursuit of them would irreparably injure the plaintiff, or where the administrative proceedings themselves are void"). Accordingly, if the Court is not inclined to stay the

action or toll the statute of limitations then the motion should be denied based on the exceptions to the doctrine of exhaustion of administrative remedies.

Finally, if the Court is inclined to grant the motion as requested by OPM without regard to a stay or tolling, the plaintiff requests leave to amend to plead additional facts to support such relief and/or support his allegation that he is excused or has been prevented from complying with the administrative claims process. F.R.C.P. 15; Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991); Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).

DATED: August 27, 2008

YALE & BAUMGARTEN, LLP

__________________________________

David W. Baumgarten, Attorney for Plaintiff