**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARNOLD SCHIMSKY, as Trustee of THE ANN P. SHIMSKY TRUST and representative of ANN P. SHIIMSKY, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OFFICE OF PERSONNEL MANAGEMENT, and THC-ORANGE COUNTY INC. dba KINDRED HOSPITAL SAN DIEGO,<br><br>Defendants. | CASE NO. 07-CV-2432-H (LSP)<br><br>ORDER GRANTING MOTION FOR EXTENSION OF TIME REGARDING MOTIONS TO DISMISS FIRST AMENDED COMPLAINT |

Plaintiff Arnold Schimsky filed this case on December 31, 2007, with the assistance of counsel, as trustee of the Ann P. Shimsky Trust and representative of the estate of Ann P. Shimsky. (Doc. No. 1.) On July 11, 2008, Plaintiff filed a first amended complaint. (Doc. No. 11.) On July 30, 2008, defendant THC-Orange County Inc. filed a motion to dismiss. (Doc. No. 13.) On July 31, 2008, the United States Office of Personnel Management filed its motion to dismiss. (Doc. No. 15.) Both motions were noticed for a hearing on September 2, 2008.

Plaintiff did not file a timely opposition to the motions to dismiss. On August 25, 2008, the Court entered an order submitting the motions and advising Plaintiff that it had not received any opposition. (Doc. No. 16.) On August 26, 2008, Plaintiff filed

an ex parte motion for an extension of time to file an opposition. (Doc. No. 17.) That same day, defendant THC-Orange County Inc. ("Kindred Hospital") filed an opposition to the request for additional time. (Doc. Nos. 18-20.)

**Discussion**

The docket indicates that Plaintiff's counsel received electronic notice of the motions. Under Local Civil Rule 5.4(d), "[r]egistration as a Filing User constitutes consent to Electronic Service of all documents as provided in this General Order and in accordance with the Federal Rules of Civil Procedures and Federal Rules of Criminal Procedure." Kindred Hospital also filed proof of service of its motion to dismiss by mail. (See Doc. No. 13.) Plaintiff's counsel does not dispute that he received constructive notice. Instead, he states that he did not receive actual notice of the motions, which were filed while he was traveling for a deposition. (See Baumgarten Decl.) Plaintiff requests additional time to oppose the motions or, in the alternative, leave to file a second amended complaint.

Kindred Hospital opposes the motion, arguing that Plaintiff has not established good cause for an extension of time. It also argues that Plaintiff's counsel did not provide notice of the ex parte motion as required by Local Civil Rule 83.3(h)(2). The Court concludes that Plaintiff has demonstrated excusable neglect permitting an extension of time.

Under Federal Rule of Civil Procedure 6(b)(1)(B), the Court may grant an extension of time on a motion after the time has expired "if the party failed to act because of excusable neglect." When examining whether neglect is excusable, the Court considers four factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." In re Veritas Software Corp. Sec. Litig., 496 F.3d 962, 973 (9th Cir. 2007) (quoting Bateman v. United States Postal Serv., 231 F.3d 1220, 1223-24 (9th Cir. 2000)). Under the present circumstances, these factors favor an extension of time. The delay is short, on the order of one week.

Prejudice from an extension of time will be minimal, delaying the proceedings by one to two weeks. There is no indication of bad faith, and although counsel should have expected the filing of responsive pleadings around the end of July, it appears that the delay was inadvertent. Plaintiff's counsel has acted promptly to correct the error.

Failure to provide notice under the local rules does not require a different result. Kindred Hospital has not been prejudiced as a result. Indeed, it was able to file an opposition on the same day despite the lack of notice. Nevertheless, the Court strongly encourages counsel to comply with the local notice requirements in the future. Failure to do so could result in denial of an ex parte motion.

**Conclusion**

The Court GRANTS the motion for an extension of time. Plaintiff shall file his opposition papers on or before **August 29, 2008**. Defendants may reply briefs on or before **September 12, 2008**. Absent a subsequent order to the contrary, the Court will decide this motion without oral argument.

IT IS SO ORDERED.

Dated: August 27, 2008

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:
All parties of record.