Exhibit A

**Blue Cross and Blue Shield**
**Federal Employee Program**

**Customer Service**
P O Box 272510
Chico, CA 95927-2510

June 3, 2003

Kindred Hospital
1940 El Cajon BLVD
San Diego CA 92104
Attention: Marc Steingart MSW

| | |
|---|---|
| Subscriber Number: | R 50142289 |
| Subscriber Name: | H Shimsky |
| Patient Name: | Ann Shimsky |
| Provider: | George Anayaji M.D. |

A Blue Shield of California Physician Advisor has reviewed the medical information provided and determined that the acute inpatient hospital stay is no longer medically necessary as of June 3, 2003. The principle reason for this denial is that services could have been provided at a lower level of care. The expected transfer date is June 4,2003. If the hospital stay exceeds the expected transfer date, the subscriber's financial responsibility may increase.

The clinical rationale used in making this decision is that the Blue Shield of California Physician Advisor agrees with the attending physician who documents that the patient is ready for subacute level of care.

Final benefit determination can be made only after Blue Shield has received and reviewed the claim for eligibility and other limitations and exclusions. Benefits are available only if the patient's health plan is in effect at the time the services are provided.

A
1

If the service date changes, please call:

1-800-633-4581

The patient's health plan may require that the subscriber or physician contact Blue Shield for notification prior to any hospitalization or within two business days following an emergency admission. In addition, the health plan may recommend review of selected procedures before the services are performed. Certain transplant procedures may be eligible for coverage only if specific criteria are met and prior written authorization is obtained from Blue Shield's Medical Director. The patient's Evidence of Coverage booklet explains these requirements.

Questions regarding the provider status or the patient's health plan benefits, eligibility or contract limitations and exclusions should be addressed to the patient's service center address and telephone number shown on this letter.

**Blue Shield Preferred Providers** will accept our determination and not bill the patient for charges in excess of the allowable amount for covered services. **Non-Preferred Providers** are not required to accept the allowable amount as payment in full. The patient is responsible for any applicable deductible, copayment and charges for non-covered services.

## HOW TO APPEAL

1. **FOR SERVICES THAT <u>HAVE NOT</u> BEEN PERFORMED:** You have the right to appeal Blue Shield's medical necessity determination. To expedite this review, please state the reason for your appeal and mail or telephone the information to:

**Blue Shield of California**<br>**P.O. Box 629005**<br>**El Dorado Hills, CA 95762-9005**<br>**1-800-633-4581**

2. **FOR SERVICES THAT <u>HAVE</u> ALREADY BEEN PERFORMED:** You have the right to appeal Blue Shield's medical necessity determination. You may appeal by writing or telephoning the Customer Service Department listed below. Please state the reason for your appeal.

**Blue Shield of California**<br>**FEP Appeals**<br>**P. O. Box 272510**<br>**Chico, CA 95927-2510**<br>**1-800-824-8839**

If you are not satisfied with the response, you have the right to appeal by submitting a request to the Office of Personnel Management. Request this form by contacting the Customer Service Department listed on this letter.

For additional consideration or questions please see the attached information.

Sincerely,

DeeAnn Spain R.N.

C. George Anayaji M.D.
Ann Shimsky

Enclosure: Blue Shield of CA Appeals Process

**Blue Cross and Blue Shield**
**Federal Employee Program**

Customer Service
P O Box 272510
Chico, CA 95927-2510

July 29, 2003

Kindred Hospital
1940 El Cajon Blvd
San Diego CA 92104
Attention: Marc Steingart MSW

Subscriber Number: R50142289
Subscriber Name: H Shimsky
Patient Name: Ann Shimsky
Provider: George Anayaji M.D.

Dates of Service: June 4, 2003 to discharge

We have received your request for reconsideration review regarding the denial of benefits for the continued acute inpatient hospitalization. The reviewing physician has determined that our initial denial should be upheld. The principle reason for this denial is the services could have been provided at a lower level of care setting. The clinical rationale used in making this decision is that the attending physician documents that the patient is ready for subacute level of care and is awaiting placement. Therefore, June 4, 2003 to discharge remains denied.

For additional consideration or questions, please see the attached information.

Sincerely,

DeeAnn Spain R.N.

C: Ann Shimsky
George Anayaji M.D.

Enclosure: Blue Shield of CA Appeals Process

Blue Cross and Blue Shield
Federal Employee Program

Customer Service
P.O. Box 272540
Chico, CA 95927-2540

August 19, 2003

RECEIVED
AUG 21 2003

Kindred Hospital
1940 El Cajon Blvd
San Diego, CA 92104
Attn: Marc Steingart

| | |
|---|---|
| Subscriber Number: | R50142289 |
| Subscriber Name: | H. Shimsky |
| Patient Name: | Ann Shimsky |
| Provider: | George Anayaji, MD |
| Service Requested: | Acute inpatient stay from August 10, 2003 |

Your request for the service listed above cannot be approved. A Blue Shield physician advisor has reviewed the information provided and determined that this acute inpatient hospitalization would not be covered as medically necessary under the terms of this health plan. The principle reason for this denial is that the services could have been provided in a lower level of care setting.

The clinical rationale used in making this decision is that this is a 91 year old with dementia. She has been on a ventilator for 10 months and had a recent temperature of 101.4. There is no documented clinical instability. She is being treated with intraveneous antibiotics which are available in a lower level of care setting. Therefore, August 10, to discharge has been denied.

The patient has been in this facility since 10/28/02 and the last day authorized at acute level of care was 6/6/03

For additional consideration or questions please see the attached information.

Sincerely,

DeeAnn Spain R.N.
DeeAnn Spain RN

C. George Anayaji, MD
Kindred Hospital

Enclosure: Blue Shield of CA Appeals Process

A
5

If the service date changes, please call:

1-800-633-4581

The patient's health plan may require that the subscriber or physician contact Blue Shield for notification prior to any hospitalization or within two business days following an emergency admission. In addition, the health plan may recommend review of selected procedures before the services are performed. Certain transplant procedures may be eligible for coverage only if specific criteria are met and prior written authorization is obtained from Blue Shield's Medical Director. The patient's Evidence of Coverage booklet explains these requirements.

Questions regarding the provider status or the patient's health plan benefits, eligibility or contract limitations and exclusions should be addressed to the patient's service center address and telephone number shown on this letter.

**Blue Shield Preferred Providers** will accept our determination and not bill the patient for charges in excess of the allowable amount for covered services. **Non-Preferred Providers** are not required to accept the allowable amount as payment in full. The patient is responsible for any applicable deductible, copayment and charges for non-covered services.

**HOW TO APPEAL**

1. **FOR SERVICES THAT <u>HAVE NOT</u> BEEN PERFORMED:** You have the right to appeal Blue Shield's medical necessity determination. To expedite this review, please state the reason for your appeal and mail or telephone the information to:

**Blue Shield of California**
**P. O. Box 629005**
**El Dorado Hills, CA 95762-9005**
**1-800-633-4581**

2. **FOR SERVICES THAT <u>HAVE</u> ALREADY BEEN PERFORMED:** You have the right to appeal Blue Shield's medical necessity determination. You may appeal by writing or telephoning the Customer Service Department listed below. Please state the reason for your appeal.

**Blue Shield of California**
**FEP Appeals**
**P. O. Box 272510**
**Chico, CA 95927-2510**
**1-800-824-8839**

If you are not satisfied with the response, you have the right to appeal by submitting a request to the Office of Personnel Management. Request this form by contacting the Customer Service Department listed on this letter.

# Exhibit B

# Blue Cross® and Blue Shield® Service Benefit Plan

http://www.fepblue.org

## 2003

A fee-for-service plan
with a preferred provider organization

For changes in benefits see page 8.

Sponsored and administered by: The Blue Cross and Blue Shield Association and participating Blue Cross and Blue Shield Plans

Who may enroll in this Plan: All Federal employees and annuitants who are eligible to enroll in the FEHB

Enrollment codes for this Plan:

104 Standard Option - Self Only
105 Standard Option - Self and Family
111 Basic Option - Self Only
112 Basic Option - Self and Family

URAC
ACCREDITED
CASE MANAGEMENT

This Plan has Case Management accreditation from URAC (also known as the American Accreditation HealthCare Commission).

Authorized for distribution by the:

United States
Office of Personnel Management
Retirement and Insurance Service
http://www.opm.gov/insure

FEHB
Federal Employees Health Benefits Program

RI 71-005

NOTE: The Standard Option calendar year deductible applies ONLY when we say below: "(calendar year deductible applies)." There is no calendar year deductible under Basic Option.

| Inpatient hospital *(continued)* | You Pay — Standard Option | You Pay — Basic Option |
|---|---|---|
| *Not covered:*<br>*Hospital room and board expenses when in our judgement, a hospital admission or portion of an admission is:*<br>• *Custodial care*<br>• *Convalescent care or a rest cure*<br>• *Domiciliary care provided because care in the home is not available or unsuitable*<br>• *Not medically necessary, such as when services did not require the acute/subacute hospital inpatient (overnight) setting but could have been provided safely and adequately in a physician's office, the outpatient department of a hospital, or some other setting, without adversely affecting your condition or the quality of medical care you receive. Some examples are:*<br>– *Admissions for, or consisting primarily of, observation and/or evaluation that could have been provided safely and adequately in some other setting (such as a physician's office)*<br>– *Admissions primarily for diagnostic studies, laboratory and pathology services, X-rays, MRIs, or machine diagnostic tests that could have been provided safely and adequately in some other setting (such as the outpatient department of a hospital or a physician's office)*<br>*Note: If we determine that a hospital admission is one of the types listed above, we will not provide benefits for inpatient room and board or inpatient physician care. However, we will provide benefits for covered services or supplies other than room and board and inpatient physician care at the level that we would have paid if they had been provided in some other setting.*<br>• *Admission to non-covered facilities, such as nursing homes, extended care facilities, schools, residential treatment centers*<br>• *Personal comfort items, such as guest meals and beds, telephone, television, beauty and barber services*<br>• *Inpatient private duty nursing* | *All charges* | *All charges* |



B
8

# Blue Cross® and Blue Shield® Service Benefit Plan

http://www.fepblue.org

## 2004

A fee-for-service plan
with a preferred provider organization

For changes in benefits see page 9.

Sponsored and administered by: The Blue Cross and Blue Shield Association and participating Blue Cross and Blue Shield Plans

Who may enroll in this Plan: All Federal employees and annuitants who are eligible to enroll in the FEHB

Enrollment codes for this Plan:

104 Standard Option - Self Only
105 Standard Option - Self and Family
111 Basic Option - Self Only
112 Basic Option - Self and Family

URAC
ACCREDITED
CASE MANAGEMENT

This Plan has Case Management accreditation from URAC (also known as the American Accreditation HealthCare Commission). See the 2004 FEHB Guide for more information on accreditation.

Authorized for distribution by the:

United States
Office of Personnel Management
Center for
Retirement and Insurance Services
http://www.opm.gov/insure

FEHB
Federal Employees Health Benefits Program

RI 71-005

[illegible]

| | Option [illegible] — Basic Option |
|---|---|
| ... or ... | Preferred: $100 per day copayment up to $500 per admission for unlimited days |
| ...ission ...d | Member/Non-member: You pay all charges |
| ...e ...is ...% of ...any ...r our | |

Inpatient hospital – continued on next page



[illegible]

| Inpatient hospital (continued) | You pay – Standard Option | You pay – Basic Option |
|---|---|---|
| *Not covered:*<br>*Hospital room and board expenses when in our judgement, a hospital admission or portion of an admission is:*<br>• *Custodial care*<br>• *Convalescent care or a rest cure*<br>• *Domiciliary care provided because care in the home is not available or unsuitable*<br>• *Not medically necessary, such as when services did not require the acute/subacute hospital inpatient (overnight) setting but could have been provided safely and adequately in a physician's office, the outpatient department of a hospital, or some other setting, without adversely affecting your condition or the quality of medical care you receive. Some examples are:*<br>– *Admissions for, or consisting primarily of, observation and/or evaluation that could have been provided safely and adequately in some other setting (such as a physician's office)*<br>– *Admissions primarily for diagnostic studies, laboratory and pathology services, X-rays, MRIs, or machine diagnostic tests that could have been provided safely and adequately in some other setting (such as the outpatient department of a hospital or a physician's office).*<br>*Note: If we determine that a hospital admission is one of the types listed above, we will not provide benefits for inpatient room and board or inpatient physician care. However, we will provide benefits for covered services or supplies other than room and board and inpatient physician care at the level that we would have paid if they had been provided in some other setting.*<br>• *Admission to noncovered facilities, such as nursing homes, extended care facilities, schools, residential treatment centers*<br>• *Personal comfort items, such as guest meals and beds, telephone, television, beauty and barber services*<br>• *Inpatient private duty nursing* | *All charges* | *All charges* |



B
10

may choose to enroll in and get your Medicare
ba. These are health care choices (like HMOs) in
Medicare + Choice plans, you can only go to
we part of the plan. Medicare + Choice plans
Medicare covers. Some cover extras, like
out enrolling in a Medicare + Choice plan, contact
00-633-4227) or at www.medicare.gov.

plan, the following options are available to you:

care + Choice plan: You may enroll in another
to retain enrolled in our FEHB Plan. If you enroll
We will need to know whether you are in the
are + Choice plan so we can correctly coordinate

provide benefits when your Medicare + Choice
are + Choice plan's network and/or service area,
yments, coinsurance, or deductibles, if you receive
rticipate in the Medicare + Choice plan.

66 for care received from Preferred providers
primary, even out of the Medicare + Choice plan's
, we will not waive any of our copayments or
om Preferred providers who do not participate in
member that you must receive care from
Basic Option benefits. See page 12 for the

is a Medicare + Choice plan: If you are an
spend your FEHB coverage and enroll in a
our FEHB premium. (OPM does not contribute
an.) For information on suspending your FEHB
ice. If you later want to re-enroll in the FEHB
at the next Open Season unless you
of the Medicare + Choice plan's service area.

ak contract agreeing that you can be billed
by the Original Medicare Plan. Should you sign
y portion of the charges, and we will not
it our payment to the amount we would have
payment. You will be responsible for paying the
ed the amount we paid.



**TRICARE and CHAMPVA**

TRICARE is the health care program for eligible dependents of military persons and retirees of the military. TRICARE includes the CHAMPUS program. CHAMPVA provides health coverage to disabled Veterans and their eligible dependents. If TRICARE or CHAMPVA and this Plan cover you, we pay first. See your TRICARE or CHAMPVA Health Benefits Advisor if you have questions about these programs.

Suspended FEHB coverage to enroll in TRICARE or CHAMPVA: If you are an annuitant or former spouse, you can suspend your FEHB coverage to enroll in one of these programs, eliminating your FEHB premium. (OPM does not contribute to any applicable plan premiums.) For information on suspending your FEHB enrollment, contact your retirement office. If you later want to re-enroll in the FEHB Program, generally you may do so only at the next Open Season unless you involuntarily lose coverage under these programs.

**Workers' Compensation**

We do not cover services that:

- You need because of a workplace-related illness or injury that the Office of Workers' Compensation Programs (OWCP) or a similar Federal or State agency determines they must provide; or
- OWCP or a similar agency pays for through a third-party injury settlement or other similar proceeding that is based on a claim you filed under OWCP or similar laws.

Once OWCP or a similar agency pays its maximum benefits for your treatment, we will cover your care.

**Medicaid**

When you have this Plan and Medicaid, we pay first.

Suspended FEHB coverage to enroll in Medicaid or a similar State-sponsored program of medical assistance: If you are an annuitant or former spouse, you can suspend your FEHB coverage to enroll in one of these State programs, eliminating your FEHB premium. For information on suspending your FEHB enrollment, contact your retirement office. If you later want to re-enroll in the FEHB Program, generally you may do so only at the next Open Season unless you involuntarily lose coverage under the State program.

**When other Government agencies are responsible for your care**

We do not cover services and supplies when a local, State, or Federal Government agency directly or indirectly pays for them.



B
11

# Blue Cross® and Blue Shield® Service Benefit Plan

http://www.fepblue.org

## 2005

### A fee-for-service plan with a preferred provider organization

For changes in benefits see page 9.

**Sponsored and administered by:** The Blue Cross and Blue Shield Association and participating Blue Cross and Blue Shield Plans

**Who may enroll in this Plan:** All Federal employees and annuitants who are eligible to enroll in the FEHB

**Enrollment codes for this Plan:**

104 Standard Option - Self Only
105 Standard Option - Self and Family
111 Basic Option - Self Only
112 Basic Option - Self and Family

URAC ACCREDITED HEALTH WEB SITE

URAC ACCREDITED CASE MANAGEMENT

This Plan has Health Web Site and Case Management accreditation from URAC (also known as the American Accreditation HealthCare Commission). See the 2005 FEHB Guide for more information on accreditation.

