# Exhibit Z

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):
JOHN P. GARCIA SBN 222210
3255 Wilshire Blvd., #1401, Los Angeles, CA 90010
TELEPHONE (213) 927-1700

ATTORNEY FOR (Name): ARNOLD SCHIMSKY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

☒ MADGE BRADLEY BUILDING, 1409 FOURTH AVE, SAN DIEGO, CA 92101
☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., SAN DIEGO CA 92081

FOR COURT USE ONLY

FILED
PROBATE DIVISION
2008 AUG 29 A 9:41
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

Petitioner: ARNOLD SCHIMSKY

Relationship: Son of ANN SHIMSKY

☒ IN THE MATTER OF:

ANN SHIMSKY, PATIENT

Fee paid: ☐ yes ☐ no
Judge:
Dept:
Clerk:
Reporter: ☐ yes ☐ no

CASE NO.
P188885

# Ex Parte Application- Probate

INSTRUCTIONS: This Application must be used when requesting the court dispense with notice requirements on Petitions in Probate, excluding Temporary Guardianships, Temporary Conservatorships and those matters which can be submitted for routine review by "Ex Parte Application – Routine Probate. Failure to complete any question may result in the denial of your request. All required attachments must be attached at the time of submission. The applicant must return by 4:00 PM to pick up the application or submit a self-addressed, stamped envelope or Attorney slip. If there will be objections to the Application, all parties must appear in the courtroom at the time ex parte begins (3:00pm in Central Probate and 1:30 PM in North County) or the application may be denied. Check with the Probate Division in your area for specific procedures.

1. Petitioner requests court dispense with usual notice requirements and issue an Order. The Petition and proposed Order are attached. A summary of the relief requested is as follows: Enjoin Public Guardian of San Diego and Kindred Hospital from altering or withdrawing any medical treatment of Ann Shimsky especially with regard to her ventilator. Removal of the ventilator would cause Ann Shimsky irreversible harm including suffering and death.

2. Immediate need for granting the Order exists as follows: The Public Guardian plans to instruct Kindred Hospital to withdraw Ann Shimsky's ventilator which would cause her irreversible harm, pain, suffering and death.

3. Opposition to Petition James Boyd – Attorney – Court Appointed for Ann Shimsky
Kindred Hospital – Attorney – Karen Becker
S.D. Public Guardian – Attorney – George Seikaly

☒ Known objectors: (If there are known objectors, all parties must be present, or the matter may be denied)

☐ No known objectors

4. Notice requirements

☒ Reasonable notice has been given and the proof of service is attached.

☐ There is good cause to dispense with notice as follows: ______

# Exhibit AA

JOHN P. GARCIA, SBN 222210
3255 Wilshire Blvd., Suite 1801
Los Angeles, CA 90010
(213) 927-1700
Attorney for Arnold Schimsky

SUPERIOR COURT FOR THE COUNTY OF SAN DIEGO

CENTRAL DIVISION PROBATE COURT

| | |
|---|---|
| ARNOLD SCHIMSKY,<br>Petitioner,<br>VS.<br>THE PUBLIC GUARDIAN FOR SAN DIEGO; CHARLES MATTHEWS III, PUBLIC ADMINISTRATOR; KINDRED HOSPITAL | CASE NO. P188885<br>EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION<br>Date: August 30, 2006<br>Time: 8:45 am<br>Dept: F-10 |

**TO THE ABOVE-ENTITLED COURT:**

Petitioner Arnold Schimsky hereby applies for a temporary restraining order in joining The Public Guardian of San Diego and Kindred Hospital from discontinuing or disconnecting the ventilator which is used by Ann Shimsky, pending a hearing for a preliminary injunction enjoining Kindred Hospital and the Public Guardian from the same. The application is made on the grounds that a TRO is necessary to protect Ann Shimsky's life and preserve the status quo pending a hearing on an application for a preliminary injunction in order to prevent death and irreparable harm.

The application will be based on this application, the attached memorandum of points and authorities and declarations of Jon P. Garcia, Arnold Schimsky and Judy Loprieano and the

pleadings, papers and records previously filed in this action, including but not limited to, the verified petition.

Respectfully submitted,

Dated: August 27, 2006

John P. Garcia,
Attorney for Arnold Schimsky

DECLARATION OF JOHN P. GARCIA

I, John P. Garcia, declare the following:

1. I am an attorney licensed to practice law in the State of California and attorney of record for Petitioners in the above-captioned case.

2. Before 1:00 pm on August 28, 2006, I contacted counsel for Respondents and notified both Kindred Hospital (Karen Bocker) and the Office of the Public Guardian (Charles Matthews III). The name, address and telephone number of the respondent's counsel is Karen Bocker, Gioanniello & Michels, 1470 South Valley Vista Drive, Suite 200, Diamond Bar, cA91765, (909) 396-1964. George Seikaly, Deputy County Counsel, 1600 Pacific Highway, Room 355, San Diego, CA 92101, (619) 531-4848. James Boyd2667 CaminoDel RioSouthSuite 203 San Diego,CA 92108, (619)563-2001

3. I do not know whether Respondents counsel will attend the hearing but I believe they appose the application and request for TRO.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on August 27, 2005 at San Diego, California.

Dated: August 27, 2006

John P. Garcia
Attorney for Arnold Schimsky

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1.INTRODUCTION

Petitioner hereby applies to the court for a temporary restraining order enjoining the Public Guardian of San Diego and Kindred Hospital from disconnecting or any way altering the ventilator that Ann Shimsky is currently using.

The basis for the restraining order is based on the contention that applicant, Arnold Schimsky disagrees with the conclusions and recommendations of the Bioethics committee of the Public Guardian. The Public Guardian held a Bioethics committee hearing on an unknown date where they concluded that in order to protect the wishes of Ann Shimsky that they were prepared to order Kindred Hospital to cease providing essential health care to Ann Shimsky pursuant to her Natural Death Act signed on June 30, 1998. I f Ann Shimsky's ventilator is withdrawn she will probably die within a week and will die by suffering greatly for a prolonged period of time. She would essence have to breathe on her own and may asphyxiate if the ventilator is withdrawn. It should be noted that Ann Shimsky has survived with the ventilator for over three years and has made remarkable progress with regard to living her life under demanding circumstances. When she first arrived at Kindred Hospital she was not expected to live more than six months. The Bioethics committee contends that the Natural Death Act is a valid instrument, Mr Schimisky and his family claim it is not. The Bioethics committee claims that Ann Shimsky is in a vegetative state, Arnold Schmisky and family contend that she is still responsive. Arnold Schmisky further contends that when he was made the Durable Power of Attorney for Health Care Decisions, that document superceded any previous document. Further, the Durable Power of Attorney document left specific space for her to include any advanced directives which she did not do. Further, the handling attorney of Durable Power of Attorney instrument believes that the signing of the

document gave Mr. Schmisky broad powers to attend to his mother's health care. Finally, Judy Lorieano and Arnold Schimsky do not want the ventilator taken away from their mother. Arnold Schimsky has standing to seek the above-referenced relief based upon section four of the approved settlement agreement which allows Arnold Schimsky to contest the findings of the Bioethics committee.

II.

**THE COURT SHOULD ISSUE A TEMPORARY RESTARINING ORDER AGAINST KINDRED HOSPITAL AND THE PUBLIC GUARDIAN IN ORDER TO PRESERVE THE STAUS QUO AND PREVENT IRREPARABLE INJURY AND DEATH PENDING A HEARING FOR A PRELIMINARY INJUNCTION.**

A temporary restraining order is issued ex-parte in order to preserve the status quo or prevent irreparable injury or death pending the hearing on a motion for a preliminary injunction. (Marolda V. La Peiner (1947)81 Cal. App. 2d 742.

The request of Petitioner is to enjoin the Public Guardian of San Diego and Kindred Hospital from disconnecting or in anyway altering the health care services that are currently being provided to Ann Shimsky. The purpose of the TRO is to prevent Ms. Shimsky from dying or suffering and to maintain the status quo pending issuance of a temporary injunction.

If a TRO is not granted by the court, Ann Shimsky will have her ventilator taken away from her which helps her breathe and she will suffer tremendously and will probably die as a result of said action.

III

**THE NATURAL DEATH ACT SIGNED BY ANN SHIMSKY IS NOT A VALID DOCUMENT AND THEREFORE HER ADVANCED DIRECTIVE FOR WITHDRAWAL OF THE VENTILATOR IS UNWARRANTED.**

The Bioethics Committee has based their decision on removing Ann Shimsky's ventilator on the pretense that the Natural Death Act signed by Ann Shimsky on June 30, 1998 is a valid instrument. It is not.

First, the document does not comply with the Probate Code. The document was not notorized which means that it must be signed by at least two witnesses and comply with Section 464(d) which it does not. The Natural Death act specifically lacks any of the required language of Probate Code 464(d) and therefore is invalid. Attached hereto and incorporated herein by reference is Exhibit "A" a true and correct copy of the Natural Death Act along with a copy of Probate Code Section 464.

Second, The Natural Death Act is invalid because the subsequent Power of Attorney for Health Care decisions instrument was subsequently signed by Ann Shimsky giving the power of attorney to Arnold Schimsky and thereby supercedes the validity of the natural Death Act. The Durable Power of Attorney supercedes the Natural Death Act according to the language of Probate Code Section 4672. Probate Code Section 4672(b) states in pertinent part: "If the protective proceedings are conservatorship proceedings in this state, the nomination has the effect provided in Section 1810 and the court shall give effect to the most recent writing executed in accordance with Section 1810, whether or not the writing is a written advance health care directive. In the case at bar, the Natural Death Act was signed on June 30, 1998 and the Durable Power of Attorney for Health Care was signed on August 10, 2000. Therefore, the Durable Power of Attorney supercedes and controls the Natural Death Act. The Natural Death Act was not mentioned and not incorporated into the Durable Power of Attorney document. Therefore it not valid. Further evidence to support the fallacy of the Natural Death Act is that there was a space provided for any advance directives for Ann Shimsky so designate and she chose not to do anything. The document specifically states that if Ann Shimsky does not state any limits with regard to treatment, then the durable power of attorney will have broad powers to make health care decisions for you. One can only conclude that Ann Shimsky knew that she was giving Mr. Schimsky full power to arrange and care for her health care. Therefore, the Natural Health Care

Act is invalid and superceded by the Durable Power of Attorney document. Attached hereto and incorporated herein as "Exhibit B" is a copy of the Durable Power of Attorney for HealthCare.

**III.**

**THE PUBLIC GUARDIAN AND THE BIOETHICS COMMITTEE ARE NOT ACTING IN ANN SHIMSKY'S BEST INTEREST**

If the Public Guardian and Kindred Hospital get their way, they will in essence deprive Ann Shimsky of her life and will cause her undue suffering as she slowly asphyxiates from being deprived of medical treatment. Ann Shimsky is a fighter and a survivor. She has lasted much longer than anyone in the professional health care field thought she would. Her will to survive and live is immeasurable. The Public Guardian has never known the fully cognizant and aware Ann Shimsky. Their whole conclusion is based upon an invalid document, the Natural Death Act. Mr. Arnold Schmisky visits her mom practically everyday. He knows more than anyone exactly how responsive she is. She can hear, she is awake occasionally, she can respond, she can move her head,, she can make facial expressions, she can scratch and has considerable grip strength. Although her life is coming to an end and her quality of life is not great, she still has her life and does not deserve the indignity of an entity that does not even know her have it taken away. Judy Lorprieno, Ann Shimsky's daughter also agrees that Ann Shimsky is responsive, can hear and still has some semblance of life and that life should not be extinguished. Attached hereto and incorporated herein as "Exhibit C and D" respectively is the Declaration of Arnold Schimsky and Judy ~~Lericno~~ Loprieno.

**CONCLUSION**

For the foregoing reasons, the Public Guardian has an obligation to continue provide

health care for Ann Shimsky. Their reliance on an invalid and inadequately executed instrument, namely, The Natural Death Act is without merit. Ann Shimsky has demonstrated an exceptional will to live her life and survive despite the effort of the Public Guardian to act "in her best interest" and take her ventilator away thus depriving her of her ability to survive. Therefore a temporary restraining order is warranted due to the fact that Ann Shimsky will be irreparably harmed, will suffer greatly and will probably die if the order is not granted and the ventilator is withdrawn.

Respectfully submitted

Date: August 27, 2006

John P. Garcia
Attorney for Arnold Schimsky

DECLARATION
UNDER CALIFORNIA NATURAL DEATH ACT
(CALIFORNIA HEALTH & SAFETY CODE §7186.5)

I, Ann P. Shimsky, being over 18 years of age and of sound mind, willfully and voluntarily declare as follows:

If I should have an incurable and irreversible condition that has been diagnosed by two physicians and that will result in my death within a relatively short time without the administration of life-sustaining treatment or has produced an irreversible coma or persistent vegetative state, and I am no longer able to make decisions regarding my medical treatment, I direct my attending physician, pursuant to the Natural Death Act of California, to withhold or withdraw treatment, including artificially administered nutrition and hydration, that only prolongs the process of dying or the irreversible coma or persistent vegetative state and is not necessary for my comfort or to alleviate pain.

If I have been diagnosed as pregnant, and that diagnosis is known to my physician, this declaration shall have no force or effect during my pregnancy.

Signed this 30th day of June, 1998, at San Diego County, California.

Ann P. Shimsky [signature]

Ann P. Shimsky

The declarant voluntarily signed this writing in my presence. I am not entitled to any portion of the estate of the declarant upon her death under any will or codicil thereto of the declarant now existing or by operation of law. I am not a health care provider, an employee of a health care provider, the operator of a community care facility, an employee of an operator of a community care facility, the operator of a residential care facility for the elderly, or an employee of an operator of a residential care facility for the elderly.

[signature] [signature]

Name: Christopher J. Zucconi Name: MICHAEL FARRELL

Address: 7777 Alvarado Rd. #413 Address: 7777 ALVARADO RD#413
La Mesa, CA 91941 LA MESA, CA. 91941

Exhibit "A"

STATUTORY FORM
DURABLE POWER OF ATTORNEY FOR HEALTH CARE
(California Probate Code Section 4771)

WARNING TO PERSON EXECUTING THIS DOCUMENT

THIS IS AN IMPORTANT LEGAL DOCUMENT WHICH IS AUTHORIZED BY THE KEENE HEALTH CARE AGENT ACT. BEFORE EXECUTING THIS DOCUMENT, YOU SHOULD KNOW THESE IMPORTANT FACTS:

THIS DOCUMENT GIVES THE PERSON YOU DESIGNATE AS YOUR ATTORNEY-IN-FACT THE POWER TO MAKE HEALTH CARE DECISIONS FOR YOU. YOUR ATTORNEY-IN-FACT MUST ACT CONSISTENTLY WITH YOUR DESIRES AS STATED IN THIS DOCUMENT OR OTHERWISE MADE KNOWN.

EXCEPT AS YOU OTHERWISE SPECIFY IN THIS DOCUMENT, THIS DOCUMENT GIVES YOUR ATTORNEY IN FACT THE POWER TO CONSENT TO YOUR DOCTOR NOT GIVING TREATMENT OR STOPPING TREATMENT NECESSARY TO KEEP YOU ALIVE.

NOTWITHSTANDING THIS DOCUMENT, YOU HAVE THE RIGHT TO MAKE MEDICAL AND OTHER HEALTH CARE DECISIONS FOR YOURSELF SO LONG AS YOU CAN GIVE INFORMED CONSENT WITH RESPECT TO THE PARTICULAR DECISION. IN ADDITION, NO TREATMENT MAY BE GIVEN TO YOU OVER YOUR OBJECTION AT THE TIME, AND HEALTH CARE NECESSARY TO KEEP YOU ALIVE MAY NOT BE STOPPED OR WITHHELD IF YOU OBJECT AT THE TIME.

THIS DOCUMENT GIVES YOUR AGENT AUTHORITY TO CONSENT, TO REFUSE TO CONSENT, OR TO WITHDRAW CONSENT TO ANY CARE, TREATMENT, SERVICE, OR PROCEDURE TO MAINTAIN, DIAGNOSE, OR TREAT A PHYSICAL OR MENTAL CONDITION. THIS POWER IS SUBJECT TO ANY STATEMENT OF YOUR DESIRES AND ANY LIMITATIONS THAT YOU INCLUDE IN THIS DOCUMENT. YOU MAY STATE IN THIS DOCUMENT ANY TYPES OF TREATMENT THAT YOU DO NOT DESIRE. IN ADDITION, A COURT CAN TAKE AWAY THE POWER OF YOUR ATTORNEY-IN-FACT TO MAKE HEALTH CARE DECISIONS FOR YOU IF YOUR ATTORNEY-IN-FACT (1) AUTHORIZES ANYTHING THAT IS ILLEGAL, (2) ACTS CONTRARY TO YOUR KNOWN DESIRES, OR (3) WHERE YOUR DESIRES ARE NOT KNOWN, DOES ANYTHING THAT IS CLEARLY CONTRARY TO YOUR BEST INTERESTS.

THE POWERS GIVEN BY THIS DOCUMENT WILL EXIST FOR AN INDEFINITE PERIOD OF TIME UNLESS YOU LIMIT THEIR DURATION IN THIS DOCUMENT.

YOU HAVE THE RIGHT TO REVOKE THE AUTHORITY OF YOUR AGENT BY NOTIFYING YOUR AGENT OR YOUR TREATING DOCTOR, HOSPITAL, OR OTHER HEALTH CARE PROVIDER ORALLY OR IN WRITING OF THE REVOCATION.

YOUR AGENT HAS THE RIGHT TO EXAMINE YOUR MEDICAL RECORDS AND TO CONSENT TO THEIR DISCLOSURE UNLESS YOU LIMIT THIS RIGHT IN THIS DOCUMENT.



Exhibit "B"

UNLESS YOU OTHERWISE SPECIFY IN THIS DOCUMENT, THIS DOCUMENT GIVES YOUR ATTORNEY-IN-FACT THE POWER AFTER YOU DIE TO (1) AUTHORIZE AN AUTOPSY, (2) DONATE YOUR BODY OR PARTS THEREOF FOR TRANSPLANT OR THERAPEUTIC OR EDUCATIONAL OR SCIENTIFIC PURPOSES, AND (3) DIRECT THE DISPOSITION OF YOUR REMAINS.

THIS DOCUMENT REVOKES ANY PRIOR DURABLE POWER OF ATTORNEY FOR HEALTH CARE.

YOU SHOULD CAREFULLY READ AND FOLLOW THE WITNESSING PROCEDURE DESCRIBED AT THE END OF THIS FORM. THIS DOCUMENT WILL NOT BE VALID UNLESS YOU COMPLY WITH THE WITNESSING PROCEDURES.

IF THERE IS ANYTHING IN THIS DOCUMENT THAT YOU DO NOT UNDERSTAND, YOU SHOULD ASK A LAWYER TO EXPLAIN IT TO YOU.

YOUR AGENT MAY NEED THIS DOCUMENT IMMEDIATELY IN CASE OF AN EMERGENCY THAT REQUIRES A DECISION REGARDING YOUR HEALTH CARE. EITHER KEEP THIS DOCUMENT WHERE IT IS IMMEDIATELY AVAILABLE TO YOUR AGENT AND ALTERNATE AGENTS OR GIVE EACH OF THEM AN EXECUTED COPY OF THIS DOCUMENT. YOU MAY ALSO WANT TO GIVE YOUR DOCTOR AN EXECUTED COPY OF THIS DOCUMENT.

DO NOT USE THIS FORM IF YOU ARE A CONSERVATEE UNDER THE LANTERMAN-PETRIS SHORT ACT AND YOU WANT TO APPOINT YOUR CONSERVATOR AS YOUR AGENT. YOU CAN DO THAT ONLY IF THE APPOINTMENT DOCUMENT INCLUDES A CERTIFICATE OF YOUR ATTORNEY.

