Alexander F. Giovanniello (CSB# 125562)
Karen A. Bocker (CSB #213764)
**GIOVANNIELLO & MICHELS, LLP**
1470 South Valley Vista Drive, Suite 200
Diamond Bar, California 91765
Email: afg@gm-lawfirm.com

Ph: (909) 396-1964
Fax (909) 396-0885

Attorneys for DEFENDANT
THC ORANGE COUNTY, INC. dba KINDRED HOSPITAL – SAN DIEGO

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARNOLD SCHIMSKY, as Trustee of THE ANN P. SHIMSKY TRUST and representative of ANN P. SHIMSKY, deceased<br>Plaintiffs,<br>vs.<br><br>UNITED STATES OFFICE OF PERSONNEL MANAGEMENT; THC- ORANGE COUNTY, INC., dba KINDRED HOSPITAL SAN DIEGO<br><br>Defendants. | Case No.: 07 CV2432-H(LSP)<br><br>**DEFENDANT THC-ORANGE COUNTY, INC., dba KINDRED HOSPITAL SAN DIEGO'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT THC-ORANGE COUNTY, INC., dba KINDRED HOSPITAL SAN DIEGO'S MOTION FOR DISMISSAL PURSUANT TO RULE 12**<br><br>FRCP 12(b)(6)<br><br>DATE: September 2, 2008<br>TIME: 10:30<br>COURTROOM: 13<br><br>NO ORAL ARGUMENT UNLESS REQUESTED BY COURT PER CHAMBERS |

Defendant, THC ORANGE COUNTY INC. dba KINDRED HOSPITAL – SAN DIEGO (hereinafter "KINDRED HOSPITAL – SAN DIEGO") submits the following Reply to Plaintiffs' Opposition to KINDRED HOSPITAL –SAN DIEGO'S Motion for Dismissal Pursuant to Rule 12 b.

## **REPLY TO OPPOSITION**

### 1. **INTRODUCTION**

As in the original complaint, Plaintiff's claims in the first amended complaint are based on pure speculation. This is due to, as noted by co-defense counsel, Plaintiff's failure to exhaust his remedies before bringing this case. Plaintiff even admits in his first amended complaint and in his opposition that he does not know if Blue Cross has denied his claim and if so, on what basis.

Citing Conley v. Gibson 355 US 41, 47-48, 78 S.Ct. 99, 103 (1957), Plaintiff asserts that federal pleading requirements are extremely liberal relieving Plaintiff of the burden to provide more than speculative facts to support his claims.

This is no longer true according to the Supreme Court ruling in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (U.S. 2007).

Twombly involved antitrust issues. Unable to assert facts sufficient to establish violation of the antitrust laws, Plaintiffs used creative pleading to assert claims against Defendant. The district court (in New York) granted a Rule 12(b)(6) motion to dismiss, holding that the complaint didn't contain anything deserving of antitrust relief.

On appeal, the Second Circuit reinstated the complaint. It held that as long as a conspiracy was one of the "plausible" possibilities suggested by plaintiffs' allegations, that was close enough. If there was any "set of facts" that, under the plaintiffs' broad allegations, could constitute actionable collusion, it was up to discovery to sort out what really happened. Twombly v. Bell Atlantic Corp., 425 F.3d 99, 114 (2d Cir. 2005).

The Supreme Court reversed and held that pleadings must **actually plead the facts that justify the requested relief**.

Addressing the *dictum* in Conley so often cited by Plaintiffs to defend their speculative pleading, the Twombly Court noted that for decades courts have been giving plaintiffs too much leeway in their pleading. The Twombly Court went on to hold, that plaintiffs must

allege actual "facts" that establish a legal cause of action. These facts must be "plausible" – more than "speculative" and more than a "suspicion." 127 S. Ct. at 1965, 1970. In so holding, the court acknowledged what we all know: litigation is expensive. <u>Twombly</u> held that there must be a "threshold of plausibility" before a "case should be permitted to go into its inevitably costly and protracted discovery phase." 127 S. Ct. at 1966.

Plaintiffs' complaint fails to meet the threshold requirements of pleading more than "speculative" facts to support his claims. Contrary to Plaintiff's assertion in the opposition, however, if we accept the material allegations in the complaint as true, Plaintiff has not stated claims for which relief can be granted against Kindred Hospital-San Diego for injunctive relief, breach of fiduciary duty, intentional interference with contract and negligent interference with contract.

