KAREN P. HEWITT
United States Attorney
CINDY M. CIPRIANI
Assistant United States Attorney
California Bar No. 144402
U.S. Attorney's Office
Southern District of California
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7390
Facsimile: (619) 557-5004
Email: cindy.cipriani@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNOLD SCHIMSKY, as Trustee of ANN P. SCHIMSKY TRUST and representative of ANN P. SCHIMSKY, deceased,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OFFICE OF PERSONNEL MANAGEMENT; THC-ORANGE COUNTY, INC., dba KINDRED HOSPITAL SAN DIEGO<br><br>Defendant. | Case No.: 07cv2432 H (LSP)<br><br>REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANT UNITED STATES OFFICE OF PERSONNEL MANAGEMENT'S MOTION TO DISMISS<br><br>DATE: September 2, 2008 **[vacated & briefing dates extended]**<br>TIME: 10:30 a.m.<br>CTRM: 13<br>JUDGE: Hon. Marilyn Huff |

I.

INTRODUCTION

Plaintiff's opposition brief concedes that he has not exhausted administrative remedies required by OPM under the Federal Employees Health Benefits Act ("FEHBA") regulatory scheme. He requests that the Court toll filing deadlines; stay the instant action pending exhaustion; and/or excuse him from compliance with administrative prerequisites to suit. While there is Ninth Circuit authority suggesting a stay may be appropriate in limited circumstances, the decision did not directly address FEHBA claims. Defendant believes that issuing a stay, tolling deadlines, or exempting Plaintiff from administrative prerequisites would inappropriately encourage premature filing of lawsuits by scores of federal

employees who have not exercised due diligence in the exhaustion process, thereby undercutting the policies underlying exhaustion.

## II

## DISCUSSION

### A. WHETHER PLAINTIFF IS ENTITLED TO A STAY MAY DEPEND ON THE COURT'S VIEW OF JURISDICTION

When the Court lacks jurisdiction over a lawsuit, it is generally considered improper to stay the lawsuit while the plaintiff attempts to solve the jurisdictional problem. See United States v. Burzynski Cancer Research Institute, 819 F.2d 1301, 1306-07 (5th Cir.1987) ("Because the requirement of administrative review is a jurisdictional requisite, it would not have been appropriate merely to stay the suit until the claim could be filed ...." ). Accordingly, the Court's ability to stay the instant action may depend on whether it views the FEHBA exhaustion requirements as jurisdictional. Compare the Eleventh Circuit decision in Kobleur v. Group Hospitalization and Medical Services, Inc., 954 F.2d 705, 713 (11th Cir. 1992), viewing OPM's FEHBA exhaustion requirement as discretionary, with the Tenth circuit ruling in Bryan v. Office of Personnel Management, 165 F.3d 1315 (10th Cir. 1999), which considers exhaustion a jurisdictional requirement. Defendant's counsel has not located a Ninth Circuit case indicating how this circuit treats OPM's exhaustion requirements under the FEHBA, although the Ninth Circuit has cited Kobleur in the ERISA context. See Pension Ben. Guar. Corp. v. Carter & Tillery Enterprises, 133 F.3d 1183, 1187 (9th Cir. 1998) (holding that because the Pension Benefit Guaranty Corporation ("PBGC") itself created requirement that it exhaust administrative remedies prior to bringing ERISA suit for collection of premiums or unfunded liabilities, PBGC's failure to comply with this requirement did not create jurisdictional bar to district court's consideration of PBGC's claims.) Presented with that unusual factual scenario, and compelling equitable circumstances, the Ninth Circuit ruled in Pension Ben. Guar. Corp. v. Carter & Tillery Enterprises that it was an abuse of discretion to dismiss rather than stay an action where the dismissal created a statute of limitations problem. Id.