FEHB
Federal Employees Health Benefits Program

Authorized for distribution by the:

United States
Office of Personnel Management

Center for
Retirement and Insurance Services
http://www.opm.gov/insure

RI 71-005

*(calendar year deductible applies)* There is no calendar year deductible under Basic Option

| Inpatient hospital (continued) | You Pay – Standard Option | You Pay – Basic Option |
|---|---|---|
| *Not covered:*<br>*Hospital room and board expenses when, in our judgement, a hospital admission or portion of an admission is:*<br>• *Custodial care*<br>• *Convalescent care or a rest cure*<br>• *Domiciliary care provided because care in the home is not available or unsuitable*<br>• *Not medically necessary, such as when services did not require the acute/subacute hospital inpatient (overnight) setting but could have been provided safely and adequately in a physician's office, the outpatient department of a hospital, or some other setting, without adversely affecting your condition or the quality of medical care you receive. Some examples are:*<br>– *Admissions for, or consisting primarily of, observation and/or evaluation that could have been provided safely and adequately in some other setting (such as a physician's office)*<br>– *Admissions primarily for diagnostic studies, laboratory and pathology services, X-rays, MRIs, or machine diagnostic tests that could have been provided safely and adequately in some other setting (such as the outpatient department of a hospital or a physician's office)*<br>*Note: If we determine that a hospital admission is one of the types listed above, we will not provide benefits for inpatient room and board or inpatient physician care. However, we will provide benefits for covered services or supplies other than room and board and inpatient physician care at the level that we would have paid if they had been provided in some other setting.*<br>• *Admission to noncovered facilities, such as nursing homes, extended care facilities, schools, residential treatment centers*<br>• *Personal comfort items, such as guest meals and beds, telephone, television, beauty and barber services*<br>• *Inpatient private duty nursing* | *All charges* | *All charges* |

# Blue Cross® and Blue Shield® Service Benefit Plan

http://www.fepblue.org

**2006**

---

## A fee-for-service plan with a preferred provider organization




**Sponsored and administered by:** The Blue Cross and Blue Shield Association and participating Blue Cross and Blue Shield Plans

**Who may enroll in this Plan:** All Federal employees and annuitants who are eligible to enroll in the FEHB

**Enrollment codes for this Plan:**

104 Standard Option - Self Only
105 Standard Option - Self and Family
111 Basic Option - Self Only
112 Basic Option - Self and Family

URAC ACCREDITED HEALTH WEB SITE

URAC ACCREDITED CASE MANAGEMENT

This Plan has Health Web Site and Case Management accreditation from URAC (also known as the American Accreditation HealthCare Commission). See the 2006 FEHB Guide for more information on accreditation.

FEHB Federal Employees Health Benefits Program

Authorized for distribution by the:

United States
Office of Personnel Management

Center for
Retirement and Insurance Services
http://www.opm.gov/insure

RI 71-005

**Note: The Standard Option calendar year deductible applies ONLY when we say below: "(calendar year deductible applies)". There is no calendar year deductible under Basic Option.**

| Inpatient hospital *(continued)* | You Pay | |
|---|---|---|
| | Standard Option | Basic Option |
| *Not covered:*<br><br>*Hospital room and board expenses when, in our judgement, a hospital admission or portion of an admission is:*<br><br>• *Custodial or long term care*<br>• *Convalescent care or a rest cure*<br>• *Domiciliary care provided because care in the home is not available or unsuitable*<br>• *Not medically necessary, such as when services did not require the acute/subacute hospital inpatient (overnight) setting but could have been provided safely and adequately in a physician's office, the outpatient department of a hospital, or some other setting, without adversely affecting your condition or the quality of medical care you receive. Some examples are:*<br>– *Admissions for, or consisting primarily of, observation and/or evaluation that could have been provided safely and adequately in some other setting (such as a physician's office)*<br>– *Admissions primarily for diagnostic studies, laboratory and pathology services, X-rays, MRIs, or machine diagnostic tests that could have been provided safely and adequately in some other setting (such as the outpatient department of a hospital or a physician's office)*<br><br>*Note: If we determine that a hospital admission is one of the types listed above, we will not provide benefits for inpatient room and board or inpatient physician care. However, we will provide benefits for covered services or supplies other than room and board and inpatient physician care at the level that we would have paid if they had been provided in some other setting.*<br><br>• *Admission to noncovered facilities, such as nursing homes, extended care facilities, schools, residential treatment centers*<br>• *Personal comfort items, such as guest meals and beds, telephone, television, beauty and barber services*<br>• *Inpatient private duty nursing* | *All charges* | *All charges* |

# Exhibit C

FEP Managed Care Serv...es
P.O. Box 4306
Woodland Hills, CA 91365-4306

BlueCross BlueShield
Federal Employee Program

April 21, 2004

Ms. Carolyn Donnell
1940 El Cajon Blvd.
San Diego, Ca 92104

| | |
|---|---|
| Name: | Ann P. Shimsky |
| ID No.: | R50142289 |
| Group No.: | FEP Standard |
| Case No.: | 200932364-001 |

Dear Ms. Donnell:

Ann P. Shimsky, a patient receiving care from your facility, Kindred Hospital, is insured through Federal Employee Program FEP Standard. The benefit for skilled nursing facility is not covered under the plan.

To provide medically necessary and cost effective care, Blue Cross case management services have agreed to provide this patient benefits for skilled nursing facility in lieu of acute hospitalization. These alternative benefits will be payable only for services rendered during the period of June 4, 2003 through November 4, 2003.

The benefit offered to Ann P. Shimsky is payable up to $800.00 per day, all inclusive rate. Any ancillary and/or professional services not stated in this agreement will require approval of the the Case Manager before implementation.

Blue Cross will notify you by telephone within one working day, followed by written confirmation, when the maximum contract benefits have been used or should the level of care cease to be medically necessary or appropriate, based on clinical updates and/or review of medical records that have been received and evaluated by Blue Cross of California. Our obligations will terminate on the date of telephone notification.

Reimbursement for skilled nursing facility is subject to the same payment provisions, including any deductible and co-payment not yet satisfied, that presently apply to benefits for acute hospitalization as described in the Regular Contract Benefit Contract Agreement.

THE PORTION OF THE HOSPITALIZATION REIMBURSED WITH THE CASE MANAGEMENT RATE IS NOT ELIGIBLE FOR STOP LOSS.

RECEIVED
... 2004

A member becomes ineligible for coverage under this letter when the member's coverage terminates under the Regular Contract Benefit Agreement or the maximum lifetime contract allowance is met.

Documentation requested above and a signed Letter of Agreement from the subscriber, Durable Power of Attorney or Legal Guardian and the physician must be received in Managed Care Services before the claim can be processed. Direct payment requires submission of Assignment of Benefits with the claim.

Remit all Claims to: Federal Employee Program- Claims
Blue Cross of California
P.O. Box 70000
Van Nuys, CA 91470

Claims must be submitted within 90 days from the end of approval period. Claim related questions should be directed to (800) 322-7319.

If you have any questions, or if I can be of any further assistance, please do not hesitate to call me at (800) 417-9355.

Sincerely,

Rebecca Soria

Rebecca Soria, RN, BSN, CCM
Supervisor
Case Management Department

Enclosure

Ann P. Shimsky

cc: Mr. Christopher R. Crowson
Mr. Arnold Shimsky

FEP Managed Care Services
P.O. Box 4306
Woodland Hills, CA 91365-4306

BlueCross BlueShield
Federal Employee Program

May 25, 2004

Ms. Carolyn Donnell
1940 El Cajon Blvd.
San Diego, Ca 92104

| | |
|---|---|
| Name: | Ann P. Shimsky |
| ID No.: | R50142289 |
| Group No.: | FEP Standard |
| Case No.: | 200932364-001 |

Dear Ms. Donnell:

Ann P. Shimsky, a patient receiving care from your facility, Kindred Hospital, is insured through Federal Employee Program FEP Standard. The benefit for skilled nursing facility is not covered under the plan.

To provide medically necessary and cost effective care, Blue Cross case management services have agreed to provide this patient benefits for skilled nursing facility in lieu of acute hospitalization. These alternative benefits will be payable only for services rendered during the period of June 1, 2004 through July 1, 2004.

The benefit offered to Ann P. Shimsky is payable up to $800.00 per day, all inclusive rate. Any ancillary and/or professional services not stated in this agreement will require approval of the the Case Manager before implementation. A physician-signed copy of the Plan of Treatment must be forwarded to case management services by Kindred Hospital. Interdisciplinary notes must be provided when claim is submitted as all services and supplies for the care will be reviewed for medical necessity. Clinical updates must be reported to the Case Manager by June 15, 2004. The Case Manager must be informed on the next working day if there is an unscheduled admission to a hospital or other facility. Such an acute admission of greater than seventy-two hours cancels the obligation defined in this agreement.

Blue Cross will notify you by telephone within one working day, followed by written confirmation, when the maximum contract benefits have been used or should the level of care cease to be medically necessary or appropriate, based on clinical updates and/or review of medical records that have been received and evaluated by Blue Cross of California. Our obligations will terminate on the date of telephone notification.

FEP Managed Care Se[illegible]s
P.O. Box 4306
Woodland Hills, CA 91365-4306

BlueCross BlueShield
Federal Employee Program

June 30, 2004

RECEIVED
JUL 07 2004

Ms. Carolyn Donnell
1940 El Cajon Blvd.
San Diego, Ca 92104

| | |
|---|---|
| Name: | Ann P. Shimsky |
| ID No.: | R50142289 |
| Group No.: | FEP Standard |
| Case No.: | 200932364-001 |

Dear Ms. Donnell:

Ann P. Shimsky, a patient receiving care from your facility, Kindred Hospital, is insured through Federal Employee Program FEP Standard. The benefit for skilled nursing facility is not covered under the plan.

To provide medically necessary and cost effective care, Blue Cross case management services have agreed to provide this patient benefits for skilled nursing facility in lieu of acute hospitalization. These alternative benefits will be payable only for services rendered during the period of July 1, 2004 through July 31, 2004.

The benefit offered to Ann P. Shimsky is payable up to $800.00 per day, all inclusive rate. Any ancillary and/or professional services not stated in this agreement will require approval of the the Case Manager before implementation. A physician-signed copy of the Plan of Treatment must be forwarded to case management services by Kindred Hospital. Interdisciplinary notes must be provided when claim is submitted as all services and supplies for the care will be reviewed for medical necessity. Clinical updates must be reported to the Case Manager by July 15, 2004. The Case Manager must be informed on the next working day if there is an unscheduled admission to a hospital or other facility. Such an acute admission of greater than seventy-two hours cancels the obligation defined in this agreement.

Blue Cross will notify you by telephone within one working day, followed by written confirmation, when the maximum contract benefits have been used or should the level of care cease to be medically necessary or appropriate, based on clinical updates and/or review of medical records that have been received and evaluated by Blue Cross of California. Our obligations will terminate on the date of telephone notification.

Kindred Hospice
June 30, 2004
Page 2

Reimbursement for skilled nursing facility is subject to the same payment provisions, including any deductible and co-payment not yet satisfied, that presently apply to benefits for acute hospitalization as described in the Regular Contract Benefit Contract Agreement.

THE PORTION OF THE HOSPITALIZATION REIMBURSED WITH THE CASE MANAGEMENT RATE IS NOT ELIGIBLE FOR STOP LOSS.

A member becomes ineligible for coverage under this letter when the member's coverage terminates under the Regular Contract Benefit Agreement or the maximum lifetime contract allowance is met.

Documentation requested above and a signed Letter of Agreement from the subscriber, Durable Power of Attorney or Legal Guardian and the physician must be received in Managed Care Services before the claim can be processed. Direct payment requires submission of Assignment of Benefits with the claim.

Remit all Claims to: Federal Employee Program- Claims
Blue Cross of California
P.O. Box 70000
Van Nuys, CA 91470

Claims must be submitted within 90 days from the end of approval period. Claim related questions should be directed to (800) 322-7319.

If you have any questions, or if I can be of any further assistance, please do not hesitate to call me at (800) 417-9355.

Sincerely,

Rebecca Soria, RN, BSN, CCM
Supervisor
Case Management Department

Enclosure

Ann P. Shimsky

cc: Mr. Christopher R. Crowson
Mr. Arnold Shimsky

FEP Managed Care Se... ...s
P.O. Box 4306
Woodland Hills, CA 91365-4306

BlueCross BlueShield
Federal Employee Program

July 29, 2004

RECEIVED
A... 2004

Ms. Carolyn Donnell
1940 El Cajon Blvd.
San Diego, Ca 92104

RECEIVED
AUG 0 3 2004

| | |
|---|---|
| Name: | Ann P. Shimsky |
| ID No.: | R50142289 |
| Group No.: | FEP Standard |
| Case No.: | 200932364-001 |

Dear Ms. Donnell:

Ann P. Shimsky, a patient receiving care from your facility, Kindred Hospital, is insured through Federal Employee Program FEP Standard. The benefit for skilled nursing facility is not covered under the plan.

To provide medically necessary and cost effective care, Blue Cross case management services have agreed to provide this patient benefits for skilled nursing facility in lieu of acute hospitalization. These alternative benefits will be payable only for services rendered during the period of August 1, 2004 through August 31, 2004.

The benefit offered to Ann P. Shimsky is payable up to $800.00 per day, all inclusive rate. Any ancillary and/or professional services not stated in this agreement will require approval of the the Case Manager before implementation. A physician-signed copy of the Plan of Treatment must be forwarded to case management services by Kindred Hospital. Interdisciplinary notes must be provided when claim is submitted as all services and supplies for the care will be reviewed for medical necessity. Clinical updates must be reported to the Case Manager by August 15, 2004. The Case Manager must be informed on the next working day if there is an unscheduled admission to a hospital or other facility. Such an acute admission of greater than seventy-two hours cancels the obligation defined in this agreement.

Blue Cross will notify you by telephone within one working day, followed by written confirmation, when the maximum contract benefits have been used or should the level of care cease to be medically necessary or appropriate, based on clinical updates and/or review of medical records that have been received and evaluated by Blue Cross of California. Our obligations will terminate on the date of telephone notification.

Reimbursement for skilled nursing facility is subject to the same payment provisions, including any deductible and co-payment not yet satisfied, that presently apply to benefits for acute hospitalization as described in the Regular Contract Benefit Contract Agreement.

THE PORTION OF THE HOSPITALIZATION REIMBURSED WITH THE CASE MANAGEMENT RATE IS NOT ELIGIBLE FOR STOP LOSS.

A member becomes ineligible for coverage under this letter when the member's coverage terminates under the Regular Contract Benefit Agreement or the maximum lifetime contract allowance is met.

Documentation requested above and a signed Letter of Agreement from the subscriber, Durable Power of Attorney or Legal Guardian and the physician must be received in Managed Care Services before the claim can be processed. Direct payment requires submission of Assignment of Benefits with the claim.

Remit all Claims to: Federal Employee Program- Claims
Blue Cross of California
P.O. Box 70000
Van Nuys, CA 91470

Claims must be submitted within 90 days from the end of approval period. Claim related questions should be directed to (800) 322-7319.

If you have any questions, or if I can be of any further assistance, please do not hesitate to call me at (800) 417-9355.

Sincerely,

Rebecca Soria

Rebecca Soria, RN, BSN, CCM
Supervisor
Case Management Department

Enclosure

Ann P. Shimsky

cc: Mr. Christopher R. Crowson
Mr. Arnold Shimsky

# Exhibit D

STATUTORY FORM

DURABLE POWER OF ATTORNEY FOR HEALTH CARE

(California Probate Code Section 4771)

WARNING TO PERSON EXECUTING THIS DOCUMENT

THIS IS AN IMPORTANT LEGAL DOCUMENT WHICH IS AUTHORIZED BY THE KEENE HEALTH CARE AGENT ACT. BEFORE EXECUTING THIS DOCUMENT, YOU SHOULD KNOW THESE IMPORTANT FACTS:

THIS DOCUMENT GIVES THE PERSON YOU DESIGNATE AS YOUR ATTORNEY-IN-FACT THE POWER TO MAKE HEALTH CARE DECISIONS FOR YOU. YOUR ATTORNEY-IN-FACT MUST ACT CONSISTENTLY WITH YOUR DESIRES AS STATED IN THIS DOCUMENT OR OTHERWISE MADE KNOWN.

EXCEPT AS YOU OTHERWISE SPECIFY IN THIS DOCUMENT, THIS DOCUMENT GIVES YOUR ATTORNEY IN FACT THE POWER TO CONSENT TO YOUR DOCTOR NOT GIVING TREATMENT OR STOPPING TREATMENT NECESSARY TO KEEP YOU ALIVE.

NOTWITHSTANDING THIS DOCUMENT, YOU HAVE THE RIGHT TO MAKE MEDICAL AND OTHER HEALTH CARE DECISIONS FOR YOURSELF SO LONG AS YOU CAN GIVE INFORMED CONSENT WITH RESPECT TO THE PARTICULAR DECISION. IN ADDITION, NO TREATMENT MAY BE GIVEN TO YOU OVER YOUR OBJECTION AT THE TIME, AND HEALTH CARE NECESSARY TO KEEP YOU ALIVE MAY NOT BE STOPPED OR WITHHELD IF YOU OBJECT AT THE TIME.

THIS DOCUMENT GIVES YOUR AGENT AUTHORITY TO CONSENT, TO REFUSE TO CONSENT, OR TO WITHDRAW CONSENT TO ANY CARE, TREATMENT, SERVICE, OR PROCEDURE TO MAINTAIN, DIAGNOSE, OR TREAT A PHYSICAL OR MENTAL CONDITION. THIS POWER IS SUBJECT TO ANY STATEMENT OF YOUR DESIRES AND ANY LIMITATIONS THAT YOU INCLUDE IN THIS DOCUMENT. YOU MAY STATE IN THIS DOCUMENT ANY TYPES OF TREATMENT THAT YOU DO NOT DESIRE. IN ADDITION, A COURT CAN TAKE AWAY THE POWER OF YOUR ATTORNEY-IN-FACT TO MAKE HEALTH CARE DECISIONS FOR YOU IF YOUR ATTORNEY-IN-FACT (1) AUTHORIZES ANYTHING THAT IS ILLEGAL, (2) ACTS CONTRARY TO YOUR KNOWN DESIRES, OR (3) WHERE YOUR DESIRES ARE NOT KNOWN, DOES ANYTHING THAT IS CLEARLY CONTRARY TO YOUR BEST INTERESTS.