## 1. DESIGNATION OF HEALTH CARE AGENT

1. I, Ann P. Shimsky, residing at 1255 Essex Street, Imperial Beach, California 91932, do hereby designate and appoint Arnold D. Schimsky, 1255 Essex Street, Imperial Beach, California 91932; Tel: (619) 575-2662 (Insert name, address, and telephone number of one individual only as your agent to make health care decisions for you. None of the following may be designated as your agent: (1) your treating health care provider, (2) nonrelative employee of your treating health care provider, (3) an operator of a community care facility, (4) a nonrelative employee of an operator of a community care facility, (5) an operator of a residential care facility for the elderly, or (6) a nonrelative employee of an operator of a residential care facility for the elderly.) as my agent to make health care decisions for me as authorized in this document. For the purposes of this document, "health care decision" means consent, refusal of consent, or withdrawal of consent to any care, treatment, service, or procedure to maintain, diagnose, or treat an individual's physical or mental condition.

///
///
///
///

**2. CREATION OF DURABLE POWER OF ATTORNEY FOR HEALTH CARE**

By this document I intend to create a durable power of attorney for health care under Sections 4600 to 4752, inclusive, of the California Probate Code. This power of attorney is authorized by the Keene Health Care Agent Act and shall be construed in accordance with the provisions of Sections 4770 to 4779, inclusive, of the Probate Code. This power of attorney shall not be affected by my subsequent incapacity.

**3. GENERAL STATEMENT OF AUTHORITY GRANTED**

Subject to any limitations in this document, I hereby grant to my agent full power and authority to make health care decisions for me to the same extent that I could make those decisions for myself if I had the capacity to do so. In exercising this authority, my agent shall make health care decisions that are consistent with my desires as stated in this document or otherwise made known to my agent, including, but not limited to, my desires concerning obtaining or refusing or withdrawing life-prolonging care, treatment, services and procedures. (If you want to limit the authority of your agent to make health care decisions for you, you can state the limitations in paragraph 4 ("Statement of Desires, Special Provisions, and Limitations") below. You can indicate your desires by including a statement of your desires in the same paragraph.)

**4. STATEMENT OF DESIRES, SPECIAL PROVISIONS, AND LIMITATIONS**

(Your agent must make health care decisions that are consistent with your known desires. You can, but are not required to, state your desires in the space provided below. You should consider whether you want to include a statement of your desires concerning life-prolonging care, treatment, services, and procedures. You can also include a statement of your desires concerning other matters related to your health care. You can also make your desires known to your agent by discussing your desires with your agent or by some other means. If there are any types of treatment that you do not want to be used, you should state them in the space below. If you want to limit any other way the authority given your agent by this document, you should state the limits in the spaces below. If you do not state any limits, your agent will have broad powers to make health care decisions for you, except to the extent that there are limits provided by law.)

In exercising the authority under this durable power of attorney for health care, my agent shall act consistently with my desires as stated below and is subject to the special provisions and limitations stated below:

(a) Statement of desires concerning life-prolonging care, treatment, services and procedures:

(b) Additional statement of desires, special provisions, and limitations:

I do not authorize you to make any organ donations or anatomical gifts.

(You may attach additional pages if you need more space to complete your statement. If you attach additional pages, you must date and sign EACH of the additional pages at the same time you date and sign this document.)

5. INSPECTION AND DISCLOSURE OF INFORMATION RELATING TO MY PHYSICAL OR MENTAL HEALTH

Subject to any limitations in this document, my agent has the power and authority to do all the following:

(a) Request, review, and receive any information, verbal or written, regarding my physical or mental health, including, but not limited to, medical and hospital records.

(b) Execute on my behalf any releases or other documents that may be required in order to obtain this information.

(c) Consent to the disclosure of this information.

(If you want to limit the authority of your agent to receive and disclose information relating to your health, you must state the limitations in paragraph 4 ("Statement of Desires, Special Provisions, and Limitations") above.)

6. SIGNING DOCUMENTS, WAIVERS, AND RELEASES

Where necessary to implement the health care decisions that my agent is authorized by this document to make, my agent has the power and authority to execute on my behalf all of the following:

(a) Documents titled or purporting to be a "Refusal to Permit Treatment" and "Leaving Hospital Against Medical Advice."

(b) Any necessary waiver or release from liability required by a hospital or physician.

7. AUTOPSY, ANATOMICAL GIFTS; DISPOSITION OF REMAINS

Subject to any limitations in this document, my agent has the power and authority to do all of the following:

(a) Authorize an autopsy under Section 7113 of the Health and Safety Code.

(b) Make a disposition of a part or parts of my body under the Uniform Anatomical Gift Act, Chapter 3.5 (commencing with Section 7150) of Part 1 of Division 7 of the Health and Safety Code.)

(c) Direct the disposition of my remains under Section 7100 of the Health and Safety Code. (If you want to limit the authority of your agent to consent to an autopsy, make an anatomical gift, or direct the disposition of your remains, you must state the limitations in paragraph 4 ("Statement of Desires, Special Provisions, and Limitations") above.)

## 8. DURATION

(Unless you specify otherwise in the space below, this power of attorney will exist for an indefinite period of time.)

This durable power of attorney for health care expires on ______________. (Fill in this space ONLY if you want to limit the duration of this power of attorney.)

## 9. DESIGNATION OF ALTERNATE AGENTS

(You are not required to designate any alternate agents but you may do so. Any alternate agent you designate will be able to make the same health care decisions as the agent you designated in paragraph 1, above, in the event that agent is unable or ineligible to act as your agent. If the agent you designated is your spouse, he or she becomes ineligible to act as your agent if your marriage is dissolved.)

If the person designated as my agent in paragraph 1 is not available or becomes ineligible to act as my agent to make a health care decision for me or loses the mental capacity to make health care decisions for me, or if I revoke that person's appointment or authority to act as my agent to make health care decisions for me, then I designate and appoint the following persons to serve as my agent to make health care decisions for me as authorized in this document, these persons to serve in the order listed below:

A. First Alternate Agent: Barry A. Schimsky, 744 W. Moyer St., Ridgecrest, California 93555; Tel: (760) 446-3714.

B. Second Alternate Agent: Judy Schimsky Loprieno, 7509 Flower Meadow Drive, San Diego, California 92126; Tel: (858) 578-3165.

///

///

10. NOMINATION OF CONSERVATOR OF PERSON

(A conservator of the person may be appointed for you if a court decides that one should be appointed. The conservator is responsible for your physical care, which under some circumstances includes making health care decisions for you. You are not required to nominate a conservator but you may do so. The court will appoint the person you nominate unless that would be contrary to your best interests. You may, but are not required to, nominate as your conservator the same person you named in paragraph 1 as your health care agent. You can nominate an individual as your conservator by completing the space below.)

If a conservator of the person is to be appointed for me, I nominate the following individual to serve as conservator of the person: (same designations and order of priority as my agents for health care decisions)

11. PRIOR DESIGNATIONS REVOKED

I revoke any prior durable power of attorney for health care.

DATE AND SIGNATURE OF PRINCIPAL
(YOU MUST DATE AND SIGN THIS POWER OF ATTORNEY)

I sign my name to this Statutory Form Durable Power of Attorney for Health Care on 8/10, 2000 at La Mesa, California.

Signature: Ann P Shimsky
Ann P. Shimsky

THIS POWER OF ATTORNEY WILL NOT BE VALID UNLESS IT IS SIGNED BY TWO QUALIFIED WITNESSES WHO ARE PRESENT WHEN YOU SIGN OR ACKNOWLEDGE YOUR SIGNATURE. IF YOU HAVE ATTACHED ANY ADDITIONAL PAGES TO THIS FORM, YOU MUST DATE AND SIGN EACH OF THE ADDITIONAL PAGES AT THE SAME TIME YOU DATE AND SIGN THIS POWER OF ATTORNEY.

STATE OF CALIFORNIA)
) ss.
COUNTY OF SAN DIEGO)

On 8/10, 2000, before me, Christopher J Zucconi, a Notary Public in and for said County and State, personally appeared Ann P. Shimsky, proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument, and acknowledged to me that she executed the same in her authorized capacity and that by her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

Christopher J. Zucconi
COMM. # 1171560
NOTARY PUBLIC-CALIFORNIA
SAN DIEGO COUNTY
COMM. EXP. JAN. 30, 2002

Notary Public in and for said County and State

## STATEMENT OF WITNESSES

(This document must be witnessed by two qualified adult witnesses. None of the following may be used as a witness: (1) a person you designate as your agent or alternate agent, (2) a health care provider, (3) an employee of a health care provider, (4) the operator of a community care facility, (5) an employee of an operator of a community care facility, (6) the operator of a residential care facility for the elderly, or (7) an employee of an operator of a residential care facility for the elderly. At least one of the witnesses shall make the additional declaration set out following the place where the witnesses sign.)

(READ CAREFULLY BEFORE SIGNING. You can sign as a witness only if you personally know the principal or the identity of the principal is proved to you by convincing evidence.)

(To have convincing evidence of the identity of the principal, you must be presented with and reasonably rely on any one or more of the following:

(1) An identification card or driver's license issued by the California Department of Motor Vehicles that is current or has been issued within five years.

(2) A passport issued by the Department of State of the United States that is current or has been issued within five years.

(3) Any of the following documents if the document is current or has been issued within five years and contains a photograph and description of the person named on it, is signed by the person, and bears a serial or other identifying number:

(a) A passport issued by a foreign government that has been stamped by the United States Immigration and Naturalization Service.

(b) A driver's license issued by a state other than California or by a Canadian or Mexican public agency authorized to issue driver's licenses.

(c) An identification card issued by a state other than California.

(d) An identification card issued by any branch of the armed forces of the United States.

(4) If the principal is a patient in a skilled nursing facility, a witness who is a patient advocate or ombudsman may rely upon the representations of the administrator or staff of the skilled nursing facility, or of family members, as convincing

evidence of the identity of the principal if the patient advocate or ombudsman believes that the representations provide a reasonable basis for determining the identity of the principal.)

(Other kinds of proof of identity are not allowed.)

I declare under penalty of perjury under the laws of the State of California that the person who signed or acknowledged this document is personally known to me (or proved to me on the basis of satisfactory evidence) to be the Principal, that the Principal signed or acknowledged this Durable Power of Attorney for Health Care in our presence, that the Principal appears to be of sound mind and under no duress, fraud, or undue influence, that we are not the persons appointed as Attorneys-In-Fact by this document and that we are not a health care provider, an employee of a health care provider, the operator of a residential care facility for the elderly, nor an employee of an operator of a residential care facility for the elderly.

Witness Name: Christopher J. Zucconi

Signature: [signature]

Address: 7777 Alvarado Rd. #413
La Mesa, CA 91941

Witness Name: Miranda C. Franks

Signature: [signature]

Address: 7777 Alvarado #601
La Mesa, CA 91941

AT LEAST ONE OF THE ABOVE WITNESSES MUST ALSO SIGN THE FOLLOWING DECLARATION:

I further declare under penalty of perjury under the laws of California that I am not related to the principal by blood, marriage, or adoption, and, to the best of my knowledge, I am not entitled to any part of the principal's estate upon the principal's death under a Will now existing or by operation of law.

[signature]

Christopher J. Zucconi

DECLARATION OF ARNOLD SCHIMSKY

I, Arnold Schimsky, declare the following:

1. I am Ann Shimsky's son.

2. I visit my mother almost everyday. I believe she can hear and understand voices. She is responsive to sound, but I believe she is blind. Shecan smell the flowers that I bring to her. She can grip my hands and I am convinced that she knows who I am when she is awake and having a good day. She has survived for over 3 ½ years on the ventilator and I believe that her will to survive is the reason she has fought so hard. She can make facial expressions. She is still has a quality of life. I do not want her to have her ventilator taken away from her.

I certify and declare, under penalty of perjury of the laws of the State of California, that the foregoing is true and correct, and that this declaration is executed at Los Angeles, California on August 28, 2006.

Arnold Schimsky

Arnold Schimsky, Declarant

[Loprieno]

**DECLARATION OF JUDY LORIENO**

[Loprieno]

I, Judy Lorieno, declare the following:

1. I am Ann Shimsky's daughter.

2. I visit my mother about three times a week. I believe she can hear and understand voices. She is responsive to sound, although, but I believe she is blind. She can grip my hands and I am convinced that she knows who I am when she is awake and having a good [day.] She has survived for over 3 ½ years [in the ventilator] and I believe that her will to survive is the reason she has fought so hard. She can make facial expressions. She ~~is~~ still has a quality of life. I do not want her to have her ventilator taken away from her.

I certify and declare, under penalty of perjury of the laws of the State of California, that the foregoing is true and correct, and that this declaration is executed at Los Angeles, California on August 28, 2006.

Judy Lorieno, Declarant
[Loprieno.]



Exhibit "D"

PROOF OF SERVICE

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; My business address is: 3255Wilshire Blvd.,Suite 1801 Los Angeles, CA 90010.

On August 29 2006, I served the following document:

EXPARTE APPLICATION FOR TEMPORARY RESTRAINING ORDERAND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

on the interested parties in this action by standard mail/ FAX at the addresses below:

(XX)By Telecopier: I caused said documents to be transmitted by telecopier at approximately 9:30 am.

Kindred Hospital
Giovanniello & Michels
Karen Bocker
1470 South Valley Vista Drive., Suite 200
Diamond Bar, CA 91765
FAX: (909) 396-0885

James Boyd
2667 Camino Del Rio South, Suite 203
San Diego, CA 92108
FAX: (619) ~~685-2234~~ 293-3836

George Seikaly, Deputy County Counsel
1600 Pacific Coast highway, Room 355
San Diego, CA 92101
FAX: 685-2234

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on August 29, 2006, at San Diego, California.

John Garcia

JOHN P. GARCIA, SBN 222210
3255 Wilshire Blvd., Suite 1801
Los Angeles, CA 90010
(213) 927-1700

Attorney for Arnold Schimsky

**SUPERIOR COURT FOR THE COUNTY OF SAN DIEGO**

**CENTRAL DIVISION PROBATE COURT**

ARNOLD SCHIMSKY,

Petitioner,

VS.

THE PUBLIC GUARDIAN FOR SAN DIEGO; CHARLES MATTHEWS III, PUBLIC ADMINISTRATOR; KINDRED HOSPITAL.

ANN SHIMSKY, Patient

CASE NO. P188885

TEMPORARY RESTAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

Date: August ~~29~~ 30, 2006
Time: 8:45 am
Dept: F-10.

Having considered Petitioner's ex-parte application for a temporary restraining order enjoining The Public Guardian of San Diego and Kindred Hospital from disconnecting or discontinuing any medical treatment being provided to Ann Shimsky and specifically with regard to her ventilator. Petitioner's ex-parte application is granted. The San Diego Public Guardian and Kindred Hospital are prevented from altering medical treatment in any way to Ann Shimsky's present treatment and her ventilator shall remain in place. This order shall remain in full force and effect until the Public Guardian of San Diego and Kindred Hospital show cause why a preliminary injunction should not be granted. The hearing on the order to show cause will take place on ______________, 20 6 at _____ Dept. ___ located at 1409 Fourth Ave., San Diego, California, 92101.

IT IS SO ORDERED
Dated: August 29, 2006

______________________
San Diego Superior Court Judge

982.1(20)

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):
Alexander F. Giovanniello (State Bar # 125562)
Giovanniello & Michels, LLP
1470 S. Valley Vista Dr., Suite 200
Diamond Bar, California 91765
TELEPHONE NO: (909) 396-1964 FAX NO. (Optional): (909) 396-0885
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Plaintiff, THC-Orange County, Inc, dba Kindred Hospital San Diego

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 220 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego 92101
BRANCH NAME: Central

PLAINTIFF: THC- Orange County, Inc. dba Kindred Hospital San Diego

DEFENDANT: Ann P. Shimsky Trust; Arnold D. Schimsky, as trustee to the Ann P. Shimsky Trust; Arnold Schimsky, an individual; and, Ann P. Shimsky, an individual

[X] DOES 1 TO 20

**CONTRACT**

[X] COMPLAINT [ ] AMENDED COMPLAINT *(Number)*:

[ ] CROSS-COMPLAINT [ ] AMENDED CROSS-COMPLAINT *(Number)*:

**Jurisdiction** *(check all that apply)*:
[ ] ACTION IS A LIMITED CIVIL CASE
Amount demanded [ ] does not exceed $10,000
[ ] exceeds $10,000, but does not exceed $25,000
[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint
[ ] from limited to unlimited
[ ] from unlimited to limited

CASE NUMBER:

1. PLAINTIFF* *(names)*: THC-Orange County, Inc. dba Kindred Hospital San Diego

alleges causes of action against DEFENDANT* *(names)*: Ann P. Shimsky Trust; Arnold D. Schimsky, as trustee to the Ann P. Shimsky Trust; Arnold Schimsky, as an individual; and, Ann P. Shimsky, and individual

2. This pleading, including attachments and exhibits, consists of the following number of pages: 14

3. a. Each plaintiff named above is a competent adult
   [X] except plaintiff *(name)*: THC-Orange County, Inc. dba Kindred Hospital San Diego
   [X] a corporation qualified to do business in California
   [ ] an unincorporated entity *(describe)*:
   [ ] other *(specify)*:

   b. [X] Plaintiff *(name)*: THC-Orange County, Inc. dba Kindred Hospital San Diego
   [X] has complied with the fictitious business name laws and is doing business under the fictitious name of *(specify)*: Kindred Hospital San Diego
   [X] has complied with all licensing requirements as a licensed *(specify)*: General Acute Care Hospital

   c. [ ] information about additional plaintiffs who are not competent adults is shown in Complaint—Attachment 3c.

4. a. Each defendant named above is a natural person

   [X] except defendant *(name)*: Ann P. Shimsky Trust
   [ ] a business organization, form unknown
   [ ] a corporation
   [ ] an unincorporated entity *(describe)*:
   [ ] a public entity *(describe)*:
   [X] other *(specify)*: The Trust of Ann P. Shimsky

   [ ] except defendant *(name)*:
   [ ] a business organization, form unknown
   [ ] a corporation
   [ ] an unincorporated entity *(describe)*:
   [ ] a public entity *(describe)*:
   [ ] other *(specify)*:



* If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, Bar number, and address):
Alexander F. Giovanniello (State Bar ( )25562)
Giovanniello & Michels, LLP
1470 Valley Vista Dr., Suite 200, Diamond Bar, CA 91765
TELEPHONE NO.: 909-396-1964 FAX NO.: 909-396-0885
ATTORNEY FOR (Name): Plaintiff, THC-Orange County, Inc, dba Kindred Hospital

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 220 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central

CASE NAME:
THC- Orange County, et al. v. Ann P. Shimsky Trust, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 1811) | JUDGE:<br>DEPT: |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [✓] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [✓] Breach of contract/warranty (06)
- [✓] Collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800–1812)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Type of remedies sought *(check all that apply)*:
   a. [✓] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [✓] punitive
4. Number of causes of action *(specify)*: 12
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 22, 2006
Thomas C. Swann
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

SUM-100

AMENDED **SUMMONS**
*(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
Ann P. Shimsky Trust; Arnold D. Schimsky, as trustee to the Ann P. Shimsky Trust; Arnold Schimsky, an individual; and Ann P. Shimsky, an individual, Does 1 to 20

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
THC-Orange County, Inc. dba Kindred Hospital San Diego

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of San Diego
220 West Broadway
San Diego, California 92101

CASE NUMBER:
*(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Alexander F. Giovanniello (State Bar # 125562)
Giovanniello & Michels, LLP
1470 S. Valley Vista Drive, Ste. 200, Diamond Bar, California 91765

DATE: Clerk, by ______________________, Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:

SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
Ann P. Shimsky Trust; Arnold D. Schimsky, as trustee to the Ann P. Shimsky Trust; Arnold Schimsky, an individual; and Ann P. Shimsky, an individual

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
THC-Orange County, Inc. dba Kindred Hospital San Diego

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of San Diego
220 West Broadway
San Diego, California 92101

CASE NUMBER:
*(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Alexander F. Giovanniello (State Bar # 125562)
Giovanniello & Michels, LLP
1470 S. Valley Vista Drive, Ste. 200, Diamond Bar, California 91765

DATE:
*(Fecha)*
Clerk, by *(Secretario)* ____________________, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:

   under:
   ☐ CCP 416.10 (corporation)
   ☐ CCP 416.20 (defunct corporation)
   ☐ CCP 416.40 (association or partnership)
   ☐ CCP 416.60 (minor)
   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:



Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

LexisNexis® Automated California Judicial Council Forms

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Ann P. Shimsky Trust; Arnold D. Schimsky, as trustee to the Ann P. Shimsky Trust; Arnold Schimsky, an individual; and Ann P. Shimsky, an individual