**A. <u>The Facts Alleged</u>**

Ann Shimsky was enrolled in and insured under Blue Cross/Blue Shield Service Benefit Plan. She was hospitalized at Kindred Hospital, where she received acute care from July 19, 2002 to the time of her death. Kindred claims that Blue Cross failed to pay the bill for medical care and has sued Shimsky, her Trust, her trustee and Arnold Schimsky individually. Plaintiff <u>is not aware of denial of coverage</u> by Blue Cross, just that it is awaiting medical records and "related documentation" from Kindred before adjusting the claims. **Kindred has offered to make Shimsky's medical records . . . available to Blue Cross for review.** Plaintiff <u>does not know if Blue Cross has undertaken that review, and if so, whether it has accepted or denied coverage.</u>

The complaint does NOT allege that OPM requested the records. The complaint does not allege that Kindred Hospital withheld the records or refused and/or continues to refuse to provide the records to OPM. The complaint does not allege that Kindred Hospital withheld the records or refused and/or continues to refuse to provide the records to Blue Cross.

There is no allegation that Blue Cross accepted Kindred's offer to provide all the records followed by Kindred's refusal to provide the records.

Plaintiff's claims still do not state a claim for which relief can be granted. Indeed, in his opposition, Plaintiff admits that his claims against Kindred Hospital-San Diego are not ripe. In his opposition (pg. 4, lines 4-12) Plaintiff states:

> "Plaintiff maintains that Blue Cross is required to pay benefits due under the plan; however, to the extent OPM **may** assert Kindred's failure to produce the records as a defense to payment, plaintiff is seeking alternative relief against Kindred. Plaintiff contends **to the extent** the records are necessary to adjust the claims, the Court should issue a mandatory injunction directing Kindred to deliver the records to OPM so that OPM can process and pay the claims. ... **If**, however, the delivery of the records is **somehow**, untimely or otherwise insufficient to solve the problem, the plaintiff is seeking damages from Kindred . . ." (emphasis added).

Here, Plaintiff has skipped a step and his claim is still speculative. Plaintiff has NOT gone through the requisite appeal process through Blue Cross first, which would undoubtedly clear up Plaintiff's issues. Plaintiff admits that the records were offered to Blue Cross by Kindred. He fails to state that he demanded and/or requested Blue Cross to accept and review the records offered by Kindred. He fails to state that he has done anything to clear up his "problem" with Blue Cross. Indeed, he does not even know if he has a true problem.

The defects in Plaintiff's complaint is not a matter of "inconsistent" pleading. Rather, it is a matter of incomplete pleading such that the allegations, even if accepted as true, do not support cognizable legal claims for relief against Kindred Hospital- San Diego.

**B. The Alleged Facts Do Not Support a Claim for Injunctive Relief**

There is no allegation that Kindred Hospital has withheld or is withholding records from Blue Cross or OPM. The facts alleged reveal that Kindred Hospital offered Shimsky's medical records to Blue Cross. There is no allegation that Blue Cross accepted Kindred Hospital's offer to produce all the records and there is no allegation that Kindred then refused to produce the records.

Absent the allegations of acceptance of the records by Blue Cross and Kindred's refusal to produce the records, Plaintiff has not plead the necessary elements to support a claim that Kindred is doing or threatening to do something in violation of Plaintiff's rights or that Kindred Hospital is doing anything to harm Plaintiff.

The omission of the allegation of Blue Cross' acceptance of the records offered by Kindred Hospital – San Diego and subsequent refusal to produce the records by Kindred Hospital – San Diego, is fatal to the claim for injunctive relief.

Ultimately, the basis for Plaintiff's claim against Kindred Hospital – San Diego is even more speculative than his original complaint. Plaintiff's claim is based on speculation that "if" OPM denies the appeal <u>and</u> "if" the denial is based on the fact that it does not have the records offered for production by Kindred Hospital – San Diego, then there would be a claim. As noted above, the Supreme Court has held that such pleading does not meet the requirement sufficiently pleading a cause of action and therefore Plaintiff's claim must be dismissed.