Significantly, however, in the Pension Ben. Guar. Corp. case, PBGC had created the exhaustion requirements that caused the statute of limitations problem, and it unequivocally established that the failure to timely exhaust was beyond its control. These factors are not present here, as OPM created the

regulations on which it seeks to rely and those exhaustion requirements have been lauded by the Ninth Circuit. See Botsford v. Blue Cross and Blue Shield of Montana, Inc., 314 F.3d 390, 396, 399 (9th Cir. 2002) ("The legislative history surrounding the amendment suggests that Congress wished to allow for the resolution of FEHBA disputes without resort to the courts . . . Requiring beneficiaries to exhaust administrative remedies before proceeding to court, and then to sue the agency that conducted the administrative actions, reinforces the importance and increases the efficiency of the administrative scheme."). Moreover, Plaintiff has not presented only vague assertions regarding the status of his claims. For one, despite the significant passage of time, he remains uncertain of whether the carrier has denied the subject claims. Moreover, he apparently has not even initiated the administrative claims process. As such, Plaintiff, unlike PBGC, has not presented a compelling case for a stay. Allowing Plaintiff's case to remain on the docket for years when Plaintiff has not taken sufficient steps to clarify his status and assert his rights would seriously hinder judicial efficiency. It would also encourage repeated, deliberate flouting of the administrative processes and weaken OPM's effectiveness by enabling people to ignore its procedures, all of which would seriously undercut the regulatory scheme.

B. PLAINTIFF HAS NOT SHOWN THAT HE IS ENTITLED TO TOLLING

Equitable tolling generally applies when "extraordinary circumstances beyond [the applicant's] control made it impossible to file the claims on time." Seattle Audubon Soc'y v. Robertson, 931 F.2d 590, 595 (9th Cir.1991), *rev'd on other grounds*, 503 U.S. 429 (1991). Courts apply the doctrine of equitable tolling "sparingly." Scholar v. Pacific Bell, 963 F.2d 264, 268 (9th Cir.1992). Equitable tolling may apply "in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." Irwin v. Dep't of Vets. Affairs, 498 U.S. 89, 96 (1990). Equitable tolling is inappropriate, however, "where the claimant failed to exercise due diligence in preserving his legal rights." Id. (citing Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 151 (1984)).

Plaintiff has not shown that he exercised due diligence in preserving his legal rights. As staTed above, he does not even seem to know whether he initiated the claims process. See Opposition brief at

///

p.1, lines 25-26 (conceding that “plaintiff does not know whether the claims process has runs [sic] it course, or whether it has even started”). Given the record before the Court, tolling is not warranted.

Moreover, OPM has discretion to reconsider based on new information, whether or not it was timely presented, and to waive deadlines. See 5 C.F.R. 890.105; Kobleur v. Group Hospitalization and Medical Services, Inc., 954 F.2d 705, 713 (11th Cir. 1992). If Plaintiff does not obtain relief from OPM, he can seek review and tolling at that time, based on a fuller and more complete record than presented to the Court here.

C. PLAINTIFF HAS NOT ARTICULATED ANY BASIS FOR EXEMPTING HIM FROM EXHAUSTION REQUIREMENTS

The Eleventh Circuit in Kobleur articulated a solid list of policies underlying the FEHBA exhaustion process: (1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources, since the complaining party may be successful in vindicating rights in the administrative process and the courts may never have to intervene; (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures. See Kobleur, 954 F.2d at 712, citing Porter v. Schweiker, 692 F.2d 740, 742 (11th Cir.1982).

Significantly, when the Eleventh Circuit in Kobleur court was presented with a facts similar to those presented here, it refused to excuse exhaustion:

> We agree with the court below that requiring the Kobleurs to exhaust their remedies before OPM furthers these policies. We do not address each of these policies individually, as the district court did, but simply state our agreement with that court that, in light of the role Congress assigned to OPM, it is appropriate to require exhaustion in this case. We are not convinced by the Kobleurs' arguments to the contrary.
>
> ...
>
> We require exhaustion here to support OPM's role in administering the federal benefits program and reviewing disputes between the carriers and employees. We do not believe that any harm caused by Blue Cross' misleading statement to Ms. Horvath justifies our disregarding OPM's role in this case.

Kobleur, 954 F.2d at 712.

Plaintiff should not be permitted to avoid exhaustion in the instant case. Plaintiff will have ample opportunity to present his claims and develop a full record in the administrative forum. If he does not obtain the relief he seeks, he can seek district court redress (and tolling, if necessary and supported by the facts) at that time.

III.

CONCLUSION

For all the foregoing reasons, OPM respectfully requests that this court dismiss all causes of action lodged against OPM.

Dated: September 12, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

s/ Cindy M. Cipriani
CINDY M. CIPRIANI
Assistant U.S. Attorney

Attorneys for Defendant
United States Office of Personnel Management