THE POWERS GIVEN BY THIS DOCUMENT WILL EXIST FOR AN INDEFINITE PERIOD OF TIME UNLESS YOU LIMIT THEIR DURATION IN THIS DOCUMENT.

YOU HAVE THE RIGHT TO REVOKE THE AUTHORITY OF YOUR AGENT BY NOTIFYING YOUR AGENT OR YOUR TREATING DOCTOR, HOSPITAL, OR OTHER HEALTH CARE PROVIDER ORALLY OR IN WRITING OF THE REVOCATION.

YOUR AGENT HAS THE RIGHT TO EXAMINE YOUR MEDICAL RECORDS AND TO CONSENT TO THEIR DISCLOSURE UNLESS YOU LIMIT THIS RIGHT IN THIS DOCUMENT.

UNLESS YOU OTHERWISE SPECIFY IN THIS DOCUMENT, THIS DOCUMENT GIVES YOUR ATTORNEY-IN-FACT THE POWER AFTER YOU DIE TO (1) AUTHORIZE AN AUTOPSY, (2) DONATE YOUR BODY OR PARTS THEREOF FOR TRANSPLANT OR THERAPEUTIC OR EDUCATIONAL OR SCIENTIFIC PURPOSES, AND (3) DIRECT THE DISPOSITION OF YOUR REMAINS.

THIS DOCUMENT REVOKES ANY PRIOR DURABLE POWER OF ATTORNEY FOR HEALTH CARE.

YOU SHOULD CAREFULLY READ AND FOLLOW THE WITNESSING PROCEDURE DESCRIBED AT THE END OF THIS FORM. THIS DOCUMENT WILL NOT BE VALID UNLESS YOU COMPLY WITH THE WITNESSING PROCEDURES.

IF THERE IS ANYTHING IN THIS DOCUMENT THAT YOU DO NOT UNDERSTAND, YOU SHOULD ASK A LAWYER TO EXPLAIN IT TO YOU.

YOUR AGENT MAY NEED THIS DOCUMENT IMMEDIATELY IN CASE OF AN EMERGENCY THAT REQUIRES A DECISION REGARDING YOUR HEALTH CARE. EITHER KEEP THIS DOCUMENT WHERE IT IS IMMEDIATELY AVAILABLE TO YOUR AGENT AND ALTERNATE AGENTS OR GIVE EACH OF THEM AN EXECUTED COPY OF THIS DOCUMENT. YOU MAY ALSO WANT TO GIVE YOUR DOCTOR AN EXECUTED COPY OF THIS DOCUMENT.

DO NOT USE THIS FORM IF YOU ARE A CONSERVATEE UNDER THE LANTERMAN-PETRIS SHORT ACT AND YOU WANT TO APPOINT YOUR CONSERVATOR AS YOUR AGENT. YOU CAN DO THAT ONLY IF THE APPOINTMENT DOCUMENT INCLUDES A CERTIFICATE OF YOUR ATTORNEY.

## 1. DESIGNATION OF HEALTH CARE AGENT

1. I, Ann P. Shimsky, residing at 1255 Essex Street, Imperial Beach, California 91932, do hereby designate and appoint Arnold D. Schimsky, 1255 Essex Street, Imperial Beach, California 91932; Tel: (619) 575-2662 (Insert name, address, and telephone number of one individual only as your agent to make health care decisions for you. None of the following may be designated as your agent: (1) your treating health care provider, (2) nonrelative employee of your treating health care provider, (3) an operator of a community care facility, (4) a nonrelative employee of an operator of a community care facility, (5) an operator of a residential care facility for the elderly, or (6) a nonrelative employee of an operator of a residential care facility for the elderly.) as my agent to make health care decisions for me as authorized in this document. For the purposes of this document, "health care decision" means consent, refusal of consent, or withdrawal of consent to any care, treatment, service, or procedure to maintain, diagnose, or treat an individual's physical or mental condition.

///
///
///
///

2. CREATION OF DURABLE POWER OF ATTORNEY FOR HEALTH CARE

By this document I intend to create a durable power of attorney for health care under Sections 4600 to 4752, inclusive, of the California Probate Code. This power of attorney is authorized by the Keene Health Care Agent Act and shall be construed in accordance with the provisions of Sections 4770 to 4779, inclusive, of the Probate Code. This power of attorney shall not be affected by my subsequent incapacity.

3. GENERAL STATEMENT OF AUTHORITY GRANTED

Subject to any limitations in this document, I hereby grant to my agent full power and authority to make health care decisions for me to the same extent that I could make those decisions for myself if I had the capacity to do so. In exercising this authority, my agent shall make health care decisions that are consistent with my desires as stated in this document or otherwise made known to my agent, including, but not limited to, my desires concerning obtaining or refusing or withdrawing life-prolonging care, treatment, services and procedures. (If you want to limit the authority of your agent to make health care decisions for you, you can state the limitations in paragraph 4 ("Statement of Desires, Special Provisions, and Limitations") below. You can indicate your desires by including a statement of your desires in the same paragraph.)

4. STATEMENT OF DESIRES, SPECIAL PROVISIONS, AND LIMITATIONS

(Your agent must make health care decisions that are consistent with your known desires. You can, but are not required to, state your desires in the space provided below. You should consider whether you want to include a statement of your desires concerning life-prolonging care, treatment, services, and procedures. You can also include a statement of your desires concerning other matters related to your health care. You can also make your desires known to your agent by discussing your desires with your agent or by some other means. If there are any types of treatment that you do not want to be used, you should state them in the space below. If you want to limit any other way the authority given your agent by this document, you should state the limits in the spaces below. If you do not state any limits, your agent will have broad powers to make health care decisions for you, except to the extent that there are limits provided by law.)

In exercising the authority under this durable power of attorney for health care, my agent shall act consistently with my desires as stated below and is subject to the special provisions and limitations stated below:

(a) Statement of desires concerning life-prolonging care, treatment, services and procedures:

(b) Additional statement of desires, special provisions, and limitations:

I do not authorize you to make any organ donations or anatomical gifts.

(You may attach additional pages if you need more space to complete your statement. If you attach additional pages, you must date and sign EACH of the additional pages at the same time you date and sign this document.)

5. INSPECTION AND DISCLOSURE OF INFORMATION RELATING TO MY PHYSICAL OR MENTAL HEALTH

Subject to any limitations in this document, my agent has the power and authority to do all the following:

(a) Request, review, and receive any information, verbal or written, regarding my physical or mental health; including, but not limited to, medical and hospital records.

(b) Execute on my behalf any releases or other documents that may be required in order to obtain this information.

(c) Consent to the disclosure of this information.

(If you want to limit the authority of your agent to receive and disclose information relating to your health, you must state the limitations in paragraph 4 ("Statement of Desires, Special Provisions, and Limitations") above.)

6. SIGNING DOCUMENTS, WAIVERS, AND RELEASES

Where necessary to implement the health care decisions that my agent is authorized by this document to make, my agent has the power and authority to execute on my behalf all of the following:

(a) Documents titled or purporting to be a "Refusal to Permit Treatment" and "Leaving Hospital Against Medical Advice."

(b) Any necessary waiver or release from liability required by a hospital or physician.

7. AUTOPSY, ANATOMICAL GIFTS; DISPOSITION OF REMAINS

Subject to any limitations in this document, my agent has the power and authority to do all of the following:

(a) Authorize an autopsy under Section 7113 of the Health and Safety Code.

(b) Make a disposition of a part or parts of my body under the Uniform Anatomical Gift Act, Chapter 3.5 (commencing with Section 7150) of Part 1 of Division 7 of the Health and Safety Code.)

(c) Direct the disposition of my remains under Section 7100 of the Health and Safety Code. (If you want to limit the authority of your agent to consent to an autopsy, make an anatomical gift, or direct the disposition of your remains, you must state the limitations in paragraph 4 ("Statement of Desires, Special Provisions, and Limitations") above.)

**8. DURATION**

(Unless you specify otherwise in the space below, this power of attorney will exist for an indefinite period of time.)

This durable power of attorney for health care expires on ______________________. (Fill in this space ONLY if you want to limit the duration of this power of attorney.)

**9. DESIGNATION OF ALTERNATE AGENTS**

(You are not required to designate any alternate agents but you may do so. Any alternate agent you designate will be able to make the same health care decisions as the agent you designated in paragraph 1, above, in the event that agent is unable or ineligible to act as your agent. If the agent you designated is your spouse, he or she becomes ineligible to act as your agent if your marriage is dissolved.)

If the person designated as my agent in paragraph 1 is not available or becomes ineligible to act as my agent to make a health care decision for me or loses the mental capacity to make health care decisions for me, or if I revoke that person's appointment or authority to act as my agent to make health care decisions for me, then I designate and appoint the following persons to serve as my agent to make health care decisions for me as authorized in this document, these persons to serve in the order listed below:

A. First Alternate Agent: Barry A. Schimsky, 744 W. Moyer St., Ridgecrest, California 93555; Tel: (760) 446-3714.

B. Second Alternate Agent: Judy Schimsky Loprieno, 7509 Flower Meadow Drive, San Diego, California 92126; Tel: (858) 578-3165.

///
///

## 10. NOMINATION OF CONSERVATOR OF PERSON

(A conservator of the person may be appointed for you if a court decides that one should be appointed. The conservator is responsible for your physical care, which under some circumstances includes making health care decisions for you. You are not required to nominate a conservator but you may do so. The court will appoint the person you nominate unless that would be contrary to your best interests. You may, but are not required to, nominate as your conservator the same person you named in paragraph 1 as your health care agent. You can nominate an individual as your conservator by completing the space below.)

If a conservator of the person is to be appointed for me, I nominate the following individual to serve as conservator of the person: (same designations and order of priority as my agents for health care decisions)

## 11. PRIOR DESIGNATIONS REVOKED

I revoke any prior durable power of attorney for health care.

## DATE AND SIGNATURE OF PRINCIPAL
## (YOU MUST DATE AND SIGN THIS POWER OF ATTORNEY)

I sign my name to this Statutory Form Durable Power of Attorney for Health Care on 8/10, 2000 at La Mesa, California.

Signature: Ann P. Shimsky
Ann P. Shimsky

THIS POWER OF ATTORNEY WILL NOT BE VALID UNLESS IT IS SIGNED BY TWO QUALIFIED WITNESSES WHO ARE PRESENT WHEN YOU SIGN OR ACKNOWLEDGE YOUR SIGNATURE. IF YOU HAVE ATTACHED ANY ADDITIONAL PAGES TO THIS FORM, YOU MUST DATE AND SIGN EACH OF THE ADDITIONAL PAGES AT THE SAME TIME YOU DATE AND SIGN THIS POWER OF ATTORNEY.

STATE OF CALIFORNIA)
) ss.
COUNTY OF SAN DIEGO)

On 8/10, 2000, before me, Christopher J Zucconi, a Notary Public in and for said County and State, personally appeared Ann P. Shimsky, proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument, and acknowledged to me that she executed the same in her authorized capacity and that by her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

[signature]

Notary Public in and for said County and State

Christopher J. Zucconi
COMM. # 1171350
NOTARY PUBLIC-CALIFORNIA
SAN DIEGO COUNTY
COMM. EXP. JAN. 30, 2002

## STATEMENT OF WITNESSES

(This document must be witnessed by two qualified adult witnesses. None of the following may be used as a witness: (1) a person you designate as your agent or alternate agent, (2) a health care provider, (3) an employee of a health care provider, (4) the operator of a community care facility, (5) an employee of an operator of a community care facility, (6) the operator of a residential care facility for the elderly, or (7) an employee of an operator of a residential care facility for the elderly. At least one of the witnesses shall make the additional declaration set out following the place where the witnesses sign.)

(READ CAREFULLY BEFORE SIGNING. You can sign as a witness only if you personally know the principal or the identity of the principal is proved to you by convincing evidence.)

(To have convincing evidence of the identity of the principal, you must be presented with and reasonably rely on any one or more of the following:

(1) An identification card or driver's license issued by the California Department of Motor Vehicles that is current or has been issued within five years.

(2) A passport issued by the Department of State of the United States that is current or has been issued within five years.

(3) Any of the following documents if the document is current or has been issued within five years and contains a photograph and description of the person named on it, is signed by the person, and bears a serial or other identifying number:

(a) A passport issued by a foreign government that has been stamped by the United States Immigration and Naturalization Service.

(b) A driver's license issued by a state other than California or by a Canadian or Mexican public agency authorized to issue driver's licenses.

(c) An identification card issued by a state other than California.

(d) An identification card issued by any branch of the armed forces of the United States.

(4) If the principal is a patient in a skilled nursing facility, a witness who is a patient advocate or ombudsman may rely upon the representations of the administrator or staff of the skilled nursing facility, or of family members, as convincing

evidence of the identity of the principal if the patient advocate or ombudsman believes that the representations provide a reasonable basis for determining the identity of the principal.)

(Other kinds of proof of identity are not allowed.)

I declare under penalty of perjury under the laws of the State of California that the person who signed or acknowledged this document is personally known to me (or proved to me on the basis of satisfactory evidence) to be the Principal, that the Principal signed or acknowledged this Durable Power of Attorney for Health Care in our presence, that the Principal appears to be of sound mind and under no duress, fraud, or undue influence, that we are not the persons appointed as Attorneys-In-Fact by this document and that we are not a health care provider, and employee of a health care provider, the operator of a residential care facility for the elderly, nor an employee of an operator of a residential care facility for the elderly.

Witness Name: Christopher J. Zucconi

Signature: [signature]

Address: 7777 Alvarado Rd. #413
La Mesa, CA 91941

Witness Name: Miranda C. Franks

Signature: [signature]

Address: 7777 Alvarado #601
La Mesa, CA 91941

AT LEAST ONE OF THE ABOVE WITNESSES MUST ALSO SIGN THE FOLLOWING DECLARATION:

I further declare under penalty of perjury under the laws of California that I am not related to the principal by blood, marriage, or adoption, and, to the best of my knowledge, I am not entitled to any part of the principal's estate upon the principal's death under a Will now existing or by operation of law.

[signature]

Christopher J. Zucconi

# Exhibit E

MEMORANDUM 9/28/03

To: Kindred Hospital San Diego

From: Arnold Schimsky (legal representative for all of Ann P. Shimsky's health care)

Re: Transfer or discharge of Ann P. Shimsky

This memorandum serves notice here and now to Kindred Hospital San Diego and to all of its employees and to all of its representatives that Ann P. Shimsky shall not be discharged or transferred from Kindred Hospital San Diego to any "location" for any reason without my tour and complete satisfaction of said "location" and a complete resolution of the redness, puffiness, and soreness currently in her left arm near and/or around her PICC Line.

received by: ______________________

date: ______________________

# Exhibit F

FEP Managed Care S
P.O. Box 4306
Woodland Hills, CA 91365-4306

BlueCross BlueShield
Federal Employee Program

May 25, 2004

Ms. Carolyn Donnell
1940 El Cajon Blvd.
San Diego, Ca 92104

Name: Ann P. Shimsky
ID No.: R50142289
Group No.: FEP Standard
Case No.: 200932364-001

Dear Ms. Donnell:

Ann P. Shimsky, a patient receiving care from your facility, Kindred Hospital, is insured through Federal Employee Program FEP Standard. The benefit for skilled nursing facility is not covered under the plan.

To provide medically necessary and cost effective care, Blue Cross case management services have agreed to provide this patient benefits for skilled nursing facility in lieu of acute hospitalization. These alternative benefits will be payable only for services rendered during the period of June 1, 2004 through July 1, 2004.

The benefit offered to Ann P. Shimsky is payable up to $800.00 per day, all inclusive rate. Any ancillary and/or professional services not stated in this agreement will require approval of the the Case Manager before implementation. A physician-signed copy of the Plan of Treatment must be forwarded to case management services by Kindred Hospital . Interdisciplinary notes must be provided when claim is submitted as all services and supplies for the care will be reviewed for medical necessity. Clinical updates must be reported to the Case Manager by June 15, 2004. The Case Manager must be informed on the next working day if there is an unscheduled admission to a hospital or other facility. Such an acute admission of greater than seventy-two hours cancels the obligation defined in this agreement.

Blue Cross will notify you by telephone within one working day, followed by written confirmation, when the maximum contract benefits have been used or should the level of care cease to be medically necessary or appropriate, based on clinical updates and/or review of medical records that have been received and evaluated by Blue Cross of California. Our obligations will terminate on the date of telephone notification.

BlueCross BlueShield
Federal Employee Program

FEP Managed Care Services,
P.O. Box 4306
Woodland Hills, CA 91365-4306

June 30, 2004

Mr. Arnold Shimsky
1255 Essex St.
Imperial Beach, CA 91932

Group No.: FEP Standard
I.D. No.: R50142289
Name: Ann P. Shimsky
Case No.: 201103743-001

Dear Mr. Shimsky:

Blue Cross Companies is pleased to offer an alternative benefit for Ann P. Shimsky's health care needs through case management services. Case management services provide specially trained nurses to coordinate the multiple health care needs of patients who have long-term illnesses or major injuries. When a member is eligible, a Case Manager may offer appropriate alternative benefits instead of existing contract benefits.