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
THC-Orange County, Inc. dba Kindred Hospital San Diego

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

CASE NUMBER: *(Número del Caso):* GIC 871356

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of San Diego
220 West Broadway
San Diego, California 92101

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Alexander F. Giovanniello (State Bar # 125562)
Giovanniello & Michels, LLP
1470 S. Valley Vista Drive, Ste. 200, Diamond Bar, California 91765

DATE: *(Fecha)* Clerk, by *(Secretario)* ____________________, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:
   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
Ann P. Shimsky Trust; Arnold D. Schimsky, as trustee to the Ann P. Shimsky Trust; Arnold Schimsky, an individual; and Ann P. Shimsky, an individual

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
THC-Orange County, Inc. dba Kindred Hospital San Diego

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of San Diego
220 West Broadway
San Diego, California 92101

CASE NUMBER: *(Número del Caso):* GIC 871356

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Alexander F. Giovanniello (State Bar # 125562)
Giovanniello & Michels, LLP
1470 S. Valley Vista Drive, Ste. 200, Diamond Bar, California 91765

DATE: *(Fecha)* Clerk, by *(Secretario)* ______________________, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:
   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

982.1(20)

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):
Alexander F. Giovanniello (State Bar # 125562)
Giovanniello & Michels, LLP
1470 S. Valley Vista Dr., Suite 200
Diamond Bar, California 91765
TELEPHONE NO: (909) 396-1964 FAX NO. (Optional): (909) 396-0885
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Plaintiff, THC-Orange County, Inc, dba Kindred Hospital San Diego

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 220 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego 92101
BRANCH NAME: Central

PLAINTIFF: THC- Orange County, Inc. dba Kindred Hospital San Diego

DEFENDANT: Ann P. Shimsky Trust; Arnold D. Schimsky, as trustee to the Ann P. Shimsky Trust; Arnold Schimsky, an individual; and, Ann P. Shimsky, an individual

[X] DOES 1 TO 20

CONTRACT

[X] COMPLAINT [ ] AMENDED COMPLAINT (Number):

[ ] CROSS-COMPLAINT [ ] AMENDED CROSS-COMPLAINT (Number):

Jurisdiction (check all that apply):
[ ] ACTION IS A LIMITED CIVIL CASE
Amount demanded [ ] does not exceed $10,000
[ ] exceeds $10,000, but does not exceed $25,000
[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint
[ ] from limited to unlimited
[ ] from unlimited to limited

CASE NUMBER:
GIC 871356

1. PLAINTIFF* (names): THC-Orange County, Inc. dba Kindred Hospital San Diego

alleges causes of action against DEFENDANT* (names): Ann P. Shimsky Trust; Arnold D. Schimsky, as trustee to the Ann P. Shimsky Trust; Arnold Schimsky, as an individual; and, Ann P. Shimsky, and individual

2. This pleading, including attachments and exhibits, consists of the following number of pages: 14

3. a. Each plaintiff named above is a competent adult
[X] except plaintiff (name): THC-Orange County, Inc. dba Kindred Hospital San Diego
[X] a corporation qualified to do business in California
[ ] an unincorporated entity (describe):
[ ] other (specify):

b. [X] Plaintiff (name): THC-Orange County, Inc. dba Kindred Hospital San Diego
[X] has complied with the fictitious business name laws and is doing business under the fictitious name of (specify): Kindred Hospital San Diego
[X] has complied with all licensing requirements as a licensed (specify): General Acute Care Hospital

c. [ ] Information about additional plaintiffs who are not competent adults is shown in Complaint—Attachment 3c.

4. a. Each defendant named above is a natural person
[X] except defendant (name): Ann P. Shimsky Trust
[ ] a business organization, form unknown
[ ] a corporation
[ ] an unincorporated entity (describe):
[ ] a public entity (describe):
[X] other (specify): The Trust of Ann P. Shimsky

[ ] except defendant (name):
[ ] a business organization, form unknown
[ ] a corporation
[ ] an unincorporated entity (describe):
[ ] a public entity (describe):
[ ] other (specify):



* If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

982.1(20)

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):
Alexander F. Giovanniello (State Bar # 125562)
Giovanniello & Michels, LLP
1470 S. Valley Vista Dr., Suite 200
Diamond Bar, California 91765
TELEPHONE NO: (909) 396-1964 FAX NO. (Optional): (909) 396-0885
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Plaintiff, THC-Orange County, Inc, dba Kindred Hospital San Diego

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 220 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego 92101
BRANCH NAME: Central

PLAINTIFF: THC- Orange County, Inc. dba Kindred Hospital San Diego

DEFENDANT: Ann P. Shimsky Trust; Arnold D. Schimsky, as trustee to the Ann P. Shimsky Trust; Arnold Schimsky, an individual; and, Ann P. Shimsky, an individual

[X] DOES 1 TO 20

CONTRACT

[X] COMPLAINT [ ] AMENDED COMPLAINT (Number):

[ ] CROSS-COMPLAINT [ ] AMENDED CROSS-COMPLAINT (Number):

Jurisdiction (check all that apply):
[ ] ACTION IS A LIMITED CIVIL CASE
Amount demanded [ ] does not exceed $10,000
[ ] exceeds $10,000, but does not exceed $25,000
[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint
[ ] from limited to unlimited
[ ] from unlimited to limited

CASE NUMBER:
GIC 871356

1. PLAINTIFF* (names): THC-Orange County, Inc. dba Kindred Hospital San Diego

alleges causes of action against DEFENDANT* (names): Ann P. Shimsky Trust; Arnold D. Schimsky, as trustee to the Ann P. Shimsky Trust; Arnold Schimsky, as an individual; and, Ann P. Shimsky, and individual

2. This pleading, including attachments and exhibits, consists of the following number of pages: 14

3. a. Each plaintiff named above is a competent adult
[X] except plaintiff (name): THC-Orange County, Inc. dba Kindred Hospital San Diego
[X] a corporation qualified to do business in California
[ ] an unincorporated entity (describe):
[ ] other (specify):

b. [X] Plaintiff (name): THC-Orange County, Inc. dba Kindred Hospital San Diego
[X] has complied with the fictitious business name laws and is doing business under the fictitious name of (specify): Kindred Hospital San Diego
[X] has complied with all licensing requirements as a licensed (specify): General Acute Care Hospital

c. [ ] Information about additional plaintiffs who are not competent adults is shown in Complaint—Attachment 3c.

4. a. Each defendant named above is a natural person
[X] except defendant (name): Ann P. Shimsky Trust
[ ] a business organization, form unknown
[ ] a corporation
[ ] an unincorporated entity (describe):
[ ] a public entity (describe):
[X] other (specify): The Trust of Ann P. Shimsky

[ ] except defendant (name):
[ ] a business organization, form unknown
[ ] a corporation
[ ] an unincorporated entity (describe):
[ ] a public entity (describe):
[ ] other (specify):

* If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

SUM-100

AMENDED **SUMMONS**
***(CITACION JUDICIAL)***

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
CIVIL BUSINESS OFFICE 10
CENTRAL DIVISION

2008 SEP -1 A 10: 23

[illegible] COURT
[illegible] COUNTY, CA

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
Ann P. Shimsky Trust; Arnold D. Schimsky, as trustee to the Ann P. Shimsky Trust; Arnold Schimsky, an individual; and Ann P. Shimsky, an individual, Does 1 to 20

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
THC-Orange County, Inc. dba Kindred Hospital San Diego

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of San Diego
330 ~~220~~ West Broadway
San Diego, California 92101

CASE NUMBER:
*(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Alexander F. Giovanniello (State Bar # 125562)
Giovanniello & Michels, LLP
1470 S. Valley Vista Drive, Ste. 200, Diamond Bar, California 91765

DATE: SEP 01 2008 Clerk, by L. R. YURONO, Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

OFFICE 17

06 AUG 24 PM 12:25

CLERK... COURT
SAN DIEGO COUNTY, CA

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
Ann P. Shimsky Trust; Arnold D. Schimsky, as trustee to the Ann P. Shimsky Trust; Arnold Schimsky, an individual; and Ann P. Shimsky, an individual

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
THC-Orange County, Inc. dba Kindred Hospital San Diego

**You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.**

**There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.**

***Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.***

***Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.***

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of San Diego
220 West Broadway
San Diego, California 92101

CASE NUMBER: *(Número del Caso):* GIC 871356

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Alexander F. Giovanniello (State Bar # 125562)
Giovanniello & Michels, LLP
1470 S. Valley Vista Drive, Ste. 200, Diamond Bar, California 91765

DATE: *(Fecha)* AUG 24 2006 Clerk, by *(Secretario)* G. VAN PELT, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:

982.1(20)

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):*
Alexander F. Giovanniello (State Bar # 125562)
Giovanniello & Michels, LLP
1470 S. Valley Vista Dr., Suite 200
Diamond Bar, California 91765
TELEPHONE NO: (909) 396-1964 FAX NO. *(Optional):* (909) 396-0885
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Plaintiff, THC-Orange County, Inc, dba Kindred Hospital San Diego

FOR COURT USE ONLY

FILED CIVIL BUSINESS OFFICE 17
05 AUG 24 AM 10: 26
CLERK-SUPERIOR COURT SAN DIEGO COUNTY, CA

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 220 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego 92101
BRANCH NAME: Central

PLAINTIFF: THC- Orange County, Inc. dba Kindred Hospital San Diego

DEFENDANT: Ann P. Shimsky Trust; Arnold D. Schimsky, as trustee to the Ann P. Shimsky Trust; Arnold Schimsky, an individual; and, Ann P. Shimsky, an individual

[X] DOES 1 TO 20

CONTRACT

[X] COMPLAINT [ ] AMENDED COMPLAINT *(Number):*

[ ] CROSS-COMPLAINT [ ] AMENDED CROSS-COMPLAINT *(Number):*

Jurisdiction *(check all that apply):*
[ ] ACTION IS A LIMITED CIVIL CASE
Amount demanded [ ] does not exceed $10,000
[ ] exceeds $10,000, but does not exceed $25,000
[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint
[ ] from limited to unlimited
[ ] from unlimited to limited

CASE NUMBER:
GIC 871356

1. PLAINTIFF* *(names):* THC-Orange County, Inc. dba Kindred Hospital San Diego

alleges causes of action against DEFENDANT* *(names):* Ann P. Shimsky Trust; Arnold D. Schimsky, as trustee to the Ann P. Shimsky Trust; Arnold Schimsky, as an individual; and, Ann P. Shimsky, and individual

2. This pleading, including attachments and exhibits, consists of the following number of pages: 14

3. a. Each plaintiff named above is a competent adult
[X] except plaintiff *(name):* THC-Orange County, Inc. dba Kindred Hospital San Diego
[X] a corporation qualified to do business in California
[ ] an unincorporated entity *(describe):*
[ ] other *(specify):*

b. [X] Plaintiff *(name):* THC-Orange County, Inc. dba Kindred Hospital San Diego
[X] has complied with the fictitious business name laws and is doing business under the fictitious name of *(specify):* Kindred Hospital San Diego
[X] has complied with all licensing requirements as a licensed *(specify):* General Acute Care Hospital

c. [ ] Information about additional plaintiffs who are not competent adults is shown in Complaint—Attachment 3c.

4. a. Each defendant named above is a natural person
[X] except defendant *(name):* Ann P. Shimsky Trust
[ ] a business organization, form unknown
[ ] a corporation
[ ] an unincorporated entity *(describe):*
[ ] a public entity *(describe):*
[X] other *(specify):* The Trust of Ann P. Shimsky

[ ] except defendant *(name):*
[ ] a business organization, form unknown
[ ] a corporation
[ ] an unincorporated entity *(describe):*
[ ] a public entity *(describe):*
[ ] other *(specify):*



* If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

Form Approved for Optional Use
Judicial Council of California
982.1(20) [Rev. July 1, 2002]

COMPLAINT—Contract

Code of Civ. Proc., § 425.12
LexisNexis® Automated California Judicial Council Forms

| SHORT TITLE: Kindred Hospital San Diego v. Schimsky | CASE NUMBER: |
|---|---|

COMPLAINT—Contract

4. *(Continued)*
   b. The true names and capacities of defendants sued as Does are unknown to plaintiff.
   c. [ ] Information about additional defendants who are not natural persons is contained in Complaint—Attachment 4c.
   d. [ ] Defendants who are joined pursuant to Code of Civil Procedure section 382 are *(names)*:

5. [ ] Plaintiff is required to comply with a claims statute, and
   a. [ ] plaintiff has complied with applicable claims statutes, or
   b. [ ] plaintiff is excused from complying because *(specify)*:

6. [ ] This action is subject to [ ] Civil Code section 1812.10 [ ] Civil Code section 2984.4.

7. This court is the proper court because
   a. [X] a defendant entered into the contract here.
   b. [ ] a defendant lived here when the contract was entered into.
   c. [ ] a defendant lives here now.
   d. [X] the contract was to be performed here.
   e. [ ] a defendant is a corporation or unincorporated association and its principal place of business is here.
   f. [ ] real property that is the subject of this action is located here.
   g. [ ] other *(specify)*:

8. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:
   [X] Breach of Contract
   [X] Common Counts
   [X] Other *(specify)*:
   Fraud

9. [ ] Other:

10. PLAINTIFF PRAYS for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    a. [X] damages of: $2,380,409,.04
    b. [X] interest on the damages
       (1) [X] according to proof
       (2) [ ] at the rate of percent per year from *(date)*:
    c. [X] attorney's fees
       (1) [ ] of: $
       (2) [X] according to proof.
    d. [X] other *(specify)*: Punitive Damages for the Fraud Causes of Action according to proof

11. [X] The following paragraphs of this pleading are alleged on information and belief *(specify paragraph numbers)*:
    3a, 7

Date: August 17, 2006

Thomas C. Swann
(TYPE OR PRINT NAME)

(SIGNATURE OF PLAINTIFF OR ATTORNEY)

*(If you wish to verify this pleading, affix a verification.)*



LexisNexis® Automated California Judicial Council Forms

| SHORT TITLE: THC-Orange County, Inc. dba Kindred Hospital San Diego v. Ann P. Shimsky, et al | CASE NUMBER: |
|---|---|

FIRST (number) **CAUSE OF ACTION—Breach of Contract** Page 3

ATTACHMENT TO [X] Complaint [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

BC-1. Plaintiff *(name)*: THC-Orange County, Inc. dba Kindred Hospital San Diego

alleges that on or about *(date)*: July 17, 2002
a [X] written [ ] oral [ ] other *(specify)*:
agreement was made between *(name parties to agreement)*: THC-Orange County, Inc. dba Kindred Hospital San Diego, The Ann P. Shimsky Trust, and Arnold D. Schimsky, trustee to the Ann P. Shimsky Trust
[ ] A copy of the agreement is attached as Exhibit A, or
[X] The essential terms of the agreement [ ] are stated in Attachment BC-1 [X] are as follows *(specify)*:
Kindred Hospital San Diego agreed to provide medical services to Ann P. Shimsky as required by her treating physicians. Defendants, collectively and individually, agreed to pay the reasonable value for such services.

BC-2. On or about *(dates)*: August 1, 2004
defendant breached the agreement by [ ] the acts specified in Attachment BC-2 [X] the following acts *(specify)*:
Defendants, collectively and individually, not only refused to pay for medical services rendered to Ann P. Shimsky, but also refused to work with the insurance company, Blue Cross/Blue Shield in securing payment for those medical services rendered.

BC-3. Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or excused from performing.

BC-4. Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
[ ] as stated in Attachment BC-4 [X] as follows *(specify)*:
Kindred Hospital San Diego has suffered damages in the amount of $2,380,409.04 (and continuing), which is the unpaid portion of Ann P. Shimsky's medical bill.

BC-5. [X] Plaintiff is entitled to attorney fees by an agreement or a statute
[ ] of $
[X] according to proof.

BC-6. [X] Other:
Kindred Hospital San Diego is entitled to interest according to proof.

| SHORT TITLE: THC-Orange County, Inc. dba Kindred Hospital San Diego v. Ann P. Shimsky, et al | CASE NUMBER: |
|---|---|

SECOND (number) **CAUSE OF ACTION—Breach of Contract** Page 4

ATTACHMENT TO [X] Complaint [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

BC-1. Plaintiff *(name)*: THC-Orange County, Inc. dba Kindred Hospital San Diego

alleges that on or about *(date)*: July 17, 2002
a [X] written [ ] oral [ ] other *(specify)*:
agreement was made between *(name parties to agreement)*: THC-Orange County, Inc. dba Kindred Hospital San Diego and Ann P. Shimsky, an individual
[ ] A copy of the agreement is attached as Exhibit A, or
[X] The essential terms of the agreement [ ] are stated in Attachment BC-1 [X] are as follows *(specify)*:
Kindred Hospital San Diego agreed to provide medical services to Ann P. Shimsky as required by her treating physicians. Defendants, collectively and individually, agreed to pay the reasonable value for such services.

BC-2. On or about *(dates)*: August 1, 2004
defendant breached the agreement by [ ] the acts specified in Attachment BC-2 [X] the following acts *(specify)*:
Defendants, collectively and individually, not only refused to pay for medical services rendered to Ann P. Shimsky, but also refused to work with the insurance company, Blue Cross/Blue Shield in securing payment for those medical services rendered.

BC-3. Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or excused from performing.

BC-4. Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
[ ] as stated in Attachment BC-4 [X] as follows *(specify)*:
Kindred Hospital San Diego has suffered damages in the amount of $2,380,409.04 (and continuing), which is the unpaid portion of Ann P. Shimsky's medical bill.

BC-5. [X] Plaintiff is entitled to attorney fees by an agreement or a statute
[ ] of $
[X] according to proof.

BC-6. [X] Other:
Kindred Hospital San Diego is entitled to interest according to proof.

SHORT TITLE: THC-Orange County, Inc. dba Kindred Hospital San Diego v. Ann P. Shimsky, et al

CASE NUMBER:

THIRD (number) **CAUSE OF ACTION—Breach of Contract** Page 5

ATTACHMENT TO [X] Complaint [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

BC-1. Plaintiff *(name):* THC-Orange County, Inc. dba Kindred Hospital San Diego

alleges that on or about *(date):* July 17, 2002
a [X] written [ ] oral [ ] other *(specify):*
agreement was made between *(name parties to agreement):* THC-Orange County, Inc. dba Kindred Hospital San Diego and Aronold Shimsky, an individual
[ ] A copy of the agreement is attached as Exhibit A, or
[X] The essential terms of the agreement [ ] are stated in Attachment BC-1 [X] are as follows *(specify):*
Kindred Hospital San Diego agreed to provide medical services to Ann P. Shimsky as required by her treating physicians. Defendants, collectively and individually, agreed to pay the reasonable value for such services.

BC-2. On or about *(dates):* August 1, 2004
defendant breached the agreement by [ ] the acts specified in Attachment BC-2 [X] the following acts *(specify):*
Defendants, collectively and individually, not only refused to pay for medical services rendered to Ann P. Shimsky, but also refused to work with the insurance company, Blue Cross/Blue Shield in securing payment for those medical services rendered.

BC-3. Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or excused from performing.

BC-4. Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
[ ] as stated in Attachment BC-4 [X] as follows *(specify):*
Kindred Hospital San Diego has suffered damages in the amount of $2,380,409.04 (and continuing), which is the unpaid portion of Ann P. Shimsky's medical bill.

BC-5. [X] Plaintiff is entitled to attorney fees by an agreement or a statute
[ ] of $
[X] according to proof.