### C. <u>The Alleged Facts Do Not Support a Claim for Breach of Fiduciary Duty</u>

Plaintiff cites no basis in law to oppose Defendant's argument that Plaintiff has not plead facts to support the existence of a fiduciary relationship between Kindred Hospital and Mrs. Shimsky. As noted in Defendant's motion, allegations of contractual obligations of "good faith" and "fair dealings" is not sufficient to establish a "fiduciary relationship" between the parties.

In his opposition, Plaintiff fails to address the noted absence of allegations showing an agency, trust, joint venture, partnership or any other traditionally recognized fiduciary relationship. Further, Plaintiff does not suggest that the complaint can be amended to add facts alleging such a traditionally recognized fiduciary relationship.

Absent facts to support the existence of a recognized fiduciary relationship is fatal to the claim.

Furthermore, Plaintiff's argument for damages is even more speculative than his claim for injunctive relief: "if" OPM denies Plaintiff's appeal <u>and</u> "if" the denial is based on OPM

not having the records offered for production by Kindred Hospital – San Diego, and "if" the delivery of the records is **somehow**, untimely or otherwise insufficient to solve plaintiff's problem, then there would be a claim.

As noted above, the Supreme Court has held that such pleading does not meet the requirement sufficiently pleading a cause of action and therefore Plaintiff's claim must be dismissed.

**D. The Alleged Facts Do Not Support a Claim for Intentional Interference with Contract or Negligent Interference with Prospective Economic Advantage**

It bears repeating, the speculative nature of the "facts" plead that "if" OPM denies the appeal and "if " the denial is based on OPM not having the records offered for production by Kindred Hospital – San Diego, and "if" the delivery of the records is somehow, untimely or otherwise insufficient to solve plaintiff's problem, then there would be a claim. This is insufficient to maintain the causes of action for Intentional Interference with Contract or Negligent Interference with Prospective Economic Advantage and therefore these causes of action must be dismissed.

**2. CONCLUSION**

Based on the foregoing, Kindred Hospital – San Diego's motion to dismiss the Third, Fourth, Fifth and Sixth Causes of Action should be granted in its entirety.

Date: September 9, 2008 **GIOVANNIELLO & MICHELS, LLP**

By: /s/ Karen Bocker
Alexander F. Giovanniello, Esq.
Karen Bocker, Esq.
Attorneys for DEFENDANT,
THC ORANGE COUNTY, INC., dba
KINDRED HOSPITAL – SAN DIEGO

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within entitled action; my business address is 1470 South Valley Vista Drive, Suite 200, Diamond Bar, California 91765.

On **September 10, 2008,** I served the foregoing document(s) described **DEFENDANT THC-ORANGE, INC., dba KINDRED HOSPITAL SAN DIEGO'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S THC – ORANGE COUNTY INC.'S DAB KINDRED HOSPITAL SAN DIEGO'S MOTION FOR DISMISSAL PURSUANT TO RULE 12** by placing the true copies thereof enclosed in sealed envelopes address as follows:

**SEE ATTACHED SERVICE LIST:**

**(XX)** BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles California in the ordinary course of business.

( ) BY PERSONAL SERVICE: I delivered such envelope(s) by hand to the office(s) of the above addressee(s).

( ) BY FEDERAL EXPRESS: I caused said envelope(s) to be sent by Federal Express to the above address(es).

( ) BY TELECOPIER: I caused said document(s) to be transmitted by telecopier at approximately 3:00 P.M. to the above address(s).

Executed on **SEPTEMBER 10, 2008,** at Diamond Bar, California.

**(XX)** STATE: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Kimberly King

KIMBERLY KING

SERVICE LIST:

| | |
|---|---|
| Eugene P. Yale<br>David W. Baumgarten<br>YALE & BAUMGARTEN, LLP<br>5030 Camino de la Siesta, Suite 308<br>San Diego, California 92108<br>Tel: (619) 220-8790<br>Fax: (619) 220-0369 | *Attorneys for Plaintiff* |
| U S Attorneys Office Southern<br>District of California<br>Civil Division<br>880 Front Street, Suite 6253<br>San Diego, California 92101<br>Tel: (619) 557-5662<br>Fax: (619) 557-7122 | *Attorneys for United States Office of Personnel Management* |