Enclosed is the Letter of Agreement, which outlines the services we include in the alternative benefit and the period for which they will be covered. Although you and Dr. George Anyaji have verbally agreed to the alternative benefit described in the Letter of Agreement, a signed copy of the Letter of Agreement must be returned to Managed Care Services by July 15, 2004 in order to allow reimbursement for the services included in the alternative benefit. You should retain the copy enclosed for your records.

UPON REVIEWING THE LETTER OF AGREEMENT, IF YOU DO NOT UNDERSTAND IT, OR IF YOU DISAGREE WITH ANY CLAUSE, PLEASE CALL ME AT (800) 417-9355. THE LETTER OF AGREEMENT CANNOT BE ACCEPTED IF ANY CHANGES ARE MADE TO THE LETTER OF AGREEMENT.

Dr. George Anyaji will receive a copy of this letter and a copy of the Letter of Agreement for his signature.

If we have not received the signed Letter of Agreement, we will close the case and terminate the alternative benefit. In that event, only the Regular Contract benefit(s) will be provided. A case may be reopened at a later date only if Ann P.Shimsky is still eligible for case management services.

Sincerely,

Rebecca Soria

Rebecca Soria, RN, BSN, CCM
Supervisor
Case Management

cc: George Anyaji, MD

BlueCross BlueShield

Federal Employee Program

FEP Managed Care Services, P.O. Box 4306, Woodland Hills, CA 91365-4306

# LETTER OF AGREEMENT

Blue Cross Companies offers to provide Ann P. Shimsky with an alternative benefit in place of an eligible regular contract benefit for the health care services described in this Letter of Agreement. The terms and provisions of the covered services and alternative benefit are as follows:

1. The alternative benefit offered under this Letter of Agreement is for Ann P. Shimsky for a period of thirty –one (31) days in lieu of acute hospitalization.

2. Benefits for the services described in 1. above will be subject to the same payment provisions that presently apply to benefits for acute hospitalization as described in your Regular Contract Benefit Agreement.

3. The alternative benefits will be payable only for services rendered during the period of July 1, 2004 through July 31, 2004. If no changes in your condition occur by the end of the time period, Blue Cross may, at its option, reevaluate your case for further alternative benefits under this Letter of Agreement.

4. Except as expressly modified in this Letter of Agreement, all provisions of the Regular Contract Benefit Agreement under which you are covered apply. A member becomes ineligible for coverage under this Letter of Agreement:

   A. When the terms set forth in this Letter of Agreement expire.

   B. When the care at the level provided for in this Letter of Agreement ceases to be medically necessary.

   C. When the member is confined for an acute hospital stay for more than seventy-two hours.

   D. When the total cost of the alternative benefit exceeds the total cost of a plan of care which would be provided under the Regular Contract Benefit Agreement.

   E. When benefit being substituted has reached the maximum contract allowance for that benefit.

   F. When the member's coverage terminates under the Regular Contract Benefit Agreement.

H. When the member notifies the case manager named below in writing of his/her plan to terminate the alternative benefit.

5. The benefit outlined in this Letter of Agreement is offered to Ann P. Shimsky only. Blue Cross is not obligated to offer the same or similar services again either to Ann P. Shimsky or to any other individual. By entering into this arrangement for an alternative benefit described in the Letter of Agreement, Blue Cross is not waiving its rights to provide coverage in the future in strict accordance with terms of your Regular Contract Benefit Agreement.

Please understand that participation in this program is strictly voluntary, and the signature on this document signifies an agreement with all terms outlined above. If you wish to decline the offer of an alternative benefit described in this Letter of Agreement, your coverage will continue in accordance with original terms of the applicable Regular Contract Benefit Agreement.

**Member Acceptance**
(To be completed by member)

I ACCEPT ALTERNATIVE BENEFITS UNDER THE TERMS DEFINED IN THIS LETTER OF AGREEMENT.

By: ______________________
Mr.Arnold Shimsky , DPOA

Date: ______________________

Verbal Consent to Participate Obtained:

From: Mr.Arnold Shimsky, DPOA

On: April 21, 2004

**Physician Acceptance**
(To be completed by physician)

I ENDORSE THE TREATMENT PLAN AS OUTLINED IN THE SECOND PARAGRAPH OF THE FIRST PAGE OF THIS LETTER OF AGREEMENT

By: ______________________
GEORGE ANYAJI , MD

Date: ______________________

Verbal Acknowledgment to Participate Obtained:

From: Kindred Hospital

On: April 21, 2004

Blue Cross shall not provide alternative benefits unless this Letter of Agreement is signed, returned and received by Blue Cross no later than the close of business on July 14, 2004 even if Blue Cross has begun providing the alternative benefit in anticipation of your execution of this Letter of Agreement.

By: Rebecca Soria
Rebecca Soria, RN
Supervisor, Case Management
Date: June 30. 2004

FEP Managed Care Services
P.O. Box 4306
Woodland Hills, CA 91365-4306

BlueCross BlueShield
Federal Employee Program

July 29, 2004

RECEIVED
A... 2004

Ms. Carolyn Donnell
1940 El Cajon Blvd.
San Diego, Ca 92104

| | |
|---|---|
| Name: | Ann P. Shimsky |
| ID No.: | R50142289 |
| Group No.: | FEP Standard |
| Case No.: | 200932364-001 |

RECEIVED
AUG 0 3 2004

Dear Ms. Donnell:

Ann P. Shimsky, a patient receiving care from your facility, Kindred Hospital, is insured through Federal Employee Program FEP Standard. The benefit for skilled nursing facility is not covered under the plan.

To provide medically necessary and cost effective care, Blue Cross case management services have agreed to provide this patient benefits for skilled nursing facility in lieu of acute hospitalization. These alternative benefits will be payable only for services rendered during the period of August 1, 2004 through August 31, 2004.

The benefit offered to Ann P. Shimsky is payable up to $800.00 per day, all inclusive rate. Any ancillary and/or professional services not stated in this agreement will require approval of the the Case Manager before implementation. A physician-signed copy of the Plan of Treatment must be forwarded to case management services by Kindred Hospital . Interdisciplinary notes must be provided when claim is submitted as all services and supplies for the care will be reviewed for medical necessity. Clinical updates must be reported to the Case Manager by August 15 , 2004. The Case Manager must be informed on the next working day if there is an unscheduled admission to a hospital or other facility. Such an acute admission of greater than seventy-two hours cancels the obligation defined in this agreement.

Blue Cross will notify you by telephone within one working day, followed by written confirmation, when the maximum contract benefits have been used or should the level of care cease to be medically necessary or appropriate, based on clinical updates and/or review of medical records that have been received and evaluated by Blue Cross of California. Our obligations will terminate on the date of telephone notification.

Reimbursement for skilled nursing facility is subject to the same payment provisions, including any deductible and co-payment not yet satisfied, that presently apply to benefits for acute hospitalization as described in the Regular Contract Benefit Contract Agreement.

THE PORTION OF THE HOSPITALIZATION REIMBURSED WITH THE CASE MANAGEMENT RATE IS NOT ELIGIBLE FOR STOP LOSS.

A member becomes ineligible for coverage under this letter when the member's coverage terminates under the Regular Contract Benefit Agreement or the maximum lifetime contract allowance is met.

Documentation requested above and a signed Letter of Agreement from the subscriber, Durable Power of Attorney or Legal Guardian and the physician must be received in Managed Care Services before the claim can be processed. Direct payment requires submission of Assignment of Benefits with the claim.

Remit all Claims to: Federal Employee Program- Claims
Blue Cross of California
P.O. Box 70000
Van Nuys, CA 91470

Claims must be submitted within 90 days from the end of approval period. Claim related questions should be directed to (800) 322-7319.

If you have any questions, or if I can be of any further assistance, please do not hesitate to call me at (800) 417-9355.

Sincerely,

Rebecca Soria

Rebecca Soria, RN, BSN, CCM
Supervisor
Case Management Department

Enclosure

Ann P. Shimsky

cc: Mr. Christopher R. Crowson
Mr. Arnold Shimsky

# Exhibit G

Certified mail # 7004 0750 0002 3343 7126

**ARNOLD D. SCHIMSKY**
1255 Essex Street
Imperial Beach, CA 91932
(619) 575-2662

EXHIBIT 4

July 21, 2004

Rebecca Soria, RN, BSN, CCM
Supervisor Case Management
Blue Shield of California
FEP Managed Care Services
P.O. Box 4306
Woodland Hills, CA 91365-4306

Re: Patient Ann Shimsky
Enrollment #R50142289
Case #201103743-001

Dear Ms. Soria:

I am in receipt of your letter of June 30, 2004 regarding an "alternative benefit" for my mother's health care needs. At no time have I "verbally agreed to the alternative benefit described in the (enclosed) Letter of Agreement," and I most certainly have not and WOULD NOT agree in concert with Dr. George Anyaji to any such terms.

In fact, since January of this year I have repeatedly requested that Kindred Hospital San Diego replace him as Ann Shimsky's attending physician. Further, in May 2004 Dr. Anyaji was ordered to remove himself from the case, both by an attorney representing my mother and directly by me, her Durable Power of Attorney for Health Care.

Ann Shimsky has been a member in good standing of the Blue Cross Blue Shield Federal Employee Program since April 23, 1998, and for many years before that shared membership with my father until his demise. Our family sees no benefit to forfeiting Ann's rights to full coverage under her existing plan.

Sincerely,

Arnold Schimsky

Arnold Schimsky
Durable Power of Attorney

Cc: Christopher Crowson, HICAP Attorney

# Exhibit H

SUPERIOR COURT OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO, CENTRAL DIVISION

ARNOLD D. SCHIMSKY, attorney-in-fact for Ann Shimsky,

Petitioner,

vs.

KINDRED HOSPITAL - SAN DIEGO,

Respondent.

ANN SHIMSKY, Patient.

CERTIFIED COPY

Case No. P 188885

DEPOSITION OF ARNOLD D. SCHIMSKY

Carlsbad, California

Monday, April 10, 2006

VOLUME III - Pages 395 through 540, inclusive

RECEIVED

APR 26 2006

FILE # KH0047

FILE IN CR RPT PLDG DISC

Reported by:

D. Sharon Vint

Certificate No. 2887

HAHN & BOWERSOCK CORPORATION
Certified Court and Deposition Reporters
151 Kalmus Drive - Suite L-1 - Costa Mesa, CA 92626
800-660-3187 - Fax 714-662-1398
www.hahnbowersock.com email: hbdeposel@hahnbowersock.net

COSTA MESA - SAN BERNARDINO - LONG BEACH - LOS ANGELES - SAN DIEGO - SAN FRANCISCO

H
39

A. Yes.
Q. Who did you speak with?
A. Her name is Crystal N, N as in Nancy.
Q. Do you have her last name?
A. Didn't give it to me, no.
Q. Okay. And this was at Blue Cross?
A. Yes. At this particular extension, there is two Crystals.
Q. What is the extension, if you recall?
A. I think -- I don't have it with me, but I can --
Q. That is fine. Don't worry about it.
A. I can get it to you in hours.
Q. Don't worry about it, Mr. Schimsky. You know what we will do, Mr. Schimsky. We will put a blank in your transcript. When you review your transcript, and I hope it's going to be shortly after your attorney receives it, then you can review the transcript and make whatever corrections you deem necessary to it.
A. Okay.
(Information requested: .)
Q. Let's go ahead and move on.
Now Mr. Schimsky, back in June of '04 --
A. June of '04?
Q. June of '04, yes.
-- a letter was sent to you by Blue Cross

offering you alternative -- an alternate benefit for your mom?

A. Yes. That's correct.

Q. Okay. And it was kind of like a flex thing where they were going to cover her stay at Kindred Hospital, correct?

A. For one month, and they said that I made an agreement with Dr. Anyaji and I didn't. They also said they provided -- I had a treatment plan. There was never a treatment plan written in there. So how could I sign something like that?

Q. Did you ever contact them to clarify this or work out the language that was in this letter?

A. No.

MR. BOCKER: I'll let your counsel go ahead and read that.

MR. GARCIA: Okay.

BY MS. BOCKER:

Q. Let's just go ahead and mark that as Respondent's Q.

And Mr. Schimsky, your testimony was that you never called to clarify the information in this letter?

A. No, because I wasn't going to make any agreements and I never did make any agreements with

FEP Managed Care Services,
P.O. Box 4306
Woodland Hills, CA 91365-4306

BlueCross BlueShield
Federal Employee Program

June 30, 2004

Mr. Arnold Shimsky
1255 Essex St.
Imperial Beach, CA 91932

Group No.: FEP Standard
I.D. No.: R50142289
Name: Ann P. Shimsky
Case No.: 2011103743-001

Dear Mr. Shimsky:

Blue Cross Companies is pleased to offer an alternative benefit for Ann P. Shimsky's health care needs through case management services. Case management services provide specially trained nurses to coordinate the multiple health care needs of patients who have long-term illnesses or major injuries. When a member is eligible, a Case Manager may offer appropriate alternative benefits instead of existing contract benefits.

Enclosed is the Letter of Agreement, which outlines the services we include in the alternative benefit and the period for which they will be covered. Although you and Dr. George Anyaji have verbally agreed to the alternative benefit described in the Letter of Agreement, a signed copy of the Letter of Agreement must be returned to Managed Care Services by July 15, 2004 in order to allow reimbursement for the services included in the alternative benefit. You should retain the copy enclosed for your records.

UPON REVIEWING THE LETTER OF AGREEMENT, IF YOU DO NOT UNDERSTAND IT, OR IF YOU DISAGREE WITH ANY CLAUSE, PLEASE CALL ME AT (800) 417-9355. THE LETTER OF AGREEMENT CANNOT BE ACCEPTED IF ANY CHANGES ARE MADE TO THE LETTER OF AGREEMENT.

Dr. George Anyaji will receive a copy of this letter and a copy of the Letter of Agreement for his signature.

If we have not received the signed Letter of Agreement, we will close the case and terminate the alternative benefit. In that event, only the Regular Contract benefit(s) will be provided. A case may be reopened at a later date only if Ann P.Shimsky is still eligible for case management services.

Sincerely,

Rebecca Soria

Rebecca Soria, RN, BSN, CCM
Supervisor
Case Management

cc: George Anyaji, MD

DEFENDANT'S EXHIBIT
Q
Shimsky

# Exhibit I

Blue Cross
of California
P. O. Box 4194
Woodland Hills, CA 91365-4194

Blue Cross
of California
An Independent Licensee of the Blue Cross Association

03/14/05

KINDRED HOSPITAL SAN DIEG
1940 EL CAJON BL
SAN DIEGO, CA 92104

| | |
|---|---|
| Patient: | ANN SHIMSKY |
| ID #: | R50142289 |
| Group #: | FEPSTD |
| Claim #: | 05039670130 |
| Date(S) of Service: | 10/01/04-10/15/04 |
| Provider: | KINDRED HOSPITAL SAN DIEG<br>1940 EL CAJON BL<br>SAN DIEGO, CA 921040 |
| Total Charges: | $ 49559.27 |
| Previous Benefit: | $ 49046.14 |
| Correct Benefits: | $ 0.00 |
| Overpayment: | $ 49046.14 |

Amount Due: $ 49046.14

Dear KINDRED HOSPITAL SAN DIEG:

The above information identifies a claim which was paid incorrectly, resulting in an overpayment to you.

The reason for this overpayment is:
-This adjustment is the result of incorrect application of the benefits specified in your contract.

The above balance may be paid by check. If we do not receive payment within 42 days, we will begin recovery of the above amount from future payments made to you.

A self-addressed envelope is enclosed for your convenience. All payments should be sent along with a copy of this letter to:

Blue Cross of California
P.O. Box 4194
Woodland Hills CA 91365

If you believe that this overpayment was created in error, please advise Blue Cross of your reason. Please send all correspondence to the Blue Cross address listed at the upper left hand corner of this notice. If you do not contact us within 42 days to make arrangements for repayment, we will begin recovery of the above amount from future payments made to you or through other recovery methods permitted under the law.

CTBCR 8/95
BRTBCR

® Registered Mark of the Blue Cross Association

**Blue Cross**
of California
P. O. Box 4194
Woodland Hills, CA 91365-4194

Blue Cross
of California
An Independent Licensee of the Blue Cross Association

We regret this error and any inconvenience it may cause you. We appreciate your cooperation in this matter. If you have any questions pertaining to this overpayment, please call our overpayment recovery unit at (818) 234-3289 between 8:30 AM and 4:30 PM Pacific Standard Time.

If you disagree with a Blue Cross claim or billing determination, or Blue Cross' request for reimbursement of an overpayment, or if you have a contract dispute, you may submit a provider dispute by mailing written notice to us at P.O. Box 60007, Los Angeles, CA 90060-0007. The written notice must include the provider name, tax identification number, patient name, health plan identification number, description of dispute, and whether this is a single dispute or a substantially similar multiple claims dispute. Disputes involving a claim, billing or overpayment must also include the service "From/To" date. Further instructions and forms are available via Blue Cross of California's web site at www.bluecrossca.com or call the customer service number referenced on the member's identification card. State dispute resolution requirements are preempted by Federal law. If you have a dispute involving a Blue Cross Medicare+Choice member, please follow applicable Centers for Medicare & Medicaid dispute resolution procedures.