BC-6. [X] Other:
Kindred Hospital San Diego is entitled to interest according to proof.

| SHORT TITLE: THC-Orange County, Inc. dba Kindred Hospital San Diego v. Ann P. Shimsky, et al | CASE NUMBER: |
|---|---|

FOURTH (number) **CAUSE OF ACTION—Fraud** Page 6

ATTACHMENT TO [X] Complaint [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

FR-1. Plaintiff *(name)*: THC-Orange County, Inc. dba Kindred Hospital San Diego

alleges that defendant *(name)*: Ann P. Shimsky Trust; and, Arnold D. Schimsky, as trustee to the Ann P. Shimsky Trust

on or about *(date)*: July 17, 2002 defrauded plaintiff as follows:

FR-2. [X] **Intentional or Negligent Misrepresentation**

a. Defendant made representations of material fact [ ] as stated in Attachment FR-2.a [X] as follows:
On July 17, 2002, Defendants, collectively and individually, admitted Ann P. Shimsky into Kindred Hospital San Diego with the promise that all medical services rendered would be paid for through insurance, or alternatively, by each Defendant. Beginning August 1, 2004, Defendants, both collectively and individually, intentionally stopped cooperating with Ann P. Shimsky's insurance provider. As such, Ann P. Shimsky's insurance provider refused to make further payments on behalf of Ann Shimsky. Despite this knoweldge, Each Defendant continued to assure Kindred Hospital San Diego that all medical services rendered to Ann P. Shimsky would continue to be paid for by Defendants.

b. These representations were in fact false. The truth was [ ] as stated in Attachment FR-2.b [X] as follows:
Neither Defendant, either collectively or individually, had an intention to act in the best interests of Ann P. Shimsky. Instead, each Defendant had devised a plan to have Ann Shimsky live at Kindred Hospital San Diego, at Kindred's expense. In the meantime, each Defendant could continue to collect Ann P. Shimsky's social security and pension, and use these funds for their own benefit.

c. When defendant made the representations,
[X] defendant knew they were false, or
[ ] defendant had no reasonable ground for believing the representations were true.

d. Defendant made the representations with the intent to defraud and induce plaintiff to act as described in item FR-5. At the time plaintiff acted, plaintiff did not know the representations were false and believed they were true. Plaintiff acted in justifiable reliance upon the truth of the representations.

FR-3. [X] **Concealment**

a. Defendant concealed or suppressed material facts [ ] as stated in Attachment FR-3.a [X] as follows:
Defendants concealed the fact that Ann P. Shimnsky had executed a Healthcare Directive prior to her admission into Kindred Hospital San Diego. This Healthcare Directive included instructions regarding the degree of medical care Ann Shimsky wished to receive should she be incapable of making her own medical decisions.

b. Defendant concealed or suppressed material facts
[X] defendant was bound to disclose.
[ ] by telling plaintiff other facts to mislead plaintiff and prevent plaintiff from discovering the concealed or suppressed facts.

c. Defendant concealed or suppressed these facts with the intent to defraud and induce plaintiff to act as described in item FR-5. At the time plaintiff acted, plaintiff was unaware of the concealed or suppressed facts and would not have taken the action if plaintiff had known the facts.

(Continued)

| SHORT TITLE: Kindred Hospital San Diego v. Schimsky | CASE NUMBER: |
|---|---|

FOURTH (number) CAUSE OF ACTION—Fraud (Continued) Page 7

FR-4. [X] **Promise Without Intent to Perform**

a. Defendant made a promise about a material matter without any intention of performing it [ ] as stated in Attachment FR-4.a [X] as follows:

Defendants, both collectively and individaully, promised the admissions staff at Kindred Hospital San Diego that they would cooperate in adhereing to the requests of Ann Shimsky's insurance company, and would further coöperate in completing insurance documentation. Defendants failed to perfom any of these tasks.

Defendants, both collectively and individually, further promised the admissions staff at Kindred Hospital San Diego that any medical services rendered that are not covered by insurance, would be paid for out of Ann P. Shimsky's assets. Defendants have failed to perform this task.

b. Defendant's promise without any intention of performance was made with the intent to defraud and induce plaintiff to rely upon it and to act as described in item FR-5. At the time plaintiff acted, plaintiff was unaware of defendant's intention not to perform the promise. Plaintiff acted in justifiable reliance upon the promise.

FR-5. In justifiable reliance upon defendant's conduct, plaintiff was induced to act [ ] as stated in Attachment FR-5 [X] as follows:

In good faith, Kindred Hospital San Diego provided medical services to Ann P. Shimsky with the understanding that these services would be paid for by Defendants.

FR-6. Because of plaintiff's reliance upon defendant's conduct, plaintiff has been damaged [ ] as stated in Attachment FR-6 [X] as follows:

Kindred Hospital San Diego has provided, and not been paid for, medical services totaling $2,380,409.04 and continuing.

FR-7. Other:

[982.1(23)]

| SHORT TITLE: THC-Orange County, Inc. dba Kindred Hospital San Diego v. Ann P. Shimsky, et al | CASE NUMBER: |
|---|---|

FIFTH (number) **CAUSE OF ACTION—Fraud** Page 8

ATTACHMENT TO [X] Complaint [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

FR-1. Plaintiff *(name)*: THC-Orange County, Inc. dba Kindred Hospital San Diego

alleges that defendant *(name)*: Arnold D. Schimsky, an individual

on or about *(date)*: July 17, 2002 defrauded plaintiff as follows:

FR-2. [X] **Intentional or Negligent Misrepresentation**

a. Defendant made representations of material fact [ ] as stated in Attachment FR-2.a [X] as follows:

Beginning August 1, 2004, Ann P. Shimsky's insurance provider, Blue Cross/Blue Shield assessed Ann P. Shimsky as no longer appropriate for acute care hospitilzation, as such informed both Kindred Hospital San Diego, and Defendants that payments for Ann P. Shimsky's care at Kindred Hospital San Diego would cease. Despite this knowledge, Defendants desired Ann P. Shimsky's care to continue at Kindred Hospital San Diego. As such, Defendants made assurances to Kindred Hospital San Diego staff that all medical services rendered to Ann P. Shimsky, while a patient at Kindred Hospital San Diego, would be paid for.

b. These representations were in fact false. The truth was [ ] as stated in Attachment FR-2.b [X] as follows:

While Arnold Schimsky was Ann Shimsky's Power of Attorney for healthcare and financial affairs, he had no intention in acting in the best interests of Ann P. Shimsky. Instead, Arnold Schimsky had devised a plan to have Ann Shimsky live at Kindred Hospital San Diego, at Kindred's expense. In the meantime, Arnold Schimsky could continue to collect Ann P. Shimsky's social security and pension, use these funds for his own benefit, and continue to live in Ann P. Shimsky's home rent free.

c. When defendant made the representations,

[X] defendant knew they were false, or

[ ] defendant had no reasonable ground for believing the representations were true.

d. Defendant made the representations with the intent to defraud and induce plaintiff to act as described in item FR-5. At the time plaintiff acted, plaintiff did not know the representations were false and believed they were true. Plaintiff acted in justifiable reliance upon the truth of the representations.

FR-3. [X] **Concealment**

a. Defendant concealed or suppressed material facts [ ] as stated in Attachment FR-3.a [X] as follows:

Arnold Schimsky concealed the fact that Ann P. Shimnsky had executed a Healthcare Directive prior to her admission into Kindred Hospital San Diego. This Healthcare Directive included instructions regarding the degree of medical care Ann Shimsky wished to receive should she be incapable of making her own medical decisions.

b. Defendant concealed or suppressed material facts

[X] defendant was bound to disclose.

[ ] by telling plaintiff other facts to mislead plaintiff and prevent plaintiff from discovering the concealed or suppressed facts.

c. Defendant concealed or suppressed these facts with the intent to defraud and induce plaintiff to act as described in item FR-5. At the time plaintiff acted, plaintiff was unaware of the concealed or suppressed facts and would not have taken the action if plaintiff had known the facts.

(Continued)

| SHORT TITLE: Kindred Hospital San Diego v. Schimsky | CASE NUMBER: |
|---|---|

FIFTH (number) CAUSE OF ACTION—Fraud (Continued) Page 9

FR-4. [X] **Promise Without Intent to Perform**

a. Defendant made a promise about a material matter without any intention of performing it [ ] as stated in Attachment FR-4.a [X] as follows:

Arnold Schimsky promised the admissions staff at Kindred Hospital San Diego that he would cooperate in adhereing to the requests of Ann Shimsky's insurance company, and he would further cooperate in completing insurance documentation. Arnold Schimsky failed to perfom any of these tasks.

Arnold Schimsky promised the admissions staff at Kindred Hospital San Diego that any medical services rendered that are not covered by insurance, would be paid for out of Ann P. Shimsky's assets. Arnold Schimsky has failed to perform this task.

b. Defendant's promise without any intention of performance was made with the intent to defraud and induce plaintiff to rely upon it and to act as described in item FR-5. At the time plaintiff acted, plaintiff was unaware of defendant's intention not to perform the promise. Plaintiff acted in justifiable reliance upon the promise.

FR-5. In justifiable reliance upon defendant's conduct, plaintiff was induced to act [ ] as stated in Attachment FR-5 [X] as follows:

In good faith, Kindred Hospital San Diego provided medical services to Ann P. Shimsky with the understanding that these services would be paid for after they were rendered.

FR-6. Because of plaintiff's reliance upon defendant's conduct, plaintiff has been damaged [ ] as stated in Attachment FR-6 [X] as follows:

Kindred Hospital San Diego has provided, and not been paid for, medical services totaling $2,380,409.04 and continuing.

FR-7. Other:

| SHORT TITLE: THC-Orange County, Inc. dba Kindred Hospital San Diego v. Ann P. Shimsky, et al | CASE NUMBER: |
|---|---|

SIXTH (number) **CAUSE OF ACTION—Fraud** Page 10

ATTACHMENT TO [X] Complaint [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

FR-1. Plaintiff *(name)*: THC - Orange County, Inc. dba Kindred Hospital San Diego

alleges that defendant *(name)*: Ann P. Shimsky, an individual

on or about *(date)*: July 17, 2002 defrauded plaintiff as follows:

FR-2. [X] **Intentional or Negligent Misrepresentation**

a. Defendant made representations of material fact [ ] as stated in Attachment FR-2.a [X] as follows:
Beginning August 1, 2004, Ann P. Shimsky's insurance provider, Blue Cross/Blue Shield assessed Ann P. Shimsky as no longer appropriate for acute care hospitilzation, as such informed both Kindred Hospital San Diego, and Defendants that payments for Ann P. Shimsky's care at Kindred Hospital San Diego would cease. Despite this knowledge, Defendants desired Ann P. Shimsky's care to continue at Kindred Hospital San Diego. As such, Defendants made assurances to Kindred Hospital San Diego staff that all medical services rendered to Ann P. Shimsky, while a patient at Kindred Hospital San Diego, would be paid for.

b. These representations were in fact false. The truth was [ ] as stated in Attachment FR-2.b [X] as follows:
While Arnold Schimsky was Ann Shimsky's Power of Attorney for healthcare and financial affairs, he had no intention in acting in the best interests of Ann P. Shimsky. Instead, Defendants had devised a plan to have Ann Shimsky live at Kindred Hospital San Diego, at Kindred's expense. In the meantime, Defendants could continue to collect Ann P. Shimsky's social security and pension, and use these funds for their own benefit.

c. When defendant made the representations,
[X] defendant knew they were false, or
[ ] defendant had no reasonable ground for believing the representations were true.

d. Defendant made the representations with the intent to defraud and induce plaintiff to act as described in item FR-5. At the time plaintiff acted, plaintiff did not know the representations were false and believed they were true. Plaintiff acted in justifiable reliance upon the truth of the representations.

FR-3. [X] **Concealment**

a. Defendant concealed or suppressed material facts [ ] as stated in Attachment FR-3.a [X] as follows:
Defendants concealed the fact that Ann P. Shimnsky had executed a Healthcare Directive prior to her admission into Kindred Hospital San Diego. This Healthcare Directive included instructions regarding the degree of medical care Ann Shimsky wished to receive should she be incapable of making her own medical decisions.

b. Defendant concealed or suppressed material facts
[X] defendant was bound to disclose.
[ ] by telling plaintiff other facts to mislead plaintiff and prevent plaintiff from discovering the concealed or suppressed facts.

c. Defendant concealed or suppressed these facts with the intent to defraud and induce plaintiff to act as described in item FR-5. At the time plaintiff acted, plaintiff was unaware of the concealed or suppressed facts and would not have taken the action if plaintiff had known the facts.

(Continued)

| SHORT TITLE: Kindred Hospital San Diego v. Schimsky | CASE NUMBER: |
|---|---|

SIXTH (number) **CAUSE OF ACTION—Fraud (Continued)** Page 11

FR-4. [X] **Promise Without Intent to Perform**

a. Defendant made a promise about a material matter without any intention of performing it [ ] as stated in Attachment FR-4.a [X] as follows:

Defendants promised the admissions staff at Kindred Hospital San Diego that they would cooperate in adhering to the requests of Ann Shimsky's insurance company, and would cooperate in completing insurance documentation. Defendants failed to perfom any of these tasks.

Defendants further promised the admissions staff at Kindred Hospital San Diego that any medical services rendered that are not covered by insurance, would be paid for out of Ann P. Shimsky's assets. Defendants have failed to perform this task.

b. Defendant's promise without any intention of performance was made with the intent to defraud and induce plaintiff to rely upon it and to act as described in item FR-5. At the time plaintiff acted, plaintiff was unaware of defendant's intention not to perform the promise. Plaintiff acted in justifiable reliance upon the promise.

FR-5. In justifiable reliance upon defendant's conduct, plaintiff was induced to act [ ] as stated in Attachment FR-5 [X] as follows:

In good faith, Kindred Hospital San Diego provided medical services to Ann P. Shimsky with the understanding that these services would be paid for after they were rendered.

FR-6. Because of plaintiff's reliance upon defendant's conduct, plaintiff has been damaged [ ] as stated in Attachment FR-6 [X] as follows:

Kindred Hospital San Diego has provided, and not been paid for, medical services totaling $2,380,409.04 and continuing.

FR-7. Other:

[982.1(23)]

*LexisNexis® Automated California Judicial Council Forms*

| SHORT TITLE: THC-Orange County, Inc. dba Kindred Hospital San Diego v. Ann P. Shimsky, et al | CASE NUMBER: |
|---|---|

SEVENTH (number) CAUSE OF ACTION—Common Counts Page 12

ATTACHMENT TO [X] Complaint [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

CC-1. Plaintiff *(name)*: THC-Orange County, Inc. dba Kindred Hospital San Diego

alleges that defendant *(name)*: Ann P. Shimsky Trust; and, Arnold D. Schimsky, as trustee to the Ann P. Shimsky Trust

became indebted to [X] plaintiff [ ] other *(name)*:

a. [X] within the last four years
  (1) [X] on an open book account for money due.
  (2) [ ] because an account was stated in writing by and between plaintiff and defendant in which it was agreed that defendant was indebted to plaintiff.

b. [X] within the last [X] two years [ ] four years
  (1) [ ] for money had and received by defendant for the use and benefit of plaintiff.
  (2) [X] for work, labor, services and materials rendered at the special instance and request of defendant and for which defendant promised to pay plaintiff
    [ ] the sum of $
    [ ] the reasonable value.
  (3) [ ] for goods, wares, and merchandise sold and delivered to defendant and for which defendant promised to pay plaintiff
    [ ] the sum of $
    [ ] the reasonable value.
  (4) [ ] for money lent by plaintiff to defendant at defendant's request.
  (5) [ ] for money paid, laid out, and expended to or for defendant at defendant's special instance and request.
  (6) [ ] *other (specify)*:

CC-2. $2,380,409.04 , which is the reasonable value, is due and unpaid despite plaintiff's demand, plus prejudgment interest [X] according to proof [ ] at the rate of ________ percent per year from *(date)*:

CC-3. [X] Plaintiff is entitled to attorney fees by an agreement or a statute
  [ ] of $
  [X] according to proof.

CC-4. [ ] Other:

SHORT TITLE: THC-Orange County, Inc. dba Kindred Hospital San Diego v. Ann P. Shimsky, et al

CASE NUMBER:

EIGHTH (number) **CAUSE OF ACTION—Common Counts** Page 13

ATTACHMENT TO [X] Complaint [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

CC-1. Plaintiff *(name)*: THC-Orange County, Inc. dba Kindred Hospital San Diego

alleges that defendant *(name)*: Arnold D. Schimsky, an individual

became indebted to [X] plaintiff [ ] other *(name)*:

a. [X] within the last four years
   (1) [X] on an open book account for money due.
   (2) [ ] because an account was stated in writing by and between plaintiff and defendant in which it was agreed that defendant was indebted to plaintiff.

b. [X] within the last [ ] two years [X] four years
   (1) [ ] for money had and received by defendant for the use and benefit of plaintiff.
   (2) [X] for work, labor, services and materials rendered at the special instance and request of defendant and for which defendant promised to pay plaintiff
   [ ] the sum of $
   [X] the reasonable value.
   (3) [ ] for goods, wares, and merchandise sold and delivered to defendant and for which defendant promised to pay plaintiff
   [ ] the sum of $
   [ ] the reasonable value.
   (4) [ ] for money lent by plaintiff to defendant at defendant's request.
   (5) [ ] for money paid, laid out, and expended to or for defendant at defendant's special instance and request.
   (6) [ ] *other (specify)*:

CC-2. $2,380,409.04 , which is the reasonable value, is due and unpaid despite plaintiff's demand, plus prejudgment interest [X] according to proof [ ] at the rate of ______ percent per year from *(date)*:

CC-3. [X] Plaintiff is entitled to attorney fees by an agreement or a statute
[ ] of $
[X] according to proof.

CC-4. [ ] Other:

# Exhibit AB

GIOVANNIELLO & MICHELS, LLP
Alexander F. Giovanniello (CSB # 125562)
Karen A. Bocker (CSB # 213764)
Thomas C. Swann (CSB # 229422)
1470 S Valley Vista Drive, #200
Diamond Bar, California 91765

Ph: (909) 396-1964
Fax: (909) 396-0885

Attorneys for Plaintiff:
Kindred Hospital-San Diego

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO- CENTRAL- HALL OF JUSTICE**

| | |
|---|---|
| THC-ORANGE COUNTY, INC dba KINDRED HOSPITAL-SAN DIEGO<br><br>Plaintiff<br>vs.<br><br>THE ANN P. SHIMSKY TRUST; ARNOLD SHIMSKY, as Trustee to the Ann P. Shimsky Trust; ANN P. SHIMSKY, an individual, and ARNOLD SCHIMSKY, an individual<br><br>Defendants | Case No.: GIC871356<br><br>STIPULATION AND SETTLEMENT AGREEMENT |

This Stipulation and Settlement Agreement is executed by KINDRED HOSPITAL – SAN DIEGO and all affiliated entities, by and through its counsel, GIOVANNIELLO & MICHELS, LLP; ANN SHIMSKY aka ANN P. SHIMSKY, ANN LEA SHIMSKY and ANN SCHIMSKY; by and through ARNOLD SCHIMSKY her Attorney in fact for financial decisions: and the ANN P. SHIMSKY TRUST by and through ARNOLD SCHIMSKY, trustee of the Ann P. Shimsky Trust and ARNOLD D. SCHIMSKY, individually and as Trustee of the ANN P. SHIMSKY TRUST by his counsel, JOHN GARCIA.

**WHEREAS**, a case is now pending in the Superior Court of California, San Diego County, Central Hall of Justice, which is captioned <u>THC-ORANGE COUNTY, INC dba</u>

<u>KINDRED HOSPITAL-SAN DIEGO vs. THE ANN P. SHIMSKY TRUST; ARNOLD SHIMSKY, as Trustee to the Ann P. Shimsky Trust; ANN P. SHIMSKY, an individual, and ARNOLD SCHIMSKY, an individual</u>, Case Number GIC871356 (the "Case"):

**AND WHEREAS**, after consulting with their respective counsel, the parties desire to finally compromise and settle the above controversy as more particularly set forth in this Stipulation and Settlement Agreement (the "Settlement").