Sincerely,

Jeff Smith
Staff Vice President

Enclosure: Return Envelope
JB/T1L3

(TEAR OFF HERE)

(PLEASE RETURN THIS PART WITH YOUR CHECK)

KINDRED HOSPITAL SAN DIEG
1940 EL CAJON BL
SAN DIEGO, CA 92104

MBS: 70F Location: X ADJ RSN: F09

| PATIENT | DATE OF SERVICE | GROUP # | ID # | CLAIM # | PAYEE | DATE |
|---|---|---|---|---|---|---|
| ANN SHIMSKY | 10/01/04-10/15/04 | FEPSTD | R50142289 | 05039670130 | 052036-003 | 03/14/05 |

AMOUNT DUE: $49046.14

MAKE CHECK PAYABLE TO:

Blue Cross of California
P.O. Box 4194
Woodland Hills CA 91365

BCBCR 8/95
BC1BCR

® Registered Mark of the Blue Cross Association

BlueCross of California

July 28, 2005

RECEIVED
AUG 03 2005
By________

KINDRED HEALTHCARE OPERATING, INC.
Attn: Accounts Payable Dept.
680 South Fourth St.
Louisville, KY 40202

| | | | |
|---|---|---|---|
| Patient: | ANN P. SHIMSKY | Total Charges: | $ 49,559.27 |
| HCID No.: | XXXX42289 | Previous Benefit: | $ 49,046.14 |
| Group No.: | FEPSTD | Correct Benefits: | $ 0.00 |
| Claim No.: | 05039670130 | Overpayment: | $ 49,046.14 |
| Date(s) of Service: | 10/01/04 – 10/15/04 | Account No.: | EJAB9584 |

San Diego

Dear Provider:

It's been three months since we first contacted you about the above-referenced overpayment. We are asking that you remit payment immediately to the address listed below. If payment is not received within 10 days from the date of this letter, the outstanding balance will be turned over to a collection service.

If you believe the above-referenced overpayment is incorrect, please contact us between the hours of 8:30 a.m. to 4:30 p.m., Pacific Standard Time at (818) 234-3289. To remit payment, please send a check to:

**Blue Cross of California**
**PO Box 4194**
**Woodland Hills, CA 91365**
**Attn.: Collections Area AC-10J**

We look forward to hearing from you soon.

If you disagree with a Blue Cross claim or billing determination, or Blue Cross' request for reimbursement of an overpayment, or if you have a contract dispute, you may submit a provider dispute by mailing written notice to us at P.O. Box 60007, Los Angeles, CA 90060-0007. The written notice must include the provider name, tax identification number, patient name, health plan identification number, description of the dispute, and whether this is a single dispute or a substantially similar multiple claims dispute. Disputes involving a claim, billing or overpayment must also include the service "From/To" date. Further instructions and forms are available via Blue Cross of California's web site at www.bluecrossca.com or call the customer service number referenced on the member's identification card. State dispute resolution requirements are preempted by Federal law. If you have a dispute involving a Blue Cross Medicare+Choice member, please follow applicable Centers for Medicare & Medicaid dispute resolution procedures.

Sincerely,

Roderick Mosley
Manager
Cost Containment

**Kindred Healthcare Op   ating, In**
Attn: A/P Department
680 South Fourth Street
Louisville, KY 40202

CHECK DATE 08/.  05 CHECK NUMBER 0000003787146
VENDOR NO 1030

| InvDt/FacNo. | InvoiceNo/Description | Purchase Order No. | Invoice Amount | Discount Amt | Invoice Net |
|---|---|---|---|---|---|
| 08/19/2005<br>4848 | EJ 1058965A<br>Kindred Hospital - San Diego<br>SAN DIEGO CA 92104-1096 (619)543-4500<br>4848*** | | 49,046.14 | 0.00 | 49,046.14 |
| Total | | | 49,046.14 | 0.00 | 49,046.14 |

RECD AUG 2 9 2005

THIS MULTI-TONE AREA OF THE DOCUMENT CHANGES COLOR GRADUALLY AND EVENLY FROM DARK TO LIGHT WITH DARKER AREAS BOTH TOP AND BOTTOM.

**Kindred Healthcare Operating, Inc.**
Attn: A/P Department
680 South Fourth Street
Louisville, KY 40202

Bank of New York-Delaware 62-35 / 311
Newark, DE

DATE 08/25/2005

03787146

PAY THIS AMOUNT $ *****49,046.14*

FORTY-NINE THOUSAND FORTY-SIX Dollars and 14/100

Pay to the Order of

Blue Cross of California
P.O. Box 4194
Woodland Hills CA 91365

Non-Negotiable After 120 Days

Hank Robinson

Authorized Agent(s) of the Corporation

Blue Cross of California

FEP
P.O. BOX 70000
VAN NUYS, CA 914..

# REMITTANCE ADVICE

| ISSUE DATE | PAGE C000120 |
|---|---|
| February 14, 2005 | 00002 OF 00004 |

SEQUENCE NUMBER: 052036-003 200500006

052036
KINDRED HOSPITAL SAN DIEG
1940 EL CAJON BL
SAN DIEGO, CA 92104

INPATIENT

| PATIENT ACCT NUMBER / CLAIM NUMBER | PATIENT NAME / NETWORK CLAIM NBR | MEMBER ID NUMBER | CONTRACT TYPE / ACTION CODE | SERVICE DATES FROM TO / REIM RATE / NETWORK | APPROVED DAYS / PAID DAYS | TOTAL CHARGES / COVERED CHARGES | PROVIDER LIABILITY / MEMBER LIABILITY | CLAIMS PAID AMOUNT |
|---|---|---|---|---|---|---|---|---|
| EJAB9584<br>05039670130 | SHIMSKY A | R50142289 | FEPI<br>PAID | 100104 101504<br>100%/NW01 | 000<br>0 | 49559.27<br>49046.14 | 0.00<br>513.13 | 49046.14 |

## EXPLANATION OF CODES

CONTRACT TYPES:
FEPI: FEP Members

NETWORK:
NW01: NON-PARTICIPATING

ACTION CODES:

**THIS IS NOT A BILL**

...4450B000266

Blue Cross of California
FEP
P.O. BO' '00
VAN NU .A 9147'

REMIT NCE ICE

| ISSUE DATE | PAGE E000024 |
|---|---|
| March 11, 2005 | 00001 OF 00003 |

SEQUENCE NUMBER: 052036-003 200500011

052036
KINDRED HOSPITAL SAN DIEG
1940 EL CAJON BL
SAN DIEGO, CA 92104

INPATIENT

| PATIENT ACCT NUMBER / CLAIM NUMBER | PATIENT NAME / NETWORK CLAIM NBR / MEMBER ID NUMBER | CONTRACT TYPE / ACTION CODE | SERVICE DATES FROM TO / REIM RATE / NETWORK | APPROVED DAYS / PAID DAYS | TOTAL CHARGES / COVERED CHARGES | PROVIDER LIABILITY / MEMBER LIABILITY | CLAIMS PAID AMOUNT |
|---|---|---|---|---|---|---|---|
| EJAB9584 | SHIMSKY A | FEPI | 100104 101504 | 000 | 49559.27- | 0.00 | |
| 05039870130 | R50142289 | F09 | 100%/ | 0 | 49046.14- | 513.13- | 49046.14- |
| REFER TO SEQ. NO. 052036-00 200500006 | | | | | | | |
| EJAB9584 | SHIMSKY A | FEPI | 100104 101504 | 000 | 49559.27 | 0.00 - | |
| 05039870130 | R50142289 | F09 | 100%/NW01 | 0 | 0.00 | 49559.27 | 0.00 |

EXPLANATION OF CODES

| CONTRACT TYPES: | NETWORK: | ACTION CODES: |
|---|---|---|
| FEPI: FEP Members | NW01: NON-PARTICIPATING | F09 = Incorrect Benefits Applied |

THIS IS NOT A BILL

1152B000801

# Exhibit J

Kindred Hospital
San Diego

07-11-03

ANN SHIMSKY
C/O ARNOLD SHIMSKY
1255 ESSEX STREET
IMPERIAL BEACH, CA 91932

REGARDING DATE OF SERVICE:
JUNE 3RD THRU JUNE JUNE 15TH 2003 $26,916.10
JUNE 16TH THRU JUNE 30TH 2003 $31,026.28

TO: ANN SHIMSKY
C/O ARNOLD SHIMSKY

WE HAVE BEEN INFORMED BY BLUE SHIELD OF CALIFORNIA PHYSICIAN ADVISOR THE INPATIENT HOSPITIAL STAY AND KINDRED HOSPITAL SAN DIEGO IS NO LONGER MEDICALLY NECESSARY AND THE PRINCIPAL REASON OF DENIAL IS THAT SERVICES COULD BE PROVIDED AT A LOWER LEVEL OF CARE. PER BLUE SHIELD OF CALIFORNIA THE EXPECTED TRANSFER DATE IS JUNE 4,2003. IF THE HOSPITALSTAY EXCEEDS THE EXPECTED TRANSFER DATE , THE SUBSCRIBER IS FINANCIAL RESPONSIBLE. THE BALANCE SHOWN BELOW IS NOW YOUR RESPONSBILITY. PLEASE SEND YOU PAYMENT TO THE ADDRESS BELOW. IF YOU HAVE ANY QUESTIONS OR NEED ADDITIONAL INFORMATION PLEASE CONTACT OUR BUISNESS OFFICE AT 619/543-4500X4165. PAYMENT INSTALLMENTS MAY BE MADE IF NEEDED.

PATIENT ACCOUNT BAL: $57,942.38

SINCERELY,

Rosie

ROSIE MONTOYA, BILLER/COLLECTOR
KINDRED HOSPITAL SAN DIEGO
1940 EL CAJON BLVD
SAN DIEGL, CA 92104
619/543-4500X4165

DECEMBER 21, 2004

ANN SHIMSKY
1255 ESSEX STREET
IMPERIAL BEACH, CA 91932

DATE OF SERVICE:
August 1 2004 though August 31 2004
September 1 2004 through September 30 2004
KINDRED HOSPITAL SAN DIEGO

TO: ANN SHIMSKY
ACC# EJ1058965

Your insurance company has denied payment on your claim stating "Services Not Covered". The balance shown below is now your responsibility. Please send you payment to the address below. If you have any questions or need additional assistance please contact our business office at 619/543-4500x4273. Payment installments may be made if needed.

Patient Account Balance $212,823.46

THANK YOU

DEBBIE ANDERSON / BILLER-COLLECTOR
KINDRED HOSPITAL SAN DIEGO
1940 El Cajon Blvd.
San Diego, CA 92104
619/543-4500x4165

cc: Susan Bailey

# Exhibit K

# SUPERIOR CO[illegible]RT OF CALIFORNIA, COUN[illegible] OF SAN DIEGO

CALENDAR NO. 1

| NUMBER | COMPLAINT DATE | HEARING DATE | HEARING TIME | DEPT | COURT USE ONLY |
|---|---|---|---|---|---|
| GIC847844 | 05-20-05 | 07/22/05 | 09:00AM | 25 | F D Clerk of the Superior Court JUL 22 2005 By: M. MASES, Deputy |

| JUDGE/COMMISSIONER | CLERK |
|---|---|
| HON. FRANCIS M. DEVANEY | M MASES |

REPORTER: ~~G VILLEGAS 11273~~ MICHAEL SHANE GALLIVAN CSR #5169   CSR #

P.O.BOX 120128, SAN DIEGO, CA 92112-0128

| PLAINTIFF/PETITIONER | DEFENDANT/RESPONDENT |
|---|---|
| KINDRED HOSPITAL-SAN DIEGO | ARNOLD SCHIMSKY [signature] |

| ATTORNEY FOR PLAINTIFF/PETITIONER | ATTORNEY FOR DEFENDANT/RESPONDENT |
|---|---|
| KAREN A. BOCKER (1) [signature] ☐P ☐NP | David Hinton [signature] ☒P ☐NP |

1. PLAINTIFF WORKPLACE HARASSMENT TRO (ARNOLD SCHIMSKY)

THIS MATTER HAVING COME BEFORE THE COURT THIS DATE, THE COURT ORDERS:

(Special Appearance Attorney Hartley = D-16, CA C-[illegible] (telephoned))

☐ PRIOR TO CALENDAR CALL ☐ OFF-CALENDAR ☐ GRANTED ☐ BONDS ____________

☐ DENIED ☐ WITH/WITHOUT PREJUDICE

☐ PRIOR TO CALENDAR CALL ☒ CONT. TO 11-18-05 IN DEPT 25 AT 9:00

☒ TRO ☑ CONTINUED ☐ VACATED

☒ ALL PREVIOUS ORDERS REMAIN IN FULL FORCE AND EFFECT.

☐ TAKEN UNDER SUBMISSION.

☐ JUDGMENT DEBTOR ____________ ☐ SWORN AND EXAMINED ☐ NOT PRESENT

☐ WARRANT OF ATTACHMENT TO ISSUE WITH BAIL SET AT $ ____________

☐ DEMURRER ☐ GENERAL ☐ SPECIAL ☐ OVERRULED ☐ ___ DAYS TO ANSWER

CAUSES ______, ______, ______, ______, ______, ______, ______, ______

☐ DEMURRER ☐ GENERAL ☐ SPECIAL ☐ SUSTAINED ☐ ___ DAYS TO AMEND OR COURT WILL DEEM DISMISSED ☐ WITHOUT LEAVE

CAUSES ______, ______, ______, ______, ______, ______, ______, ______

GROUNDS ____________ ☐ PER MOVING POINTS AND AUTHORITIE

☐ SUMMARY ADJUDICATION OF ISSUES:

____________ ARE GRANTED. ____________ ARE DENIE

☐ SANCTIONS AWARDED $ ______ AGAINST: ____________ JOINTLY & SEVERALL

PAYABLE ON OR BEFORE ______ TO: ____________ ☐ SANCTIONS DENIED ☐ SANCTIONS SUSPENDE

☐ NOTICE WAIVED ☐ DISPOSES OF ENTIRE ACTION ☐ DOES NOT DISPOSE OF ENTIRE ACTION

☐ PREVAILING PARTY TO PREPARE AND FILE FORMAL ORDER PURSUANT TO CRC 391.

☐ OTHER

[signature]

Dated: 07/22/05    JUDGE/COMMISSIONER OF THE SUPERIOR COURT

SUPCT CIV-718(Rev. 2-98)    MOT-MINUTES/ORDER OF THE COURT

K
51

WV-120

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Giovanniello & Michels, LLP
Karen A. Bocker (State Bar No. 213764)
1470 S. Valley Vista Drive, Suite 200
Diamond Bar, CA 91765

TELEPHONE NO.: (909) 396-1964 FAX NO. (Optional): (909) 396-0885
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Plaintiff, Kindred Hospital - San Diego

FOR COURT USE ONLY

FILED
Clerk of the Superior Court
MAY 20 2005

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS: P.O. Box 122724
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Hall of Justice - Central Division

PLAINTIFF: Kindred Hospital - San Diego
DEFENDANT: Arnold Schimsky
EMPLOYEE: Krista McWilliams, et al

**ORDER TO SHOW CAUSE (Workplace Violence)**
**AND [✓] TEMPORARY RESTRAINING ORDER (CLETS)**

CASE NUMBER: GIC 847844

**THIS ORDER SHALL EXPIRE AT THE DATE AND THE TIME OF THE HEARING SHOWN IN THE BOX BELOW UNLESS EXTENDED BY THE COURT.**

1. **TO DEFENDANT** (name): Arnold Schimsky

2. **YOU ARE ORDERED** to appear in this court at the date, time, and place shown in the box below to give any legal reason why the order sought and the other relief requested in the petition should not be granted.

**NOTICE OF HEARING**

a. Date: JUN - 3 2005 Time: 9:00 A.M. Dept.: 25 Room:

b. The address of the court where the hearing will be held [✓] is shown above [ ] is (specify):

3. You have the right to attend the hearing to oppose the petition, with or without an attorney. If you do not attend the hearing, the court may grant the requested orders without any further notice to you. The court may make these orders enforceable for a period not to exceed three years, after which they may be renewed by the filing of a new petition. You should read the instructions on page two of this form. A complete instruction booklet (form WV-150) is available from the clerk's office located at the court shown above.

4. **IT IS FURTHER ORDERED** that
   a. Plaintiff shall serve this *Order to Show Cause*, the attached *Petition of Employer for Injunction Prohibiting Violence or Threats of Violence Against Employee (Workplace Violence)* (form WV-100), and any other supporting papers by *(specify manner of service)*: no later than *(date)*:
   b. Any opposition papers shall be filed and served on plaintiff by *(specify manner of service)*: no later than *(date)*:
   c. Any reply papers shall be filed and served by *(specify manner of service)*: no later than *(date)*:
   d. Proof of service of plaintiff's papers shall be delivered to the court hearing the *Order to Show Cause* no later than *(date)*:

Date: 5/20/05

[signature]
JUDICIAL OFFICER

[ ] SIGNATURE FOLLOWS LAST ATTACHMENT



Form Adopted for Mandatory Use Judicial Council of California Approved by DOJ WV-120 [Rev. January 1, 2002]

**ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER (CLETS) (Workplace Violence)**

Code of Civil Proc., §§ 527.8, 527.9; Penal Code, § 273.6(e) www.courtinfo.ca.gov

American LegalNet, Inc. www.USCourtForms.com

| PLAINTIFF (Name): Kindred Hospital - San Diego<br>DEFENDANT (Name): Arnold Schimsky | CASE NUMBER: |
|---|---|

## TEMPORARY RESTRAINING ORDER

**THE COURT FINDS**

5. a. The defendant is *(name)*: Arnold Schimsky

Sex: [✓] M [ ] F Ht.: 6ft+ Wt.: 170 Hair color: grey Eye color: unk Race: white Age: 63 Date of birth: 3-20-42

b. The protected employee is *(name)*: See Attachment 5b

fb 5/30/08

Sex: [ ] M [✓] F Date of birth: 12-02-68

c. Protected family or household members who reside with employee are:

(1) *(Name)*:

Sex: [ ] M [ ] F Date of birth: ____________

(2) *(Name)*:

Sex: [ ] M [ ] F Date of birth: ____________

(3) *(Name)*:

Sex: [ ] M [ ] F Date of birth: ____________ [ ] Continued on Attachment 5c.