**IT IS HEREBY STIPULATED** by Plaintiff and Defendants, by and through their counsel of record herein, that the above-captioned matter shall be deemed resolved under the following conditions:

1. Defendants will transfer, via Grant Deed, sole ownership of all rights, title and interests in and to the real property and improvements commonly known as 1255 Essex St, Imperial Beach, California, 91932-3327 (the "Property") to the Plaintiff or its designee (the "Transferee"). This Settlement is expressly conditioned upon, and Plaintiff will accept the transfer of the Property for the purposes of settlement under this Settlement, under the following conditions:

a. <u>Escrow</u>.

i. The transfer will be consummated through an escrow ("Escrow") established with an escrow company selected by Plaintiff (the "Escrow Holder"). Escrow shall be deemed open upon delivery of a fully executed copy of this Settlement to the Escrow Holder.

ii. Defendants agree to execute any and all forms of escrow instructions as the Escrow Holder customarily requires as escrow holder in real property escrows administered by it. In the event of a conflict between any such escrow instructions and this Settlement, this Settlement shall supersede and be controlling.

iii. On or before 12:00 noon on the business day preceding November 30 ~~15~~, 2006 (the "Closing"), Defendants shall deliver to Escrow Holder all documents, instruments, certificates, certifications, property and

funds (all of which documents, instruments, certificates and certifications shall be in a form and content acceptable to Plaintiff in its sole and absolute discretion) necessary or expedient to consummate the transactions contemplated herein, including, without limitation, the following:

1. An original, fully executed and acknowledged Grant Deed, which Grant Deed shall convey to Plaintiff all rights, title and interests in and to fee title to the Property;
2. One or more copies of a Certificate of Non-Foreign Status executed by the Defendants and a California Franchise Tax Board Form 590-RE executed by the Defendants;
3. Originals or, if unavailable, copies of all documents, records, guaranties and warranties relating to the Property;
4. All keys to the Property will be transferred to Plaintiff at the close of escrow;
5. A report prepared by the Title Company (defined below) or a search firm approved by Plaintiff evidencing there are no UCC liens filed against the Property;.
6. Evidence of the existence, organization and authority of Defendants (as applicable) and of the authority of persons executing documents on behalf of Defendants reasonably satisfactory to Escrow Holder, Title Company and Plaintiff;
7. Any other documents, instruments, funds, property and records required to be delivered to Plaintiff under the terms of this Settlement which have not been previously delivered; and
8. Payment in immediately available funds for all costs, fees and expenses related to or arising from the Closing.

iv. Escrow Holder shall be instructed by Plaintiff to record such Grant Deed in the Official Records of San Diego County, California (the "Official Records") if and when Escrow Holder: (1) receives written confirmation from Plaintiff that all conditions in favor of Plaintiff set forth in this Settlement have been satisfied or waived, (2) holds the instruments, property, and funds accruing to Plaintiff and Defendants as set forth herein, and (3) can obtain for Plaintiff the Title Policy (defined below).

b. Appraisal, Inspections and Review:

i. Due Diligence Items. Within five (5) days after the execution of this Settlement, Defendant shall deliver true, correct and complete copies or originals of the following documents and items (collectively, "Due Diligence Items") to Plaintiff:

1. All contracts (any and all amendments thereto) affecting the Property.

2. All certificates, licenses and permits pertaining to the Property in the Defendants' possession or control.

3. Copies of any and all asbestos, lead-based paint, soils, seismic, geologic, drainage, toxic waste, engineering, environmental and similar type reports and surveys, building grading plans, drawings, schematics, blueprints and working drawings for the Property or any major capital improvements thereto, and any CC&Rs relating to the Property in the Defendants possession or control.

4. A report ("Pest Control Report") dated within thirty (30) days of the date of this Settlement from a licensed pest control operator approved by Plaintiff stating that such operator has inspected the Property for evidence of termites, dry-rot, fungi

and other wood destroying pests and organisms. If no active or past infestation or infection by wood destroying pests or organisms is found, the Pest Control Report shall include a written "Certification" as provided in California Business and Professions Code Section 8519(a) that on the date of inspection "no evidence of active infestation or infection was found." In the event any active infestation or infection by wood destroying pests or organisms is found, or if there is existing damage resulting from past infestation or infection, the Defendants shall complete all corrective action to remediate such condition and repair the Property prior to Closing and shall deliver to Plaintiff at Closing the Certification evidencing the completion of such remediation work.

5. Any and all notices of violations, including, but not limited to, zoning ordinances, building codes, fire codes, CC&Rs or other agreements affecting the Property.

6. Full and complete disclosure of any legal matters affecting the Property (including, without limitation, any claims or potential claims to legal, equitable or possessory interests in and to the Property or any portion thereof).

7. A lead-based paint disclosure and acknowledgement in the form required under California law.

ii. Access Rights. From and after the date hereof through and including the Closing, Plaintiff shall, directly and through its agents, have the right to examine, inspect and investigate the Property and, at Plaintiff's sole and absolute discretion, determine whether the Property is acceptable to Plaintiff. Defendants shall permit Plaintiff

and its agents to conduct physical inspections of the Property, including the structural, electrical and mechanical aspects of the Property and any other investigations as Plaintiff deems prudent with respect to the physical condition of the Property. Such investigations may be made by Plaintiff and/or its agents during any normal business hours. Defendants shall cooperate fully to assist Plaintiff and its agents in completing such inspections and investigations.

iii. Books and Records. As part of Plaintiff's due diligence investigations, Plaintiff shall be afforded full opportunity by the Defendants to examine all books and records which relate to the Property in the possession of the Defendants' or their agents or employees, including the reasonable right to make copies of such books and records.

iv. Due Diligence Notice. Plaintiff shall notify the Defendants and Escrow Holder in writing ("Plaintiff's Due Diligence Notice") on or before the Closing of Plaintiff's approval or disapproval of the Due Diligence Items, the condition of the Property, and Plaintiff's investigations with respect thereto. Plaintiff's failure to deliver Plaintiff's Due Diligence Notice on or before the Closing shall be conclusively deemed Plaintiff's disapproval thereof.

v. Title Review. Within five (5) days following the opening of Escrow, Defendants shall cause the delivery to the Plaintiff of a preliminary title report for an ALTA extended coverage owner's policy of title insurance issued by the Title Company (defined below), describing the state of title of the Property (the "Preliminary Title Report"). Plaintiff shall notify Defendant in writing ("Plaintiff's Title Objection Notice") of any objections Plaintiff may have to title exceptions contained in the Preliminary Title Report. The

Defendants shall have a period of three (3) days after receipt of the Plaintiff's Title Objection Notice in which to deliver written certification to Plaintiff ("Defendants' Title Notice") that the Defendants will remove the objectionable items prior to the Closing. Without limiting the provisions of the preceding sentence, the Defendants shall be required to remove all monetary liens and encumbrances created by or as a result of Defendants' activities, suffered by Defendants or assumed by the Defendants (including without limitation any deeds of trust) and the Defendants shall be solely responsible for all yield maintenance, prepayment penalties and/or any other similar fees and charges required by any lender to remove existing financing encumbrances and the Defendants shall have no right to decline to remove same. Upon the issuance of any amendment or supplement to the Preliminary Title Report which adds additional exceptions, the foregoing right of review and approval shall also apply to said amendment or supplement (provided that the period for Plaintiff to review such amendment or supplement shall be ten (10) days from receipt of the amendment or supplement) and, at Plaintiff's election, Escrow shall be deemed extended by the amount of time necessary to allow such review and approval in the time and manner set forth above.

c. Appraisal. Plaintiff shall have received an MAI (Member of Appraisal Institute) appraisal of the Property ("Appraisal"), which Appraisal evidences that the Property: (1) has a fair market value equal to or greater than $450,000.00 ("Appraised Value"), and (2) is in at least the condition of comparable single family properties offered for rent with in a one mile radius of the Property. The Appraisal will be completed by an appraiser

selected by Plaintiff and the costs of the Appraisal shall be the sole responsibility of the Defendants.

d. Defendants' Performance. Each of the Defendants shall have duly performed each and every undertaking and agreement to be performed by the defendants hereunder and each representation and warranty made in this settlement shall be true accurate and complete as of the date of this settlement and closing. The due performance by the Defendants of each and every undertaking and agreement to be performed by the Defendants hereunder, and the truth of each representation and warranty made in this Settlement. A representation that is limited to the Defendants' knowledge or notice shall be false if the factual matter that is subject to the representation is false, notwithstanding any lack of knowledge or notice to the Defendants.

e. Approval of Due Diligence Items. Plaintiff shall have approved the contents of all Due Diligence Items, the Preliminary Title Report, the Pest Control Report, the Appraisal, and the results of any investigations of or with respect to the Property made by Plaintiff and/or its designees. Plaintiff shall be deemed to have disapproved such documents and investigations unless they are approved or waived in writing by Plaintiff on or before the Closing.

f. Title Policy. At Closing an ALTA owner's extended coverage policy of title insurance ("Title Policy") shall be issued by, at Plaintiff's election, either First American Title Insurance Company or Fidelity Title Insurance Company ("Title Company") with liability in an amount equal to the Appraised Value together with such endorsements to the Title Policy as may be requested by Plaintiff, showing the fee title to the Property vested in solely in the Plaintiff (or another Transferee) free and clear of options, rights of first refusal or other purchase rights, leases, lis pendens and monetary liens and/or encumbrances and subject only to:

i. Non-delinquent real property taxes (a lien not yet due and payable);

ii. Non-monetary title exceptions approved by Plaintiff;

iii. Title exceptions, if any, resulting from documents being recorded or delivered through Escrow.

g. Bankruptcy. There shall not have occurred at any time on or before the Closing the making by any of the Defendants of any general assignment for the benefit of creditors, or the filing against any of the Defendants of a petition to have such Defendant adjudged a bankrupt or a petition for reorganization or arrangement under any law relating to bankruptcy, or the appointment of a trustee or receiver to take possession of substantially all of the interest of any Defendant in the Property, or the attachment, execution or judicial seizure of substantially all the assets of any of the Defendants or the interests of any of the Defendants in the Property or any legal proceeding in which any Defendant is adjudicated as being, or stipulates to being, insolvent or unable to pay its debts as they come due.

h. Grant Deed; Other Closing Documents. The execution, delivery and performance by the Defendants (including, but not limited to, the Ann P. Shimsky Trust, its beneficiaries and other parties-in-interest) of the Grant Deed and all other documents, agreements, instruments and certificates contemplated under this Settlement. The Grant Deed and such other documents shall convey to Plaintiff all rights, title and interests in and to fee title to the Property, subject only to the liens and encumbrances contemplated under Subparagraph (f) above.

i. Possession. Plaintiff shall have sole and exclusive possession of the Property at Closing. Without limiting the foregoing, the Defendants shall have terminated, released and caused the vacation of, at Defendants' sole cost and expense, all leasehold and other possessory interests in the Property prior to the Closing.

J. Representations and Warranties. Each of the Defendants hereby makes the following representations, covenants and warranties and acknowledges that the execution and delivery of this Settlement by the Plaintiff has been made and the acceptance by Plaintiff (or its Transferee) of the Property will have been made in material reliance by the Plaintiff on such covenants, representations and warranties:

i. Representations and Warranties True. Each and every undertaking and obligation of the Defendants under this Settlement shall be performed by the Defendants when due; and all representations and warranties of the Defendants under this Settlement are and shall be true, correct, and complete as of the date of this Settlement and at the Closing as though they were made at the time of Closing.

ii. Title. The Defendants are now and at all times between the date hereof and Closing, inclusive, will be the owner (either of record or beneficially) of (and Plaintiff will acquire hereunder) the entire right, title and interest in and to the Property to effectively vest solely in the Plaintiff good and marketable fee simple title to the Property, that the Plaintiff will acquire the Property (and the Property will be at Closing) free and clear of all liens, encumbrances, claims, rights, demands, easements, leases, agreements, covenants, conditions, and restrictions of any kind or character (including, without limitation, on the generality of the foregoing, liens or claims for taxes, mortgages, loans, conditional sales contracts, or other title retention agreement, deeds of trust, security agreements and pledges, leasehold interests, licenses or other possessory interests) except for real property taxes not delinquent, and the exceptions to title approved by Plaintiff pursuant to this Settlement.

iii. Zoning and Use. The present and continued use, occupancy and maintenance of the Property are not subject to any special use, nonconforming use or zoning variance and the Defendants have not received written notice from any governmental authority that the Property is not in compliance with or violates applicable environmental building and zoning laws, rules or regulations or governmental rules or regulations. Neither the Defendants nor any other party has requested, applied for, given its consent to or has knowledge of any pending zoning variances or change with respect to the Property. There is no plan, study or effort by any governmental authority or agency or any nongovernmental person or entity which in any way affects or would affect, the use of the Property. There is no existing, proposed or contemplated plan to widen, modify or realign any street or highway adjoining the Property which would affect access thereto, or any existing proposed or contemplated eminent domain proceeding that would affect the Property in any way whatsoever.

iv. Governmental Inspection. There is no ruling, ordinance, regulation or statute that requires any governmental agency to inspect the Property and/or issue any documents affecting the continued occupancy and specifications of the Property as a result of the transfer of the Property to Plaintiff or its Transferee.

v. UCC Financing Statements. As of the Closing, no portion of the Property will be affected by any financing statements.

vi. No Litigation. There are no pending or, to the best of the Defendants' knowledge, threatened claims, allegations or lawsuits of any kind, whether for personal injury, property damage, landlord-tenant disputes, property taxes or otherwise, that could materially

and adversely affect the operation, occupancy or value of the Property or prohibit the sale thereof, nor to the best of the Defendants' knowledge, is there any governmental investigation of any type or nature pending or threatened against or relating to the Property or the transactions contemplated hereby; and the Defendants shall hold Plaintiff, its directors, officers, employees, agents, successors and assigns (collectively, the "Indemnified Parties") harmless from all liability, loss, cost and expense resulting from claims arising or becoming applicable during or as a result of Plaintiffs' or any Transferee's ownership of the Property.

vii. Insurance Indemnifications. The Defendants have not received notices by any insurance company which has issued a policy with respect to any portion of the Property, or by any board of fire underwriters, or from any governmental authority, of zoning, building, fire or health code violations in respect to the Property.

viii. Enforceability of Settlement; Closing Documents. Each person executing any documents, instruments and certificates (including, without limitation, this Settlement and the Grant Deed) for or on behalf of the Defendants was fully authorized to act on behalf of the Defendants and that this Settlement, the Grant Deed and all other documents, instruments and certificates contemplated hereunder are valid and enforceable against the Defendants in accordance with their terms. No approval, consent, order or authorization of, or designation, registration or declaration with, any court or governmental authority, including, but not limited to, probate court approval, is required in connection with the valid execution, delivery and performance by the Defendants of this Settlement, the Grant

Deed and all other documents, instruments and certificates contemplated hereunder.

ix. Brokerage Commissions. As of the Closing, no brokerage or leasing commissions or other compensation will be due or payable to anyone with respect to or on account of the Defendants or the Property.

x. Service Contracts. There is no agreement, in writing or otherwise, between the Defendants and any other person or persons for service, supply, maintenance, management or the operation of the Property or any portion thereof, which is not cancelable upon thirty (30) days' notice, without payment of any penalty or premium.

xi. Hazardous Waste. The Property has not at any time been used for the purposes of storing, manufacturing, releasing or dumping Hazardous Materials or Substances, except for normal quantities of Hazardous Materials or Substances utilized in connection with the normal maintenance and operation of the Property in compliance with all Environmental Laws (as hereinafter defined) and so-called household Hazardous Materials utilized by occupants of the Property. No underground storage tanks, pipelines or clarifiers have been or are located on the Property. "Hazardous Materials" or "Substances" shall mean (1) hazardous wastes, hazardous materials, hazardous substances, hazardous constituents, toxic substances or related materials, whether solids, liquids or gases, including, but not limited to, substances deemed as "hazardous wastes," "hazardous materials," "hazardous substances," "toxic substances," "pollutants," "contaminants," "radioactive materials," or other similar designations in, or otherwise subject to regulation under, the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended ("CERCLA"), 42 U.S.C. § 9601

et seq.; the Toxic Substance Control Act ("TSCA"), 15 U.S.C. § 2601 et seq.; the Hazardous Materials Transportation Act, 49 U.S.C. § 1802; the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 9601, et seq.; the Clean Water Act ("CWA"), 33 U.S.C. § 1251 et seq.; the Safe Drinking Water Act, 42 U.S.C. § 300 et seq.; the Clean Air Act ("CAA"), 42 U.S.C. § 7401 et seq.; the Hazardous Waste Control Law, California Health and Safety Code § 25025 et seq., the Carpenter-Presley-Tanner Hazardous Substance Account Act, California Health and Safety Code, Division 20, Chapter 6.8, the Hazardous Materials Release Response Plans and Inventory Act, California Health and Safety Code, Division 20, Chapter 6.95, The Underground Storage of Hazardous Substances Act, California Health and Safety Code, Division 20, Chapter 6.7, the Porter-Cologne Act, California Water Code § 13050 et seq. and in any permits, licenses, approvals, plans, rules, regulations or ordinances adopted, or other criteria and guidelines promulgated pursuant to the preceding laws or other similar federal, state or local laws, regulations, rules or ordinances now or hereafter in effect relating to environmental matters (collectively the "Environmental Laws"); and (ii) any other substances, constituents or wastes subject to any applicable federal, state or local law, regulation, ordinance or common law doctrine, including any Environmental Law, now or hereafter in effect, including, but not limited to, (A) petroleum, (B) refined petroleum products, (C) waste oil, (D) waste aviation or motor vehicle fuel, (E) asbestos, (F) lead in water, paint or elsewhere, (G) radon, (H) polychlorinated biphenyls (PCB's) and (I) ureaformaldehyde.

xii. Black Mold. The levels of mold or fungi, including, but not limited to, penicillium/aspergillus and stachybotrys chartarum, located within the improvements on the Property, are not greater than the levels of such mold or fungi located in the outdoor environment and there are not accumulations of mold or fungi located on or in any of the improvements on the Property.

xiii. Condition of Improvements. As of the Closing, the improvements on the Property are in good working order and repair, and the Property is in at least the condition of comparable single family properties offered for rent with in a one mile radius of the Property.

xiv. Structural Defects. There are no structural defects in any of the improvements on the Property.

xv. Property Fully Taxed. The Property and all parts thereof were fully assessed for general tax purposes and there has not been, at any time, a tax break, concession or adjustment (in the condition factor, assessed valuation or otherwise) given or applied, and that no portion of the Property is, or as of the Closing will be subject to or affected by special assessments, whether or not a lien thereon. The Defendants have not received any notice or information of any contemplated increase of the assessments affecting the Property.

xvi. Adequacy of Utilities. As of the Closing, the water supply and water purify, the sewer, the sewage and waste disposal systems and all of the utility services now servicing the Property are sufficient for the operation of the Property.

xvii. Compliance with Laws. The Defendants have not received any notices from any governmental authority of zoning, building, environmental protection, clean air, pollution, fire or health code violations with respect to the Property, or violations pertaining to the

use and occupancy of the Property, including, without limitation, discrimination on any prohibited basis.

xviii. Recapture Agreements. There are no obligations burdening the Property created by any so called "recapture agreement" involving refund for sewer or water extension or other improvement to any sewer or water systems, oversizing utility, lighting or like expense or charge for work or services done upon or relating to the Property which will bind the Plaintiff, any Transferee or the Property from and after the Closing.

xix. Special Studies Zone. The Property is not located within either a designated earthquake fault zone pursuant to California Public Resources Code § 2621.9 or a designated area that is particularly susceptible to ground shaking, liquefaction, landslides or other ground failure during an earthquake pursuant to California Public Resources Code § 2694.

xx. Obligation to Provide Notice. If any of the Defendants become aware of any act or circumstance which would change or render incorrect, in whole or in part, any representation or warranty made by the Defendants under this Settlement, whether as of the date given or any time thereafter through the Closing and whether or not such representation or warranty was based upon the Defendants' knowledge and/or belief as of a certain date, the Defendants shall give immediate written notice of such changed fact or circumstance to the Plaintiff, but such notice shall not release the Defendants of their liabilities or obligations with respect thereto.

k. All representations and warranties contained in this Settlement are and shall be true and correct on the date hereof and on the Closing, all of which representations and warranties shall survive the Closing.