**UNTIL THE TIME OF HEARING, IT IS ORDERED**

6. [✓] **CONDUCT ORDERS**

Defendant is prohibited from further violence or threats of violence against the protected persons and SPECIFICALLY IT IS ORDERED THAT DEFENDANT

a. [✓] shall not assault, batter, or stalk the employee and other protected persons

b. [✓] shall not follow or stalk the employee and other protected persons to or from the place of work

c. [✓] shall not follow the employee and other protected persons during hours of employment

fb 5/30/08 d. [----] shall not telephone or send correspondence to the employee and other protected persons by any means including, but not limited to, the use of the public or private mails, interoffice mail, fax, or computer e-mail

e. [ ] shall not enter the workplace of the employee and other protected persons

f. [✓] other *(specify)*: SEE ATTACHMENT 10

7. [ ] **STAY-AWAY ORDER**

Defendant is ordered to stay at least *(specify)*: ____________ yards away from the following persons and places *(the addresses of the places are optional and may be kept confidential)*:

a. [ ] Employee and other protected persons named in item 5.

b. [ ] Residence of employee and other protected persons *(address optional)*:

c. [ ] Place of work of employee and other protected persons *(address optional)*:

d. [ ] School or place of child care of children of employee and other protected persons *(address optional)*:

e. [ ] The employee's and other protected persons' vehicles

f. [ ] Other *(specify)*:
*(address optional)*:

8. [ ] Contacts relating to pickup and delivery of children under a court order or a court-approved stipulation of the parties arrived at during mediation shall be permitted, unless a criminal protective order or other restraining order prohibits such contacts.

| PLAINTIFF (Name): Kindred Hospital - San Diego<br>DEFENDANT (Name): Arnold Schimsky | CASE NUMBER: |
|---|---|

9. **MANDATORY FIREARM RELINQUISHMENT ORDER**
The restrained person must surrender to local law enforcement or sell to a licensed gun dealer any firearm in or subject to his or her immediate possession or control within
a. [ ] ~~24 hours after issuance of this order (if restrained person is present at hearing).~~
b. [✓] 48 hours after service of this order (if restrained person is not present at hearing).
c. [ ] other *(specify)*:

If the restrained person owns, possesses, or controls any firearms, he or she must file a receipt with the court showing compliance with this order within 72 hours of receiving this order. *(Form WV-145 is available for this purpose.)*

10. [✓] **OTHER ORDERS** *(specify)*: See attachment 10

[✓] ~~Continued on Attachment 10.~~

11. **SERVICE ON DEFENDANT**
The documents listed below must be personally served on the defendant:
a. *Order to Show Cause and Temporary Restraining Order (CLETS) (Workplace Violence)* (form WV-120)
b. *Petition of Employer for Injunction Prohibiting Violence or Threats of Violence Against Employee (Workplace Violence)* (WV-100)
c. Blank *Response to Petition of Employer for Injunction Prohibiting Violence or Threats of Violence Against Employee (Workplace Violence)* (WV-110)
d. Blank *Proof of Service By Mail of Completed Response (Workplace Violence)* (form WV-131)
e. Blank *Proof of Sale or Turning In of Firearms* (form WV-145)
f. Other *(specify)*:

12. [ ] **ORDER SHORTENING TIME**
Application for an order shortening time is granted and the documents listed in item 11 shall be personally served on the defendant by the date specified in item 4a.

13. **DELIVERY TO LAW ENFORCEMENT**
By the close of business on the date of this order, a copy of this order and any proof of service shall be given to the law enforcement agencies listed below as follows:
a. [ ] Plaintiff shall deliver.
b. [✓] Plaintiff's attorney shall deliver.

| Law enforcement agency | Address |
|---|---|
| County Sheriff | 220 W. Broadway, San Diego, CA 92101 |

Date: 5/20/05

[signature]
JUDICIAL OFFICER

[ ] SIGNATURE FOLLOWS LAST ATTACHMENT

A true copy MAY 2 0 2005 ... Clerk of the Superior Court By ... LINDA LAURENCE Deputy

This order is effective when made. It is enforceable anywhere in all 50 states, the District of Columbia, all tribal lands and all U.S. territories and shall be enforced as if it were an order of that jurisdiction by any law enforcement agency that has received the order, is shown a copy of the order, or has verified its existence on the California Law Enforcement Telecommunications System (CLETS). Violations of this restraining order are subject to criminal penalties.

**NOTICE REGARDING FIREARMS**
**Any person subject to a restraining order is prohibited from owning, possessing, purchasing or attempting to purchase, receiving or attempting to receive, or otherwise obtaining a firearm. Such conduct is subject to a $1,000 fine and imprisonment. The person must surrender to local law enforcement or sell to a licensed gun dealer any firearm in or subject to his or her immediate control in accordance with item 9 above.**

| PLAINTIFF (Name): Kindred Hospital - San Diego<br>DEFENDANT (Name): Arnold Schimsky | CASE NUMBER: |
|---|---|

# INSTRUCTIONS FOR THE DEFENDANT

1. If you are served with an *Order to Show Cause (Workplace Violence)* [OSC] (form WV-120) and a *Petition of Employer for Injunction Prohibiting Violence or Threats of Violence Against Employee* [Petition] (form WV-100), you should promptly seek legal advice. If you have no attorney, the attorney's reference service of your local bar association may be of assistance.

2. Read the papers served on you very carefully. The **OSC** tells you when to appear in court and may contain a temporary restraining order forbidding you from doing certain things. **If you disobey the court's orders, criminal charges may be filed against you.**

3. If you wish to oppose the **Petition**, or make your own request for court orders, you should file a *Response to Petition of Employer for Injunction Prohibiting Violence or Threats of Violence Against Employee* [**Response**] (form WV-110).

   In addition to the **Response**, you may file and serve declarations signed by persons who have personal knowledge of the facts. A declaration form (form MC-031) is available from the clerk's office of the court shown on page one of this form. If you do not know how to prepare a declaration, you should see an attorney. After you have filed the **Response** with the clerk of the court, a copy must be delivered personally or by mail to the plaintiff or the plaintiff's attorney.

   You cannot serve the plaintiff yourself. The person who serves the plaintiff should complete and sign a *Proof of Service by Mail of Completed Response (Workplace Violence)* (form WV-131). You should take the completed form back to the court clerk or bring it with you to the hearing.

4. If you wish to oppose the petition, in addition to filing a **Response** you should be present at the hearing. If you have any witnesses, they must also be present.

5. An instruction booklet entitled *Instructions for Petitions to Prohibit Workplace Violence* (form WV-150) is available from the clerk's office at the court shown on page one of this form.

## Requests for Accommodations

Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the clerk's office for *Request for Accommodations by Persons With Disabilities and Order* (form MC-410). (Civil Code section 54.8.)

ATTACHMENT 5b – Order to Show Cause and Temporary Restraining Order (CLETS)
Kindred Hospital San Diego vs. Arnold Schimsky

Krista McWilliams
Ray De La Cruz
Frank Turtoria
Pete Nolan
Susan Bailey
Chita Bagon
Paula De Jesus
Woini Gebrekidion
Ann Patterson
Cindie Burton
Juliett Brandel

and all other personnel of Kindred Hospital
PD 5/20/05

ATTACHMENT 10 - Order to Show Cause and Temporary Restraining Order (CLETS)
Kindred Hospital San Diego vs. Arnold Schimsky

Defendant may visit his mother during regular visiting hours. Upon arrival to the hospital he must check in at the front desk and be escorted to his mother's room. He may not wander the halls during his visits to his mother. He may not follow the employees during his visits to his mother. Should Mr. Schimsky leave his mother's room while visiting at the hospital, he must be escorted ~~and supervised while in~~ to any other area of the hospital such as the men's room or cafeteria. He shall be escorted back to his mother's room. When defendant leaves the hospital he must be escorted out of his mother's room to the exit. Nothing in this paragraph is intended to prevent or restrict defendant from seeking immediate staff attention to a legitimate emergency involving his mother. FD 5/20/05 FD 5/20/05

Defendant may not touch any medical equipment while at the hospital. He may collect the data he seeks regarding his mother from the following designated liaisons for that purpose: Charlotte Brehm; Rebecca Palmares; Sally Charleston; Nena Galan; and Erlinda Mariano. Upon ~~written~~ request the defendant will be provided copies of his mother's hospital chart every ~~two (2) weeks~~ week. FD 5/20/05

Defendant is ordered not to carry any items in which a weapon can be concealed. Any bags and/or containers shall be subject to ~~search, inspection and~~ retention by hospital security and will only be returned to defendant when he leaves the hospital. FD 5/20/05

# Exhibit L

MAY-19-05 THU 08:37 AM KINDRED FAX NO. 917732792530 P. 03

Kenneth N. Hamilton, SBN 222586
4670 Nebo Drive, Suite 101
La Mesa, California 91941-5230
Telephone: (619) 337-8491
Facsimile: (619) 337-8495

Attorney for Petitioner,
Arnold Schimsky

FILED
PROBATE DIVISION
2005 MAY 17 P 4:23
CLERK, SUPERIOR COURT
SAN DIEGO COUNTY, CA

**SUPERIOR COURT OF CALIFORNIA FOR THE COUNTY OF SAN DIEGO**

**CENTRAL DIVISION**

| | |
|---|---|
| ARNOLD D. SCHIMSKY, attorney-in-fact for Ann Shimsky, Petitioner, vs. KINDRED HOSPITAL – SAN DIEGO, Respondent. | Case No. P 188885 |
| ANN P. SHIMSKY, Patient. | **VERIFIED PETITION TO COMPEL KINDRED HOSPITAL – SAN DIEGO TO HONOR AUTHORITY UNDER POWER OF ATTORNEY FOR HEALTH CARE AND FOR DAMAGES** [Prob. Code; §§ 4730; 4742] SET FOR HEARING JUN 28 2005 10:00 A.M. F10 1409 FOURTH AVE. |

Petitioner, ARNOLD D. SCHIMSKY, alleges:

1. Petitioner is the attorney-in-fact of Ann P. Shimsky under a Power of Attorney for Health Care executed on August 10, 2000 pursuant to section 4670, et. seq. (formerly section 4711) of the Probate Code, a copy of which is attached as **Exhibit 1** and incorporated herein by reference, and has standing to bring this petition under Probate Code section 4765. Petitioner is also Ms. Shimsky's son.

2. Venue is proper per section 4763 of the Probate Code in that the patient and the surrogate reside in the County of San Diego and within the Central Division of the San Diego County Superior Court.

3. Kindred Hospital – San Diego is an unknown business entity with a principal place of

business in the State of California, County of San Diego. The Hospital is a Health Care Institution per section 4619 of the Probate Code. Ms. Shimsky is a patient at the Hospital.

4. The Hospital employs and contracts health care providers who act at the Hosptial's direction and control. At all times relevant to this petition, such health care providers were acting in the course and scope of their duties assigned by the Hospital.

5. A physician has determined that Ms. Shimsky is unable to make her own health care decisions.

6. A proceeding under this petition is reasonably necessary for the protection and the interests of the patient.

7. Ms. Shimsky has been a patient at the Hospital since July 2002. Throughout this time, Petitioner has been her agent under a Power of Attorney for Health Care ("POAHC.")

8. Pursuant to his authority granted under the POAHC, while Ms. Shimsky was a patient at the Hospital, Mr. Schimsky has consistently and regularly made health care decisions for Ms. Shimsky.

9. Pursuant to his authority granted under the POAHC, while Ms. Shimsky was a patient at the Hospital, Mr. Schimsky has consistently and regularly requested, reviewed and obtained information regarding Ms. Shimsky's health in order to give his fully informed consent to health care and to exercise his right to refuse any proposed treatment of Ms. Shimsky.

10. Specifically, since Ms. Shimsky was admitted to the Hospital as a patient, Mr. Schimsky has requested and obtained information regarding the patient's health, including daily reports pertaining to her condition and activities. Mr. Schimsky has also visited Ms. Shimsky daily for several hours on average to provide her with comfort and attention, to obtain her medical information, and to review the health care she is receiving.

11. While acting as Ms. Shimsky's agent, on multiple occasions, Mr. Schimsky has assisted her treating medical professionals in identifying unhealthful medical conditions of Ms. Shimsky and their origin.

12. At least as far back as March 2005 and still continuing as of the filing of this petition,

the Hospital has refused to honor Mr. Schimsky's authority as attorney-in-fact for Ms. Shimsky pursuant to her POAHC. Specifically, the Hospital has prevented Mr. Schimsky from obtaining the patient's medical information by imposing conditions and limitations that make the task of obtaining the patient's medical information all but impossible, and when medical information is obtained, it is stale. Additionally, for no good cause the Hospital has limited visitation between Mr. Schimsky and Ms. Shimsky to one-half hour per day from the usual visitation hours of 9:00 a.m. to 10:00 p.m. Finally, Mr. Schimsky has expressly ordered the Hospital to refrain from directing a particular Health Care Provider to provide health care to Ms. Shimsky due to the fact that the particular person provided abusive care to Ms. Shimsky and poses a substantial risk of harm towards her, but the Hospital has disregarded Mr. Schimsky's order notwithstanding the fact that it is the custom and practice of the Hospital to have at least two respiratory therapists on site at all times.

13. Mr. Schimsky is informed and believes that the Hospital's actions against Mr. Schimsky and Ms. Shimsky is done to retaliate against Mr. Schimsky for demanding that Ms. Shimsky receive a portable ventilator that has been refused by the Hospital despite the fact that it would be covered by the patient's insurance and it was prescribed by a treating physician, for contacting Hospital quality management and public authorities to file complaints against the Hospital, for recording health care related information and hospital staff activities in a personal notebook, and for talking to other visitors of the Hospital. Additionally, Mr. Schimsky is informed and believes that the Hospital is short-staffed, and this fact is demonstrated to Mr. Schimsky while he is at the Hospital for every visit with Ms. Shimsky.

14. Such conduct by the Hosptial constitutes intentional violations of its duties towards Ms. Shimsky as a Health Care Institution thereby subjecting the Hospital to liability under section 4742 of the Probate Code for the greater of actual damages resulting from the violations or $2,500.00 per violation.

15. As a direct and proximate result of the Hospital's failure to honor Mr. Schimsky's authority pursuant to Ms. Shimsky's POWHC and intentionally interfering with Mr. Schimsky's

ability to discharge his duties under the POWHC, Ms. Shimsky is at risk of suffering serious physical harm, and has suffered severe emotional distress.

16. An order from the Court compelling Respondent to honor Petitioner's authority is in the public interest, Petitioner has no adequate remedy at law, and a balancing of the respective equities and hardships of Petitioner and Respondent favors granting the equitable relief sought in the petition.

17. Petitioner has made a good faith effort to settle his dispute with Respondent out of court, but Respondent has failed to adequately reciprocate.

WHEREFORE, Petitioner prays for the following:

1. An order enjoining Kindred Hospital – San Diego from delaying and withholding information regarding Ms. Shimsky's health from Mr. Schimsky;

2. An order enjoining Kindred Hospital – San Diego from limiting Mr. Schimsky's visitation to any less than the regular visitation hours of 9:00 a.m. to 10:00 p.m.;

3. An order enjoining Kindred Hospital – San Diego from disregarding orders from Mr. Schimsky that the Hospital refrain from directing a particular Health Care Provider to provide health care to Ms. Shimsky;

4. An award of the greater of statutory damages of $2,500.00 per willful violation of section 4730, et seq. of the Probate Code or actual damages.

5. An award of reasonable attorneys fees per section 4742 of the Probate Code;

6. An award of costs, and any additional relief the court may grant in the interest of justice.

Respectfully submitted,

Dated: May 17, 2005

Kenneth N. Hamilton,
Attorney for Arnold Schimsky

EXHIBIT 1

STATUTORY FORM
DURABLE POWER OF ATTORNEY FOR HEALTH CARE
(California Probate Code Section 4771)

WARNING TO PERSON EXECUTING THIS DOCUMENT

THIS IS AN IMPORTANT LEGAL DOCUMENT WHICH IS AUTHORIZED BY THE KEENE HEALTH CARE AGENT ACT. BEFORE EXECUTING THIS DOCUMENT, YOU SHOULD KNOW THESE IMPORTANT FACTS:

THIS DOCUMENT GIVES THE PERSON YOU DESIGNATE AS YOUR ATTORNEY-IN-FACT THE POWER TO MAKE HEALTH CARE DECISIONS FOR YOU. YOUR ATTORNEY-IN-FACT MUST ACT CONSISTENTLY WITH YOUR DESIRES AS STATED IN THIS DOCUMENT OR OTHERWISE MADE KNOWN.