1. Indemnity. The Defendants, jointly and severally, shall indemnify, defend (with counsel selected by Plaintiff) and hold the Indemnified Parties harmless from and against any and all loss, damage, claims, liability or expense, including court costs and reasonable attorneys' fees, which any of the Indemnified Parties may incur or sustain either prior to or following the Closing by reason of or in connection with (i) any breach of Defendants' representations and/or warranties contained herein; (ii) the failure of any of the Defendants to fulfill any of its covenants or agreements under this Settlement; (iii) any and all obligations, liabilities, claims, accounts, demands, liens or encumbrances, whether direct, contingent or consequential, and no matter how arising, in any way related to or arising from (1) any act, conduct, omission, contract, agreement or commitment of the Defendants, (2) in any way relating to or arising from the construction, completion, sale, lease, use or occupancy of the Property prior to the Closing, or (3) otherwise relating to the condition, title, possession, transfer or occupancy of the Property; or (iv) in any way relating to the generation, treatment, storage or disposal of Hazardous Materials or Substances prior to the Closing. Plaintiff shall notify the Defendants within ten (10) days in the event any claim is made against it for which the Defendants shall have agreed to indemnify the Indemnified Parties as set forth in this Agreement, and the Defendants shall thereupon undertake to defend and hold the Indemnified Parties free and harmless therefrom. Should the Defendants fail to discharge or undertake to defend against any such liability, then the Indemnified Parties may settle the same, and the Defendants' liability to the Indemnified Parties shall be conclusively established by such settlement, the amount of such liability shall include both the settlement consideration and the costs, attorneys' fees and expenses incurred by the Indemnified Parties in effecting such settlement.

m. Covenants of Defendants. During the pendency of Escrow, each of the Defendants covenants and agrees as follows:

i. Insurance. The Defendants shall keep all Property conveyed hereunder fully insured against all usual risks and will maintain in effect all insurance policies now maintained on the same, up to and including the Closing.

ii. Further Tenancies. Between the date of the execution of this Settlement and the Closing, without the prior written consent of the Plaintiff (which may be withheld, conditioned or delayed in Plaintiff's sole and absolute discretion), the Defendants will not enter into any lease, license, easement, or other agreement relating to the transfer, conveyance, grant, encumbrance or relinquishment of any real property right affecting or relating to the Property.

iii. Operation and Condition Pending Closing. Between the date of this Settlement and the Closing, the Defendants will continue to manage, operate and maintain the Property in the same manner as existed prior to the execution of this Settlement; provided, however, such management, operation and maintenance shall be at least as diligent as the management, operation and maintenance of other single family properties offered for rent with in a one mile radius of the Property. The Property (and all improvements thereon) will on the day of the Closing be in such good condition and repair as required in order for Plaintiff to sell the property or to lease to tenants. At Closing, the Property will be vacant, thoroughly cleaned, and that the Property contains all of the following: (1) dishwasher, garbage disposal, stove and oven in working condition; (2) plumbing, heating, air conditioning, and electrical systems in working order and the roof in good condition and repair; (3) floors fully covered with a

combination of tile or linoleum and carpeting, all of which shall be in average or better condition; and (4) blinds and/or drapes on all windows in average or better condition. If the Property is not in the condition described in the foregoing sentence, or if any appliance or other item listed above is missing or not in working order as of the Closing, the Defendants agree to reimburse the Plaintiff for the repair costs of the same, and if missing or not repairable, shall pay for the cost of replacing same.

iv. Required Repairs. The Defendants will, prior to the Closing, perform such repairs or retrofitting to the Property required by any federal, state or local law, ordinance or regulation applicable to the Property.

n. Risk of Physical Loss. Prior to the Defendants' delivery of possession of the Property to the Plaintiff or any other Transferee at the Closing, the risk of loss or damage to the Property shall remain upon the Defendants. If the Property suffers damages as a result of any casualty prior to the Closing, then the Defendants shall give written notice thereof to the Plaintiff promptly after the occurrence of the casualty. The Plaintiff can elect to (i) require the Defendants to repair and restore same, in which event, the Closing will be extended until such date as may be reasonably required to complete the repair and restoration, in which case, the Defendants shall retain all insurance proceeds (provided that in no event will the Closing be extended for more than ninety (90) days); (ii) accept the Property in its damaged condition, together with an assignment of Defendants' insurance proceeds (and the Defendants hereby agree that they shall not sell or compromise any insurance claim affecting the Property without Plaintiff's prior written consent, which consent may be withheld, conditioned or

delayed), or (iii) terminate this Settlement without liability to the Defendants therefor.

o. Condemnation. In the event that, prior to the Closing, any governmental entity shall commence any actions of eminent domain or similar type proceedings to take any portion of the Property, the Defendants shall give prompt written notice thereof to the Plaintiff, and the Plaintiff shall have the option either to (i) terminate this Settlement without liability to the Defendants therefore, or (ii) complete the acquisition of the Property, in which case the Plaintiff shall be entitled to all the proceeds of such taking (and the Defendants hereby agree that it shall not settle or compromise the proceedings without Plaintiff's prior written consent, which consent may be withheld, conditioned or delayed).

p. Brokerage Commissions. Each of the Defendants represents and warrants that it has not retained any brokers or finders to represent its interests in connection with this transaction. Each of the Defendants agrees to indemnify, defend (with counsel selected by the Plaintiff) and hold the Indemnified Parties harmless from and against all liabilities, costs, damages and expenses, including, without limitation, reasonable attorneys' fees, resulting from any claims or fees or commissions, based upon agreements by it, if any, to pay any additional broker's commission and/or finder's fee.

q. Information Report. Escrow Holder shall file and Plaintiff and the Defendants agree to cooperate with Escrow Holder and with each other in completing any report ("Information Report") and/or other information required to be delivered to the Internal Revenue Service pursuant to Internal Revenue Code regarding the real estate sales transaction contemplated by this Agreement, or as may be required pursuant to any regulation now or hereinafter promulgated by the Treasury Department with respect thereto.

r. Probate Court Approval. If and to the extent the Case, the Property or the assets of any of the Defendants fall under the jurisdiction or control of any court (probate or otherwise), the effectiveness of this Settlement and the transactions contemplated hereunder shall be subject to the review and approval of such court.

s. Costs and Expenses.

i. Notwithstanding anything to the contrary contained herein, all costs and expenses related to or arising from the transactions contemplated under this Settlement (including the costs of the Title Policy [including all endorsements and the removal of disapproved items], the Certification, the Appraisal, inspection, Escrow costs, Escrow Holder fees, documentary and other transfer taxes payable on account of the conveyance of the Property) shall be paid by the Defendants. All service providers (including, without limitation, the Escrow Holder, Title Company, appraiser, inspectors and others) shall be selected or approved by the Plaintiff.

ii. ~~In addition to the foregoing, the Defendants shall be solely responsible for all remarketing costs reasonably incurred by the Plaintiff in the marketing, sale and/or lease of the Property, including, without limitation, all reasonable refurbishment costs for remarketing purposes, listing fees, Real Estate commissions, maintenance and repair costs, security costs, Plaintiff's closing costs and expenses related to or arising from the resale.~~

2. Defendants will transfer the proceeds of any joint checking account held by and between Defendants to the GIOVANNIELO & MICHELS, LLP CLIENT TRUST ACCOUNT.

3. Defendants will provide Plaintiff, c/o Giovanniello & Michels, LLP, an accounting of all activity concerning any joint checking account held by and between Defendants.

4. Defendants will pay Plaintiff 50% of the total amount of deposits from Social Security and the annuity benefits on behalf of Ann P. Shimsky made to the joint account from July 2002 through the present time to the GIOVANNIELLO & MICHELS, LLP CLIENT TRUST ACCOUNT. (The amount total is $28,509 as of October 1, 2006.

5. Defendants will transfer to the GIOVANNIELLO & MICHELS, LLP CLIENT TRUST ACCOUNT the principle of any Annuity or Insurance proceeds that are payable to Ann P. Shimsky or the Ann P. Shimsky Trust.

6. Defendants, Arnold Schimsky, an individual, and Arnold Schimsky, as trustee to the Ann P. Shimsky Trust, will cooperate with Plaintiffs and Blue Cross in resolving any billing issues that may arise as a result of Kindred Hospital San Diego's care and treatment of Ann Shimsky while she was a patient at Kindred Hospital San Diego, which Defendant agrees was reasonable and necessary. Should Blue Cross pay the full amount due and owing to KINDRED HOSPITAL – SAN DIEGO for the care rendered to Ann Shimsky, which as of September 15, 2006 is $2,484,981.86, Mr. Arnold Schimsky and Judy Lopriano will be reimbursed for the amount received by Kindred Hospital – San Diego over and above the amount due and owing. The reimbursement will be paid to the John Garcia Client Trust Account to be distributed to Mr. Arnold Schimsky and Judy Lopriano by Mr. Garcia.

7. Upon complete execution of the conditions set forth above, Plaintiff will execute and file a Request for Dismissal with Prejudice in the case now pending.

**IT IS FURTHER STIPULATED BETWEEN THE PARTIES** that this settlement agreement only affects the rights between Plaintiff and Defendants, and it does not prevent Plaintiff from seeking additional recovery from any appropriate insurance company who insured Ann P. Shimsky while she was a patient at Kindred Hospital – San Diego.

This Stipulation is the entire agreement between the parties in respect of the subject matter hereof, and a fax signature shall be deemed as original.

DATE: 10/6/06

GIOVANNIELLO & MICHELS, LLP

By: [signature]

Alexander P. Giovanniello
Karen A. Bocker
Thomas C. Swann
Attorneys for PLAINTIFF
THC-ORANGE COUNTY, INC. dba
KINDRED HSOPTIAL SAN DIEGO

DATE: 10-6-06

[signature]
John Garcia
Counsel of Record for Defendants

DATE: 10/6/06

x Arnold Schimsky
Ann P. Shimsky Trust, by and through the Trustee, Arnold Schimsky

DATE: 10/6/06

x Arnold Schimsky
Ann P. Shimsky, an individual, by and through her DPOA, Arnold Schimsky

DATE: 10/6/06

x Arnold Schimsky
Arnold Schimsky, trustee to the Ann P. Shimsky Trust

DATE: 10/6/06

x Arnold Schimsky
Arnold Schimsky, an individual

DATE: 10/6/06

Judy Lopriano
Judy Lopriano, an individual and beneficiary of the Ann P. Shimsky Trust

Exhibit AC

p. 6

RECEIVED

OCT 12 2006

AFG / KAB / FCS

FILE # KHC.047C

FILE IN CR RPT PLDG DISC

GIOVANNIELLO & MICHELS, LLP
Alexander F. Giovanniello (CSB # 125562)
Karen A. Bocker (CSB # 213764)
Thomas C. Swann (CSB # 229422)
1470 S Valley Vista Drive, #200
Diamond Bar, California 91765

Ph: (909) 396-1964
Fax: (909) 396-0885

Attorneys for Plaintiff:
Kindred Hospital-San Diego

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO- CENTRAL- HALL OF JUSTICE

THC-ORANGE COUNTY, INC dba KINDRED HOSPITAL-SAN DIEGO

Plaintiff

vs.

THE ANN P. SHIMSKY TRUST; ARNOLD SHIMSKY, as Trustee to the Ann P. Shimsky Trust; ANN P. SHIMSKY, an individual, and ARNOLD SCHIMSKY, an individual

Defendants

Case No.: GIC871356

WRITTEN APPROVAL OF BENEFICIARIES TO TRANSFER THE RESIDNETIAL PROPERTY WITHIN THE ANN P. SHIMSKY 1998 TRUST TO KINDRED HOSPITAL – SAN DIEGO

NOTICE IS HEREBY GIVEN that Judy Schimsky Lopriano and Arnold D. Schimsky, as the only remaining living beneficiaries of the Ann P. Shimsky 1998 Trust, do hereby give written permission and approval to the transfer of the Settlor's residence, known as 1255 Essex St, Imperial Beach, California, 91932-3327 (the "Property") to KINDRED HOSPITAL – SAN DIEGO to pay for expenses of her last illness.

///

///

///

///

It is agreed that this document, consisting of two (2) pages may be executed in subparts and that a faxed signature will be deemed an original.

DATE: 10/6/06

Arnold Schimsky

Arnold Schimsky, trustee to the Ann P. Shimsky Trust

DATE: 10/6/06

Arnold Schimsky

Arnold Schimsky, an individual and beneficiary of the Ann P. Shimsky Trust

DATE: 10/6/06

Judy Lopriano

Judy Lopriano, an individual and beneficiary of the Ann P. Shimsky Trust

# Exhibit AD

**GIOVANNIELLO & MICHELS, LLP**
Alexander F. Giovanniello (CSB # 125562)
Karen A. Bocker (CSB # 213764)
1470 S. Valley Vista Drive, Suite 200
Diamond Bar, California 91765

Ph: (909) 396-1964
Fax: (909) 396-0885

Attorneys for
THC – ORANGE COUNTY, INC dba
KINDRED HOSPITAL SAN DIEGO

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO – HALL OF JUSTICE**

| | |
|---|---|
| THC – ORANGE COUNTY, INC. dba KINDRED HOSPITAL SAN DIEGO<br><br>Plaintiff<br><br>vs.<br><br>THE ANN P. SHIMSKY TRUST; ARNOLD SCHIMSKY, as Trustee to the Ann P. Shimsky Trust; ARNOLD SCHIMSKY, an individual and ANN P. SCHIMSKY, an individual and Does 1-20<br>Defendants | Case No.: GIC 871356<br><br>**DECLARATION OF RAE COUZINS, IN SUPPORT OF PLAINTIFF'S REPLY TO DEFENDANTS' PAPERS ENTITLED "OPPOSITION TO PLAINITFF'S REQUEST FOR ENTRY OF DEFAULT" TO PLAINTIFF'S MOTION TO ENFORCE TERMS OF THE STIPULATION AND SETTLEMENT AGREEMENT PURSUANT TO C.C.P. §664.6"**<br><br>DATE: December 8, 2006<br>TIME: 10:30 a.m.<br>DEPT: 73<br><br>JUDGE: STEVEN R. DENTON |

I, Rae Couzins, declare as follows:

1. I am the Business Office Manager for Kindred Healthcare. I have been the Business Office Manager for the last eight years and am familiar with billing and collections. On May 15, 2006 I became involved in the Shimsky bill as such I am familiar with the billing issues for the Shimsky bill.

2. I have personal knowledge of the facts contained herein and if called to testify could do so competently.

3. This declaration is made in support of Kindred Hospital San Diego's Reply to Defendants' papers entitled "Opposition to Plaintiff's Request for Entry of Default to Plaintiff's Motion to Enforce the Terms of the Stipulation and Settlement Agreement Pursuant to C.C.P. § 664.6.

4. Kindred Hospital San Diego stopped receiving payments from Blue Cross In August 2004.

5. It is my understanding upon information and belief that this was due to Mr. Schimsky's failure to cooperate with Blue Cross when it offered to flex Mrs. Shimsky's benefits to allow some payment to Kindred Hospital San Diego despite Mrs. Shimsky not having Long Term Care coverage.

6. Kindred has billed for the services rendered to Ann Shimsky from August 1, 1004 to the present, but has not been paid.

7. On or about October 11, 2006, in response to being advised by counsel for Kindred Hospital San Diego that Blue Cross wanted all the records for Ann P. Shimsky before it would pay the bills, I personally spoke with a representative of Blue Cross. During that conversation, I advised the representative that the volume of records could amount to tens of thousands of pages, an unknown number of banker's boxes full of records. The representative stated that Blue Cross did not want all the medical records. She was to talk with her supervisor and get back with me.

8. I have since personally contacted Blue Cross to follow up. I have not received any correspondence from Blur Cross indicating what, if any, of the medical records for Mrs. Shimsky they want. I have left messages and have received no call back.

9. I am aware that Mrs. Shimsky is eligible for Medi-Cal. When her application was accepted, Medi-Cal approved Mrs. Shimsky from October 1, 2005 forward.

10. After receiving notice that Mrs. Shimsky was approved for Medi-Cal, Kindred sent TARs (Treatment Authorization Requests) to Medi-Cal to hold the date for the services rendered.

11. As of December 4, 2006, Mrs. Shimsky's account shows Medi-Cal has paid nothing on this account.

12. In my experience, Medi-Cal will not pay if there is a primary insurance carrier. In this case the primary carrier is Blue Cross.

13. To date, the current amount owed for care provided to Mrs. Shimsky from August 1, 2004 to her death on October 8, 2006 totals $2,993,301.64. This takes into account the amounts paid to date on this account from all sources.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration is executed this 5 day of December 4, 2006, at Los Angeles, California.

Rae Couzins

Rae Couzins, Billing Office Manager, Kindred Healthcare, Declarant

# Exhibit AE

**DECLARATION OF JULIET BRANDEL**

I, Juliet Brandel, declare:

1. I am the duly authorized Custodian of Records for Kindred Hospital – San Diego. A part of the scope of my employment, I maintain all medical records pertaining to Ann Shimsky.

2. Pursuant to Mr. Shimsky's request, I have released copies of Ann Shimsky's medical records to Mr. Shimsky on a weekly basis.

3. I keep a HIPPA Log, and Release of Information Log that Mr. Shimsky is required to sign each week when he receives Ms. Shimsky's medical records. A true and correct copy of the HIPPA Log and Release of Information Log is attached as **Exhibit "D."**

4. I spend approximately 1 hour preparing, and copying Ann Shimsky's medical records for Arnold Shimsky every week. My hourly wage is $20.00.

5. Normally, Kindred Hospital San Diego charges $15.00, and $0.25 a page for a set of medical records to be copied. To date, Kindred Hospital San Diego has not charged Mr. Shimsky these medical records

6. To the best of my knowledge, all records were prepared in the normal course of business by authorized persons at or near the time of the act, condition or event.

I declare under penalty of perjury that the foregoing is true and correct and that this Declaration is executed on this 14 day of December 2005, at San Diego, California.

Juliet Brandel

Juliet Brandel, Declarant
Custodian of Records, Kindred Hospital – San Diego

# EXHIBIT "D"

Kindred Healthcare

# Tracking HIPAA Privacy Requests And Responses Log

H-IM F 3.019 B

AE 257

PATIENT NAME: Ann Shimsky MEDICAL RECORD NUMBER: 013448

FACILITY NAME: Kindred Hosp San Diego FACILITY NUMBER: 4848

| Date of Entry (MM /DD /YY) | Name of Entity and Address Making Request | Type of Request (See Legend) | Brief Description of request | Date of Response (MM /DD /YY) | Brief Description Response | ND See Legend | Comments | Staff Member Logging Requests |
|---|---|---|---|---|---|---|---|---|
| 12-7-05 | Arnold Schimsky DPOAHC | | Med Record | | 11-25-05 12-1-05 | | 149 | Juliet Brandel |
| 12-9-05 | Arnold Schimsky DPOAHC | | Med Record | | 12-2-05 12-8-05 | | 146 | Juliet Brandel |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

Legend: A = Access R = Restrict Use & Disclosure D = Accounting of Disclosure AM = Amend C = Alternative Communication

ND = Health Information Cannot Be Disclosed

CMS: 45 CFR 160, 45 CFR 164

*PROPRITARY INFORMATION OF KINDRED HEALTHCARE*

Kindred Healthcare

# Tracking HIPAA Privacy Requests And Responses Log

H-IM F 3.019 B

AE 258

PATIENT NAME: Ann Shimsky MEDICAL RECORD NUMBER: 013848

FACILITY NAME: Kindred Hosp San Diego FACILITY NUMBER: 4848

| Date of Entry (MM / DD /YY) | Name of Entity and Address Making Request | Type of Request (See Legend) | Brief Description of request | Date of Response (MM /DD /YY) | Brief Description Response | ND See Legend | Comments | Staff Member Logging Requests |
|---|---|---|---|---|---|---|---|---|
| 10-28-05 | Arnold Schimsky DPOAHC | | Med record | | 10-21-05 10-27-05 | | 187 | Juliet Brandy |
| 11-3-05 | Arnold Schimsky DPOAHC | | Med record | | 10-28-05 11-3-05 | | 146 | Juliet Brandy |
| 11-11-05 | Arnold Schimsky DPOAHC | | Med record | | 11-4-05 11-10-05 | | 204 | Juliet Brandy |
| 11-18-05 | Arnold Schimsky DPOAHC | | Med record | | 11-11-05 11-17-05 | | 199 | Juliet Brandy |
| 11-25-05 | Arnold Schimsky DPOAHC | | Med record | | 11-18-05 11-24-05 | | 184 | Juliet Brandy |

Legend: A = Access R = Restrict Use & Disclosure D = Accounting of Disclosure AM = Amend C = Alternative Communication