EXCEPT AS YOU OTHERWISE SPECIFY IN THIS DOCUMENT, THIS DOCUMENT GIVES YOUR ATTORNEY IN FACT THE POWER TO CONSENT TO YOUR DOCTOR NOT GIVING TREATMENT OR STOPPING TREATMENT NECESSARY TO KEEP YOU ALIVE.

NOTWITHSTANDING THIS DOCUMENT, YOU HAVE THE RIGHT TO MAKE MEDICAL AND OTHER HEALTH CARE DECISIONS FOR YOURSELF SO LONG AS YOU CAN GIVE INFORMED CONSENT WITH RESPECT TO THE PARTICULAR DECISION. IN ADDITION, NO TREATMENT MAY BE GIVEN TO YOU OVER YOUR OBJECTION AT THE TIME, AND HEALTH CARE NECESSARY TO KEEP YOU ALIVE MAY NOT BE STOPPED OR WITHHELD IF YOU OBJECT AT THE TIME.

THIS DOCUMENT GIVES YOUR AGENT AUTHORITY TO CONSENT, TO REFUSE TO CONSENT, OR TO WITHDRAW CONSENT TO ANY CARE, TREATMENT, SERVICE, OR PROCEDURE TO MAINTAIN, DIAGNOSE, OR TREAT A PHYSICAL OR MENTAL CONDITION. THIS POWER IS SUBJECT TO ANY STATEMENT OF YOUR DESIRES AND ANY LIMITATIONS THAT YOU INCLUDE IN THIS DOCUMENT. YOU MAY STATE IN THIS DOCUMENT ANY TYPES OF TREATMENT THAT YOU DO NOT DESIRE. IN ADDITION, A COURT CAN TAKE AWAY THE POWER OF YOUR ATTORNEY-IN-FACT TO MAKE HEALTH CARE DECISIONS FOR YOU IF YOUR ATTORNEY-IN-FACT (1) AUTHORIZES ANYTHING THAT IS ILLEGAL, (2) ACTS CONTRARY TO YOUR KNOWN DESIRES, OR (3) WHERE YOUR DESIRES ARE NOT KNOWN, DOES ANYTHING THAT IS CLEARLY CONTRARY TO YOUR BEST INTERESTS.

THE POWERS GIVEN BY THIS DOCUMENT WILL EXIST FOR AN INDEFINITE PERIOD OF TIME UNLESS YOU LIMIT THEIR DURATION IN THIS DOCUMENT.

YOU HAVE THE RIGHT TO REVOKE THE AUTHORITY OF YOUR AGENT BY NOTIFYING YOUR AGENT OR YOUR TREATING DOCTOR, HOSPITAL, OR OTHER HEALTH CARE PROVIDER ORALLY OR IN WRITING OF THE REVOCATION.

YOUR AGENT HAS THE RIGHT TO EXAMINE YOUR MEDICAL RECORDS AND TO CONSENT TO THEIR DISCLOSURE UNLESS YOU LIMIT THIS RIGHT IN THIS DOCUMENT.

UNLESS YOU OTHERWISE SPECIFY IN THIS DOCUMENT, THIS DOCUMENT GIVES YOUR ATTORNEY-IN-FACT THE POWER AFTER YOU DIE TO (1) AUTHORIZE AN AUTOPSY, (2) DONATE YOUR BODY OR PARTS THEREOF FOR TRANSPLANT OR THERAPEUTIC OR EDUCATIONAL OR SCIENTIFIC PURPOSES, AND (3) DIRECT THE DISPOSITION OF YOUR REMAINS.

THIS DOCUMENT REVOKES ANY PRIOR DURABLE POWER OF ATTORNEY FOR HEALTH CARE.

YOU SHOULD CAREFULLY READ AND FOLLOW THE WITNESSING PROCEDURE DESCRIBED AT THE END OF THIS FORM. THIS DOCUMENT WILL NOT BE VALID UNLESS YOU COMPLY WITH THE WITNESSING PROCEDURES.

IF THERE IS ANYTHING IN THIS DOCUMENT THAT YOU DO NOT UNDERSTAND, YOU SHOULD ASK A LAWYER TO EXPLAIN IT TO YOU.

YOUR AGENT MAY NEED THIS DOCUMENT IMMEDIATELY IN CASE OF AN EMERGENCY THAT REQUIRES A DECISION REGARDING YOUR HEALTH CARE. EITHER KEEP THIS DOCUMENT WHERE IT IS IMMEDIATELY AVAILABLE TO YOUR AGENT AND ALTERNATE AGENTS OR GIVE EACH OF THEM AN EXECUTED COPY OF THIS DOCUMENT. YOU MAY ALSO WANT TO GIVE YOUR DOCTOR AN EXECUTED COPY OF THIS DOCUMENT.

DO NOT USE THIS FORM IF YOU ARE A CONSERVATEE UNDER THE LANTERMAN-PETRIS SHORT ACT AND YOU WANT TO APPOINT YOUR CONSERVATOR AS YOUR AGENT. YOU CAN DO THAT ONLY IF THE APPOINTMENT DOCUMENT INCLUDES A CERTIFICATE OF YOUR ATTORNEY.

## 1. DESIGNATION OF HEALTH CARE AGENT

1. I, Ann P. Shimsky, residing at 1255 Essex Street, Imperial Beach, California 91932, do hereby designate and appoint Arnold D. Schimsky, 1255 Essex Street, Imperial Beach, California 91932; Tel: (619) 575-2662 (Insert name, address, and telephone number of one individual only as your agent to make health care decisions for you. None of the following may be designated as your agent: (1) your treating health care provider, (2) nonrelative employee of your treating health care provider, (3) an operator of a community care facility, (4) a nonrelative employee of an operator of a community care facility, (5) an operator of a residential care facility for the elderly, or (6) a nonrelative employee of an operator of a residential care facility for the elderly.) as my agent to make health care decisions for me as authorized in this document. For the purposes of this document, "health care decision" means consent, refusal of consent, or withdrawal of consent to any care, treatment, service, or procedure to maintain, diagnose, or treat an individual's physical or mental condition.

///
///
///
///

2. CREATION OF DURABLE POWER OF ATTORNEY FOR HEALTH CARE

By this document I intend to create a durable power of attorney for health care under Sections 4600 to 4752, inclusive, of the California Probate Code. This power of attorney is authorized by the Keene Health Care Agent Act and shall be construed in accordance with the provisions of Sections 4770 to 4779, inclusive, of the Probate Code. This power of attorney shall not be affected by my subsequent incapacity.

3. GENERAL STATEMENT OF AUTHORITY GRANTED

Subject to any limitations in this document, I hereby grant to my agent full power and authority to make health care decisions for me to the same extent that I could make those decisions for myself if I had the capacity to do so. In exercising this authority, my agent shall make health care decisions that are consistent with my desires as stated in this document or otherwise made known to my agent, including, but not limited to, my desires concerning obtaining or refusing or withdrawing life-prolonging care, treatment, services and procedures. (If you want to limit the authority of your agent to make health care decisions for you, you can state the limitations in paragraph 4 ("Statement of Desires, Special Provisions, and Limitations") below. You can indicate your desires by including a statement of your desires in the same paragraph.)

4. STATEMENT OF DESIRES, SPECIAL PROVISIONS, AND LIMITATIONS

(Your agent must make health care decisions that are consistent with your known desires. You can, but are not required to, state your desires in the space provided below. You should consider whether you want to include a statement of your desires concerning life-prolonging care, treatment, services, and procedures. You can also include a statement of your desires concerning other matters related to your health care. You can also make your desires known to your agent by discussing your desires with your agent or by some other means. If there are any types of treatment that you do not want to be used, you should state them in the space below. If you want to limit any other way the authority given your agent by this document, you should state the limits in the spaces below. If you do not state any limits, your agent will have broad powers to make health care decisions for you, except to the extent that there are limits provided by law.)

In exercising the authority under this durable power of attorney for health care, my agent shall act consistently with my desires as stated below and is subject to the special provisions and limitations stated below:

(a) Statement of desires concerning life-prolonging care, treatment, services and procedures:

(b) Additional statement of desires, special provisions, and limitations:

I do not authorize you to make any organ donations or anatomical gifts.

(You may attach additional pages if you need more space to complete your statement. If you attach additional pages, you must date and sign EACH of the additional pages at the same time you date and sign this document.)

**5. INSPECTION AND DISCLOSURE OF INFORMATION RELATING TO MY PHYSICAL OR MENTAL HEALTH**

Subject to any limitations in this document, my agent has the power and authority to do all the following:

(a) Request, review, and receive any information, verbal or written, regarding my physical or mental health, including, but not limited to, medical and hospital records.

(b) Execute on my behalf any releases or other documents that may be required in order to obtain this information.

(c) Consent to the disclosure of this information.

(If you want to limit the authority of your agent to receive and disclose information relating to your health, you must state the limitations in paragraph 4 ("Statement of Desires, Special Provisions, and Limitations") above.)

**6. SIGNING DOCUMENTS, WAIVERS, AND RELEASES**

Where necessary to implement the health care decisions that my agent is authorized by this document to make, my agent has the power and authority to execute on my behalf all of the following:

(a) Documents titled or purporting to be a "Refusal to Permit Treatment" and "Leaving Hospital Against Medical Advice."

(b) Any necessary waiver or release from liability required by a hospital or physician.

**7. AUTOPSY, ANATOMICAL GIFTS; DISPOSITION OF REMAINS**

Subject to any limitations in this document, my agent has the power and authority to do all of the following:

(a) Authorize an autopsy under Section 7113 of the Health and Safety Code.

(b) Make a disposition of a part or parts of my body under the Uniform Anatomical Gift Act, Chapter 3.5 (commencing with Section 7150) of Part 1 of Division 7 of the Health and Safety Code.)

(c) Direct the disposition of my remains under Section 7100 of the Health and Safety Code. (If you want to limit the authority of your agent to consent to an autopsy, make an anatomical gift, or direct the disposition of your remains, you must state the limitations in paragraph 4 ("Statement of Desires, Special Provisions, and Limitations") above.)

8. DURATION

(Unless you specify otherwise in the space below, this power of attorney will exist for an indefinite period of time.)

This durable power of attorney for health care expires on ____________________. (Fill in this space ONLY if you want to limit the duration of this power of attorney.)

9. DESIGNATION OF ALTERNATE AGENTS

(You are not required to designate any alternate agents but you may do so. Any alternate agent you designate will be able to make the same health care decisions as the agent you designated in paragraph 1, above, in the event that agent is unable or ineligible to act as your agent. If the agent you designated is your spouse, he or she becomes ineligible to act as your agent if your marriage is dissolved.)

If the person designated as my agent in paragraph 1 is not available or becomes ineligible to act as my agent to make a health care decision for me or loses the mental capacity to make health care decisions for me, or if I revoke that person's appointment or authority to act as my agent to make health care decisions for me, then I designate and appoint the following persons to serve as my agent to make health care decisions for me as authorized in this document, these persons to serve in the order listed below:

A. First Alternate Agent: Barry A. Schimsky, 744 W. Moyer St., Ridgecrest, California 93555; Tel: (760) 446-3714.

B. Second Alternate Agent: Judy Schimsky Loprieno, 7509 Flower Meadow Drive, San Diego, California 92126; Tel: (858) 578-3165.

///
///

**10. NOMINATION OF CONSERVATOR OF PERSON**

(A conservator of the person may be appointed for you if a court decides that one should be appointed. The conservator is responsible for your physical care, which under some circumstances includes making health care decisions for you. You are not required to nominate a conservator but you may do so. The court will appoint the person you nominate unless that would be contrary to your best interests. You may, but are not required to, nominate as your conservator the same person you named in paragraph 1 as your health care agent. You can nominate an individual as your conservator by completing the space below.)

If a conservator of the person is to be appointed for me, I nominate the following individual to serve as conservator of the person: (same designations and order of priority as my agents for health care decisions)

**11. PRIOR DESIGNATIONS REVOKED**

I revoke any prior durable power of attorney for health care.

**DATE AND SIGNATURE OF PRINCIPAL**
**(YOU MUST DATE AND SIGN THIS POWER OF ATTORNEY)**

I sign my name to this Statutory Form Durable Power of Attorney for Health Care on 8/10, 2000 at La Mesa, California.

Signature: Ann P. Shimsky
Ann P. Shimsky

THIS POWER OF ATTORNEY WILL NOT BE VALID UNLESS IT IS SIGNED BY TWO QUALIFIED WITNESSES WHO ARE PRESENT WHEN YOU SIGN OR ACKNOWLEDGE YOUR SIGNATURE. IF YOU HAVE ATTACHED ANY ADDITIONAL PAGES TO THIS FORM, YOU MUST DATE AND SIGN EACH OF THE ADDITIONAL PAGES AT THE SAME TIME YOU DATE AND SIGN THIS POWER OF ATTORNEY.

STATE OF CALIFORNIA)
) ss.
COUNTY OF SAN DIEGO)

On 8/10, 2000, before me, Christopher J Zucconi, a Notary Public in and for said County and State, personally appeared Ann P. Shimsky, proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument, and acknowledged to me that she executed the same in her Authorized capacity and that by her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

Christopher J. Zucconi
COMM. # 1171390
NOTARY PUBLIC-CALIFORNIA
SAN DIEGO COUNTY
COMM. EXP. JAN. 30, 2002

Notary Public in and for said County and State

## STATEMENT OF WITNESSES

(This document must be witnessed by two qualified adult witnesses. None of the following may be used as a witness: (1) a person you designate as your agent or alternate agent, (2) a health care provider, (3) an employee of a health care provider, (4) the operator of a community care facility, (5) an employee of an operator of a community care facility, (6) the operator of a residential care facility for the elderly, or (7) an employee of an operator of a residential care facility for the elderly. At least one of the witnesses shall make the additional declaration set out following the place where the witnesses sign.)

(READ CAREFULLY BEFORE SIGNING. You can sign as a witness only if you personally know the principal or the identity of the principal is proved to you by convincing evidence.)

(To have convincing evidence of the identity of the principal, you must be presented with and reasonably rely on any one or more of the following:

(1) An identification card or driver's license issued by the California Department of Motor Vehicles that is current or has been issued within five years.

(2) A passport issued by the Department of State of the United States that is current or has been issued within five years.

(3) Any of the following documents if the document is current or has been issued within five years and contains a photograph and description of the person named on it, is signed by the person, and bears a serial or other identifying number:

(a) A passport issued by a foreign government that has been stamped by the United States Immigration and Naturalization Service.

(b) A driver's license issued by a state other than California or by a Canadian or Mexican public agency authorized to issue driver's licenses.

(c) An identification card issued by a state other than California.

(d) An identification card issued by any branch of the armed forces of the United States.

(4) If the principal is a patient in a skilled nursing facility, a witness who is a patient advocate or ombudsman may rely upon the representations of the administrator or staff of the skilled nursing facility, or of family members, as convincing

evidence of the identity of the principal if the patient advocate or ombudsman believes that the representations provide a reasonable basis for determining the identity of the principal.)

(Other kinds of proof of identity are not allowed.)

I declare under penalty of perjury under the laws of the State of California that the person who signed or acknowledged this document is personally known to me (or proved to me on the basis of satisfactory evidence) to be the Principal, that the Principal signed or acknowledged this Durable Power of Attorney for Health Care in our presence, that the Principal appears to be of sound mind and under no duress, fraud, or undue influence, that we are not the persons appointed as Attorneys-In-Fact by this document and that we are not a health care provider, and employee of a health care provider, the operator of a residential care facility for the elderly, nor an employee of an operator of a residential care facility for the elderly.

Witness Name: Christopher P. Zucconi

Signature: [signature]

Address: 7777 Alvarado Rd. #413
La Mesa, CA 91941

Witness Name: Miranda C. Franks

Signature: [signature]

Address: 7777 Alvarado #601
La Mesa, CA 91941

AT LEAST ONE OF THE ABOVE WITNESSES MUST ALSO SIGN THE FOLLOWING DECLARATION:

I further declare under penalty of perjury under the laws of California that I am not related to the principal by blood, marriage, or adoption, and, to the best of my knowledge, I am not entitled to any part of the principal's estate upon the principal's death under a Will now existing or by operation of law.

[signature]

Christopher J. Zucconi

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):
Kenneth N. Hamilton, SBN 222586
4670 Nebo Drive, Suite 101
La Mesa, California 91941

TELEPHONE AND FAX NOS.:
619-337-8491
619-337-8495

ATTORNEY FOR (Name): Arnold D. Schimsky

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 1409 Fourth Ave.
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, California 92101
BRANCH NAME: Central Division

ESTATE OF (Name):
ANN P. SHIMSKY, Patient

DECEDENT

DE-120

FOR COURT USE ONLY

# NOTICE OF HEARING
(Probate)

CASE NUMBER:
P 188885

This notice is required by law. This notice does not require you to appear in court, but you may attend the hearing if you wish.

1. NOTICE is given that (name): Arnold D. Schimsky
(representative capacity, if any): Agent under Power of Attorney for Health Care
has filed (specify):*
VERIFIED PETITION TO COMPEL KINDRED HOSPITAL – SAN DIEGO TO HONOR AUTHORITY UNDER POWER OF ATTORNEY FOR HEALTH CARE AND FOR DAMAGES

2. You may refer to the filed documents for further particulars. (All of the case documents filed with the court are available for examination in the case file kept by the court clerk.)