ND = Health Information Cannot Be Disclosed

CMS: 45 CFR 160, 45 CFR 164

*PROPRIETARY INFORMATION OF KINDRED HEALTHCARE*

Kindred Healthcare

# Tracking HIPAA Privacy Requests And Responses Log

H-IM F 3.019 B

PATIENT NAME: Ann Shimsky

MEDICAL RECORD NUMBER: 013848

FACILITY NAME: Kindred Hosp San Diego

FACILITY NUMBER: 4848

| Date of Entry (MM / DD / YY) | Name of Entity and Address Making Request | Type of Request (See Legend) | Brief Description of request | Date of Response (MM / DD / YY) | Brief Description Response | ND See Legend | Comments | Staff Member Logging Requests |
|---|---|---|---|---|---|---|---|---|
| 9-23-05 | Arnold Achimsky DPOAHC | | Med record | | 9-16-05 9-22-05 | | 164 | Juliet Brandy |
| 9-30-05 | Arnold Achimsky DPOAHC | | Med record | | 9-23-05 9-29-05 | | 182 | Juliet Brandy |
| 10-7-05 | Arnold Achimsky DPOAHC | | Med record | | 9-30-05 10-6-05 | | 216 | Juliet Brandy |
| 10-14-05 | Arnold Achimsky DPOAHC | | Med record | | 10-7-05 10-13-05 | | 173 | Juliet Brandy |
| 10-21-05 | Arnold Achimsky DPOAHC | | Med record | | 10-14-05 10-20-05 | | 176 | Juliet Brandy |

Legend: A = Access R = Restrict Use & Disclosure D = Accounting of Disclosure AM = Amend C = Alternative Communication

ND = Health Information Cannot Be Disclosed

CMS: 45 CFR 160, 45 CFR 164

*PROPRIETARY INFORMATION OF KINDRED HEALTHCARE*

AE 259

Kindred Healthcare

# Tracking HIPAA Privacy Requests And Responses Log

H-IM F 3.019 B

AE 260

PATIENT NAME: Ann Shimsky

MEDICAL R[illegible]ORD NUMBER: 013448

FACILITY NAME: Kindred Hosp San Diego

F[illegible]LI[illegible] 4848

| Date of Entry (MM /DD /YY) | Name of Entity and Address Making Request | Type of Request (See Legend) | Brief Description of request | Da[illegible] Respo[illegible] (MM /[illegible] /YY) | Br[illegible] | ND See Legen[illegible] | Comments | Staff Member Logging Requests |
|---|---|---|---|---|---|---|---|---|
| 8-19-05 | Arnold Schimsky DPO AHC | | Med Record | | 8[illegible] 8[illegible] | | [illegible] | Juliet Brandly |
| 8-26-05 | Arnold Schimsky DPO AHC | | Med Record | | 8-19-05 8-25-05 | | 176 | Juliet Brandly |
| 9-02-05 | Arnold Schimsky DPO AHC | | Med Record | | 8-26-05 9-01-05 | | 176 | Juliet Brandly |
| 9-09-05 | Arnold Schimsky DPO AHC | | Med Record | | 9-02-05 9-08-05 | | 184 | Juliet Brandly |
| 9-16-05 | Arnold Schimsky DPO AHC | | Med Record | | 9-9-05 9-15-05 | | 116 | Juliet Brandly |

Legend: A = Access R = Restrict Use & Disclosure D = Accounting of Disclosure AM = Amend C = Alternative Communication

ND = Health Information Cannot Be Disclosed

PROPRITARY INFORMATION OF KINDRED HEALTHCARE

CMS: 45 CFR 160, 45 CFR 164

Kindred Healthcare

# Tracking HIPAA Privacy Requests And Responses Log

H-IM F 3.019 B

AE 261

PATIENT NAME: Ann Shimsky

MEDICAL RECORD NUMBER: 013448

FACILITY NAME: Kindred Hosp San Diego

FACILITY NUMBER: 4848

| Date of Entry (MM / DD /YY) | Name of Entity and Address Making Request | Type of Request (See Legend) | Brief Description of request | Date of Response (MM /DD /YY) | Brief Description Response | ND See Legend | Comments | Staff Member Logging Requests |
|---|---|---|---|---|---|---|---|---|
| 7-15-08 | Arnold Schimsky DPOAHC | | Med record | | 7-8-05 7-14-05 | | 153 | Juliet Brandy |
| 7-22-05 | Arnold Schimsky DPOAHC | | Med record | | 7-15-05 7-21-05 | | 170 | Juliet Brandy |
| 7-29-05 | Arnold Schimsky DPOAHC | | Med record | | 7-22-05 7-28-05 | | 176 | Juliet Brandy |
| 8-5-05 | Arnold Schimsky DPOAHC | | Med record | | 7-29-05 8-04-05 | | 191 | Juliet Brandy |
| 8-12-05 | Arnold Schimsky DPOAHC | | Med record | | 8-05-05 8-11-05 | | 149 | Juliet Brandy |

Legend: A = Access R = Restrict Use & Disclosure D = Accounting of Disclosure AM = Amend C = Alternative Communication

ND = Health Information Cannot Be Disclosed

CMS: 45 CFR 160, 45 CFR 164

PROPRIETARY INFORMATION OF KINDRED HEALTHCARE

Kindred Healthcare

# Tracking HIPAA Privacy Requests And Responses Log

H-IM F 3.019 B

PATIENT NAME: Ann Shimsky

MEDICAL RECORD NUMBER: 013448

FACILITY NAME: Kindred Hosp San Diego

FACILITY NUMBER: 4848

| Date of Entry (MM / DD /YY) | Name of Entity and Address Making Request | Type of Request (See Legend) | Brief Description of request | Date of Response (MM /DD /YY) | Brief Description Response | ND See Legend | Comments | Staff Member Logging Requests |
|---|---|---|---|---|---|---|---|---|
| 6-13-05 | Arnold Schimsky DPOAHC | | Med record | | 6-6-05 6-9-05 | | 134 | Juliet Brandy |
| 6-17-05 | Arnold Schimsky DPOAHC | | Med record | | 6-10-05 6-16-05 | | 154 | Juliet Brandy |
| 6-24-05 | Arnold Schimsky DPOAHC | | Med record | | 6-17-05 6-23-05 | | 166 | Juliet Brandy |
| 7-1-05 | Arnold Schimsky DPOAHC | | Med record | | 6-24-05 6-30-05 | | 149 | Juliet Brandy |
| 7-8-05 | Arnold Schimsky DPOAHC | | Med record | | 7-1-05 7-7-05 | | 205 | Juliet Brandy |

Legend: A = Access R = Restrict Use & Disclosure D = Accounting of Disclosure AM = Amend C = Alternative Communication

ND = Health Information Cannot Be Disclosed

CMS: 45 CFR 160, 45 CFR 164

*PROPRITARY INFORMATION OF KINDRED HEALTHCARE*

Kindred Healthcare

# Tracking HIPAA Privacy Requests And Responses Log

H-IM F 3.019 B

AE 263

**PATIENT NAME:** Ann Shimsky **MEDICAL RECORD NUMBER:** 013448

**FACILITY NAME:** Kindred Hosp San Diego **FACILITY NUMBER:** 4848

| Date of Entry (MM / DD /YY) | Name of Entity and Address Making Request | Type of Request (See Legend) | Brief Description of request | Date of Response (MM /DD /YY) | Brief Description Response | ND See Legend | Comments | Staff Member Logging Requests |
|---|---|---|---|---|---|---|---|---|
| 1-7-05 | Arnold Schimsky DPOAHC | | Med record | | See Release | | | Nellie Cullkin |
| 3-28-05 | Arnold Schimsky DPOAHC | | Med record | | 1-1-05 3-28-5 | | — | Juliet Brandy |
| 4-22-05 | Arnold Schimsky DPOAHC | | Med record | | 4-1-05 4-21-05 | | 414 | Juliet Brandy |
| 5-27-05 | Arnold Schimsky DPOAHC | | Med record | | — | | | Juliet Brandy |
| 6-8-05 | Arnold Schimsky DPOAHC | | Med record | | 6-1-05 6-6-05 | | 134 | Juliet Brandy |

Legend: A = Access R = Restrict Use & Disclosure D = Accounting of Disclosure AM = Amend C = Alternative Communication

ND = Health Information Cannot Be Disclosed

*PROPRIETARY INFORMATION OF KINDRED HEALTHCARE*

CMS: 45 CFR 160, 45 CFR 164

# Exhibit AF

GIOVANNIELLO & MICHELS, LLP
Alexander F. Giovanniello (CSB # 125562)
Karen A. Bocker (CSB # 213764)
1470 South Valley Vista Drive, Suite 200
Diamond Bar, California 91765

Tel: (909) 396-1964
Fax: (909) 396-0885

Attorneys for Plaintiff
THC – ORANGE COUNTY, INC dba
KINDRED HOSPITAL SAN DIEGO

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO – HALL OF JUSTICE**

| | |
|---|---|
| THC – ORANGE COUNTY, INC. dba KINDRED HOSPITAL SAN DIEGO<br><br>Plaintiff<br><br>vs.<br><br>THE ANN P. SHIMSKY TRUST; ARNOLD SCHIMSKY, as Trustee to the Ann P. Shimsky Trust; ARNOLD SCHIMSKY, an individual and ANN P. SCHIMSKY, an individual and Does 1-20<br>Defendants | Case No.: GIC 871356<br><br>**DECLARATION OF RAE COUZINS, IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO VACATE THE JUDGMENT AND ORDER ENFORCING THE TERMS OF THE STIPULATION AND SETTLEMENT AGREEMENT PURSUANT TO C.C.P. §664.6**<br><br>DATE: June 1, 2007<br>TIME: 10:30 a.m.<br>DEPT: 73<br><br>JUDGE: STEVEN R. DENTON |

I, Rae Couzins, declare as follows:

1. I am the Business Office Manager for Kindred Healthcare. I have been the Business Office Manager for the last eight years and am familiar with billing and collections. On May 15, 2006 I became involved in the Shimsky bill as such I am familiar with the billing issues for the Shimsky bill.

2. I have personal knowledge of the facts contained herein and if called to testify could do so competently.

3. This declaration is made in support of Kindred Hospital San Diego's Opposition to Defendant's Motion to Vacate the Judgment and Order Enforcing the Terms of the Stipulation and Settlement Agreement.

4. Upon information and belief, in August 2004, Blue Cross determined that Mrs. Shimsky no longer met their criteria for acute care and deemed that Mrs. Shimsky's care was sub-acute.

5. Blue Cross offered to pay a portion of the bill while Mrs. Shimsky was at Kindred, but this would only be if Mr. Schimsky agreed. While Kindred Hospital agreed to accept $800.00 per day for the care provided to Mrs. Shimsky, Mr. Schimsky did not agree to flex his mother's benefits. As a result Blue Cross stopped paying for her care.

6. The last bill paid by Blue Cross was for July 16, 2004 to July 31, 2004.

7. Payment was received from Blue Cross for October 1, 2004 to October 15, 2004, but Blue Cross later requested a full refund, claiming that Mrs. Shimsky was not eligible for coverage. Kindred Hospital sent a full refund to Blue Cross. A true and accurate copy of the documentation reflecting the incorrect payment from Blue Cross, Blue Cross' request for a full refund and documentation reflecting the refund was paid back to Blue Cross are attached to Kindred Hospital's Opposition as **(Exhibit I)**.

8. On December 7, 2006, to obtain an update on the status of whether Medi-Cal would pay the bill for care provided to Mrs. Shimsky, I contacted Jeanna Florez, the case worker from Medi-Cal for Mrs. Shimsky's case.

9. I asked Jeanna Florez if she could access Mrs. Shimsky's account. She could not because Jeanna only evaluates eligibility and cannot access what Medi-Cal pays.

10. Thereafter, Medi-Cal sent notice denying coverage for the care provided to Mrs. Shimsky because Kindred Hospital-San Diego is a non-contracting facility with Medi-Cal.

11. Prior to December 2006, all the bills for services rendered to Mrs. Shimsky from August 1, 2004 to the time of Mrs. Shimsky's death on October 8, 2006 were resubmitted to Blue Cross.

12. I have since received EOBs (Explanation of Benefits) from Blue Cross denying coverage for Mrs. Shimsky. Blue Cross has denied coverage from August 1, 2004 through October 8, 2006.

13. Kindred Hospital has not been paid by any source for the care and services it provided to Ann Shimsky from August 2004 to October 9, 2006.

14. By September 15, 2006, the bill for the care provided to Mrs. Shimsky reached $2,484,981.86.

15. As of the date of this declaration, the total amount due and owing is $2,993,301.64.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration is executed this 9 day of May 2007, at Los Angeles, California.

Rae Couzins

Rae Couzins, Billing Office Manager, Kindred Healthcare,
Declarant

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within entitled action; my business address is 1470 South Valley Vista Drive, Suite 200, Diamond Bar, California 91765.

On May 16, 2007, I served the foregoing document(s) described **DECLARATION OF RAE COUZINS, IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO VACATE THE JUDGMENT AND ORDER ENFORCING THE TERMS OF THE STIPUATION AND SETTLEMENT AGREEMENT PURSUANT TO C.C.P. §664.6**, by placing the true copies thereof enclosed in sealed envelopes address as follows:

Eugen P. Yale
YALE & BAUMGARTEN LLP
5030 Camino de la Siesta, Suite 308
San Diego, California 92108
Phone: (619) 220-8790
Fax: (619) 220-0369

Arnold Schimsky
1255 Essex Street
Imperial Beach, California 91932

Ann Shimsky
C/O Arnold Schimsky
1255 Essex Street
Imperial Beach, California 91932

Judy Shimsky Loprieno
7509 Flower Meadow Drive
San Diego, California 92126

( ) BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles California in the ordinary course of business.

( ) BY PERSONAL SERVICE: I delivered such envelope(s) by hand to the office(s) of the above addressee(s).

(XX) BY FEDERAL EXPRESS: I caused said envelope(s) to be sent by Federal Express to the above address(es).

( ) BY TELECOPIER: I caused said document(s) to be transmitted by telecopier at approximately 5:00 P.M. to the above address(s).

Executed on May 16, 2007 at Diamond Bar, California.

(XX) STATE: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Carolina Cachu

Exhibit AG

# GIOVANNIELLO & MICHELS, LLP

Lawyers

Alexander F. Giovanniello *
Helen A. Michels
Karen A. Bocker *+

Helen S. Peltekci
Phuong K. Nguyen
Erika J. Fernbach
Thomas C. Swann
Albert C. Kovacs
Craig B. Friedberg^

*Also Admitted in N.Y.
+ Also Registered Nurse
^ Of Counsel Las Vegas, NV

Los Angeles
1470 S. Valley Vista Drive
Suite 200
Diamond Bar, CA 91765
Ph: (909) 396-1964
Fax: (909) 396-0885

With Offices In

San Diego, CA
Sacramento, CA
Sayville, NY
Las Vegas, NV

Reply to Diamond Bar
EXT. 103

E-mail: kab@gm-lawfirm.com


January 8, 2008

**VIA FACSIMILE**

David W. Baumgarten
YALE & BAUMGARTEN, LLP
5030 Camino de la Siesta,
Suite 308
San Diego, California 92108

Re: ARNOLD SCHIMSKY, et al vs. THC-ORANGE COUNTY, INC. dba KINDRED HOSPITAL SAN DIEGO, et al.
Our File No.: 542.177

Dear Mr. Baumgarten:

This letter in response to your filing of a complaint in the United States District Court, Southern District of California, entitled, ARNOLD SCHIMSKY, as Trustee of THE ANN P. SHIMSKY TRUST and representative of ANN P. SHIMSKY, deceased, vs. UNITED STATES OFFICE OF PERSONNEL MANAGEMENT; THC-ORANGE COUNTY, INC. dba KINDRED HOSPITAL SAN DIEGO, Defendants, Case Number 07CV2432-H(LSP), filed on December 31, 2007.

The covert nature of the filing of the complaint is quite disturbing given your knowledge of our representation of KINDRED HOSPITAL SAN DIEGO, not to mention the courtesies our office granted to yours in the case now on appeal.

Notwithstanding the above, it is evident that the complaint is based on several misconceptions that we will clear up in an effort to avoid further judicial intervention.

First, while Mrs. Shimsky may have been entitled to unlimited inpatient acute hospital care, she was NOT (pursuant to the Blue Cross Benefit Plan) entitled to long term sub-acute or nursing home level of care. Blue Cross had the authority to determine whether the care provided was "medically necessary" from an acute care standard.

Second, on June 5, 2003 Blue Cross determined that the level of Mrs. Shimsky's care reached a sub-acute level, within months of her stay at Kindred Hospital San Diego. Asserting his authority under his mother's durable power of attorney for health care decisions, Mr. Schimsky refused to allow his mother to be transferred out of the facility.

Third, in an attempt to continue to provide services for Mrs. Shimsky, Blue Cross offered to provide Mrs. Shimsky benefits for skilled nursing facility – level of care in lieu of acute hospitalization. Unfortunately, Mr. Schimsky, acting as his mother's durable power of attorney, refused the offer. In doing so, Mr. Schimsky, as his mother's durable power of attorney for health care ensured that Mrs. Shimsky became responsible for the costs of her own care.

Blue Cross did deny all further claims for coverage. The last payment received from Blue Cross was on July 31, 2004. Payment was received from Blue Cross for October 1, 2004 to October 15, 2004 but on April 11, 2005, Blue Cross demanded a 100% refund claiming the Mrs. Shimsky was not eligible for coverage. Kindred refunded the full amount. Mr. Schimsky was advised of the mounting bills.

Mr. Schimsky knew his mother did not have coverage for any level of care other than acute care. He knew if his mother was transferred to a facility that provided a different level of care, such as sub-acute or skilled nursing-level of care, his mother would not have any benefits.

Instead of cooperating with Kindred Hospital San Diego in transferring his mother to another facility, asserting authority as his mother's durable power of attorney for health care decisions, Mr. Schimsky refused to allow the transfer. Kindred Hospital San Diego could not abandon the patient so it continued to care for Mrs. Shimsky.

While his mother was a patient at Kindred Hospital-San Diego, Mr. Schimsky consumed the limited resources of the judicial and health care systems in San Diego by instigating multiple petitions before the court. Several hearings were held regarding Mr. Schimsky's authority as his mother's DPOA for her health care decisions. What ensued was a protracted course of litigation related to Mr. Schimsky's extreme behavior.

Mr. Schimsky used the DPOA for his mother's health care decisions as a sword in an attempt to direct the medical care of his mother. In doing so, he threatened the employees of Kindred Hospital. On May 20, 2005 a restraining order was issued against Mr. Schimsky to enjoin him from harassing the employees at Kindred Hospital. Over the years he perseverated on his demands regarding his mother's medical care despite the danger to his mother. For example, while he demanded that his mother be kept alive at all costs, he also demanded that his mother be "weaned" off the ventilator despite the fact that she could not tolerate weaning from the ventilator. Operating under the belief that Mrs. Shimsky never expressed her desires regarding health care, Kindred Hospital employees refused to risk the welfare of Mrs. Shimsky. Mr. Schimsky responded by filing a petition with the Probate Court to compel Kindred Hospital to honor his authority under the DPOA.

In December 2005, Mr. Schimsky was temporarily relieved as his mother's DPOA for Health Care Decisions because his years of harassment of the employees transferred to harassment of the doctors and finally reached a point where his mother was at risk of having no physician to care for her. The Probate Court also appointed James Boyd as Mrs. Shimsky's Court-appointed counsel to represent her interests. After Mr. Boyd's appointment it was discovered that Ann Shimsky executed a Declaration under the California Natural Death Act. Mr. Schimsky chose to ignore his fiduciary duty and NEVER disclosed the existence of his mother's Declaration Under the California Natural Death Act, which directed that if she should have an incurable and irreversible condition that has been diagnosed by two physicians and that would result in my death within a relatively short time without the administration of life-sustaining treatment, . . . she directed her attending physician to withhold or withdraw treatment, including artificially administered nutrition and hydration that only prolongs the process of dying. Despite his mother's written declaration of her wishes to the contrary, Mr. Schimsky demanded that aggressive and expensive medical care be provided to his mother.

Mr. Schimsky admitted to knowing of the existence of his mother's Declaration under the California Natural Death Act but chose not to disclose it. He also disclosed the existence of the Ann P. Shimsky Trust (hereinafter "the Trust"). The Trust was set up to provide for the welfare of Ann P. Shimsky. Mr. Shimsky identified himself as the trustee of the Trust. As Trustee of the Trust, and as the DPOA for the Estate of Ann P. Shimsky, Mr. Schimsky had the authority to sell or transfer the subject property to provide for his mother's care, subject to his sister's consent.