3. A HEARING on the matter will be held as follows:

| | | | |
|---|---|---|---|
| a. Date: JUN 2 8 2005 | Time: 10:00 A.M. | Dept.: F10 | Room: |

b. Address of court ☑ shown above ☐ is:

* Do not use this form to give notice of hearing of the petition for administration (see Probate Code, § 8100).

(Continued on reverse)

| ESTATE OF (Name): ANN P. SHIMSKY, Patient DECEDENT | CASE NUMBER: |
|---|---|

## CLERK'S CERTIFICATE OF POSTING

1. I certify that I am not a party to this cause.
2. A copy of the foregoing *Notice of Hearing (Probate)*
   a. was posted at *(address)*:
   b. was posted on *(date)*:

Date: Clerk, by ____________________, Deputy

## PROOF OF SERVICE BY MAIL

1. I am over the age of 18 and not a party to this cause. I am a resident of or employed in the county where the mailing occurred.
2. My residence or business address is *(specify)*:
3. I served the foregoing *Notice of Hearing (Probate)* on each person named below by enclosing a copy in an envelope addressed as shown below AND
   a. ☐ depositing the sealed envelope with the United States Postal Service with the postage fully prepaid.
   b. ☐ placing the envelope for collection and mailing on the date and at the place shown in item 4 following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.
4. a. Date mailed: b. Place mailed *(city, state)*:
5. ☐ I served with the *Notice of Hearing (Probate)* a copy of the petition or other document referred to in the notice.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

\.\.\.\.\.\.\.\.\.\.\.\.\.\.\.\.\.\.\.\.\.\.\.\.\.\.\.\.\.\.\.\.
(TYPE OR PRINT NAME)

________________________________
(SIGNATURE OF DECLARANT)

## NAME AND ADDRESS OF EACH PERSON TO WHOM NOTICE WAS MAILED

☐ List of names and addresses continued in attachment.



L
72

DE-122

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): Kenneth N. Hamilton, SBN 222586
4670 Nebo Drive, Suite 101
La Mesa, California 91941

TELEPHONE AND FAX NOS.: 619-337-8491 / 619-337-8495

FOR COURT USE ONLY

ATTORNEY FOR (Name): Arnold Schimsky

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 1409 Fourth Ave.
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, California 92101
BRANCH NAME: Central Division

ESTATE OF (Name): ANN P. SHIMSKY, Patient

DECEDENT

CITATION (PROBATE) * AND PROOF OF SERVICE

CASE NUMBER:

1. TO (name): KINDRED HOSPITAL -- SAN DIEGO
2. You are hereby cited and required to appear at a hearing in this court on
   a. Date: JUN 2_ 2005 Time: 10:00 A.M. Dept: F16 Room:
   b. Address of court: [x] same as noted above [ ] other (specify):
3. At this hearing you are required to give any legal reason why, according to the verified petition attached to this citation and filed with this court (specify):

you (1) failed to honor Arnold Schimsky's authority under a power of attorney for health care, and (2) intentionally violated your duties towards Ann Shimsky.

Date: MAY 1 7 2005

Clerk, by JACQUELINE O ELLIS, Deputy

(SEAL)

NOTICE TO THE PERSON SERVED: You are served
a. [ ] as an individual.
b. [ ] as the person cited under the fictitious name of (specify):
c. [ ] On behalf of (specify):
under [ ] Code Civ. Proc., § 416.10 (corporation) [ ] Code Civ. Proc., § 416.20 (defunct corporation) [ ] Code Civ. Proc., § 416.40 (association or partnership) [ ] Code Civ. Proc., § 416.60 (minor) [ ] Code Civ. Proc., § 416.90 (individual) [ ] other (specify):
d. by personal delivery on (date):

(Proof of Service on reverse)

* Do NOT use for guardianships or conservatorships.

| ESTATE OF *(Name)*: ANN P. SHIMSKY, Patient DECEDENT | CASE NUMBER: |
|---|---|

## PROOF OF SERVICE

1. At the time of service I was at least 18 years of age and not a party to this action, and I served copies of the *(specify documents)*:

2. a. Party served *(specify name of party as shown on the documents served)*:

   b. Person served: ☐ party in item 2a ☐ other *(specify name and title or relationship to the party named in item 2a)*:

   c. Address *(specify)*:

3. I served the party named in item 2
   a. ☐ by personally delivering the copies (1) on *(date)*: (2) at *(time)*:
   b. ☐ by leaving the copies with or in the presence of *(name and title or relationship to person indicated in item 2b)*:
      (1) ☐ (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person served. I informed him or her of the general nature of the papers.
      (2) ☐ (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the person served. I informed him or her of the general nature of the papers.
      (3) on *(date)*: (4) at *(time)*:
      (5) ☐ A declaration of diligence is attached. *(Substituted service on natural person, minor, conservatee, or candidate.)*
   c. ☐ by mailing the copies to the person served, addressed as shown in item 2c, by first-class mail, postage prepaid,
      (1) on *(date)*: (2) from *(city)*:
      (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed form.)*
      (4) ☐ to an address outside California with return receipt requested. *(Attach completed form.)*
   d. ☐ by causing copies to be mailed. A declaration of mailing is attached.
   e. ☐ other *(specify other manner of service and authorizing code section)*:

4. The "Notice to the Person Served" (on the Citation) was completed as follows:
   a. ☐ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify)*:
   c. ☐ on behalf of *(specify)*:
      under ☐ Code Civ. Proc., § 416.10 (corporation) ☐ Code Civ. Proc., § 416.60 (minor)
      ☐ Code Civ. Proc., § 416.20 (defunct corporation) ☐ Code Civ. Proc., § 416.90 (individual)
      ☐ Code Civ. Proc., § 416.40 (association or partnership) ☐ other *(specify)*:

5. a. Person serving *(name, address, and telephone number)*:
   b. Fee for service: $
   c. ☐ Not a registered California process server.
   d. ☐ Exempt from registration under Business & Professions Code, § 22350(b).
   e. ☐ Registered California process server.
      (1) ☐ Employee or independent contractor
      (2) Registration No. *(specify)*:
      (3) County *(specify)*:
      (4) Expiration *(date)*:

6. ☐ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
7. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:

▶ ______________________________
(SIGNATURE)

# Exhibit M

GC-150

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, st... number, and address):
After recording return to:
JOHN J. SANSONE, COUNTY COUNSEL
BY CHERYL K. TUCKER, SENIOR DEPUTY
SBN 125540
1600 PACIFIC HIGHWAY, ROOM 355
SAN DIEGO, CA 92101
TELEPHONE NO.: 619/531-4860
FAX NO. (Optional): 619/531-6005
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): CHARLES E. MATTHEWS III, P.G.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: S.D.SUPERIOR COURT MADGE BRADLEY
MAILING ADDRESS: 1409 4TH AVENUE, 5TH FLOOR
CITY AND ZIP CODE: SAN DIEGO CA 92101
BRANCH NAME: PROBATE

TEMPORARY [ ] GUARDIANSHIP [X] CONSERVATORSHIP
OF (Name): ANN SHIMSKY,
[ ] MINOR [X] CONSERVATEE

FOR RECORDER'S USE ONLY

CASE NUMBER: P 188885

LETTERS OF TEMPORARY [ ] GUARDIANSHIP [X] CONSERVATORSHIP
[X] Person [ ] Estate

FOR COURT USE ONLY

DEC 0 9 2005
CLERK OF THE SUPERIOR COURT
SAN DIEGO COUNTY CA

## LETTERS

1. (Name): PUBLIC GUARDIAN
is appointed temporary [ ] guardian [X] conservator of the [X] person
[ ] estate of (name): ANN SHIMSKY,

2. [X] Other powers have been granted or restrictions imposed on the temporary
[ ] guardian [X] conservator as [ ] specified below
[X] specified in Attachment 2.

3. These *Letters* shall expire
a. [ ] on (date): or upon earlier issuance of *Letters* to a general guardian or conservator.
b. [X] other date (specify): 12/12/2005

4. [ ] The temporary [ ] guardian [ ] conservator is not authorized to take possession of money or any other property without a specific court order.

5. Number of pages attached: 1

WITNESS, clerk of the court, with seal of the court affixed.

(SEAL) SUPERIOR COURT SAN DIEGO COUNTY, CA

Date: DEC 09 2005

Clerk, by G MEGGELIN
(DEPUTY)

## AFFIRMATION

I solemnly affirm that I will perform the duties of temporary [ ] guardian [X] conservator according to law.
Executed on (date): 12/09/2005
at (place): SAN DIEGO, California.

Charles E Matthews III
(SIGNATURE OF APPOINTEE)
PUBLIC GUARDIAN

(SEAL)

WITNESS, clerk of the court, with seal of the court affixed.

Date:

Clerk, by
(DEPUTY)

## CERTIFICATION

I certify that this document and any attachments is a correct copy of the original on file in my office, and that the *Letters* issued to the person appointed above have not been revoked, annulled, or set aside and are still in full force and effect.

MC-025

| SHORT TITLE: TEMPORARY CONSE...ATORSHIP OF THE PERSON OF -ANNY SHIMSKY, | NUMBER: P 188885 |
|---|---|

ATTACHMENT (Number): 2 Page 1 of 1

*(This Attachment may be used with any Judicial Council form.)* *(Add pages as required)*

THE PUBLIC GUARDIAN FOR THE COUNTY OF SAN DIEGO, AS TEMPORARY CONSERVATOR OF THE PERSON OF ANN SHIMSKY, IS HEREBY GRANTED THE FOLLOWING TEMPORARY POWERS IN ADDITION TO THE POWERS PROVIDED BY LAW:

1. THE PUBLIC GUARDIAN IS APPOINTED AS TEMPORARY CONSERVATOR OVER THE PERSON OF MRS. SHIMSKY WITH MEDICAL POWERS, TO MAKE DECISIONS FOR MRS. SHIMSKY'S BEST INTEREST.

2. THE PUBLIC GUARDIAN WILL ACT AS MRS. SHIMSKY'S CONSERVATOR OVER THE PERSON WITH MEDICAL POWERS FOR THE TEMPORARY PERIOD OF DECEMBER 9, 2005 AT 5:00 P.M. TO DECEMBER 12, 2005 AT 8:00 A.M., WHILE HER PRIMARY CARE PHYSICIAN, DR. EMDER IS OUT OF TOWN.

3. THE PUBLIC GUARDIAN WILL RECEIVE INPUT FROM MR. SCHIMSKY AS TO CARE FOR HIS MOTHER AND WILL ACT IN THE BEST INTERESTS OF MRS. SHIMSKY.

4. KINDRED HOSPITAL SAN DIEGO WILL CONTINUE TO TREAT MRS. SHIMSKY IN A WAY THAT HAS BEEN DEEMED MEDICALLY PRUDENT BASED UPON THE PROFESSIONAL JUDGMENT OF THE STAFF.

5. KINDRED HOSPITAL SAN DIEGO WILL EXPECT ANY PHYSICIAN TAKING OVER FOR DR. EMDER DURING HIS ABSENCE WILL TREAT MRS. SHIMSKY IN A WAY THAT HAS BEEN DEEMED MEDICALLY PRUDENT BASED UPON THE PROFESSIONAL JUDGMENT OF THE PHYSICIAN.

6. MR. SCHIMSKY'S AUTHORITY AS DURABLE POWER OF ATTORNEY OVER HIS MOTHER'S HEALTH CARE DECISIONS WILL BE REINSTATED UPON DR. EMDER'S RETURN FROM OUT OF TOWN AND AFTER HE RESUMES THE CARE OF MRS. SHIMSKY, WHICH IS EXPECTED TO TAKE PLACE ON DECEMBER 12, 2005.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

# Exhibit N

GIOVANNIELLO & MICHELS, LLP
Alexander F. Giovanniello (CSB # 125562)
Karen A. Bocker (CSB # 213764)
1470 South Valley Vista Drive, Suite 200
Diamond Bar, California 91765

Tel: (909) 396-1964
Fax: (909) 396-0885

Attorneys for Plaintiff
THC – ORANGE COUNTY, INC dba
KINDRED HOSPITAL SAN DIEGO

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO – HALL OF JUSTICE**

| | |
|---|---|
| THC – ORANGE COUNTY, INC. dba KINDRED HOSPITAL SAN DIEGO<br><br>Plaintiff<br><br>vs.<br><br>THE ANN P. SHIMSKY TRUST; ARNOLD SCHIMSKY, as Trustee to the Ann P. Shimsky Trust; ARNOLD SCHIMSKY, an individual and ANN P. SCHIMSKY, an individual and Does 1-20<br>Defendants | Case No.: GIC 871356<br><br>**DECLARATION OF JAMES G. BOYD, FORMER COURT-APPOINTED ATTORNEY FOR ANN P. SCHIMSKY (DECEASED)**<br><br>DATE: June 1, 2007<br>TIME: 10:30 a.m.<br>DEPT: 73<br><br>JUDGE: STEVEN R. DENTON |

I, JAMES G. BOYD, declare as follows:

1. I am an attorney licensed to practice law in California.

2. On or about December 5, 2005, I was appointed by Judge H. RONALD DOMNITZ to represent ANN P. SCHIMSKY in re Conservatorship of the Person and Estate of ANN P. SCHIMSKY, San Diego Superior Court Case No. P188885, after her son, ARNOLD SCHIMSKY, filed a petition requesting <u>inter alia</u> a restraining order compelling his mother's doctors to provide him with medical information he claimed was being denied him. On December 15, 2005, Mr. SCHIMSKY's request for a restraining order was denied, but other

affirmative relief requested by KINDRED HOSPITAL - SAN DIEGO, including Mr. SCHIMSKY's removal as health care agent and appointment of the SAN DIEGO COUNTY PUBLIC GUARDIAN as Temporary Conservator, was granted. I was instructed that my appointment was continued and I undertook an in-depth investigation.

3. On December 16, 2005, I spoke with JUDY SCHIMSKY-LOPRIENO, one of my client's two daughters. I informed Ms. LOPRIANO of the proceedings before the court and informed her of what, based on my investigation to that date, appeared to be blatant breaches of ARNOLD SHIMSKY's fiduciary duties to her mother and her mother's estate. I recommended that she seek legal counsel at that time concerning her beneficial interest in her mother's trust. On the same date, I sent her a letter further recommending that she seek counsel. Attached hereto, marked Exhibit A, and incorporated herein by reference is a re-printed copy of the letter I sent to Ms. LOPRIENO on December 16, 2005.

I declare under penalty of perjury under the laws of the State of California that the forgoing is true and correct.

Date: May 9, 2007

JAMES G. BOYD

EXHIBIT "A"

ELDER LAW & ESTATES™

BOYD & BRIMMER, A.P.C.

James G. Boyd, M.A., J.D.
Mark A. Brimmer, J.D.
ATTORNEYS AT LAW

2667 Camino del Rio South
Suite 203
San Diego, California 92108
Telephone: (619) 563-2001
www.elderprotection.com

December 16, 2005

Judy Schimsky-Loprieno
7509 Flower Meadow Drive
San Diego, CA 92126

Re: Ann P. Shimsky

Dear Judy:

Enclosed are copies of the declaration under the California Natural Death Act that your mother signed in 1988 and a copy of her Durable Power of Attorney for Health Care that she signed in 2000. Her Natural Death Act declaration states unequivocally that she would not want to be maintained on life support in her current circumstance.

You are named as Second Alternate Agent in your mother's Durable Power of Attorney for Health Care. Action will be taken early next week that will probably lead to your brother's removal as her Primary Agent. You will be noticed of those proceedings.

I informed you that you should immediately seek counsel in these matters. I referred you to the San Diego Bar Association Lawyer Referral Service and have suggested that the firms advertising in the Probate section of the SBC Yellow Pages Attorney Guide are probably competent to represent you.

Respectfully yours,

/s/

James G. Boyd
Court-Appointed Attorney for Ann P. Shimsky

Encl

Exhibit A

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within entitled action; my business address is 1470 South Valley Vista Drive, Suite 200, Diamond Bar, California 91765.

On May 16, 2007, I served the foregoing document(s) described **DECLARATION OF JAMES G. BOYD, FORMER COURT-APPOINTED ATTORNEY FOR ANN P. SCHIMSKY (DECEASED)**, by placing the true copies thereof enclosed in sealed envelopes address as follows:

Eugen P. Yale
YALE & BAUMGARTEN LLP
5030 Camino de la Siesta, Suite 308
San Diego, California 92108
Phone: (619) 220-8790
Fax: (619) 220-0369

Arnold Schimsky
1255 Essex Street
Imperial Beach, California 91932

Ann Shimsky
C/O Arnold Schimsky
1255 Essex Street
Imperial Beach, California 91932

Judy Shimsky Loprieno
7509 Flower Meadow Drive
San Diego, California 92126

( ) BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles California in the ordinary course of business.

( ) BY PERSONAL SERVICE: I delivered such envelope(s) by hand to the office(s) of the above addressee(s).

(XX) BY FEDERAL EXPRESS: I caused said envelope(s) to be sent by Federal Express to the above address(es).

( ) BY TELECOPIER: I caused said document(s) to be transmitted by telecopier at approximately 5:00 P.M. to the above address(s).

Executed on **May 16, 2007** at Diamond Bar, California.

(XX) STATE: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Carolina Cachu