Mr. Schimsky has admitted that despite being the fiduciary of his mother's estate and financial affairs, he commingled his funds with those of his mother's. He used money from a joint account that was funded by his mother's social security and annuity benefits to pay for his own personal expenses and lived in his mother's house rent-free. The revelation of these facts caught the attention of the Public Guardian and the Probate Court. The Probate Court ordered that a court investigator investigate the matter further.

After the Confidential Court Investigator's report was filed, Charles E. Matthews, III, San Diego Public Guardian, moved on March 10, 2006 to be appointed the permanent Conservator over the Person and Estate of Ann Shimsky on the basis that Mr. Schimsky as the successor trustee to the Ann P. Schimsky had not paid the Hospital bill despite repeated demands for payment.

A report by Mrs. Shimsky's Court-Appointed Attorney supported the Public Guardian's petition. The parties were ordered to mediate the issues. All parties appeared on April 27, 2006 for court ordered mediation. During mediation, Mr. Schimsky was represented by counsel and a settlement was reached. As a result of the settlement, Mr. Schimsky was relieved of his authority as his mother's DPOA for Health Care Decisions. The terms of the agreement included the following clauses:

3. **Mr. Schimsky covenants and agrees never to Petition, commence, voluntarily aid in any way, institute, maintain, prosecute, or authorize to be commenced against Kindred Hospital – San Diego any action or other proceeding either in law or in equity against any party to this agreement or person, group, or entity covered by this Stipulation and Settlement Agreement based in whole or in part upon any action, demand, cause of action, obligation, damage or liability which is the subject of this Stipulation and Settlement Agreement** and further agrees never to Petition or bring suit against the Public Guardian or County of San Diego any action or other proceeding either in law or in equity against any party to this agreement or person, group, or entity covered by this Stipulation and Settlement Agreement based in whole or in part upon any action, demand, cause of action, obligation, damage or liability which is the subject of this Stipulation and Settlement Agreement, except as provided below herein:

8. Mr. Schimksy will be permitted to retain his authority as the Durable Power of Attorney over the estate of Mrs. Ann Schimsky.

9. In retaining his authority as the Durable Power of Attorney over the estate of Mrs. Ann Shimsky, **Arnold D. Schimsky will ensure that the bill for services provided to his mother by Kindred Hospital is paid.** Said bill is currently $1,885,669.84. **Mr. Schimsky will use his best efforts in coordinating payment of benefits from any third party source including insurance companies, Medicare and Medical or any other source whatsoever to Kindred Hospital- San Diego for the care provided to Mrs. Ann Shimsky.** This Stipulation and Settlement is neither a condition precedent to nor does it waive Kindred Hospital – San Diego's right to collect or bring an action for any outstanding fees for the medical care provided to Mrs. Shimsky, which both parties agree were reasonable and necessary, from the time of her admission to Kindred Hospital – San Diego until the time of her discharge from Kindred Hospital – San Diego (Emphasis Added). [A copy of the stipulation and agreement are attached hereto for your reference].

After the mediation, the Public Guardian petitioned for permanent appointment as the Conservator over the Person of Ann P. Shimsky. Mr. Schimsky failed to comply with the terms of the April 27, 2006 settlement agreement. Despite having access to his mother's bank account and monthly deposits, Mr. Schimsky never made any payments to Kindred Hospital to cover his mother's medical costs.

On August 14, 2006, pursuant to the April 27, 2006 Settlement Agreement, the Public Guardian gave written notice to Mr. Schimsky that they would comply with Mrs. Shimsky's wishes and

terminate life support. Still asserting his authority under the DPOA for his mother's health care decisions, on August 29, 2006, Mr. Shimsky filed an ex parte petition for a protective order, causing Mrs. Shimsky to remain on the ventilator, something she did not want, for several more months.

Meanwhile, on August 21, 2006, Mr. Boyd, obtained a restraining order prohibiting Mr. Schimsky from coming within 1000 yards of Kindred Hospital because Mr. Schimsky was observed having inappropriate physical contact with his mother.

**The written documentation supporting these facts are contained within our Notice of Lodgment served on your office on May 16, 2007.**

By filing the claim against Kindred Hospital San Diego your client is in direct violation of the April 2006, Stipulation and Agreement.

If We do not receive confirmation that Mr. Schimsky has dismissed the claims against Kindred Hospital San Diego with prejudice by January 11, 2008, we will have no alternative but to move to dismiss the action against Kindred Hospital San Diego and will seek sanctions for the direct violation of the April 27, 2006 Stipulation and Settlement Agreement.

Should you wish to discuss this matter further, please feel free to contact the undersigned.

Sincerely,
**GIOVANNIELLO & MICHELS, LLP**

Karen A. Bocker

Alexander F. Giovanniello
Karen A. Bocker

AFG/KAB

GIOVANNIELLO & MICHELS, LLP

LAWYERS

1470 S. VALLEY VISTA DRIVE, SUITE 200

DIAMOND BAR, CA 91765

PH (909) 396-1964 FAX (909) 396-0885

**FACSIMILE TRANSMITTAL SHEET**

| | |
|---|---|
| TO:<br>Eugene P. Yale<br>David W. Baumgarten | FROM:<br>Melissa Kuylen, Paralegal to Karen A. Bocker |
| COMPANY:<br>YALE & BAUMGARTEN | DATE:<br>January 8, 2008 |
| FAX NUMBER:<br>(619) 220-0369 | TOTAL NO. OF PAGES INCLUDING COVER:<br>Six (6) |
| PHONE NUMBER:<br>(619) 220-8790 | SENDER'S REFERENCE NUMBER:<br>542.047C |
| RE:<br>THC Orange County, Inc. v. Ann P. Shimsky et. al. | YOUR REFERENCE NUMBER: |

ORIGINAL ☐ NOT SENT ☐ SENT OVERNIGHT DELIVERY ☑ SENT BY US MAIL ☐ SENT BY MESSENGER

COMMENTS:

Attached please find the signature page for the Stipulation for Extension of Time to File Appellants' Opening Brief. I have also mailed the original signature page to your office.

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THIS MESSAGE IS A TRANSMISSION ERROR, GOING TO AN INCORRECT PARTY, PLEASE RETURN THE DOCUMENTS BY U.S. MAIL ADDRESS LISTED ABOVE

TRANSMISSION VERIFICATION REPORT

TIME : 01/08/2008 11:15
NAME : GIOVANNIELLO&MICHELS
FAX : 909-396-0885
TEL : 909-396-1964
SER.# : BROA5J207834

| | |
|---|---|
| DATE,TIME | 01/08 11:13 |
| FAX NO./NAME | 16192200369 |
| DURATION | 00:02:21 |
| PAGE(S) | 06 |
| RESULT | OK |
| MODE | STANDARD<br>ECM |

# GIOVANNIELLO & MICHELS, LLP

LAWYERS
1470 S. VALLEY VISTA DRIVE, SUITE 200
DIAMOND BAR, CA 91765
PH (909) 396-1964 FAX (909) 396-0885

## FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| TO:<br>Eugene P. Yale<br>David W. Baumgarten | FROM:<br>Melissa Kuylen, Paralegal to Karen A. Bocker |
| COMPANY:<br>YALE & BAUMGARTEN | DATE:<br>January 8, 2008 |
| FAX NUMBER:<br>(619) 220-0369 | TOTAL NO. OF PAGES INCLUDING COVER:<br>Six (6) |
| PHONE NUMBER:<br>(619) 220-8790 | SENDER'S REFERENCE NUMBER:<br>542.047C |
| RE:<br>THC Orange County, Inc. v. Ann P. Shimsky et. al. | YOUR REFERENCE NUMBER: |

ORIGINAL ☐ NOT SENT ☐ SENT OVERNIGHT DELIVERY ☒ SENT BY US MAIL ☐ SENT BY MESSENGER

COMMENTS:

Attached please find the signature page for the Stipulation for Extension of Time to File Appellants' Opening Brief. I have also mailed the original signature page to your office.

# Exhibit AH

GIOVANNIELLO & MICHELS, LLP

Lawyers

Alexander F. Giovanniello *
Helen A. Michels
Karen A. Bocker *+

Helen S. Peltekci
Phuong K. Nguyen
Erika J. Fernbach
Thomas C. Swann
Albert C. Kovacs
Craig B. Friedberg^

*Also Admitted in N.Y.
+ Also Registered Nurse
^ Of Counsel Las Vegas, NV

Los Angeles
1470 S. Valley Vista Drive
Suite 200
Diamond Bar, CA 91765
Ph: (909) 396-1964
Fax: (909) 396-0885

With Offices In

San Diego, CA
Sacramento, CA
Sayville, NY
Las Vegas, NV

March 11, 2008

Reply to Diamond Bar
EXT. 112

E-mail: afg@gm-lawfirm.com

**<u>VIA FACSIMILE & U.S. MAIL</u>**

David W. Baumgarten
YALE & BAUMGARTEN, LLP
5030 Camino de la Siesta,
Suite 308
San Diego, California 92108

Re: <u>ARNOLD SCHIMSKY, et al vs. THC-ORANGE COUNTY, INC. dba KINDRED HOSPITAL SAN DIEGO, et al.</u>
Our File No.: 5001.004

Dear Mr. Baumgarten:

We are following up on our correspondence of January 8, 2008 and subsequent telephone conversation on or about January 10, 2008 requesting dismissal of the claims your client filed against THC Orange County, Inc. dba Kindred Hospital San Diego.

We understand the motive behind filing the complaint was to "preserve Mr. Schimsky's claims" against the United States Office of Personnel Management. We further appreciate your representation that the action against the United States Office of Personnel Management is in an effort "to get Kindred Hospital paid". If the reasons you state for filing the complaint are true, there is no reason to include our client as a defendant in the suit.

The fact that the complaint was filed but not served on our client is of no comfort given the covert nature of the filing of the complaint, despite your knowing that we represent THC Orange County dba Kindred Hospital San Diego and had granted courtesies to your office on several instances. Incidentally, we note that Blue Cross is not named in the suit filed in Federal Court. Should we be expecting another suit in a different venue?

We remind you that by naming THC Orange County dba Kindred Hospital San Diego, your client is in direct violation of the April 27, 2006 Stipulation and Agreement.

As you are aware, Mr. Schimsky agreed <u>not to</u> "petition, commence, voluntarily aid in any way, institute, maintain, prosecute, or authorize to be commenced against Kindred Hospital – San Diego any action or other proceeding either in law or in equity against any party to this

agreement or person, group, or entity covered by [the] Stipulation and Settlement Agreement based in whole or in part upon any action, demand, cause of action, obligation, damage or liability which is the subject of [the] Stipulation and Settlement Agreement." The stipulation and settlement agreement related to Mr. Schimsky's failure to pay his mother's hospital bill. In fact, Mr. Schimsky stipulated and agreed to ensure that the bill for services provided to his mother by Kindred Hospital was paid.

You have now had two months within which to evaluate your clients' claims and adequate time to file a dismissal. Our check of the court's docket today reveals that the claims against THC Orange County dba Kindred Hospital San Diego have not been dismissed.

We must receive confirmation that Mr. Schimsky has dismissed the claims against Kindred Hospital San Diego with prejudice by **March 17, 2008** or we will have no alternative but to move to dismiss the action against Kindred Hospital San Diego. In doing so we will seek sanctions for the direct violation of the April 27, 2006 Stipulation and Settlement Agreement.

Should you wish to discuss this matter further, please feel free to contact the undersigned.

Sincerely,
**GIOVANNIELLO & MICHELS, LLP**

Karen A. Bocker

Alexander F. Giovanniello
Karen A. Bocker

AFG/KAB

GIOVANNIELLO & MICHELS, LLP

LAWYERS

1470 S. VALLEY VISTA DRIVE, #200

DIAMOND BAR, CA 91765

PH (909) 396-1964 FAX (909) 396-0885

## FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| TO: David W. Baumgarten | FROM: Karen A. Bocker |
| COMPANY: Yale & Baumgarten, LLP | DATE: 3/12/2008 |
| FAX NUMBER: (619) 220-0369 | TOTAL NO. OF PAGES INCLUDING COVER: 3 |
| PHONE NUMBER: (619) 220-8790 | SENDER'S REFERENCE NUMBER: 5001.004 |
| RE: Schimsky v. United States Office of Personnel Management, et al. | YOUR REFERENCE NUMBER: Patient: Ann Shimsky |

ORIGINAL ☑ NOT SENT ☐ SENT OVERNIGHT DELIVERY ☐ SENT BY US MAIL ☐ SENT BY MESSENGER

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THIS MESSAGE IS A TRANSMISSION ERROR, GOING TO AN INCORRECT PARTY, PLEASE RETURN THE DOCUMENTS BY U.S. MAIL ADDRESS LISTED ABOVE.

TRANSMISSION VERIFICATION REPORT

TIME : 03/12/2008 13:40
NAME : GIOVANNIELLO&MICHELS
FAX : 909-396-0885
TEL : 909-396-1964
SER.# : BROA5J207834

| | |
|---|---|
| DATE,TIME | 03/12 13:39 |
| FAX NO./NAME | 16192200369 |
| DURATION | 00:00:53 |
| PAGE(S) | 03 |
| RESULT | OK |
| MODE | STANDARD<br>ECM |

# GIOVANNIELLO & MICHELS, LLP

LAWYERS
1470 S. VALLEY VISTA DRIVE, #200
DIAMOND BAR, CA 91765
PH (909) 396-1964 FAX (909) 396-0885

## FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| TO: David W. Baumgarten | FROM: Karen A. Bocker |
| COMPANY: Yale & Baumgarten, LLP | DATE: 3/12/2008 |
| FAX NUMBER: (619) 220-0369 | TOTAL NO. OF PAGES INCLUDING COVER: 3 |
| PHONE NUMBER: (619) 220-8790 | SENDER'S REFERENCE NUMBER: 5001.004 |
| RE: Schimsky v. United States Office of Personnel Management, et al. | YOUR REFERENCE NUMBER: Patient: Ann Shimsky |

ORIGINAL ☑ NOT SENT ☐ SENT OVERNIGHT DELIVERY ☐ SENT BY US MAIL ☐ SENT BY MESSENGER

# Exhibit AI

GIOVANNIELLO & MICHELS, LLP

Lawyers

Alexander F. Giovanniello *
Helen A. Michels
Karen A. Bocker *+

Helen S. Peltekci
Phuong K. Nguyen
Erika J. Fernbach
Thomas C. Swann
Albert C. Kovacs
Craig B. Friedberg^

*Also Admitted in N.Y.
+ Also Registered Nurse
^ Of Counsel Las Vegas, NV

Los Angeles
1470 S. Valley Vista Drive
Suite 200
Diamond Bar, CA 91765
Ph: (909) 396-1964
Fax: (909) 396-0885

With Offices In

San Diego, CA
Sacramento, CA
Sayville, NY
Las Vegas, NV

Reply to Diamond Bar
EXT. 103

E-mail: kab@gm-lawfirm.com


July 29, 2008

**VIA FACSIMILE & U.S. MAIL**

David W. Baumgarten
YALE & BAUMGARTEN, LLP
5030 Camino de la Siesta,
Suite 308
San Diego, California 92108

Re: ARNOLD SCHIMSKY, et al vs. THC-ORANGE COUNTY, INC. dba KINDRED HOSPITAL SAN DIEGO, et al.
Our File No.: 5001.004

Dear Mr. Baumgarten:

Please accept this correspondence as our meet and confer requesting dismissal of the claims your client filed against THC Orange County, Inc. dba Kindred Hospital San Diego in his First Amended Complaint.

Based on previous conversations with your office we understand the motive behind filing the complaint was to "preserve Mr. Schimsky's claims" against the United States Office of Personnel Management. We further appreciate your representation that the action against the United States Office of Personnel Management is in an effort "to get Kindred Hospital paid". If the reasons you state for filing the complaint are true, there is no reason to include our client as a defendant in the suit.

As you are fully aware, Kindred Hospital has offered decedent's records to Blue Cross and stands ready, willing and able provide the records once Blue Cross accepts the offer of the records. Your client's claim that Kindred Hospital is purposely acting in a way so as not to get paid for the services rendered to Mrs. Shimsky is ridiculous.

We remind you that by naming THC Orange County dba Kindred Hospital San Diego, your client is in direct violation of the April 27, 2006 Stipulation and Agreement, a copy of which was previously sent to your office. Mr. Schimsky willingly executed that document at a court-mandated mediation. Mr. Schimsky signed the document after the San Diego Public Guardian found that he had abused his authority as his mother's DPOA for her financial and healthcare decisions. The Public Guardian took issue with the fact that Mr. Schimsky was not

cooperating with Kindred Hospital in trying to get the hospital bill paid, which at the time amounted to well over $1,000,000.00. Faced with investigation by the Public Guardian into his financial affairs, Mr. Schimsky entered into the settlement agreement promising not to sue Kindred Hospital and to cooperate with getting the bill paid. In fact, Mr. Schimsky stipulated and agreed to ensure that the bill for services provided to his mother by Kindred Hospital was paid.

Specifically, Mr. Schimsky agreed not to "petition, commence, voluntarily aid in any way, institute, maintain, prosecute, or authorize to be commenced against Kindred Hospital – San Diego any action or other proceeding either in law or in equity against any party to this agreement or person, group, or entity covered by [the] Stipulation and Settlement Agreement based in whole or in part upon any action, demand, cause of action, obligation, damage or liability which is the subject of [the] Stipulation and Settlement Agreement."

We must receive confirmation that Mr. Schimsky has dismissed the claims against Kindred Hospital San Diego with prejudice by **July 31, 2008** or we will have no alternative but to move to dismiss the action against Kindred Hospital San Diego. In doing so we will seek sanctions for the direct violation of the April 27, 2006 Stipulation and Settlement Agreement.

Should you wish to discuss this matter further, please feel free to contact the undersigned.

Sincerely,
**GIOVANNIELLO & MICHELS, LLP**

Karen A. Bocker

KAB

GIOVANNIELLO & MICHELS, LLP

LAWYERS

1470 S. VALLEY VISTA DRIVE, #200

DIAMOND BAR, CA 91765

PH (909) 396-1964 FAX (909) 396-0885

## FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| TO: David W. Baumgarten | FROM: Karen A. Bocker |
| COMPANY: Yale & Baumgarten, LLP | DATE: 7/29/08 |
| FAX NUMBER: (619) 220-0369 | TOTAL NO. OF PAGES INCLUDING COVER: 3 |
| PHONE NUMBER: (619) 220-8790 | SENDER'S REFERENCE NUMBER: 5001.004 |
| RE: Schimsky v. United States Office of Personnel Management, et al. | YOUR REFERENCE NUMBER: Patient: Ann Shimsky |

ORIGINAL ☑ NOT SENT ☐ SENT OVERNIGHT DELIVERY ☐ SENT BY US MAIL ☐ SENT BY MESSENGER

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THIS MESSAGE IS A TRANSMISSION ERROR, GOING TO AN INCORRECT PARTY, PLEASE RETURN THE DOCUMENTS BY U.S. MAIL ADDRESS LISTED ABOVE.

TRANSMISSION VERIFICATION REPORT

TIME : 07/29/2008 10:12
NAME : GIOVANNIELLO&MICHELS
FAX : 909-396-0885
TEL : 909-396-1964
SER.# : BROA5J207834

| | |
|---|---|
| DATE,TIME | 07/29 10:11 |
| FAX NO./NAME | 16192200369 |
| DURATION | 00:01:25 |
| PAGE(S) | 03 |
| RESULT | OK |
| MODE | STANDARD<br>ECM |

# GIOVANNIELLO & MICHELS, LLP

LAWYERS
1470 S. VALLEY VISTA DRIVE, #200
DIAMOND BAR, CA 91765
PH (909) 396-1964 FAX (909) 396-0885

## FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| TO: David W. Baumgarten | FROM: Karen A. Bocker |
| COMPANY: Yale & Baumgarten, LLP | DATE: 7/29/08 |
| FAX NUMBER: (619) 220-0369 | TOTAL NO. OF PAGES INCLUDING COVER: 3 |
| PHONE NUMBER: (619) 220-8790 | SENDER'S REFERENCE NUMBER: 5001.004 |
| RE: Schimsky v. United States Office of Personnel Management, et al. | YOUR REFERENCE NUMBER: Patient: Ann Shimsky |

ORIGINAL ☑ NOT SENT ☐ SENT OVERNIGHT DELIVERY ☐ SENT BY US MAIL ☐ SENT BY MESSENGER